Brenda Marsh, Roseanna Perry, and Global Van Lines employees.

81. Acting with deliberate indifference by fabricating inculpatory evidence and withholding material exculpatory and impeachment evidence prior to trial, the individual named defendants violated Mr. WATERS' clearly established Fourteenth Amendment right to due process of law as interpreted by the United States Supreme Court cases including <u>Brady v. Maryland,</u> 373 U.S. 83 (1963), <u>Giglio v. U.S.</u>, 405 U.S. 150 (1972), and their progeny. No reasonable officer would have believed this conduct was lawful.

82. Defendants' deliberate fabrication of inculpatory evidence and suppression of favorable evidence directly and proximately caused Mr. WATERS to be wrongfully convicted and to suffer the injuries and damages described above.

## COUNT II:
### 42 U.S.C. § 1983 Fourth Amendment Violations for False Arrest, Malicious Prosecution and <u>Franks v. Delaware</u> Claim

83. Plaintiff hereby incorporates all of the foregoing as if set forth herein and further alleges as follows:

84. The officers in this case, including Officer TAYLOR, deliberately, with malice and reckless disregard for the truth, caused an arrest warrant to issue by filing an affidavit containing fabricated evidence that they knew or should have known was false, and omitting material information that would have vitiated probable cause.

85. When Mr. WATERS was arrested, the only evidence against him consisted of the

fabricated, false and coerced statements of witnesses, which were the result of police pressure, and which the police knew or should have known were false. These statements did not provide even arguable probable cause to arrest him, particularly in light of the exculpatory alibi evidence the defendants deliberately ignored.

86. Defendants HARRIS, BOISSEAU, DECOT and CONNORS, all state actors acting under color of law, commenced or caused to be commenced a criminal prosecution, instituted with malice and without probable cause, against Mr. WATERS. They initiated a prosecution against Mr. WATERS by coercing false statements from witnesses implicating him in the murder and by falsely arresting him. They continued the prosecution by presenting false testimony against him to the grand jury and at the trial, in their capacity as complaining witnesses.

87. Defendants' intentional misconduct violated Mr. WATERS' clearly established Fourth Amendment rights. No reasonable police officer would have believed these acts were lawful.

88. The criminal action ultimately terminated in Mr. WATERS' favor on June 20, 2001, when all criminal charges against him were dropped.

89. As a direct and proximate result of defendants' unconstitutional acts, Mr. WATERS was falsely arrested, maliciously prosecuted, forced to endure an unfair trial and wrongful conviction and wrongly imprisoned for almost two decades, resulting in his suffering the damages set forth above.

## COUNT III:
## 42 U.S.C. § 1983 Supervisory Liability of All Individual Supervisor Defendants

90. Plaintiff hereby incorporates all of the foregoing as if set forth herein and further alleges as follows:

91. Defendants ADAMSON, CONNORS, and other unnamed defendant supervisors of the AYER Police Department, collectively referred to here as JOHN and JANE DOES 9-16, acting under color of law with deliberate indifference to the rights of criminal suspects, failed to train and adequately supervise defendants TAYLOR, BOISSEAU and DECOT. In so doing, these defendants tacitly acquiesced in, condoned or encouraged the unconstitutional misconduct of TAYLOR, BOISSEAU AND DECOT including the fabrication of evidence, the coercion of witnesses and the suppression of material exculpatory evidence from the prosecutor.

92. The failure of these defendants to train and adequately supervise defendants TAYLOR, BOISSEAU and DECOT amounted to deliberate indifference, or intentional misconduct, which proximately and directly caused Mr. WATERS to suffer all of the injuries and damages set forth above.

## COUNT IV:
## 42 U.S.C. § 1983 Conspiracy

93. Plaintiff hereby incorporates all of the foregoing as if set forth herein and further alleges as follows:

94. Upon information and belief, defendants TAYLOR, BOISSEAU, DECOT,

CONNORS, and JOHN and JANE DOES 1–16, conspired, reached a mutual understanding and acted in concert to violate Mr. WATERS' civil rights.

95. In furtherance of the conspiracy, defendants undertook overt acts, including without limitation the following:

   a. suppressing exculpatory evidence in favor of Mr. WATERS;

   b. fabricating inculpatory evidence against Mr. WATERS;

   c. deliberately refusing to compare Mr. WATERS' fingerprints to the unknown print at the crime scene that they had used to exclude others or comparing the print and suppressing the exculpatory results; and

   d. with respect to the supervisor defendants, authorized, encouraged or condoned this conduct by, inter alia, abdicating their responsibilities to ensure proper and adequate investigations.

96. Defendants' conspiracy directly caused the constitutional deprivations suffered by Mr. WATERS, including his false arrest, malicious prosecution, unfair trial, wrongful conviction and unlawful confinement, and all the other grievous permanent damages and injuries set forth above.

### COUNT V:
### 42 U.S.C. § 1983 Monell Claim against the Town of Ayer for Unconstitutional Customs, Policies and/or Practices

97. Plaintiff hereby incorporates all of the foregoing as if set forth herein and further alleges as follows:

98. The TOWN OF AYER, by and through its final policymakers, including without limitation, Police Chiefs ADAMSON and CONNORS, created and maintained the following unconstitutional customs, policies and/or practices:

    a. APD officers systemically failed to disclose to prosecutors information that was favorable to criminal defendants;

    b. APD officers systemically committed and permitted witnesses to commit perjury against suspects;

    c. APD officers routinely coerced, pressured and threatened witnesses into offering inculpatory evidence against their primary suspects and to testify against them; and

    d. APD officers systemically failed to investigate leads pointing away from their primary suspects.

