UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-CV-10521-GAO

BETTY ANNE WATERS, as Administratrix of the
Estate of KENNETH WATERS,

Plaintiff

v.

TOWN OF AYER, NANCY TAYLOR-HARRIS,
in Her Individual Capacity, ARTHUR BOISSEAU,
In His Individual Capacity, BUDDY DECOT, In
His Individual Capacity, WILLIAM ADAMSON,
in His Individual Capacity, PHILIP L. CONNORS,
in His Individual Capacity, and JOHN DOE and
JANE DOES 1-16, in Their Individual Capacities,

Defendants

ANSWER OF DEFENDANTS
TOWN OF AYER, NANCY
TAYLOR-HARRIS, ARTHUR
BOISSEAU, WILLIAM
ADAMSON, and PHILIP L.
CONNORS

## INTRODUCTION

1.     The defendants are without knowledge or information sufficient to form a belief
as to the truth of the allegations set forth in the first two sentences of Paragraph 1.  The
remaining allegations set forth in said paragraph are admitted.

2.     Denied.

3.     Denied.

4.     Denied.

## JURISDICTION AND VENUE

5.     The allegations set forth in Paragraph 5 comprise contentions as to matters of law
not requiring a response by the defendants.  To the extent a response is required, said allegations
are admitted.

6.    The allegations set forth in Paragraph 6 comprise contentions as to matters of law not requiring a response by the defendants. To the extent a response is required, said allegations are admitted.

## PARTIES

7.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first two sentences of Paragraph 7. The remaining allegations set forth in said paragraph are denied.

8.    The allegations set forth in the first two sentences of Paragraph 8 are admitted. The remaining allegations set forth in said paragraph comprise contentions as to matters of law not requiring a response from these defendants.

9.    The allegations set forth in the first sentence of Paragraph 9 comprise contentions as to matters of law not requiring a response by the defendants. To the extent said allegations require a response, the same are admitted. The defendants deny the existence of a basis for individual capacity suit against defendant Taylor-Harris, as set forth in the second sentence of said paragraph. The remaining allegations set forth in said paragraph are admitted.

10.    The allegations set forth in the first sentence of Paragraph 10 comprise contentions as to matters of law not requiring a response by the defendants. To the extent said allegations require a response, the same are admitted. The defendants deny the existence of a basis for individual capacity suit against defendant Boisseau, as set forth in the second sentence of said paragraph.

11.    The allegations set forth in the first sentence of Paragraph 11 comprise contentions as to matters of law not requiring a response by the defendants. To the extent said allegations require a response, the same are admitted. The defendants deny the existence of a

basis for individual capacity suit against defendant Decot, as set forth in the second sentence of said paragraph.

12.    The allegations set forth in the first sentence of Paragraph 12 comprise contentions as to matters of law not requiring a response by the defendants. To the extent said allegations require a response, the same are admitted. The defendants deny the existence of a basis for individual capacity suit against defendant Adamson, as set forth in the second sentence of said paragraph.

13.    The allegations set forth in the first sentence of Paragraph 13 comprise contentions as to matters of law not requiring a response by the defendants. To the extent said allegations require a response, the same are admitted. The defendants deny the existence of a basis for individual capacity suit against defendant Connors, as set forth in the second sentence of said paragraph.

14.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14.

15.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15.

## JURY TRIAL DEMAND

16.    The jury trial demand set forth in Paragraph 16 requires no response by the defendants.

## FACTS

### The Crime

17.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 concerning the date and time of

3

discovery of Ms. Brow's body. The remaining allegations set forth in said paragraph are admitted.

18.     The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18.

The Forensic Investigation of the Crime Scene

19.     The defendants admit that defendant Decot was the first officer on the scene and that defendants Boisseau and Adamson arrived shortly thereafter. Admitted that state police and officers from adjoining towns also responded. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the sequence of the arrival of police personnel.

20.     Denied.

21.     The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the number of times Ms. Brow was stabbed. The remaining allegations set forth in Paragraph 21 are admitted.

