UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BETTY ANNE WATERS, as Administratrix ) <br> of the Estate of KENNETH WATERS, ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> TOWN OF AYER, et al., ) <br> Defendants ) | Civil Action No. 04-10521-GAO <br> FILING FEE PAID: <br> RECEIPT = ___ 61213 <br> AMOUNT $ ___ 50.00 <br> BY RPT ___ <br> DATE ___ 1/5/05 ___ |

## MOTION FOR LEAVE TO PRACTICE

Pursuant to Local Rule 83.5.3(b), plaintiff Betty Ann Waters moves this court

to grant leave to practice to attorney Barry C. Scheck, so that he, along with Attorney

Howard Friedman, may represent her. As grounds, plaintiff Waters states:

1.     Attorneys Scheck is a member of the bar in good standing in every

       jurisdiction where he has been admitted to practice.

2.     Attorney Scheck has no disciplinary proceedings pending against him as

       a member of the bar in any jurisdiction. Please see Attachment A for

       further information.

3.     He is familiar with the Local Rules of the United States District Court

       for the District of Massachusetts.

4.     He submits a certificate in support of this motion.

5.    Attorney Scheck's application for leave to practice is moved by Attorney

Friedman, a member of the bar of this court.

WHEREFORE, plaintiff Waters moves this court to grant leave to practice to

Attorney Barry C. Scheck. The plaintiff submits a proposed order.

RESPECTFULLY SUBMITTED,
For the plaintiff,
By her attorney,

Howard Friedman
BBO #180080
**Law Offices of Howard Friedman, P.C.**
90 Canal Street, 5th Floor
Boston, MA 02114-2022
(617) 742-4100

## ATTACHMENT A

Based upon my communications with attorneys and law professors specializing in attorney ethics and professional discipline, there are no disciplinary actions pending against me. There is, however, a Rule 11 matter currently being appealed in the 1st Circuit Court of Appeals. Based upon our consultation with these specialists, I understand that there has been no formal disciplinary action taken against me. But out of an abundance of caution, I feel it is appropriate to bring this matter to the Court's attention.

On October 17, 2003, Federal District Court Judge Lisi revoked my *pro hac vice* admission in the matter of Youn v. City of Providence, C.A. No 01-288ML, for violations of Fed. R. Civ. Proc. 11. Specifically, Judge Lisi found that I, along with two other attorneys, filed a memorandum during the course of the trial which contained misrepresentations of the Court's prior rulings. Following the trial, Judge Lisi made a finding that I, as well as the other attorneys who signed the memorandum, violated Rule 11. I received a public censure for this violation.

I am in the process of appealing Judge Lisi's *pro hac vice* and Rule 11 findings because I believe them to be factually and legally erroneous. Among other issues, we will argue that there was no violation of Rule 11 regardless of the standard applied and that we were not afforded notice or an opportunity to be heard prior to the Court revoking our *pro hac vice* status during the middle of the trial. We have already received commitments from the RI Bar Association and the NACCP Legal Defense and Education Fund to write amicus briefs in support of our positions on these and other issues. The Rhode Island Bar Association also supported us at the Rule 11 hearing in the trial court. If admitted in this case, I will rigorously adhere to the local rules governing my conduct. If the Court requires additional information concerning this matter, I will immediately provide it.