# EXHIBIT A

AO88 (Rev 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF _____

Betty Anne Waters, as Administratrix of the Estate of Kenneth Waters

V.

Town of Ayer et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] No. 04-10521-GAO

TO: Middlesex County DA
    100 Concord Street
    Framingham, MA 01701

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Attachment A

| PLACE | DATE AND TIME |
|---|---|
| Law Offices of Howard Friedman 90 Canal Street, 5th Floor Boston, Massachusetts 02114 | 4/11/2005 5:00 pm |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | 3/11/2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Howard Friedman
90 Canal Street 5th Floor Boston, MA 02114   (617) 742.4100

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

A TRUE COPY ATTEST

[signature]

CONSTABLE

[1] If action is pending in district other than district of issuance, state district under case number.

MAR-11-2005 13:47 SSWG 617 742 5858 P.03/09
Case 1:04-cv-10521-GAO  Document 29-2  Filed 04/29/2005  Page 3 of 4
AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

## ATTACHMENT A TO SUBPOENA

A complete copy of the Middlesex County District Attorney's files in the cases of *Commonwealth v. Kenneth Waters* (Middlesex Superior Court Docket Nos. 82-2026 and 82-2027). This request includes all documents from the initial investigations into the murder and robbery, up to and including the re-opening of the investigation with Mr. Waters as the target, and the prosecution of Mr. Waters. This also includes all documents regarding any investigation that took place after his conviction and leading up to the decision of the District Attorney's Office to nol pros the charges, and all documents regarding any investigation into the murder and robbery since Mr. Waters's exoneration. This request includes but is not limited to the following:

(1) All police reports;

(2) Any notes taken by police officers or police investigators, including field notes;

(3) Written statements, signed or unsigned, and recorded statements of witnesses;

(4) Written statements, signed or unsigned, and recorded statements of any suspects, including but not limited to Mr. Waters and Mr. Brow;

(5) All reports, lab tests, notes, memoranda or other documents concerning identification evidence, including any initial descriptions of the perpetrator provided by witnesses, sketches, and any identification procedures such as viewing photo books, photographic arrays, line-ups or show-ups, and any lab tests, reports and documents regarding the finger print found at the scene;

(6) With respect to any identification procedures, any documents which reflect the dates on which the procedures were conducted, the names of all persons conducting or present at the procedures, the persons or photographs displayed, and the results of the procedures;

(7) Copies of any and all full or partial fingerprints taken from the crime scene, including comparisons made between those and Mr. Waters's prints and/or those of any other individual, as well as the results of any such comparisons;

(8) Results or reports, notes, and/or any other statements of experts regarding examinations and tests of physical evidence, including without limitation serological tests, microscopic hair comparison, and DNA testing, including any initial tests of the evidence up to and including all recent DNA tests excluding Mr. Waters as the perpetrator, results of any and all comparisons of biological evidence from the crime scene to any DNA database, and a summary of each expert's qualifications at the time the tests or experiments were conducted;

(9) A list of any tangible objects, papers, documents, books, or samples seized during the investigation of this case, including without limitation items obtained from or belonging to any suspects, including Mr. Waters, when such objects were seized, from where, and by whom, and a recitation of the chain of custody of such evidence, including but not limited to time cards from the Park Street Diner for the date of the murder, May 21, 1980;

(10) Copies of drafts, reports, notes, memoranda, diagrams, video or audio tapes, maps or any other writing or recording of any information prepared by the prosecuting attorney(s), investigating officers, forensic examiners, witnesses, informants, and/or suspects in the investigation of this case;