# Exhibit A

AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

_____ DISTRICT OF _____

Betty Anne Waters, as Administratrix of the Estate of Kenneth Waters

V.

Town of Ayer et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] No. 04-10521-GAO

TO: Massachusetts State Police
470 Worcester Rd
Framingham, MA 01702

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Attachments A and B

| PLACE | DATE AND TIME |
|---|---|
| Law Offices of Howard Friedman  90 Canal Street, 5th Floor Boston, Massachusetts 02114 | 4/11/2005  5:00 pm |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | 3/11/05 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Howard Friedman
90 Canal Street 5th Floor  Boston, MA 02114   (617) 742.4100

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

I hereby certify and return that today, March 15, 2005, at 1:00 PM, I summoned the within named witness Massachusetts State Police to appear and give testimony (*or produce*) as within directed, by delivering in hand to Ina Corcoran, the Agent in Charge, a true and attested copy of the within United States District Court Subpoena. Said service was effected at: Massachusetts State Police, 470 Worcester Road, Framingham, MA 01702.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct. Executed on March 15, 2005.

*[signature]*

**Nelson Goldin**, Constable
& Disinterested Person over Age 18.    Total Fees: $50.00
**Metrowest Constable Service**
82 Gregory Road, Framingham, MA, 01701-2717
(508) 877-9437 , (508) 877-8033 Fax

Service:$50.00

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    _____        _____
                  DATE                          SIGNATURE OF SERVER

                                              _____
                                              ADDRESS OF SERVER

                                              _____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

ATTACHMENT A TO SUBPOENA

A complete copy of the Commonwealth of Massachusetts State Police files in the cases of *Commonwealth v. Kenneth Waters* (Middlesex Superior Court Docket Nos. 82-2026, 82-2027, 82-4115, and 82-4116). This request includes all documents from the initial investigations into the May 21, 1980 murder and robbery of Katherina Reitz Brow in Ayer, Massachusetts, up to and including the re-opening of the investigation with Mr. Waters as the target, and the prosecution of Mr. Waters. This also includes all documents regarding any investigation that took place after his conviction and leading up to the decision of the District Attorney's Office to *nol pros* the charges, and all documents regarding any re-investigation into the murder and robbery since Mr. Waters's exoneration. This request includes but is not limited to the following:

(1) All police reports;

(2) Any notes taken by police officers or police investigators, including field notes;

(3) Written statements, signed or unsigned, and recorded statements of witnesses;

(4) Written statements, signed or unsigned, and recorded statements of any suspects, including but not limited to Mr. Waters and Mr. Brow;

(5) All reports, notes, memoranda or other documents concerning identification evidence, including any initial descriptions of the perpetrator provided by witnesses, sketches, and any identification procedures, including viewing photo books, photographic arrays, line-ups or show-ups;

(6) With respect to any identification procedures, any documents which reflect the dates on which the procedures were conducted, the names of all persons conducting or present at the procedures, and the results of the procedures;

(7) Copies of any and all fingerprints taken from the crime scene, including comparisons made between those and Mr. Waters's prints;

(8) With respect to any identification procedures, any documents which reflect the dates on which the procedures were conducted, the names of all persons conducting or present at the procedures, the persons or photographs displayed, and the results of the procedures;

(9) Copies of any and all fingerprints taken from the crime scene, including comparisons made between those and Mr. Waters's prints and/or those of any other individual, as well as results of any such comparisons;

(10) Results, reports, notes, and/or any other statements of experts regarding examinations and tests of physical evidence, including without limitation serological tests, microscopic hair comparison, fingerprint comparison and DNA testing, including any initial tests of the evidence up to and including all recent DNA tests excluding Mr. Waters as the perpetrator, results of any and all comparisons of biological evidence from the crime scene to any individual and/or DNA database, and a summary of each expert's qualifications at the time the tests or experiments were conducted;

(11) A list of any tangible objects, papers, documents, books, or samples seized during the investigation of this case, including without limitation items obtained from or belonging to any suspects, including Mr. Waters, when such objects were seized, from where, and by whom, and a recitation of the chain of custody of such

evidence, including but not limited to time cards from the Park Street Diner for the date of the murder, May 21, 1980

(12) Copies of drafts, reports, notes, memoranda, diagrams, video or audio tapes, maps or any other writing or recording of any information prepared by the prosecuting attorney(s), investigating officers, forensic examiners, witnesses, informants, and/or suspects in the investigation of this case;

(13) Any and all information with exculpatory and/or impeachment value, including prior inconsistent statements from witnesses Roseanna Perry, Brenda Marsh, and Global Van Lines employees and records reflecting any and all payments made to any witness or informant in connection with this investigation – regardless of whether this evidence was previously provided to Mr. Waters or his defense counsel at any time.

(14) Any and all communications between State Police officers, Ayer Police and representatives of the Middlesex County District Attorney's Office or Commonwealth of Massachusetts Attorney General's Office, from May 21, 1980, through the present, regarding the murder, the investigation, the prosecution, conviction, and exoneration of Kenneth Waters, the decision to file a *nolle prosequi*, and the decision not to retry him.

