UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BETTY ANNE WATERS, as | ) | |
| Administratrix of the Estate of | ) | |
| KENNETH WATERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 04-10521-GAO |
| | ) | |
| TOWN OF AYER, | ) | |
| NANCY TAYLOR-HARRIS, | ) | |
| ARTHUR BOISSEAU, | ) | |
| BUDDY DECOT, | ) | |
| WILLIAM ADAMSON, | ) | |
| JOHN AND JANE DOES 1-16, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFF'S MOTION TO COMPEL
AND THIRD PARTY'S MOTION TO QUASH**

September 15, 2005

DEIN, U.S.M.J.

This matter is presently before the court on the Middlesex County District

Attorney's Office's Motion to Quash Subpoena for Documents (Docket No. 28), the

plaintiff's Motion to Compel State Police to Respond to Subpoena Duces Tecum (Docket

No. 34), and the Defendants' Motion to Join Plaintiff's Motion to Compel State Police to

Respond to Subpoena Duces Tecum (Docket No. 37).  The plaintiff, Betty Anne Waters,

is the Administratrix of the Estate of Kenneth Waters, who was convicted of murder and

armed robbery on May 11, 1983.  DNA testing subsequently exonerated Mr. Waters, and

his motion for a new trial was granted after he had served nineteen years of his life sentence.  On or about June 20, 2001, the Middlesex County District Attorney's Office (the "DA") filed a nolle prosequi in the matter.

The plaintiff has filed an action pursuant to 42 U.S.C. § 1983 alleging, <u>inter</u> <u>alia</u>, that the prosecutors wrongfully conspired to convict Mr. Waters and withheld exculpatory evidence.  The plaintiff subpoenaed the DA's files and the files of the State Police relating to the prosecution of Mr. Waters and the investigation which followed the DNA testing.  The DA's Office and the State Police claimed that the files were privileged for various reasons, and the above-referenced motions ensued.  Prior to the hearing on September 14, 2005, the parties were able to resolve some of their differences.

After consideration of the parties' written submissions and oral presentations, it is hereby ORDERED as follows:

1.  The plaintiff's Motion to Compel (Docket No. 34), the defendants' Motion to Join the plaintiff's Motion to Compel (Docket No. 37), and the DA's Motion to Quash the Subpoena  (Docket No. 28) are each ALLOWED IN PART and DENIED IN PART.

2.  The production of documents ordered herein shall be governed by the terms of a confidentiality order.  If possible, the parties shall file an assented-to confidentiality agreement by September 23, 2005.  In the event that they are unable to reach agreement as to the terms of such a confidentiality order, each party shall submit a proposed draft to the court by September 23, 2005, and this court shall enter an appropriate order.

3.  The DA's Office and the State Police shall produce all Town of Ayer and State

Police Reports responsive to the subpoenas to the plaintiff and defendants.

4. Within ten (10) days of the entry of a confidentiality order, the State Police and DA's Office shall produce their files covering the period until June 20, 2001 to counsel for the plaintiff and the defendants for their review. After their review of the materials, said counsel shall inform the DA's Office and State Police which materials they want to use during the discovery and prosecution of this case. If there is no agreement as to their use, the plaintiff and/or defendants shall file a supplemental Motion to Compel with respect to the particular documents they are seeking to use during the discovery and prosecution of this case.

5. In producing their files, the DA's Office and State Police shall identify, to the extent possible, in which files the documents were kept during the original prosecution of Mr. Waters (i.e., the DA's Office, the State Police, the Town of Ayer's files).

6. In the event that the DA's Office and/or the State Police believe that the production of specific documents ordered in paragraph 4 above would be highly prejudicial, the objecting party may file an appropriate motion seeking to submit such limited documents for an *in camera* review. The parties are urged to remember, however, that the production of documents in accordance with paragraph 4 above does not constitute a waiver of any claim of privilege.

7.  The court has taken the issue whether documents created after June 20, 2001 should be produced under advisement.

/s/ Judith Gail Dein

_____

Judith Gail Dein
United States Magistrate Judge