UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BETTY ANNE WATERS, as Administratrix of the Estate of KENNETH WATERS,<br><br>　　　　　　Plaintiff<br>v.<br><br>TOWN OF AYER, NANCY TAYLOR-HARRIS, in Her Individual Capacity, ARTHUR BOISSEAU, In His Individual Capacity, BUDDY DECOT, In His Individual Capacity, WILLIAM ADAMSON, in His Individual Capacity, PHILIP L. CONNORS, in His Individual Capacity, and JOHN DOE and JANE DOES 1-16, in Their Individual Capacities,<br><br>　　　　　　Defendants | C.A. NO. 04-CV-10521-GAO |

PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties to this action and their counsel, are subject to the following Protective Order:

1. This protective order applies to all documents and information contained therein, produced by the Middlesex County District Attorney and the Massachusetts State Police relative to the murder trial and conviction of Kenneth Waters, Nos. Cr. 82-2026 and 82-2027 prior to June 20, 2001. Information that was in the public record before the documents were produced is not subject to the protective order. This protective order further applies to any pre-June 20, 2001 documents and to the information contained therein that come into the possession of the Middlesex District Attorney's Office or State Police subsequent to this order and are designated "Confidential" by the parties producing same.

2. Parties obtaining documents subject to this order from other non-parties shall promptly provide counsel for all other parties with copies of such records.

3. If a party seeks to establish that documents or information contained in the documents are not entitled to such status and protection, the party shall advise counsel for the party producing the

documents and opposing counsel of the basis of his objection. If the parties cannot resolve the dispute within ten days of such notification, the party seeking to establish confidentiality shall bring the matter to the Court for resolution and shall bear the burden of establishing that a protective order concerning the documents or information is appropriate.

4. Confidential documents are to be used by the parties only in connection with litigating the above-captioned proceeding, and any appeals arising from the above-captioned proceeding.

5. Confidential material may only be disclosed as follows:
   a. to the Court, in camera or under seal;
   b. to parties, subject to the terms of paragraph (7);
   c. to attorneys of record, including their partners, employees and investigators who are directly assisting the attorneys of record, provided that such persons are informed of their obligations under this Order and agree to be bound by this Order;
   d. to experts, under these conditions: (1) the attorney of record shall first inform each expert that the disclosed material is confidential, is to be held in strict confidence, and is to be used solely to prepare and present evidence in the litigation, and that these restrictions are imposed by court order; (2) the expert shall agree in writing to be bound by this Order.

6. The contents or nature of the confidential material may not be otherwise disclosed without the prior written consent of the party producing same.

7. Attorneys may discuss with their clients the substance of confidential documents and provide them copies thereof, providing attorneys advise their clients that the information is subject to a protective order and may not be disclosed to anyone else.

8. Copies of confidential material may not be made except for an expert who requires a copy for review, file copies for counsel, clients or investigators, copies for use at depositions, in support of motions and for use at trial. To the extent copies are made as provided in this paragraph, such copies shall themselves become confidential documents and shall be subject to all the terms of this Order as if it were a "first generation" document.

9.  During his or her oral deposition, a deponent may be shown confidential documents or information so that the deponent can answer questions based on it. To the extent that the deposition transcript incorporates into it confidential material, the portion of the transcript incorporating such material shall itself become a confidential document and shall be subject to all the terms of this Order as if it were a "first-generation" document. Exhibits shall be considered "first-generation" documents and shall not be reproduced, except as herein provided. A deponent who is not a party to the litigation shall be furnished a copy of this Order before being examined upon, or asked to produce, potentially confidential documents.

10. The use of the confidential documents at trial shall be determined by the trial court.

11. If another court or administrative agency subpoenas or orders production of confidential material the recipient of the subpoena or order shall promptly notify the party who produced the documents and opposing counsel of the pendency of the subpoena or order.

12. Upon final termination of the above-entitled action whether by verdict, settlement, dismissal or other disposition, the provisions hereof relating to the Confidential Information shall continue to be binding upon all attorneys of record, their employees, deposition witnesses, experts and others, unless the documents become part of the public record at trial. After completion of this matter, attorneys for the parties will gather any Confidential Information in the possession of the persons referred to in Paragraph 5. Attorneys for the parties may retain in their files any Confidential Information gathered during the course of this action. The attorneys for the parties, however, will not disseminate or otherwise reveal such Confidential Information after this matter is concluded without (1) judicial approval, (2) service on them of a subpoena, or (3) prior permission from the parties who produced the documents or, if documents concerning the individual defendants are to be disseminated or revealed, prior permission from the individual defendants. In the event that judicial approval is sought or a subpoena is served on any attorney for a party to obtain Confidential Information, such attorney will so notify the party who produced the documents to which it pertains.

13. Documents produced under this Order shall not be deemed to waive any applicable privileges.

14. This Order may be modified by this Court upon application by a party, with notice to Counsel for the party(ies) who produced the documents and opposing party(ies).

| FOR THE PLAINTIFF: | FOR THE DEFENDANTS: |
|---|---|
| /s/ Jennifer L. Bills | Jeffrey Blake/JLB |
| Howard Friedman, Esq. (BBO# 180080)<br>Jennifer L. Bills, Esq. . (BBO# 652223)<br>Law Offices of Howard Friedman, P.C.<br>90 Canal Street, Suite 500<br>Boston, MA 02114<br>(617) 742-4100 | Jeffrey Blake, Esq. (BBO# 655773)<br>Joseph L. Tehan, Jr., Esq. (BBO# 494020)<br>Kopelman and Paige, P.C.<br>31 St. James Avenue<br>Boston, MA 02116<br>(617) 556-0007 |
| Deborah L. Cornwall, Esq.<br>Cochran Neufeld & Scheck LLP<br>99 Hudson Street, 8th Floor<br>New York, NY 10013<br>(212) 965-9081 | |

| FOR THE MIDDLESEX DISTRICT ATTORNEY'S OFFICE: | FOR THE STATE POLICE: |
|---|---|
| Jonathan Ofilos/JLB | Michael Halpin/JLB |
| Jonathan Ofilos, Esq. (BBO # 658091)<br>Assistant Attorney General<br>One Ashburton Place<br>Boston, Massachusetts 02108<br>(617) 727-2200, ext. 2634 | Michael Halpin, Esq. (BBO # 630447)<br>Office of the Chief Legal Counsel<br>Massachusetts State Police<br>470 Worcester Road<br>Framingham, MA 01702 |

Dated:   September 23, 2005

## ORDER

Upon consideration, a **PROTECTIVE ORDER** encompassing the terms of the foregoing stipulation of the parties is entered.

SO ORDERED.

Dated: 9/26/05

Judith G. Dein
United States Magistrate Judge