UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BETTY ANNE WATERS, as | ) | |
| Administratrix of the Estate of | ) | |
| KENNETH WATERS, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| v. | ) | NO. 04-10521-GAO |
| | ) | |
| TOWN OF AYER, | ) | |
| NANCY TAYLOR-HARRIS, | ) | |
| ARTHUR BOISSEAU, | ) | |
| BUDDY DECOT, | ) | |
| WILLIAM ADAMSON, | ) | |
| JOHN AND JANE DOES 1-16, | ) | |
| | ) | |
| Defendants. | ) | |

**SUPPLEMENTAL ORDER ON
PLAINTIFF'S MOTION TO COMPEL
AND THIRD PARTY'S MOTION TO QUASH**

On September 15, 2005, this court issued an Order allowing in part and denying in part each of the Middlesex County District Attorney's Office's Motion to Quash Subpoena for Documents (Docket No. 28), the plaintiff's Motion to Compel State Police to Respond to Subpoena Duces Tecum (Docket No. 34), and the Defendants' Motion to Join Plaintiff's Motion to Compel State Police to Respond to Subpoena Duces Tecum (Docket No. 37). However, the court specifically reserved judgment on whether the Middlesex County District Attorney's Office ("DA") and the Massachusetts State Police should be required to produce documents from their files in the cases of Commonwealth v. Kenneth Waters (Middlesex Superior Court Docket Nos. 82-2026, 82-2027, 82-4115,

and 82-4116) that were created after June 20, 2001. The DA's Office and the State Police argue that file materials created after that date are protected by various privileges and relate to an ongoing criminal investigation. The plaintiff argues that the strong federal interest in vindicating federal constitutional rights in a civil rights action should overcome any interest that the third-parties have in maintaining the confidentiality of their files. In particular, the plaintiff seeks to examine the more recent files on the grounds that they will help prove that "Mr. Waters was actually innocent of the crime he was convicted of, a fact highly pertinent to damages."

In balancing the parties' respective interests, this court concludes that the interests of the DA and the State Police in maintaining the confidentiality of files created after June 20, 2001 which relate to an ongoing investigation outweighs the plaintiff's interest in obtaining those files. See L.R. 116.6 (recognizing that interests of justice may preclude disclosure of information by the government); United States v. Lilly, 185 F.R.D. 113, 115 (D. Mass. 1999) (recognizing a limited qualified common law privilege for law enforcement investigatory information). In the instant case, the plaintiff will have all the information relating to the original trial which may be relevant as to whether the defendants acted wrongfully in pursuing the case against Mr. Waters.

At this juncture, this court cannot envision the plaintiff assuming the burden of proving Mr. Waters actually innocent of the crime. Nor does this court see the benefit in allowing the plaintiff to interfere in an ongoing investigation in the hopes that, perhaps, a fresh pair of eyes will reveal the true perpetrator. If, however, as the issues for trial

become clearer it appears that the plaintiff will have to prove Mr. Waters' innocence, she may renew her request.

Further, this court finds persuasive Judge Ponsor's analysis in <u>Velazquez v. City of Chicopee</u>, 226 F.R.D. 31 (2004), allowing the production of the original case file but refusing to order the production of communications reflecting "the decision-making process leading up to the District Attorney's filing of the *nolle prosequi*" in a suit similar to the instant one. In <u>Velazquez</u>, the plaintiff had been convicted and served time for rape, but his motion for a new trial was allowed, and the District Attorney's office filed a *nolle prosequi* after DNA testing indicated that Velazquez had not committed the crime. He then sued the City and six police officers alleging, inter alia, that they deliberately failed to disclose evidence that would have cleared him of all charges.

In ordering the production of the original case file, the court ruled that "[t]hese documents shed light on the allegedly tainted trial itself; to the extent that they reveal the prosecutor's state of mind or strategy in pursuing the case, these are matters at the heart of the litigation itself and may be fully explored." <u>Id.</u> at 34. With respect to the materials leading to the *nolle prosequi* decision, however, the court found it to be protected by the deliberative process privilege. As the court ruled:

> The District Attorney must be able to depend on full candor and complete confidentiality in regard to communications leading up to this kind of challenging, discretionary decision. Forced disclosure of this type of communication would significantly undermine the decisionmaking process, with no substantial counterbalancing contribution to the matters at issue in this litigation.

Id.

## **ORDER**

For the foregoing reasons, neither the District Attorney's Office, nor the State Police must produce materials from their files in the cases of Commonwealth v. Waters that were created after June 20, 2001. Furthermore, the District Attorney's Office does not have to produce documents reflecting the decision-making process leading to the filing of the *nolle prosequi*.

/ s / Judith Gail Dein  
Judith Gail Dein  
United States Magistrate Judge

DATED: October 3, 2005