UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BETTY ANNE WATERS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 04 Civ. 10521 (GAO) |
| v. ) | |
| ) | |
| TOWN OF AYER, et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S ASSENTED TO MOTION TO AMEND SCHEDULING ORDER**

Counsel for the plaintiff respectfully moves this Court to amend the scheduling order in this case. In support thereof, the plaintiff states that she has diligently pursued discovery, but was again hampered by events outside of her control. Counsel for the defendants have been consulted and assent to this motion.

First, counsel for the plaintiff has attempted to negotiate the production of the original prosecution file from non-party Commonwealth of Massachusetts Attorney General's Office in the underlying 1980 murder case in light of Magistrate Dein's order of September 15, 2005. Despite counsel's repeated efforts at negotiation and the clear language of Judge Dein's order, that office has neither disclosed nor petitioned for *in-camera* review of claimed deliberative process documents predating plaintiff's decedent's release date of June 20, 2001. A motion to compel compliance with the Court's order will be filed in the coming days. Given that this civil-rights case involves events that took place 26 years ago, it is critical for both parties to have as complete a documentary record as possible before embarking on depositions.

To that end, in early March, plaintiff's counsel noticed Rule 30(b)(6) keeper of record and

1

policy and procedure depositions of defendant Town of Ayer, non-party Commonwealth of Massachusetts State Police and non-party Commonwealth of Massachusetts Attorney General's Office. Counsel for each of these entities has responded with a request for more time to identify and designate persons knowledgeable about record-keeping practices and other policies dating back to 1980. Depositions dates for the summer are under discussion, pending identification of appropriate witnesses from each entity. Given the ongoing discovery of materials from the original trial, the plaintiff is confident that these depositions are likely to unearth additional discoverable information that will be useful in preparing for fact and expert depositions.

Finally, plaintiff's counsel is actively engaged in trying and preparing for a trial in two other 42 U.S.C. § 1983 wrongful conviction suits that appear highly unlikely to settle: a three-week trial that began on April 24, 2006 in the Western District of Virginia, *Washington v. Buraker, et al.*, No. 3:02 CV 106 (NKM), and a two-week trial set for July 18, 2006 in the Central District of Los Angeles, *Atkins v. County of Riverside, et al.*, No. CV 01-01574 (PA). Given trial preparation time and the inevitable post-trial motions, counsel cannot adequately prepare for depositions until August.

Given these factors, counsel for the plaintiff proposes the following schedule:

I.    Proposed Discovery Plan:

    a.    Fact discovery to be completed by December 15, 2006

    b.    Plaintiff's expert disclosures by February 2, 2007

    c.    Defendants' expert disclosures by March 2, 2007

    d.    Expert depositions by April 6, 2007.

II.      Motion Schedule:

All dispositive motions will be served no later than June 1, 2007 with responses due by July 9, 2007, and replies, if any, due by July 20, 2007. Additional discovery motions, to the extent they are necessary, will be filed prior to the close of discovery. Trial motions are to be served not less than seven (7) days prior to trial, except for good cause.

III.     Trial Schedule:

Trial will tentatively be scheduled for September, 2007.

WHEREFORE, counsel for the plaintiff requests that this Court amend the discovery schedule as detailed in the above unopposed motion.

April 28, 2006

                                  RESPECTFULLY SUBMITTED,
                                  FOR THE PLAINTIFF:

/s/ Howard Friedman

_____
Howard Friedman, Esq. (BBO# 180080)
Jennifer L. Bills, Esq. (BBO# 652223)
Law Offices of Howard Friedman, P.C.
90 Canal St., Suite 500
Boston, MA 02114
(617) 742-4100

Deborah L. Cornwall, Esq.
Cochran Neufeld & Scheck, LLP
99 Hudson St., 8th Floor
New York, NY 10013
(212) 965-9081

**CERTIFICATE OF SERVICE**

I certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail and electronic filing.

Date: 4/28/06      /s/ Howard Friedman

**L.R. 37 CERTIFICATE**

I hereby certify that the provisions of L.R. 37 have been complied with.

Date: 4/28/06      /s/ Howard Friedman

**CERTIFICATE OF CONFERENCE PURSUANT TO L.R. 7.1(A)(2)**

Pursuant to L.R. 71.(A)(2), I certify that the parties have conferred in good faith and resolved the issue that is the subject of this motion.

Date: 4/28/06      /s/ Howard Friedman

4