UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BETTY ANNE WATERS,       )<br>  Plaintiff,                             )<br>                                             )<br>V.                                         )<br>                                             )<br>TOWN OF AYER, NANCY       )<br>TAYLOR-HARRIS, ARTHUR   )<br>BOISSEAU, BUDDY DECOT,   )<br>WILLIAM ADAMSON, PHILIP )<br>L. CONNORS, and JOHN DOE  )<br>and JANE DOE 1-16,               )<br>  Defendants                          )  | Case No. 04-10521GAO |

### PATRICK KEANE'S MOTION TO QUASH
### KEEPER OF RECORDS SUBPOENA

*Introduction*

Pursuant to Massachusetts Rules of Civil Procedure Rule 45, Plaintiff, Betty Anne Waters, ("Plaintiff") has caused a summons to be served on the keeper of records of the Massachusetts State Police, seeking the State Police to produce "[a]ll documents concerning the last known address for Patrick Keane, a former Massachusetts State Police Trooper." (See keeper of record subpoena, attached as "Exhibit A"). Pursuant to M.G.L. c.66A, § 2(k), and for the reasons outlined below, Patrick Keane moves to quash Plaintiff's subpoena to the extent that it seeks personal data or information regarding Mr. Keane that is privileged or otherwise exempt from disclosure. Furthermore, the documents sought by the Plaintiff are irrelevant to the pending action.

*Argument*

The Plaintiff, through counsel, seeks disclosure of certain information maintained by the Massachusetts State Police, a public entity, as they pertain to a former employee,

Patrick Keane. While the documents are the property of the Massachusetts State Police, Patrick Keane has standing to oppose production of same where he is the individual whose personal data is sought. See M.G.L. C. 66A, § 2(k), *Fair Information Practices*, allowing the data subject the right to seek to have compulsory legal process quashed. Not only are the requested documents that would contain the information sought not considered public records, M.G.L. c. 66, § 10(d), they should not be disclosed as they fall within the "personnel and medical files or information" exemption as set forth in M.G.L. c. 4, § 7, Twenty-sixth (c), and the "home address … of an employee of … an agency … of the commonwealth" exemption as set forth in M.G.L. c. 4, § 7, Twenty-sixth (o). The Massachusetts public inspection and copy of records statute excludes from the definition of public records the home address of law enforcement persons by stating that:

> "The home address and home telephone number of law enforcement, …, shall not be public records in the custody of the employer of such personnel or the public employee retirement administration commission or any retirement board established under chapter 32, and shall not be disclosed …"

M.G.L. c. 66, § 10(d).

M.G.L. c. 4, § 7, Twenty-sixth (o) asserts that "'Public records' shall mean all books, papers …, unless such materials or data fall within the following exemptions in that they are: (o) the home address … of an employee of … an agency … of the commonwealth, in the custody of a government agency which maintains records identifying persons as falling within those categories; …" Plaintiff's subpoena to the Massachusetts State Police Keeper of Records requests information which can most certainly be grouped into the category of "home address of law enforcement," under M.G.L. c. 66, § 10(d), and the "home address … of an employee of … an agency … of

the commonwealth" exemption as set forth in M.G.L. c. 4, § 7, Twenty-sixth (o). Specifically, the Plaintiff requests:

1. All documents concerning the last known address of Patrick Keane, a former Massachusetts State Police Trooper.

Both statutes prohibit disclosure of documents containing such information.

Plaintiff's request, for all practical purposes, can also be grouped into the category "personnel and medical files or information." M.G.L. c. 4, § 7, Twenty-sixth (c). Said documents include information of an employee's home address. "Personnel and medical files or information," are also exempt from the definition of public records under the statute. Id.

In construing the statute, the Supreme Judicial Court determined that "personnel files or information are absolutely exempt from mandatory disclosure where the files or information are of a personal nature and relate to a particular individual." Globe Newspaper Co. v. Boston Retirement Board, 388 Mass. 427 (1983). The statute manifests a public policy to protect personnel files from unnecessary disclosure. Exempt from disclosure are those records that contain "other materials or data relating to a specifically named individual, the disclosure of which may constitute an unwarranted invasion of personal privacy." *Wakefield Teachers Assn. v. School Comm. of Wakefield*, 431 Mass. 792, 798 (2000) (internal citations omitted). Under Massachusetts Law, the requested documents are either not considered public records, or exempt from the definition of public records.

Respectfully submitted,
On Behalf of Patrick Keane
By his attorney,

LAW OFFICES OF TIMOTHY M. BURKE

/s/ Timothy M. Burke
Timothy M. Burke, BBO # 065720
160 Gould Street, Suite 111
Needham, MA 02494-2300
(781) 455-0707

### *CERTIFICATE OF SERVICE*

I hereby certify that a true copy of the above document was served this date via first class mail, postage pre-paid upon Plaintiff's attorneys, Darlene F. Cantelo, 280 Summer St., Boston, MA 02210, and all other attorney's of record.

Dated: 11/20/06                                   /s/ Timothy M. Burke