UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BETTY ANNE WATERS,<br><br>        Plaintiff,<br>v.<br><br>TOWN OF AYER, et al.,<br><br>        Defendants. | Civil Action No. 04 Civ. 10521 (GAO) |

**PLAINTIFF BETTY ANNE WATERS'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR A PROTECTIVE ORDER**

Plaintiff Betty Anne Waters, by counsel, hereby opposes defendants' motion for a protective order. The neurologist's statement submitted in support of the motion fails to meet defendants' high burden to block this critical party deposition. Plaintiff intends to videotape the deposition and is amenable to any reasonable limitations the Court sees fit to impose under the circumstances.

**ARGUMENT**

**I.     Background**

Defendants' recitation of "facts" is entirely misleading and attempts to portray defendant William Adamson, Jr., former Chief of the Ayer Police Department, as a marginal witness with nothing relevant to add. Yet Mr. Adamson is a defendant, and as such, plaintiff has the presumptive right to depose him. *See* Fed. R. Civ. P. 26(a)(5), 26(b)(1), 30(a)(1). His deposition testimony is critical proof of supervisory and municipal liability, claims the defendants notably omit from their description of this action. *See* Mtn. at 2-3.

Mr. Adamson's deposition – to be taken by videotape – was originally noticed for November

1

29, 2006. Based on the representation of counsel that they were seeking to obtain a doctor's note as to his medical condition, plaintiff's counsel agreed to put over the deposition. By November 17, 2006, when no note had been provided, plaintiff renoticed the deposition for December 14, 2006. Again, defense counsel sought a continuance and again plaintiff obliged, with the explicit proviso that any evidence of Mr. Adamson's condition be provided before this motion was filed. Despite this request and the requirement in Rule 26(c) and the Local Rules of a pre-filing meet-and-confer, the statement was not produced until this motion was filed.

## II.     Applicable Legal Standards

Any party seeking a protective order to block a deposition pursuant to Rule 26(c) bears a "heavy burden" to demonstrate "good cause" for depriving the opposing party of the right of deposition; as such, these motions "are rarely granted." *Dunford v. Rolly Marine Service Co.*, 233 F.R.D. 635, 637 (S.D. Fla. 2005). Indeed, the court requires a showing of "extraordinary circumstances" for a protective order to issue. *See Prozina Shipping Co., Ltd. v. Thirty-Four Automobiles,* 179 F.R.D. 41, 48 (D. Mass. 1998) ("The moving party has a heavy burden of showing "extraordinary circumstances" based on "specific facts" that would justify such an order."); *see also Salter v. Upjohn Co.,* 593 F.2d 649, 651 (5th Cir. 1979) ("It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error."); *Jennings v. Family Mgmt.*, 201 F.R.D. 272, 275 (D.D.C. 2001) ("[C]ourts regard the complete prohibition of a deposition as an 'extraordinary measure[] which should be resorted to only in rare occasions.'" (citations omitted)); Motsinger *v. Flynt,* 119 F.R.D. 373, 378 (M.D.N.C. 1988) ("Absent a strong showing of good cause and extraordinary circumstances, a court should not prohibit altogether the taking of a deposition.").

Likewise, as the First Circuit noted in *U.S. v. Devin*, cited by the Defendants,

> It is a well-established principle, embodied in Fed. R. Evid. 601, that witnesses are presumed competent to testify. The [Supreme] Court said more than a century ago that even a "lunatic or a person affected with insanity is admissible as a witness if he have sufficient understanding to apprehend the obligation of an oath and to be capable of giving a correct account of the matters which he has seen or heard in reference to the questions at issue." *District of Columbia v. Armes,* 107 U.S. 519, 521-22, 2 S.Ct. 840, 841-43, 27 L.Ed. 618 (1883).

918 F.2d 280, 291-92 (1st Cir. 1990). There is no evidence before this Court suggesting that Mr. Adamson cannot understand the oath, and, as set forth below, the conclusory opinion as to whether he can accurately answer deposition questions is not based on sufficient data.

**III.   Defendants Have Failed to Show Good Cause – that is, Any Medical Risk to Mr. Adamson – that Would Justify Depriving Plaintiff of Her Right to Depose this Party Defendant**

Plaintiff and her counsel are sensitive to Mr. Adamson's health condition and have no desire to put him through a deposition he cannot medically handle. The evidence presented, however, does not suggest the deposition would place Mr. Adamson at any medical risk, typically a critical factor for determining such a motion.[1] The only findings presented with regard to Mr. Adamson – as opposed to general statements about this medical condition in the abstract – are within the statement of neurologist Dr. Deborah F. Gelinas, who opines: (1) "a diagnosis of Parkinson's disease with dementia and hallucinations" (Stmt. of Dr. Gelinas at ¶ 3); (2) his dementia causes "periods of confusion as well as memory and perceptual problems" for which he takes medication (*ibid.*); and (3) his "symptoms of dementia typically worsen with fatigue or under unfamiliar or stressful

---

[1] Defendants fail to cite – nor has plaintiff's counsel discovered – any cases applying Rule 26(c) to bar a deposition based on a claim that the proposed deponent was not competent to testify. Rather, the Rule explicitly protects deponents from "annoyance, embarrassment, oppression, or undue burden or expense," none of which defendants claim here. Fed. R. Civ. P. 26(c).

conditions." (*Id.* at ¶ 6).[2]

As such, defendants have failed to make out their burden. *Cf. Dunford*, 233 F.R.D. at 637 (granting protective order for non-party's deposition based on "affidavit attest[ing] to a serious acute brain condition that is life threatening"); *Frideres v. Schiltz*, 150 F.R.D. 153, 155 (S.D. Iowa 1993) (granting protective order for non-party deposition based on two medical opinions attesting to the "very real risk of serious injury or perhaps death relating to the stress involved in such proceedings"); *In re McCorhill Publishing, Inc.,* 91 B.R. 223, 225 (Bankr. S.D.N.Y. 1988) (granting protective order because "the only medical testimony in this case reflects the fact that Mr. Kraus' life will be placed in jeopardy by exposing this infirm and senile 80 year old man to a pre-trial deposition").

