UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-CV-10521-GAO

| | |
|---|---|
| BETTY ANNE WATERS, as Administratrix of the Estate of KENNETH WATERS, <br><br> Plaintiff <br> v. <br><br> TOWN OF AYER, NANCY TAYLOR-HARRIS, in Her Individual Capacity, ARTHUR BOISSEAU, In His Individual Capacity, BUDDY DECOT, In His Individual Capacity, WILLIAM ADAMSON, in His Individual Capacity, PHILIP L. CONNORS, in His Individual Capacity, and JOHN DOE and JANE DOES 1-16, in Their Individual Capacities, <br><br> Defendants | DEFENDANT NANCY TAYLOR-HARRIS' MOTION FOR PROTECTIVE ORDER TO LIMIT THE SCOPE OF BRUCE TAYLOR'S DEPOSITION |

Now comes the defendant, Nancy Taylor-Harris and hereby moves, pursuant to

Fed.R.Civ.P.26(c), that this Honorable Court issue a Protective Order, limiting the scope of the

plaintiff's deposition of Bruce Taylor to protect the confidential marital communications

privilege.

As grounds therefor, said defendant states that it is anticipated that plaintiff will seek

information pertaining to confidential communications between Mr. Taylor and defendant

Taylor-Harris during their former marriage.  Defendant submits that Mr. Taylor's testimony to

communications made during the privacy and confidence of marriage are privileged and

therefore outside the scope of discoverable information.  Therefore, any questioning by the

plaintiff that would require Mr. Taylor to disclose confidential marital communications should

be precluded.

As further grounds therefor, defendant relies on the within Memorandum of Reasons.

<u>MEMORANDUM OF REASONS</u>

1.    The plaintiff has noticed the deposition of Bruce Taylor, scheduled for January 30, 2007. <u>Exhibit A</u>.

2.    Mr. Taylor is the ex-husband of defendant Nancy Taylor-Harris.

3.    Defendant anticipates that plaintiff will inquire during Mr. Taylor's deposition into confidential information and communications between Mr. Taylor and Ms. Taylor-Harris during their marriage.

4.    Such communications are privileged pursuant to the federally recognized confidential marital communications privilege. <u>Trammell</u> v. <u>U.S.</u>, 445 U.S. 40, 41 (1980) (citing <u>Blau</u> v. <u>U.S.</u>, 340 U.S. 332, 333 (1951) (holding "[i]nformation privately disclosed between husband and wife in the confidence of the marital relationship is privileged under the independent rule protecting confidential marital communications"). <u>Trammell</u> v. <u>U.S.</u>, 445 U.S. at 41.

5.    Ms. Taylor-Harris, the non-testifying spouse, may invoke the confidential marital communications privilege to limit her ex-husband from relaying confidences made during their marriage. <u>U.S.</u> v. <u>Mavroules</u>, 813 F. Supp. 115, 118 (D. Mass. 1993).

6.    A spouse may assert the confidential marital communications privilege after a marriage has been terminated through divorce to protect communications made during the marriage. <u>Mavroules</u>, 813 F. Supp. at 118.

7.    Defendant Taylor-Harris hereby asserts the confidential marital communications privilege as to any and all testimony that discloses confidential communications made to Mr. Taylor during their marriage.

Defendant submits that, because Mr. Taylor will likely be asked to divulge communications protected by the confidential marital communications privilege, the scope of his deposition should be limited to preclude such inquiry.

WHEREFORE, defendant Taylor-Harris respectfully requests that this Court issue a Protective Order, limiting the scope of plaintiff's deposition of Bruce Taylor to preserve confidential marital communications.

DEFENDANT,

NANCY TAYLOR-HARRIS

By her attorneys,

/s/ Joseph L. Tehan, Jr.
Joseph L. Tehan, Jr. (BBO # 494020)
Gregg J. Corbo (BBO # 641459)
Kopelman and Paige, P.C.
101 Arch Street
Boston, MA  02110
(617) 556-0007

303697/01907/0053

3

## CERTIFICATION OF COMPLIANCE PURSUANT TO LOCAL RULES 7.1(A)(2) AND 37.1(A)

I, the undersigned Joseph L. Tehan, Jr., hereby certify that the provisions of Local Rule 37.1(A) have been complied with prior to filing this Motion for Protective Order. I also certify that on January 12, 2007, I conferred with Robert Feldman, Esq., local counsel for plaintiff, in a good faith effort to resolve the issues set forth in Defendant's Motion for Protective Order.

/s/ Joseph L. Tehan, Jr.
Joseph L. Tehan, Jr.

303697/01907/0053