UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BETTY ANNE WATERS as<br>Administratrix of the Estate of<br>KENNETH WATERS,<br>               Plaintiff,<br>vs.<br><br>TOWN OF AYER,<br>NANCY TAYLOR-HARRIS,<br>ARTHUR BOISSEAU,<br>BUDDY DECOT,<br>WILLIAM ADAMSON,<br>JOHN AND JANE DOES 1-16,<br><br>               Defendants. | CIVIL ACTION<br>NO. 04-10521-GAO |

**PLAINTIFF'S RESPONSE TO DEFENDANT
NANCY TAYLOR-HARRIS' MOTION FOR A PROTECTIVE
ORDER TO LIMIT THE SCOPE OF BRUCE TAYLOR'S DEPOSITION**

Plaintiff Betty Anne Waters, by counsel, hereby responds to defendant Nancy Taylor-Harris' motion for a protective order, which seeks a blanket order concerning the marital communication privilege for Mr. Taylor's upcoming January 30, 2007 deposition. For the reasons set forth below, the motion should be denied.

I. **Summary Background**

Defendant Nancy Taylor-Harris was married to Bruce Taylor, but they are now divorced. Bruce Taylor is believed to have information relevant to the above-captioned action. In particular, Bruce Taylor, like his former wife, served as an Ayer Police Officer in the 1980s. As such, he is a witness to some events forming the basis of Plaintiff's Complaint. While some information Bruce Taylor may possess could include communications between him and his

former wife, Plaintiff expects that much of the discoverable information is unrelated to any communications between them.

On December 27, 2006, Plaintiff subpoenaed Bruce Taylor for a deposition scheduled on January 30, 2007. On January 12, 2007, Defendant Taylor-Harris filed the present motion.

## II.   The Requested Blanket Protective Order is Unnecessary.

The requested protective order is unnecessary. Plaintiff is mindful that there exists a marital communications privilege that Defendant Taylor-Harris may assert (by objection of Taylor-Harris' counsel) during the course of the Bruce Taylor deposition.[1] To the extent such an objection is lodged to a particular question, Plaintiff will not press Mr. Taylor for an answer. To the extent that Plaintiff believes that Defendant Taylor-Harris has improperly asserted the marital communication privilege during the course of the deposition, if necessary, Plaintiff will take the matter up with the Court at the conclusion of the deposition.

Moreover, the requested blanket protective order will complicate the Bruce Taylor deposition. While there exists a martial communications privilege, the bounds of that privilege, as well as exceptions to it, are fact dependent. Therefore, a blanket order of the Court regarding Mr. Taylor's anticipated testimony will likely result in confusion and possibly dispute at the deposition between the parties concerning the scope of the blanket order. Because Plaintiff will not insist on answers where Defendant Taylor-Harris has objected and issued an instruction not

---

[1] Defendant Taylor-Harris is not seeking to disqualify Mr. Taylor altogether from testifying. Instead, Defendant Taylor-Harris only seeks to keep confidential her communications with Mr. Taylor. As a case relied on by Defendant Taylor-Harris makes clear, the privilege regarding marital communications only relates to confidential communications between spouses *during* the period of the marriage, i.e., not before or after. See U.S. v. Mavroules, 813 F. Supp. 115, 119 (D. Mass. 1993) (discussing marital communications privilege and its various exceptions)

to answer on marital communications grounds, there is no reason to risk the kind of confusion a premature order might cause.

Finally, as noted above, the vast majority of questions put to Mr. Taylor will be unrelated to any communications he may have had with his former wife. Accordingly, the issue raised by Defendant Taylor-Harris' motion is discreet and manageable during the course of the deposition without any prior order of this Court.

## CONCLUSION

For the foregoing reasons, this Court should not issue a blanket protective order regarding the marital communication privilege in connection with the Bruce Taylor deposition.

Respectfully submitted,

BETTY ANNE WATERS,
By her attorneys


/s/ Robert N. Feldman
BIRNBAUM & GODKIN, LLP
Robert N. Feldman (BBO # 630734)
280 Summer Street
Boston, MA 02210
Tel: 617-307-6100
Fax: 617-307-6101

Barry C. Scheck, Esq.
Deborah L. Cornwall, Esq.
Monica Shah, Esq.
Cochran Neufeld & Scheck, LLP
99 Hudson St., 8th Floor
New York, NY 10013
(212) 965-9081

Dated: January 26, 2007

## CERTIFICATE OF SERVICE

I, Robert N. Feldman, hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 26, 2007.

/s/ Robert N. Feldman
Robert N. Feldman