UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BETTY ANNE WATERS, as Administratrix of the Estate of KENNETH WATERS, <br><br> Plaintiff, <br><br> v. <br><br> TOWN OF AYER, NANCY TAYLOR-HARRIS, in her individual capacity, ARTHUR BOISSEAU, in his individual capacity, BUDDY DECOT, in his individual capacity, WILLIAM ADAMSON, in his individual capacity, PHILIP L. CONNORS, in his individual capacity, and JOHN DOE and JANE DOES 1–16, in their individual capacities, <br><br> Defendants. | Case No. 04 10521 (GAO) (JGD) <br><br> **PLAINTIFF BETTY ANNE WATERS' MOTION TO ENLARGE DISCOVERY LIMITS ON DEPOSITIONS AND REQUESTS FOR ADMISSION AND COMPEL RESPONSES TO HER AMENDED SECOND SET OF REQUESTS FOR PRODUCTION AND PRODUCTION OF INSURANCE DOCUMENTATION** |

Plaintiff Betty Anne Waters hereby moves to enlarge discovery limits on the number of depositions and requests for admission and moves to compel responses to her amended second set of requests for production as well as insurance documentation pursuant to Local Rule 26.1(c) and Federal Rules of Civil Procedure 26(a)(1)(D), 30, and 34.

### INTRODUCTION

Local Rule 26.1(c) limits parties to a total of 10 depositions and 25 requests for admission "[u]nless the judicial officer orders otherwise." Pursuant to Federal Rule of Civil Procedure 26 and LR 26.1 (c), plaintiff moves to enlarge limits on these discovery mechanisms to allow for 10 more depositions and 34 additional requests to admit, above and beyond those

1

already conducted. In addition, Plaintiff moves to compel responses to her amended second set of requests for production, which were due on February 12, as well as the production of insurance documentation, which, pursuant to Rule 26(a)(1)(D) were due to be voluntarily disclosed initially in 2004, as well as in response to requests for production served April 19, 2005. Attorneys for the defendants have repeatedly been informed of counsel's intent to file this motion, and oppose it. As set forth below, there is good cause to expand the limits of depositions and requests for admission, and to compel compliance with discovery deadlines so that plaintiff may adequately prepare this 27 year-old murder case for trial.

## ARGUMENT

**I.   Depositions**

To date, plaintiff has taken seven depositions, and noticed an additional four, all as reflected in Exhibit 1.[1] However, plaintiff anticipates the need to notice and take an additional 10 depositions in order to fully discover relevant facts about the underlying murder investigation, the alleged constitutional violations committed by the Ayer police defendants, and the unwritten customs and practices of the police department as a whole. Specifically, plaintiff intends to depose non-defendant former Ayer police officers and state police who were involved in the investigation of the Brow murder, as well as former members of the Ayer Board of Selectmen and additional fact witnesses. During the course of this litigation, one element of the defense has

---

[1] This list does not include the noticed deposition of Defendant Adamson given the pendency of the motion for a protective order. On February 1, 2007, Plaintiff served releases on counsel for Mr. Adamson for additional medical records for plaintiff's neurological expert to review before scheduling the independent medical examination authorized by the Court's prior ruling. We still await return of the releases so that we may serve subpoenas for the additional records.

become clear: the Ayer defendants contend that the state police, not Ayer police, ran the investigation. As such, it is necessary for plaintiff to depose surviving state police officers who were involved in the case. Likewise, the recent production of hundreds of pages from the state police – months after plaintiff was advised that all such records had already been disclosed – warrant depositions as to chain of custody of those files as well as the newly discovered underlying investigative facts.

Defendant has objected that plaintiff has already gone over the 10-deposition limit of the local rule. However, this objection appears to be based on notices of deposition that called merely for the production of documents in lieu of testimony. No testimony was ever taken pursuant to those notices, which therefore cannot count against the local rule's limit. Indeed, LR 26.1(c) refers explicitly to "ten (10) depositions," not "notices of deposition."

## II.  Requests to Admit

"Rule 36 allows parties to narrow the issues to be resolved at trial by identifying and eliminating those matters on which the parties agree." *American Auto. Ass'n (Inc.) v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1121 (5th Cir. 1991). Requests for admission pursuant to Rule 36 "serve[] two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first, to facilitate proof with respect to the issues that cannot be eliminated from the case, and, secondly, to narrow the issues by eliminating those that can be." *See* Fed. R. Civ. Proc. 36 Advisory Comm. Note to 1970 Amend.

To this end, plaintiff served requests to admit on November 15, 2006. Defense counsel Gregg Corbo objected to the number of requests, citing the local rule. On November 27, 2006, in a good-faith attempt to meet and confer before filing a motion to enlarge the number of requests

3

to admit, the undersigned counsel for plaintiff offered that, if defendants would work toward a stipulation, plaintiff would delete two categories of requests from the demand: (1) requests relating to forensic facts of the crime scene and plaintiff's ultimate exoneration, and (2) questions designed to lay the evidentiary predicate for admissibility of investigative documents produced in discovery.  Based on Mr. Corbo's telephonic representation that the parties could likely work out a stipulation as to those areas, plaintiff served an amended request to admit on December 8, 2006.  Two proposed stipulations were served on December 11, 2006.[2]

