UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BETTY ANNE WATERS, as Administratrix of the Estate of KENNETH WATERS,<br><br>        Plaintiff,<br>v.<br><br>TOWN OF AYER, NANCY TAYLOR-HARRIS, in her individual capacity, ARTHUR BOISSEAU, in his individual capacity, BUDDY DECOT, in his individual capacity, WILLIAM ADAMSON, in his individual capacity, PHILIP L. CONNORS, in his individual capacity, and JOHN DOE and JANE DOES 1–16, in their individual capacities,<br><br>        Defendants. | Case No. 04 10521 (GAO)<br><br>**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT TOWN OF AYER** |

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff Betty Anne Waters demands that defendant Town of Ayer produce documents responsive to the following requests within thirty days of service of this demand. As required by Rule 26(e), defendants must promptly amend or supplement answers or disclosures within thirty days after additional information or material is acquired, and in no event later than thirty days before trial.

It is required that the defendant party's answers restate a document request in full before responding to it. It is required that each document request be accorded a separate answer. Each response shall first set forth <u>verbatim</u> the document request to which it is responsive. Requests or subparts thereof shall not be combined for the purpose of supplying a common answer. The answer to a document request or subpart must not be supplied by referring to the answer to

1

another request for documents unless the request for documents or subpart referred to supplies a complete and accurate answer to the request for documents or subpart being answered.

It is further required that all documents produced appear in the form, order and condition that they are in on the day that these document requests are served, including all comments, notes, remarks, or other materials which may have been added to documents subsequent to their initial preparation. Documents that in their original condition were stapled, clipped, or otherwise fastened together shall be produced in such form. Documents not otherwise responsive to a request shall be produced if such documents refer to, relate to, or explain the documents called for in this Request or if such documents are attached to documents called for in this Request and constitute routing slips, transmittal memoranda or letters, comments, evaluations or similar documents.

If documents are not in your possession but within your control, you are required to comply with the definition and instructions for "control" below. If you object to any request on the grounds of privilege, your response must identify the nature of the responsive information and specify the claimed privilege in a log, consistent with Rule 26(b)(5).

## DEFINITIONS

The following definitions and principles shall be deemed to have the meaning set forth herein, and are incorporated herein and throughout this and each succeeding set of discovery requests, if any, as though fully set forth at length, unless expressly stated to the contrary.

    A.    All definitions set forth in Local Rule 26.5(c) are hereby incorporated by reference into these interrogatories.

    B.    The term "you" refers to the party to whom these requests for production are

propounded, its agents, employees, representatives, and attorneys, and those employed by its attorneys.

C. Consistent with Local Rule 26.5(c)(1), the term "communication" is defined as the transmittal of information (in the form of facts, ideas, inquiries, etc.) and shall include documents and any oral statements made or transmitted by any person.

D. Consistent with the definitions set forth in Rule 34(a) and Local Rule 26.5(c)(2), the term "document" includes, without limitation, originals, non-identical copies and drafts, and both sides thereof, letters, correspondence, contracts, agreements, writings, journals, ledgers, statements, studies, worksheets, memoranda, audits, transcripts, docket entries, exhibits, drawings, diagrams, graphs, charts, notes, photographs, phono records, tapes, computer files, datebooks, time sheets, diaries, logs, electronic mail, facsimile transmissions, and any other data compilation from which information can be obtained, whether prepared by a party or any other person.

E. Consistent with Local Rule 26.5(c)(3), the term "identify," when used with respect to persons, shall mean "to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, the present or last known place of employment."

F. Consistent with Local Rule 26.5(c)(4), the term "identify," when used with respect to documents, shall mean "to give, to the extent known, the (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s); and recipient(s)." All documents should be identified, whether or

not a claim of privilege will be asserted with relation to such documents. In the case of any document as to which such a claim of privilege is asserted, the word "identify" is additionally intended to call for a privilege log including a summary of the basis on which the claim of privilege is founded; the facts upon which you rely as the basis for invoking the privilege; the person(s) who created, wrote, prepared, signed, and received the document; the title, date, subject matter and number of pages in the document; and each person in possession of the document.

