UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-CV-10521-GAO

| | |
|---|---|
| BETTY ANNE WATERS, as Administratrix of the Estate of KENNETH WATERS,<br><br>   Plaintiff<br>v.<br><br>TOWN OF AYER, NANCY TAYLOR-HARRIS, in Her Individual Capacity, ARTHUR BOISSEAU, In His Individual Capacity, BUDDY DECOT, In His Individual Capacity, WILLIAM ADAMSON, in His Individual Capacity, PHILIP L. CONNORS, in His Individual Capacity, and JOHN DOE and JANE DOES 1-16, in Their Individual Capacities,<br><br>   Defendants | DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO ENLARGE DISCOVERY LIMITATIONS |

   Now come the defendants, Town of Ayer, et al., and hereby oppose Plaintiff Betty Anne Waters' Motion to Enlarge Discovery Limits on Depositions and Requests for Admissions on grounds of undue burden, expense and harassment.[1]

   As grounds therefor, the defendants state that the plaintiff has already noticed twenty-three (23) depositions without leave of Court, and has failed to identify in her motion the ten (10) additional parties she now seeks to depose. The defendants submit that the additional proposed depositions are unduly burdensome, unnecessary and that the cost of such discovery far outweighs any potential benefit to the plaintiff. In addition, the plaintiff's request to propound an <u>additional</u> thirty-four (34) Requests For Admissions should be denied because defendants have, in good faith, already responded to plaintiff's First Request for Admissions, comprising

---

[1] Plaintiff's motion also comprises a Motion to Compel responses to her Amended Second Set of Requests for Production and for production of insurance documentation. On February 28, 2007, defendants provided responses to the Request for Production and amended their Rule 26 Voluntary Disclosure to provide the requested insurance documentation, thus, rendering the Motion to Compel moot.

sixty-two (62) admissions issued by the plaintiff without leave of Court in contravention of L.R. 26.1(C) and because plaintiff's Proposed Second Request for Admissions merely replicates information currently in the possession of the plaintiff, or already testified to at deposition, and would require the defendants to speculate on expert level forensic evidence or conduct more than a "reasonable inquiry" in order to respond.  (Ex. A, Plaintiff's Proposed Second Request for Admission).

The defendants have already responded to voluminous discovery:  sixty-two (62) Requests for Admissions, Interrogatories, two sets of Requests For Production of Documents and depositions of seven (7) present and former Town officials.  This information is in addition to the voluminous records made available to the plaintiff through several Keeper of Records depositions, the live depositions of non-parties, and the public records and transcripts relating to the underlying criminal trial.  The defendants, as a municipality and former municipal officials with limited financial resources, should not be subjected to the plaintiff's burdensome, duplicative, costly and harassing discovery tactics simply for the plaintiff to conduct a "fishing expedition" into any and all aspects of the Town and its police department, which are manifestly irrelevant to the plaintiff's underlying allegations against the defendants.  As previously stated by Judge Lindsay of this Court:

> At some point, the adversary system needs to say "enough is enough" and recognize that the costs of seeking *every* relevant piece of discovery is not reasonable. . . . There are limits on the number of depositions and interrogatories even though more might well produce relevant information.  There is no exception to those limitations based upon one party's willingness to pay.  The sense of fairness underpinning our system of justice will not be enhanced by courts participating in giving strategic advantage to those with deeper pockets.

Cognex Corp. v. Electro Scientific Industries, Inc., 2002 WL 32309413 (D.Mass. 2002).

Therefore, for the detailed reasons set forth in the within Memorandum of Reasons, the plaintiff's Motion should be denied.

I.     MEMORANDUM OF REASONS

    A.    Plaintiff has Already Conducted More than Ten Depositions without Leave of Court and Should not be Permitted to Engage in Harassing Deposition Tactics Which Needlessly Increase the Cost of this Litigation

The Court should deny the plaintiff's request to conduct numerous unspecified depositions which will unduly harass and economically burden the defendants. Fed.R.Civ.P. 26(b)(2) permits the court to limit discovery, including depositions if "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit . . ." As will be described in detail below, the plaintiff has failed to justify her request for additional unspecified depositions because the plaintiff has had ample opportunity for discovery and the burden and expense of additional depositions far outweighs any potential benefit.

        1.    The Plaintiff has failed to justify the request for additional depositions

Local Rule 26.1(C) presumptively limits discovery events by specifically providing that "[u]nless the judicial officer orders otherwise, the number of discovery events shall be limited for each side (or group of parties with a common interest) to ten (10) depositions…" (Emphasis supplied.) In addition, Fed.R.Civ.P. 30(a)(2)(A) "require[s] that, in the absence of a stipulation, a party seeking to take more than ten depositions must *explicitly* seek and obtain leave of court before than party can commence any depositions in excess of the ten-deposition limit." Advanced Sterilization Products, etc. v. Jacob, 190 F.R.D. 284, 286 (D. Mass. 2000). (Emphasis in original.)