99. The TOWN's unconstitutional customs, practices and policies directly and proximately caused Mr. WATERS' constitutional deprivations, including his false arrest, malicious prosecution, unfair trial, wrongful conviction, and the other grievous permanent injuries and damages set forth above.

### COUNT VI:
### 42 U.S.C. § 1983 Monell Claim against Town of Ayer for Unconstitutional and Inadequate Screening, Hiring, Training and Supervision

100. Plaintiff hereby incorporates all of the foregoing as if set forth herein and further alleges as follows:

101. The TOWN OF AYER, by and through its final policymakers, including without limitation Police Chiefs ADAMSON and CONNORS, created unconstitutional customs, policies and/or practices of failing to screen; of improperly hiring; and of failing to train and/or supervise APD officers to ensure that they disclosed favorable information to prosecutors, that they did not fabricate falsely inculpatory evidence against suspects, and that they did not coerce or improperly pressure witnesses or encourage witnesses to commit perjury.

102. The TOWN's unconstitutional policies, practices and customs with regard to screening, hiring, training and supervising APD officers adequately in these areas directly and proximately caused Mr. WATERS' constitutional deprivations, including his false arrest, malicious prosecution, unfair trial, wrongful conviction, and the other grievous permanent injuries and damages set forth above.

## STATE CAUSES OF ACTION

### COUNT VII:
### MGL C. 12 § 11I Claim

103. Plaintiff hereby incorporates all of the foregoing as if set forth herein and further alleges as follows:

104. Defendants TAYLOR, BOISSEAU, DECOT, CONNORS, and JOHN and JANE DOES 1-16 interfered with the Mr. WATERS' exercise and enjoyment of rights guaranteed to him by the United States Constitution, and the constitution and laws of the Commonwealth of Massachusetts by coercing witnesses into fabricating evidence

against him.

105. Defendants' misconduct deprived plaintiff of his rights under federal and state law by threats, intimidation and coercion, thereby violating the Massachusetts Civil Rights Act.

106. As a direct and proximate result of this conduct, plaintiff suffered the injuries as described above.

## COUNT VIII:
### Malicious Prosecution Claim

107. Plaintiff hereby incorporates all of the foregoing as if set forth herein and further alleges as follows:

108. Defendants TAYLOR, BOISSEAU, DECOT and CONNORS, acting with malice and without probable cause, initiated the criminal proceedings against Mr. WATERS by fabricating evidence against him, by arresting him, and/or by testifying before the grand jury and at trial.

109. The criminal proceedings terminated in Mr. WATERS' favor on or about June 20, 2001, when all criminal charges against him were dismissed.

110. Defendants' conduct caused Mr. WATERS' unfair trial, wrongful conviction and imprisonment, all of which events and circumstances caused Mr. WATERS to suffer the physical, emotional and pecuniary damages set forth above.

## CLAIMS FOR DAMAGES

111. Defendants' actions deprived Mr. WATERS of his civil rights under the First,

Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution, and the laws of the Commonwealth of Massachusetts.

112. The defendants' unlawful, intentional, willful, purposeful, deliberately indifferent, reckless, bad-faith and/or malicious acts, misdeeds and omissions caused Mr. WATERS to be falsely arrested, maliciously prosecuted, unfairly tried, wrongfully convicted, and to suffer almost two decades of wrongful imprisonment.

113. All the alleged acts, misdeeds and omissions committed by the defendants described herein for which liability is claimed were done intentionally, willfully, purposefully, knowingly, unlawfully, maliciously, wantonly, recklessly, and/or with bad faith, and said proscribed conduct of defendants meets all of the standards for imposition of punitive damages.

WHEREFORE, Plaintiff BETTY ANNE WATERS prays as follows:

A. That the Court enter judgment in favor of the Estate of Mr. WATERS and against defendants on all Counts of the Complaint;

B. That the Court award compensatory damages to the Estate of Mr. WATERS and against the defendants, jointly and severally, in an amount to be determined at trial;

C. That the Court award punitive damages to the Estate of Mr. WATERS and against all individual defendants, jointly and severally, in an amount to be determined at trial, in order that such award will deter similar proscribed

conduct by defendants in the future;

D. That the Court award to the Estate of Mr. WATERS and against defendants pre-judgment and post-judgment interest on all sums awarded him in this action and that it further award to the Estate of Mr. WATERS recovery of his costs concerning this action, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

E. That the Court grant the Estate of Mr. WATERS any such other relief to which he may be entitled.

Dated: March 15, 2004

Respectfully submitted,
By counsel for the plaintiff,

*Deborah L. Cornwall //(JH)*
Deborah L. Cornwall
Cochran Neufeld & Scheck LLP
99 Hudson St., 8th Floor
New York, NY 10013
Tel: (917) 237-0338
Fax: (212) 965-9084

Howard Friedman
BBO #180080
J. Lizette Richards
BBO #649413
Law Offices of Howard Friedman
90 Canal Street, 5th Floor
Boston, MA 02114-2022
Tel: (617) 742-4100