22.     Admitted.

23.     The defendants admit the allegations set forth in the first and last sentences of Paragraph 23. The defendants are without knowledge or information concerning the remaining allegations set forth in said paragraph.

24.     The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 24. The remaining allegations set forth in said paragraph are admitted.

25.     The defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 25.

26. The defendants admit the allegations set forth in the first sentence of Paragraph 26. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in said paragraph.

27. The defendants deny the allegations set forth in the last sentence of Paragraph 27. The defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in said paragraph.

28. The defendants deny the allegations set forth in the last sentence of Paragraph 28. The defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in said paragraph.

### Kenny Waters' Alibi

29. Admitted.

30. The allegations set forth in the first sentence of Paragraph 30 are admitted. The defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in said paragraph.

31. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31.

### The APD Initial Investigation of Kenny Waters

32. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32.

33. The defendants deny ignoring information. The defendants are without knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 33

34.     The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34.

35.     The defendants deny that plaintiff's decedent was released as he was not in custody. The defendants are without knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 35.

36.     The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36.

37.     The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 37. The remaining allegations set forth in said paragraph are admitted.

## The Targeting of Kenneth Waters

38.     The allegations set forth in the first sentence of Paragraph 38 are admitted; further answering said allegations the defendants state that Mr. Osborne's "approach" was via telephone. The remaining allegations set forth in said paragraph are admitted.

39.     The defendants deny that Mr. Osborne identified Ms. Marsh or provided information to Chief Connors in his initial telephone call. The remaining allegations set forth in said paragraph are admitted.

40.     Denied.

41.     The defendants admit that defendants Connors and Taylor interviewed Ms. Marsh with Mr. Osborne. The remaining allegations set forth in Paragraph 41 are denied.

42.     Denied.

43.     The defendants admit only that Ms. Marsh provided testimony inculpatory to plaintiff's decedent. The remaining allegations set forth in Paragraph 43 are denied.

The Malicious Prosecution of Kenny Waters

44.    The defendants admit only that defendant Taylor applied for a complaint and arrest warrant, and that plaintiff's decedent was arrested on the subsequent day.  The remaining allegations set forth in Paragraph 44 are denied.

45.    Denied.

46.    Denied.

47.    Denied.

48.    The defendants deny the allegations set forth in the first sentence of Paragraph 48. The defendants deny that they "suppressed" the time cards at issue, as set forth in the second sentence of said paragraph.  The defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in said paragraph.

49.    The defendants admit that defendant Taylor interviewed an employee of Global Van Lines, who indicated that at the time plaintiff's decedent worked there, the company utilized knives similar to that found at the murder scene.  The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations that the employee stated that "the missing knife looked just like the murder weapon" and that Taylor was aware of Mr. Brow's alleged identification of the knife.  The remaining allegations set forth in said paragraph are denied.

50.    The defendants admit only that defendant Taylor and ADA Fahey located Ms. Perry.  The remaining allegations set forth in said Paragraph 50 are denied.

51.    The defendants admit that defendant Taylor and ADA Fahey went to Ms. Perry's house.  The remaining allegations set forth in said paragraph are denied.

52.    Denied.

7

53.    Denied.

54.    The defendants admit that Ms. Perry made the statement attributed to her in the

first sentence of Paragraph 54. The remaining allegations in said sentence are denied. The

defendants deny "pressuring Ms. Perry until she further succumbed." The remaining allegations

set forth in Paragraph 54 are admitted.

55.    Denied.

56.    Denied.

57.    Denied.

58.    The defendants are without knowledge or information sufficient to form a belief

as to the truth of the allegations set forth in Paragraph 58.

59.    The defendants are without knowledge or information sufficient to form a belief

as to the truth of the allegations set forth in the first sentence of Paragraph 59. The remaining

allegations set forth in said paragraph are denied.

The Fabrication of Evidence and
Violations of Brady v. Maryland and Giglio v. United States

60.    Denied.

61.    Denied.

The Trial and Conviction of Kenny Waters

62.    The defendants are without knowledge or information sufficient to form a belief

as to the truth of the allegations set forth in Paragraph 62.