## ATTACHMENT B TO SUBPOENA

A complete copy of the Commonwealth of Massachusetts State Police Crime Lab files in the cases of *Commonwealth v. Kenneth Waters* (Middlesex Superior Court Docket Nos. 82-2026, 82-2027, 82-4115, and 82-4116). This request includes all documents from the initial forensic investigations into the May 21, 1980 murder and robbery of Katherina Reitz Brow in Ayer, Massachusetts, up to and including the re-opening of the investigation with Mr. Waters as the target, and the prosecution of Mr. Waters. This also includes all documents regarding any comparison or re-testing of forensic evidence that took place after his conviction and leading up to the decision of the District Attorney's Office to *nol pros* the charges, and all documents regarding any forensic re-investigation into the murder and robbery since Mr. Waters's exoneration. This request includes but is not limited to the following:

(1) All crime lab reports, including drafts, whether or not disclosed to the prosecution or defense at trial;

(2) Any and all bench notes, including without limitation notations reflecting any conventional serological testing, including ABO and PGM tests, amylase tests, electropherograms, acid phosphatase tests, P30 tests, DNA tests, microscopic hair comparisons, fingerprint comparisons, and statistical analysis of any evidence taken from the crime scene, as well as from witnesses, suspects, and from individuals for elimination purposes, at any time between May 21, 1980 and the present;

(3) Results of any and all comparisons of biological evidence from the crime scene to any individual and/or DNA database,

(4) A list of any items of physical or forensic evidence collected but not tested, their chain of custody and present whereabouts;

(5) Copies of any and all fingerprints taken from the crime scene, including comparisons made between those and Mr. Waters's prints and/or those of any other individual, as well as results of any such comparisons;

(6) Any and all communications between any employee or agent of the Crime Lab and State Police investigators, Ayer Police investigators, Middlesex County District Attorneys, and/or employees of the Commonwealth of Massachusetts Attorney General's Office, at any time between May 21, 1980 and the present.

(7) Any and all information favorable to Kenneth Waters, whether exculpatory or inconsistent with any forensic evidence introduced against him at trial, including prior inconsistent statements, findings, opinions, notes or reports from any crime lab agent or employee – regardless of whether this evidence was previously provided to prosecutors, police, Mr. Waters or his defense counsel at any time.

(8) Any and all communications between State Police officers, Ayer Police and representatives of the Middlesex County District Attorney's Office or Commonwealth of Massachusetts Attorney General's Office, from May 21, 1980, through the present, regarding the murder, the investigation, the prosecution, conviction, and exoneration of Kenneth Waters, the re-investigation, the decision to file a *nolle prosequi*, and the decision not to retry him.

# Exhibit B



*The Commonwealth of Massachusetts*
*Department of State Police*

**MITT ROMNEY**
GOVERNOR

**KERRY HEALEY**
LIEUTENANT GOVERNOR

**EDWARD A. FLYNN**
SECRETARY

**COLONEL THOMAS G. ROBBINS**
SUPERINTENDENT

*Office of the Chief Legal Counsel*
*470 Worcester Road*
*Framingham, Massachusetts 01702*

April 5, 2005

Howard Friedman, Esquire
90 Canal Street, 5th Floor
Boston, MA 02114-2022

Re: *Estate of Waters v. Town of Ayer*
U.S.D.C. C.A. No. 04-10521-GAO

Dear Attorney Friedman:

In accordance with Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure, the Department of State Police objects to the subpoena it received in connection with the above-referenced action. The subpoena, seeking a broad array of material is unduly expensive and burdensome, unreasonable, and oppressive. The subpoena also demands the production of investigative material and other confidential and/or privileged information that is privileged or exempt from disclosure under Massachusetts law. Moreover, most, if not all, of the material sought is or was possessed by the Office of the Middlesex County District Attorney and is likely subject to appropriate privileges and objections from that Office as well.

If you wish to discuss this matter, please contact me at (508) 820-2309.

Sincerely,

Michael B. Halpin
Counsel

*Excellence In Service Through Quality Policing*

# Exhibit C

**Law Offices of Howard Friedman, P.C.**

90 Canal Street, 5th Floor
Boston, MA 02114-2022

Telephone
617-742-4100

Telecopier
617-742-5858

info@civil-rights-law.com

Howard Friedman
Myong J. Joun
Jennifer L. Bills

June 24, 2005

*Via Facsimile (508-820-2649) and U.S. Mail*

Michael B. Halpin, Esq.
Office of the Chief Legal Counsel
Massachusetts State Police
470 Worcester Road
Framingham, MA 01702

        Re:    <u>Waters v. Town of Ayer et al.</u>
               C.A. No. 04-10521-GAO

Dear Attorney Halpin:

      As you know, we represent the Estate of Kenneth Waters in a federal civil rights action. I write in response to your facsimile dated April 5, 2005, in which you state your objection to the subpoena we served on March 15, 2005, requesting documents from the State Police and State Police Crime Lab. I have tried to call you to discuss this matter, but I have received no response to the voice mail message I left for you earlier this week.