Ultimately, Dr. Gelinas concludes that Mr. Adamson "cannot competently testify on his own behalf... and cannot be expected to accurately recall events that occurred in the past and may be unable to distinguish between reality and delusions." (Stmt. of Dr. Gelinas at ¶ 7.) The opinion as to Mr. Adamson's "competen[ce]" is a legal conclusion that goes well beyond the bounds of her stated expertise. *Cf. U.S. v. Birdsell*, 775 F.2d 645, 650 (5th Cir. 1985) (noting, in criminal competency-to-stand-trial context, that "[i]n the final analysis, the determination of competency is a legal conclusion"). Likewise, while Defendants contend that Mr. Adamson's dementia will render his testimony all the more unreliable since the area of inquiry involves matters in 1980 and 1981, Dr. Gelinas's statement does not support this argument. She states merely that Mr. Adamson

---

[2] These data fail to support Dr. Gelinas's ultimate – and conclusory – opinion that Mr. Adamson "cannot competently testify on his own behalf ... [and] cannot be expected to accurately recall events that occurred in the past and may be unable to distinguish between reality and delusions." (Stmt. of Dr. Gelinas at ¶ 7.) As such the opinion is unreliable pursuant to Fed. R. Civ. P. 26(e)(2)(B) and Fed. R. Evid. 702.

"experiences periods of confusion as well as memory and perceptual problems." (Stmt. of Dr. Gelinas at ¶ 3.) There is no indication in Dr. Gelinas's statement about whether she has conducted any formal memory testing, how long these periods last, or what kinds of things Mr. Adamson no longer remembers. Notably, the statement fails to delineate between Mr. Adamson's long-term and short-term memory. In other words, there is no data before the Court supporting her conclusion that Mr. Adamson "cannot be expected to accurately recall events that occurred in the past and may be unable to distinguish between reality and delusions." (*Id.* at ¶ 7.)[3]

Two defendants deposed to date, Phil Connors and Nancy Taylor Harris, described attending a meeting with common counsel at the Ayer Police Department, with Mr. Adamson in attendance. When questioned generally about their interactions with him and his medical condition, neither defendant expressed significant concerns about Mr. Adamson's abilities to speak or understand. This evidence gives rise to a dispute of fact as to Mr. Adamson's condition. In any case involving events two decades earlier, the parties are unlikely to have crystal clear recollections. That, in and of itself, is no reason to bar this deposition.

**IV.     The Deposition Will Itself Provide Valuable Evidence Regarding Mr. Adamson's Competence**

A deposition is nothing more than discovery, a mechanism to obtain information that may lead to the discovery of admissible evidence, whether directly from the deponent or from other sources he identifies. The question of whether the sworn deposition testimony itself will be admissible at trial is a separate one that need not be answered at this time. Defendants will have every opportunity to challenge the competency of the testimony in pretrial litigation. However, the

---

[3] Again, if proffered under Rule 26(e), this conclusion should be struck as without any data to support it or indication of what, if any, reliable methods were employed to reach it.

deposition itself, which has been noticed for videotaping and can be subject to any other reasonable guidelines the Court sees fit to impose, may well provide the best evidence as to whether Mr. Adamson is legally competent to testify.

## CONCLUSION

This motion seeks to bar the Plaintiff from gathering critical evidence that will help determine why Kenny Waters spent two decades behind bars for a crime he did not commit. While plaintiff is sensitive to the issues raised in the motion, the evidence proffered by the Defendants neither meets the high burden for a protective order nor outweighs the Plaintiff's interest in taking the deposition.

The videotaped deposition should go forward as noticed, without delay. Any questions of competency and admissibility may be addressed thereafter based on a more complete record. Indeed, Plaintiff has subpoenaed Mr. Adamson's medical records from Dr. Gelinas to assess whether her contemporaneous findings support her reported conclusions, and will seek to have Mr. Adamson evaluated by an independent expert pursuant to Federal Rule of Civil Procedure 35 if Defendants pursue the claim of incompetence after the deposition. Given the possibility that Mr. Adamson's condition could deteriorate if the deposition were rescheduled, Plaintiff respectfully requests that her New York counsel be granted leave to appear by phone if the Court sets oral argument, and that the Court rule on an expedited basis so that the deposition can go forward, by videotape, on January 24.

                                                                            RESPECTFULLY SUBMITTED,

                                                                            __/s/ Deborah L. Cornwall_____
                                                                            Barry C. Scheck, Esq.
                                                                            Deborah L. Cornwall, Esq.
                                                                            Monica Shah, Esq.

Cochran Neufeld & Scheck, LLP
99 Hudson St., 8th Floor
New York, NY 10013
(212) 965-9081

Robert N. Feldman, Esq.
BIRNBAUM & GODKIN, LLP
280 Summer Street
Boston, MA 02210-1108
Tel. (617) 307-6130

**CERTIFICATE OF SERVICE**

     I certify that I am over 18 years old and not a party to this action. On this day I served a true and correct copy of the above document upon the attorneys of record for each party by mail and electronic filing.

Date: January 8, 2007

                                                        /s/ Micah West
                                                        Micah West
                                                        Paralegal