On February 1, 2007, after repeated inquiries, defense counsel for the first time responded to the proposed stipulations, telephonically agreeing in principle to certain forensic facts, but refusing to stipulate to additional – in plaintiff's view, critical – forensic facts or the evidentiary matters.  Certainly, while there is no obligation for any party to stipulate, it is in the parties' and the Court's interest to clarify which issues are disputed and which are not. *MacNeil v. Americold Corp.*, 735 F. Supp. 32, 37 (D. Mass. 1990) (Keeton, J.) (noting "the policy and practices of the judges of the District Court of Massachusetts, who unfailingly seek to encourage stipulations and agreements between parties to narrow issues for trial and, in so doing, to conserve judicial resources.").  Where, as here, there is no good-faith basis to deny the truth of various substantive and evidentiary facts, requests to admit are a valuable tool with which to narrow the truly disputed issues for trial. *See, e.g.*, *Perez v. Miami-Dade County*, 297 F.3d 1255 (11th Cir. 2002) ("Essentially, Rule 36 is a time-saver, designed 'to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial.'") (citation omitted; emphasis in

---

[2] On January 9, 2007, the defense served its responses to the requests to admit.  Upon counsel's objections, amended responses were served on January 30, 2007.

original).  As such, plaintiff now seeks to serve a second set of requests to admit on these narrow issues that were included in the original set of requests and reframed as stipulations defense counsel has opted not to sign.  In addition, the second set of requests seeks admissions on the basis of newly discovered fingerprint documents recently produced by the state police.  The proposed requests are attached hereto as Exhibit 2.[3]

### III.     Requests for Production and Insurance Documentation

Plaintiff is loathe to involve the court in a discovery disputes that could be negotiated; however a pattern of delay is emerging.  As such, this motion appears necessary.

#### A.     Requests for Production

Defendants have yet to respond to Plaintiff's amended second set of requests for production, served on January 9, 2007, seeking documents generated by the Ayer Board of Selectmen during the time period of the Brow murder investigation pertaining to the issues raised in Plaintiff's complaint.  Under Rule 34, defendants responses were due within thirty days after service of the request, or by February 12, 2007.  Instead of responding within the thirty-day time limit, on the date responses were due, defense counsel Janelle Austin called plaintiff's counsel to request a two-week extension and subsequently stated in writing that defendants "will respond as soon as is practicable," without providing a definite response date.  (*See* Correspondence from Janelle M. Austin dated Feb. 14, 2007 (attached as Exhibit 3).)

Defendants' failure to comply with the thirty-day deadline mandated by Rule 34 thwarts plaintiff's good-faith attempts to complete discovery within the already enlarged deadline.

---

[3] Plaintiff has not attached the exhibits to the proposed Second Set of Requests for Admission because they are too voluminous.

Plaintiff served this second request for production to collect documents directly relevant to her coercion, fabrication, and *Brady* theories of individual liability and her *Monell* claim against the Town of Ayer, specifically to explore the Board of Selectmen's knowledge of and efforts regarding hiring and investigative police practices at issue in this case. The documents sought could provide critical new information that will be needed to adequately prepare for the continuation of defendant Nancy Taylor-Harris's deposition and the anticipated future depositions of two members of the Town of Ayer Board of Selectmen, if the Court grants Plaintiff's motion to allow more than 10 depositions.

### B. Insurance Documents

Rule 26(a)(1)(D) requires defendants to produce "any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment," as a part of initial disclosures at the outset of discovery, yet no such information has been produced to date despite repeated pleas of counsel. No information was provided in defendants' initial 2004 disclosures, nor, despite the formal request for these materials (as well as notices of claim and correspondence regarding possible coverage) in a prior Request for Production dated April 19, 2005, attached hereto as Exhibit 4, and the continued pleas of counsel by letter and by phone, has any such information been provided in the two years since. In a phone conversation on February 1, 2006, defense counsel pledged to produce the names of insurance carriers and policy numbers; no such information has been received to date, and in any case the Rules and Plaintiff's formal requests require more. The production of this discoverable information may well aid the parties in assessing the case and its possible resolution as a trial

date nears. As such, Defendants should be ordered to produce this information.

## CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that the motion be granted, and that she be allowed to notice and take an additional ten depositions, to serve and receive responses to a second set of requests to admit, that Defendants be ordered to produce forthwith the overdue documents and insurance records previously demanded, and that the Court grant any other relief deemed reasonable and appropriate under the circumstances.

Dated: February 15, 2007
New York, NY

Respectfully submitted,

/s/ Deborah L. Cornwall
Barry C. Scheck (BS 4612)
Deborah L. Cornwall (DC 2186)
Monica Shah (MS 9846)
COCHRAN NEUFELD & SCHECK, LLP
99 Hudson Street, 8th Floor
New York, NY 10013
Tel. (212) 965-9081 / Fax (212) 965-9084

Robert N. Feldman
BIRNBAUM & GODKIN, LLP
280 Summer Street
Boston, MA 02210-1108
Tel. (617) 307-6130 / Fax (617) 307-6101

*Attorneys for Plaintiff Betty Anne Waters*

## PROOF OF SERVICE

      I, Micah West, being over eighteen years of age, hereby certify pursuant to the laws of the Commonwealth of Massachusetts that I served the following persons copies of this motion by mail and electronic filing on this 15th day of February, 2007.

Joseph L. Tehan, Jr.
Gregg J. Corbo
Jeffrey T. Blake
Kopelman & Paige, PC
101 Arch Street, 12th Floor
Boston, MA 02116


                                              /s/ Micah West
                                              Micah West