G. Consistent with Local Rule 26.5(c)(7), in addition to its customary and usual meaning, the term "concerning" means relating to, referring to, describing, evidencing, constituting, discussing, mentioning, pertaining to, assessing, embodying, recording, stating, touching upon or summarizing.

H. "Control" as used in Rule 34(a) shall be defined so as to apply to any document, if you have the right to secure the document or a copy thereof from another person or public or private entity having actual possession thereof. If a document is responsive to a request for identification or production and is in your control, but is not in your possession or custody, identify the person in possession or custody. If any document was, but is no longer in your possession or subject to your control, due to loss, destruction or transfer, identify that document and state what disposition was made of it, by whom, and the date or dates or approximate date or dates on which such disposition was made, and why.

I. The "APD" means the Ayer Police Department.

**REQUESTS FOR PRODUCTION**

1. Produce all documents pertaining to the investigation of the May 21, 1980 murder of Katherina Reitz Brow, including without limitation, the complete files of the APD; documents reflecting any and all suspects, including without limitation Kenneth Waters; audio and videotapes and transcripts as well as notes, memoranda and reports related to any and all interrogations, interviews, discussions and statements; wiretaps; probable cause affidavits; arrest warrants; witness statements; polygraph tests and results; signed waivers; photographs, including true and accurate (color) copies of photographic arrays and photopaks in the form displayed to witnesses; identification procedures; medical examinations; evidence logs; investigative reports and supplements; notes; memobooks and logbooks; interdepartmental memoranda; news reports; all reports, notes, memoranda and communication with or by the State Police and/or State Police Crime Lab; the identity of investigators and supervisors; police communications with the prosecutors; and transcripts of testimony.

2. To the extent not otherwise requested above, produce all documents provided to the Middlesex County District Attorney's Office and/or defense counsel in connection with the investigation and prosecution of Kenneth Waters.

3. Produce all documents that existed but were not disclosed to the Middlesex County District Attorney's Office prior to Kenneth Waters's conviction.

4. Produce all documents pertaining to any reinvestigation of the May 21, 1980 murder of Katherina Reitz Brow following the exoneration of Kenneth Waters, whether conducted by the APD, State Police, District Attorney's Office, Attorney

General's Office, or any other entity.

5. Produce all organizational charts or other documents reflecting the chain of command in the APD, including those pertaining to individual defendants Taylor-Harris, Boisseau, Decot, Adamson, and Connors for the ten year period between May 21, 1976 and May 21, 1986.

6. Produce all APD files, including without limitation reports, notes, memoranda, test results, statements and transcripts, reflecting homicide investigations conducted by defendants Taylor-Harris, Boisseau, Decot, Adamson, and Connors during the five years prior to May 21, 1980.

7. Produce all APD reports concerning individual felony investigations involving attempted or completed murders generated between May 21, 1978 and May 21, 1980, including without limitation reports generated by defendants Taylor-Harris, Boisseau, Decot, Adamson, and Connors, handwritten reports, and copies of reports reviewed by supervisors and/or returned to individual officers by supervisors for revision. You may redact the reports to exclude the names, addresses and other personal information identifying victims, suspects and witnesses.

8. Produce all documents concerning training (whether internal or external) received by APD officers, including without limitation the individual defendants, from the date the most senior individual defendant entered the police academy to the present, including training with regard to conducting criminal investigations and homicide investigations in particular, documenting investigative work and suspect

statements, and disclosing exculpatory and impeachment information to prosecutors pursuant to *Brady v. Maryland*, *Giglio v. United States*, and their progeny.