In this matter, the plaintiff has already, without leave of court, taken more than ten (10) depositions in violation of Local Rule 26.1(C) and Fed.R.Civ.P. 30(a) (2).  To date, the plaintiff has noticed twenty-three (23) depositions.  She has taken nine (9) live depositions, seven (7) of which were of present and former Town officials, and she received documents in response to seven (7) Keeper of Records depositions.  Four (4) additional live depositions have been noticed and it does not appear that these depositions are included within the ten (10) for which the plaintiff now seeks leave.  Contrary to the plaintiff's assertion, the Rule does not distinguish between live depositions and keeper of records depositions.  Rather, the Rule speaks only to a limitation on the number of depositions that may be taken by a party.  As the plaintiff has already far exceeded that limit without prior leave of court, she should not be permitted to engage in further depositions.

Moreover, plaintiff has not explained why additional depositions are necessary with sufficient specificity to meet the burden of Fed.R.Civ.P. 26(b) (2) and Local Rule 26.1(C). "These rules were promulgated to enable courts to maintain a 'tighter rein' on the extent of discovery and to minimize the potential cost of 'wide-ranging discovery' and the potential for discovery to be used as an 'instrument for delay or suppression." Whittingham v. Amherst College, 163 F.R.D. 170, 171-172 (1995) (citing commentary to Fed.R.Civ.P. 26(b)(2)). Plaintiff has not indicated whom she intends to depose or the anticipated relevant evidence to be adduced at the depositions.  Rather, plaintiff sweepingly argues she would like to depose "non-defendant former Ayer police officers and state police officers who were involved in the investigation of the Brow murder, as well as former members of the Ayer Board of Selectmen and <u>additional fact witnesses</u>…[and]…surviving state police officers who were involved in the case." (Plaintiff Betty Anne Waters' Motion to Enlarge Discovery, p. 2-3).  (Emphasis

4

supplied.) As noted, the plaintiff has not even identified these individuals, much less demonstrated why such discovery is relevant to the underlying allegations against the defendants.

The plaintiff should not be permitted to unduly burden the defendants, as well as private individuals with no connection to this case, with such vexatious discovery tactics to fish for additional information of speculative relevance. See Whittingham, 163 F.R.D. at 171 (denying plaintiff's motion for leave of court because "[p]laintiff does not assert that these potential trial witnesses all need to be deposed nor does Plaintiff list the exact number of additional depositions he wishes to take, let alone the particular individuals he seeks to depose."). (Emphasis supplied.) For the reasons set forth above, the defendants respectfully request the Court deny the plaintiff's request to conduct additional depositions.

2. The plaintiff has had ample opportunity for discovery and the burden and expense of additional depositions outweighs the benefit

It is clear that, by requesting leave to take ten additional depositions without identifying the proposed deponents, the plaintiff is merely engaging in a "fishing expedition" which will place an unreasonable financial burden on the defendants, whose defense is being provided by a Town with limited financial resources. This is not an unduly complex case. The plaintiff has known the identity of the individuals who participated in the underlying investigation, arrest and prosecution for years and could have deposed all of them within the limits established by the Rules. Instead, the plaintiff chose to depose the ex-husband of defendant Taylor-Harris, a file clerk at the District Attorney's office and a former member of the Board of Selectmen, none of whom were involved in the underlying prosecution. The plaintiff has also deposed two of the defendants, Chiefs Connors and Boisseau, on two separate occasions. If the additional depositions for which the plaintiff now seeks leave were so critical to her case, the plaintiff

should have formulated her discovery plan more carefully. The defendants, however, should not be penalized because she failed to do so.

As of this date, the plaintiff has already conducted an extraordinary amount of discovery on a case that is not factually complex. Many of the facts underlying the plaintiff's claim are matters of public record and are clearly spelled-out in the thousands of documents that are in her possession. Based on the scant information provided by the plaintiff as to the identity of the proposed deponents, and what she expects to discover (aside from what she already has), it is clear that the enlarged discovery requested will accomplish nothing more than further taxing the resources of a town with limited financial resources. Therefore, the plaintiff's Motion should be denied on this basis as well.