63.    The defendants admit only that plaintiff's decedent was convicted on the charges

set forth in Paragraph 63. The remaining allegations set forth in said paragraph are denied.

64. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 64.

65. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 65.

### The Exoneration

66. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 66.

67. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 67.

68. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 68.

69. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 69.

70. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 70.

71. The defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations setting forth dates. The remaining allegations set forth in Paragraph 71 are admitted.

72. Denied.

73. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 73.

### Supervisory and Monell Facts

74. Denied.

75.   Denied.

76.   Denied.

### Damages

77.   Denied.

### CAUSES OF ACTION

### COUNT I
(42 U.S.C. § 1983 Fourteenth Amendment Due Process Claims
for Failure to Disclose Material Exculpatory Evidence and
Impeachment Evidence, and Fabrication of Inculpatory Evidence)

78.   The defendants restate and incorporate by reference their responses to all

preceding paragraphs of the Complaint.

79.   Denied.

80.   Denied.

81.   Denied.

82.   Denied.

### COUNT II
(42 U.S.C. § 1983 Fourth Amendment Violations for
False Arrest, Malicious Prosecution and Franks v. Delaware Claim)

83.   The defendants restate and incorporate by reference their responses to all

preceding paragraphs of the Complaint.

84.   Denied.

85.    Denied.

86.   The allegations concerning defendants Taylor- Harris, Boisseau, Decot and

Connors' status as state actors acting under color of state law comprise contentions as to matters

of law not requiring a response by the defendants. To the extent said allegations require a response, the same are admitted. The remaining allegations set forth in Paragraph 86 are denied.

87.    Denied.

88.    The allegations set forth in Paragraph 88 comprise contentions as to matters of law not requiring a response by the defendants. To the extent a response is required, said allegations are denied.

89.    Denied.

## COUNT III
(42 U.S.C. § 1983 Supervisory Liability of All Individual Supervisor Defendants)

90.    The defendants restate and incorporate by reference their responses to all preceding paragraphs of the Complaint.

91.    Denied.

92.    Denied.

## COUNT IV
(42 U.S.C. §1983 Conspiracy)

93.    The defendants restate and incorporate by reference their responses to all preceding paragraphs of the Complaint.

94.    Denied.

95.    Denied.

96.    Denied.

## COUNT V
(42 U.S.C. § 1983 Monell Claim Against the Town of Ayer
for Unconstitutional Customs, Policies and/or Practices)

97.    The defendants restate and incorporate by reference their responses to all preceding paragraphs of the Complaint.

11

98.    Denied.

99.    Denied.

## COUNT VI
(42 U.S.C. § 1983 Monell Claim Against Town of Ayer for
Unconstitutional and Inadequate Screening, Hiring, Training and Supervision)

100.    The defendants restate and incorporate by reference their responses to all

preceding paragraphs of the Complaint.

101.    Denied.

102.    Denied.

## STATE CAUSES OF ACTION

## COUNT VII
(MGL c. 12 § 111 Claim)

103.    The defendants restate and incorporate by reference their responses to all

preceding paragraphs of the Complaint.

104.    Denied.

105.    Denied.

106.    Denied.

## COUNT VIII
(Malicious Prosecution Claim)

107.    The defendants restate and incorporate by reference their responses to all

preceding paragraphs of the Complaint.

108.    Denied.

109.    The allegations set forth in Paragraph 109 comprise contentions as to matters of

law not requiring a response by the defendants.  To the extent a response is required, said

allegations are denied.

110.   Denied.

## CLAIM FOR DAMAGES

111.   Denied.

112.   Denied.

113.   Denied.

## PRAYERS FOR RELIEF

To the extent the prayers for relief set forth in the Complaint require a response, the same

are denied.

## DEFENSES

### FIRST DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred by failure to comply with the applicable statute of

limitations.

### THIRD DEFENSE

The individual defendants at all times possessed the requisite reasonable suspicion and/or

probable cause to act as alleged in the Complaint.

### FOURTH DEFENSE

The plaintiff's claim should be dismissed for lack of standing.

### FIFTH DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted because she has

failed to allege that the defendants deprived her decedent of any constitutional right.