      We view your one paragraph faxed letter as an inappropriate response to our subpoena. As you know, Fed.R.Civ.P. 45(d)(2) requires that your claim of privilege "shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim." As you know, it is customary to provide a document log including descriptions of documents in your possession and asserting whatever privilege you claim applies to each document. We find it hard to imagine, for example, what objection you might have to the request for a copy of our client's fingerprint card.

      Although the Office of the District Attorney may have access to some of the documents we have requested from you, that does not obviate your obligation to lawfully and timely respond to our subpoena. Moreover, the DA has also objected to our subpoena to them; however, they provided a document privilege log, and we are currently litigating their claims.

You should know that the Town of Ayer, one of the defendants in this case, has said that the State Police are to blame for the wrongful conviction of our client. It is critical to obtain documents in the possession of the State Police and State Police Crime Lab.

Please contact us at your earliest convenience to discuss this matter further.

Sincerely,

Jennifer L. Bills

Enclosures
cc:   Berry Sheck, Esq.
      Deborah L. Cornwall, Esq.
      Ramzi Kassem, Esq.
      Betty Anne Waters, Esq.

# Exhibit D

## Jennifer Bills

**From:** Jennifer Bills
**Sent:** Tuesday, June 28, 2005 3:36 PM
**To:** 'Michael.Halpin@pol.state.ma.us'
**Cc:** Howard Friedman
**Subject:** document privilege log

Dear Attorney Halpin,

As you requested, attached please find a redacted copy of the DA's document privilege log in the Waters v. Ayer, et al. case. We hope to receive your privilege log soon. If you need anything further from us in order to respond to our subpoena for documents and information from the State Police and State Police Crime Lab, please contact me right away.

Please confirm receipt of this message.

Sincerely,

Jennifer L. Bills, Esq.
Law Offices of Howard Friedman, P.C.
90 Canal Street, 5th Floor
Boston, MA 02114
617-742-4100
617-742-5858 (fax)
jbills@civil-rights-law.com
www.civil-rights-law.com

A law firm concentrating in civil rights
and police misconduct litigation

*IMPORTANT NOTICE*
-------------------------------------------------
This communication and any attachments are only for the intended recipient(s). This communication may contain information that is CONFIDENTIAL or PRIVILEGED. If you are not an intended recipient, you are not authorized to disclose, copy, distribute or use this information. If you received this communication in error, please notify the sender immediately and destroy all copies of this message and any attachments in its entirety, whether electronic or hard copy. Thank you.

8/23/2005

# Exhibit E

**Jennifer Bills**

**From:** Halpin, Michael (POL) [Michael.Halpin@state.ma.us]
**Sent:** Friday, July 29, 2005 12:29 PM
**To:** Jennifer Bills
**Subject:** Re: document privilege log

Our paralegal is in the process of identifying responsive material. As promised, I will do my best to provide your office with a more detailed response as soon as possible. Your patience is appreciated. Please let me know if you have any questions or concerns.

# Exhibit F

# Law Offices of Howard Friedman, P.C.

90 Canal Street, 5th Floor
Boston, MA 02114-2022

Telephone
617-742-4100

Telecopier
617-742-5858

info@civil-rights-law.com

Howard Friedman
Myong J. Joun
Jennifer L. Bills

August 2, 2005

*Via Facsimile and U.S. Mail*

Michael B. Halpin, Esq.
Office of the Chief Legal Counsel
Massachusetts State Police
470 Worcester Road
Framingham, MA 01702

Re:  <u>Waters v. Town of Ayer et al.</u>, C.A. No. 04-10521-GAO

Dear Attorney Halpin:

As you know, we represent the Estate of Kenneth Waters in the above-listed federal civil rights action. I write in response to your email on July 29, 2005, in which you requested an unspecified additional amount of time to comply with the subpoena for documents from the State Police and State Police Crime Lab that we served on March 15, 2005.

As you are aware, the deadline for complying with our original subpoena for documents has long since passed, on April 11, 2005. In order to assist you in complying with the subpoena, we have voluntarily provided a redacted copy of the document privilege log produced by the Middlesex District Attorney's office, which lists documents in their possession related to this case.

We have an obligation to our client to keep pushing the case forward in order to comply with court-imposed discovery deadlines. Nonetheless, we will agree to an additional three weeks, or until August 19, 2005, for your response to our subpoena. If we have received neither documents nor other responsive correspondence from you by that time, we will have no choice but to move to compel due to the egregious delay.

Please contact us at your earliest convenience to discuss this matter further.

Sincerely,

Jennifer J. Bills /NA
Jennifer L. Bills

cc: Berry Sheck, Esq.
Deborah L. Cornwall, Esq.
Ramzi Kassem, Esq.
Betty Anne Waters, Esq.