9. Produce all documents concerning the supervision of APD officers from the date the most senior individual defendant entered the police academy to the present, including without limitation, policies, procedures, protocols, customs and practices ("PPCP's") for daily, weekly, yearly and other supervision of officers and detectives, and documents reflecting the supervision of the individual defendants and John Does who investigated the murder of Katherina Reitz Brow.

10. Produce all documents reflecting APD PPCP's and any modifications thereto, in effect at any time for the ten year period between May 21, 1976 and May 21, 1986, regarding communication with and production of documents to the Middlesex County District Attorney's Office during the course of criminal investigations or prosecutions, including, but not limited to, communications regarding or production of records containing exculpatory, potentially exculpatory or impeachment evidence.

11. Produce all documents reflecting APD PPCP's and any modifications thereto, including any Standard Operating Procedures or policy manuals, in effect at any time from January 1, 1976 through the present, regarding conducting criminal investigations, particularly into homicides, documenting investigative work, interviewing and/or interrogating witnesses, and documenting suspect statements.

12. Produce all documents concerning changes or additions to APD PPCP's, if any,

that were proposed, considered or implemented as a result of Kenneth Waters' exoneration of the murder of Katherina Reitz Brow.

13. Produce true and accurate copies of all documents (which could include policies, rules, regulations, ordinances, decisions, laws or other guidelines) tending to show the identity of the final policymaker for the Town of Ayer in connection with

    a. hiring, training and disciplining police officers,

    b. conducting criminal investigations,

    c. supervising criminal investigations, and

    d. disclosing material exculpatory and/or impeachment information to prosecutors.

14. Produce all documents concerning discipline and/or remediation of any APD employee as a result of his or her involvement in the investigation and prosecution of the murder of Katherina Reitz Brow.

15. Produce all documents concerning any policy and/or decision by the Town of Ayer to indemnify or refuse to indemnify any APD officer, including the individual defendants in this action, for similar misconduct other than negligence for the ten years between May 21, 1976 and May 21, 1986.

16. Produce all documents concerning allegations, complaints or investigations of similar professional misconduct against any APD officer, including individual defendants Taylor-Harris, Boisseau, Decot, Adamson, and Connors, whether or not substantiated, from any source from May 21, 1976, to the present including, without limitation, written or audio witness statements, notes, reports, memoranda

or correspondence, transcripts, findings, judgments, discipline, remediation, conclusions, and recommendations made by any investigating authorities, in the areas of (1) improper conduct in connection with the investigation of crimes including, without limitation, homicide; (2) suppression of evidence from the prosecutor; (3) false official statements, perjury or fabrication of evidence; (4) abuse of authority; (5) coercion; (6) excessive force; (7) malicious prosecution; and (8) false arrest/imprisonment. Produce all documents including, without limitation, complaints, notices of claim, and civil, administrative and criminal complaints originating from civilians or law enforcement personnel, whether investigated by the APD Internal Affairs Unit ("IAU"), the Middlesex County District Attorney's Office or any other law enforcement entity, agency, body or any other person.

17. Produce the complete personnel files of defendants Taylor-Harris, Boisseau, Decot, Adamson, and Connors including, without limitation, the following categories. If there are not documents for a particular category then so state:

   A. Complete personnel files;

   B. Complete psychological testing and examination file, including pre-employment testing and any follow-up or subsequent testing after being hired;

   C. Pre-employment application and evaluation records;

   D. Background investigations;

   E. Performance evaluations;

F. Training records;

G. Salary, payment and expense records and reports;

H. Medical records;

I. Personnel files maintained by any other agency or department of the defendant Town;

J. Civilian complaint files and records;

K. Internal Affairs records, including all civilian complaint files irrespective of whether the complaint(s) was (were) substantiated;