      B.      The Plaintiff Should Not Be Permitted To Require The Defendants To Admit To Speculative Admissions Or Verify Expert Information

The Court should also deny the plaintiff's request to enlarge discovery to authorize thirty-four (34) additional Requests for Admissions. On Page 1 of the plaintiff's Motion, the plaintiff cites the twenty-five (25) request limitation set forth in the Local Rule and then states that she is seeking an enlargement of thirty-four (34) additional requests, giving the appearance that she is seeking a total of fifty-nine (59) requests. The plaintiff, however, has already propounded, without leave of court, sixty-two (62) Requests for Admissions to which defendants have responded. Thus, the plaintiff is actually seeking leave to propound a total of ninety-six (96) Requests for Admission, which is almost four times the number authorized by the Rule. The plaintiff has offered no reasonable basis to support her need for such an excessive number of admissions, and, as will be described in detail below, the Motion should be denied because the requested admissions require the defendants to speculate as to the knowledge of third parties and

6

admit to highly specialized forensic evidence which is best left to expert verification.[2] In addition, the requests for admission seek information wholly irrelevant to the claims presented by the plaintiff in the pending litigation.

        1.      The Subject Matter of the Requested Admissions is Beyond the Defendants' Personal Knowledge and Reasonable Inquiry

The defendants further assert that the requests are unduly burdensome because they require the defendants' verification of information outside of the realm of the defendants' knowledge and reasonable inquiry. Burkybile v. Mitsubishi Motors Corp., 2006 WL 3191541 *1 (N.D. Ill. 2006) (citing T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., 174 F.R.D. 38, 42 (S.D.N.Y. 1997); Concerned Citizens of Belle Haven v. Belle Haven Club, 223 F.R.D. 39, 44 (D. Conn. 2004) (ruling "'[r]easonable inquiry includes investigation and inquiry of any of defendant's officers, administrators, agents, employees, servants, enlisted or other personnel who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response'").

Even more troubling to the defendants then the sheer number of requests for admissions, is their substance. For example, the Plaintiff's Proposed Requests for Admissions, Numbers 6-20, 23, 27-34 seek admissions regarding highly specialized forensic evidence which experts, rather than the defendants, are capable of verifying. Accordingly, defendants assert that the response to plaintiff's Requests for Admissions regarding forensic evidence, not authored by any of the defendants requires an "unreasonable inquiry" not contemplated by Rule 36. See: Burkybile v. Mitsubishi Motors Corp., 2006 WL 3191541 at *1.

---

[2] Defendants further assert that the contents of the Plaintiff's Proposed Second Request for Admissions mirror information to which the plaintiff had previously unsuccessfully requested the defendants to stipulate. (See Ex. B, Plaintiff's Proposed Stipulations). This tactic further harasses the defendants in contravention of Feb.R.Civ.P. 26(b)(2).

7

2.  The Requested Admissions are Irrelevant and Unnecessary

Moreover, the plaintiff "does not explain specifically how the admissions sought in this case would actually expedite the trial." Duncan v. Santaniello, 1996 WL 121730 *1 (D. Mass. 1996).  Although the plaintiff's decedent was released from prison after DNA testing on non-victim blood at the crime scene cast doubt on the validity of his conviction, such evidence has no relevance in this proceeding.  It is undisputed that the DNA technology that resulted in Waters' release did not exist at the time of the original prosecution and it is also undisputed that there is no evidence of any wrongdoing by the defendants with respect to the handling or disclosure of such evidence.  The issue before this Court is simply whether the actions of the defendants were reasonable in light of the information known to them at the time of Waters' arrest and prosecution, and the matters as to which the plaintiff seeks admissions, and to which defendants previously declined to stipulate, have no bearing on that issue.  Therefore, the Court should deny leave to serve plaintiff's Second Requests for Admissions, as the same are improperly framed, constitute an undue and costly burden on the defendants, solicit speculation, and call for expert level verification.

## II. CONCLUSION

WHEREFORE, the defendants, Town of Ayer, et al. respectfully request that this Court deny the Plaintiff Betty Anne Waters' Motion to Enlarge Discovery Limits on Depositions and Requests for Admission.

DEFENDANTS,
TOWN OF AYER, AYER POLICE
DEPARTMENT, NANCY TAYLOR HARRIS,
ARTHUR BOISSEAU, BUDDY DECOT,
WILLIAM ADAMSON, and, PHILIP L.
CONNORS

By their attorneys,

/s/ Gregg J. Corbo
Joseph L. Tehan, Jr. (BBO # 494020)
Gregg J. Corbo (BBO # 641459)
Kopelman and Paige, P.C.
101 Arch Street
Boston, MA  02110

307632v3/AYER-WATERS/0053

<u>CERTIFICATION OF COMPLIANCE PURSUANT TO</u>
<u>LOCAL RULES 7.1(A)(2) AND 37.1(A)</u>

I, the undersigned Gregg J. Corbo, hereby certify that the provisions of Local Rule 7.1(A)(2) and 37.1(A) have been complied with prior to filing this Opposition to Plaintiff's Motion to Enlarge Discovery.

<u>/s/ Gregg J. Corbo</u>
Gregg. J. Corbo