13

## SIXTH DEFENSE

The claims arising out of the subject matter of the occurrences alleged are barred as the defendants were carrying out law enforcement functions in good faith.

## SEVENTH DEFENSE

Defendants deny all of plaintiff's allegations of wrongful conduct and state that they were at all relevant times public employees acting within the scope of their employment in good faith and with reasonable suspicion and probable cause, and in the reasonable belief that their actions were lawful.

## EIGHTH DEFENSE

The actions and conduct of the individual defendants, to the extent they occurred as alleged, were objectively reasonable under the circumstances of which they were aware, and they enjoy qualified immunity from suit and liability.

## NINTH DEFENSE

The actions and conduct of the individual defendants did not violate any clearly established constitutional or statutory rights of which they reasonably should have been aware, and they are therefore entitled to qualified immunity.

## TENTH DEFENSE

If the plaintiff's decedent sustained damages as alleged in the complaint, they were caused by the acts of a third person or persons, which acts the defendants had no reason to anticipate and of which person or persons the defendants had no knowledge, and over whom they had no control.

## ELEVENTH DEFENSE

Plaintiff has failed to allege conduct comprising threats, intimidation and coercion, and cannot therefore recover under the Massachusetts Civil Rights Act.

## TWELFTH DEFENSE

The alleged acts or omissions of the defendants were not the cause, proximate or otherwise, of the alleged injury or damage.

## THIRTEENTH DEFENSE

Defendants deny any intentional, unjustified confinement of the plaintiff's decedent.

## FOURTEENTH DEFENSE

The defendants are immune from liability for any claim based upon the performance or failure to perform a discretionary function.

## FIFTEENTH DEFENSE

The Complaint should be dismissed for failure to present the claim and to give notice in accordance with G.L. c. 258, § 4.

## SIXTEENTH DEFENSE

The individual defendants are entitled to absolute immunity from civil suit arising out of the underlying criminal prosecution.

## SEVENTEENTH DEFENSE

The plaintiff has failed to state a claim against the defendants for a conspiracy pursuant to 42 U.S.C. §1983 because she has failed to plead evidence of a conspiratorial agreement or affirmative steps taken to effectuate such agreement.

### EIGHTEENTH DEFENSE

The Town may not be held liable pursuant to the doctrine of *respondeat superior*, and the plaintiff has not alleged facts establishing a municipal policy or practice of unconstitutional conduct or deliberate indifference thereto, attributable to the Town's policy makers, resulting in injury or damage to her decedent.

### TWENTIETH DEFENSE

Plaintiff fails to state a claim for liability for inadequate screening, hiring, training, and supervision due to the failure to plead or establish the requisite deliberate indifference.

### TWENTY-FIRST DEFENSE

Plaintiff fails to state a claim for supervisory liability due to the failure to plead or establish the requisite deliberate indifference.

### TWENTY-SECOND DEFENSE

The Complaint fails to state a claim for which punitive damages are available against any defendant.

### TWENTY-THIRD DEFENSE

The defendants deny the prosecution of plaintiff's decedent without probable cause and for an improper ulterior purpose.

### TWENTY-FOURTH DEFENSE

The defendants deny coercion of witness testimony, fabrication of inculpatory evidence and suppression of exculpatory and impeachment evidence in the underlying criminal proceedings.

## TWENTY-FIFTH DEFENSE

The Complaint should be dismissed for failure to join indispensable parties pursuant to

Fed. R. Civ. P. 19.

## JURY CLAIM

The defendants respectfully demand a trial by jury.

> DEFENDANTS TOWN OF AYER,
> NANCY TAYLOR-HARRIS, ARTHUR
> BOISSEAU, WILLIAM ADAMSON, and
> PHILIP L. CONNORS,
>
> By their attorneys,
>
>
> Joseph L. Tehan, Jr. (BBO # 494020)
> Gregg J. Corbo (BBO # 641459)
> Kopelman and Paige, P.C.
> 31 St. James Avenue
> Boston, MA 02116
> (617) 556-0007

226216/AYER/0053

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the
above document was served upon the
attorney of record for each other party
by mail-hand on _____