L. Requests for disability or early retirement;

M. Complaints, reports or investigations of uttering false statements/perjury;

N. Use of force or force monitoring complaints, reports or investigations;

O. Excessive force complaints, reports or investigations;

P. Coercion complaints, reports or investigations;

Q. Threatening or intimidating witnesses complaints, reports or investigations;

R. Verbal abuse complaints, reports or investigations;

S. Firearms discharge complaints, reports or investigations;

T. Assault complaints, reports or investigations;

U. False imprisonment complaints, reports or investigations;

V. False arrest complaints, reports or investigations;

W. Negligent, reckless, or intentional infliction of emotional distress reports;

X. In-service training, including syllabi, tests and scores;

Y. Fitness for duty evaluations and the results of such evaluations;

Z. Records of any psychological treatment, evaluation or referrals;

AA. Civilian complaint monitoring records;

BB. All documents related to any department-generated complaints of misconduct; all documents concerning civil or criminal lawsuits involving misconduct allegations against defendants Taylor-Harris, Boisseau, Decot, Adamson, or Connors including, without limitation, notes, depositions, reports, pleadings, correspondence, findings, decisions, settlements and documents concerning the removal of any individual defendant from any civil or criminal lawsuit;

CC. All documents concerning civil or criminal lawsuits involving allegations of official misconduct in which defendant Taylor-Harris, Boisseau, Decot, Adamson, or Connors was a witness, including, without limitation, notes, depositions, reports, pleadings, correspondence, findings, decisions and settlements;

DD. All Notices of Claim filed with the County naming defendants Taylor-Harris, Boisseau, Decot, Adamson, or Connors or which, although not named, allege misconduct attributable to these defendants;

EE. All documents concerning allegations or investigations of misconduct from any source;

FF. Dereliction of duty or violations of the penal laws records;

GG. All requests for leave of absence;

HH. All requests for authorization to engage in employment outside of the APD;

II. Records from any internal disciplinary or remedial units or departments;

JJ. Documents concerning supervisory complaints against or counseling notices to any of these individual defendants;

KK. Awards, decorations, or positive citations bestowed for any positive acts or qualities for these individual defendants.

18. Produce all transcripts of depositions and other testimony of any witness in any similar litigation against the Town of Ayer, the APD, or any current or former APD officer for the ten years between May 21, 1976 and May 21, 1986, where the plaintiff asserted claims under 42 U.S.C. § 1983, for malicious prosecution or false arrest, or involving allegations that any APD officer fabricated or destroyed evidence, failed to disclose exculpatory evidence, coerced any witness or suspect, and/or committed perjury.

19. Provide the current resumes and curriculum vitae for defendants Taylor-Harris, Boisseau, Decot, Adamson, and Connors.

20. To the extent not otherwise requested above, produce all documents concerning Kenneth Waters.

21. To the extent not otherwise requested above, produce all documents concerning Katherina Reitz Brow.

22. To the extent not otherwise requested above, produce all documents concerning Roseanna Perry.

23. To the extent not otherwise requested above, produce all documents concerning Brenda Marsh.

24. Produce all insurance policies in your name. For the Town of Ayer, this request includes all policies covering the Ayer Police Department and its employees, whether or not you believe the policy to cover the acts and omissions alleged in this lawsuit.

Plaintiff reserves the right to supplement and amend the foregoing requests for production of documents; and, in addition, she reserves the right to utilize other discovery mechanisms available to her.

Respectfully submitted,

*Barry Scheck /JLB*

Barry C. Scheck, Esq. (BS 4612)
Deborah L. Cornwall, Esq. (DC 2186)
COCHRAN NEUFELD & SCHECK, LLP
99 Hudson Street, 8th Floor
New York, NY 10013
Tel. (212) 965-9081 / Fax (212) 965-9084

Howard Friedman, Esq. (BBO #180080)
Jennifer L. Bills, Esq (BBO # 652223)
Myong J. Joun, Esq. (BBO # 645099)
Law Offices of Howard Friedman, P.C.
90 Canal St., 5th Floor
Boston, MA 02114-2022
Tel. (617) 742-4100 / Fax (617) 742-5858

**Attorneys for Plaintiff Betty Anne Waters**

Dated: April 19, 2005