UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| BETTY ANNE WATERS as Administratrix of the Estate of KENNETH WATERS, <br> Plaintiff, <br> vs. <br> TOWN OF AYER, NANCY TAYLOR-HARRIS, ARTHUR BOISSEAU, BUDDY DECOT, WILLIAM ADAMSON, JOHN AND JANE DOES 1-16, <br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION <br> NO. 04-10521-GA0 |

**PLAINTIFF BETTY ANNE WATERS'S OPPOSITION TO
PATRICK KEANE'S MOTION TO QUASH KEEPER OF RECORDS SUBPOENA**

Plaintiff Betty Anne Waters, by counsel, respectfully submits this Opposition to Patrick Keane's Motion to Quash Keeper of Records Subpoena. Since the privacy exemption does not apply here because Mr. Keane's privacy interests are outweighed by the enormous interest of the public in disclosure, Mr. Keane's motion should be denied. Additionally, there is no threat of an invasion of Mr. Keane's privacy since Ms. Waters would keep Mr. Keane's address confidential and use the address for purposes of serving a deposition subpoena on Mr. Keane.[1]

On February 23, 2007, Ms. Waters served a Keeper of Records subpoena on the Massachusetts State Retirement Board seeking documents related to the last known address of Patrick J. Keane, a former Massachusetts State Police Trooper (the "Subpoena"). The sole purpose for the Subpoena is to obtain Mr. Keane's address so that a deposition subpoena can be

---

[1] Also, any alleged invasion of privacy would be avoided if Ms. Waters served the Subpoena on Mr. Keane's counsel, but Mr. Keane apparently has not authorized his counsel to accept service on his behalf.

served upon him in the above-captioned matter.[2]  It is necessary for Ms. Waters to depose Mr. Keane because he was an investigating officer of the 1980 murder of Katerina Reitz Brow, for which Kenneth Waters was wrongfully convicted and spent nineteen years in prison before his exoneration.  After Mr. Waters' death, his estate sued the defendants alleging various 42 U.S.C. § 1983 claims based on, among other things, the defendants' suppression of exculpatory evidence and fabrication of inculpatory evidence.  Since Mr. Keane was an investigating officer of the murder, he may possess information that is central to the current action.

     Mr. Keane argues that the Subpoena should be quashed because his address is personal data or information that is otherwise exempt from disclosure.  An "'[a]pplication of the privacy exemption … requires a balancing between any claimed invasion of privacy and the interest of the public in disclosure…. 'Where the public interest in obtaining information substantially outweighs the seriousness of any invasion of privacy, the private interest in preventing disclosure must yield to the public interest.'"  In the Matter of a Subpoena Duces Tecum, 445 Mass. 685, 688 (2006); see also Cape Cod Times v. Sheriff of Barnstable County, 443 Mass. 587 (2005) (disclosure of addresses of reserve deputy sheriffs did not constitute unwarranted invasion of privacy).  Factors that the Court takes into consideration in balancing an individual's interests against the public include:  whether disclosure would result in personal embarrassment; whether the materials sought contain intimate details of a highly personal nature; and whether the information is available from other sources.  See id.

     Ms. Waters merely seeks disclosure of Mr. Keane's address for purposes of serving a subpoena.  Ms. Waters does not seek any information that would result in personal embarrassment or that contains intimate details of a personal nature.  See Cape Cod Times, 443

---

[2] The Keane deposition is one of several depositions Ms. Waters seeks to conduct during the remaining weeks of discovery.  Ms. Waters has filed a motion requesting leave to conduct this and several other depositions beyond the 10 deposition limit.

Mass. at 595 (addresses of adults not intimate details of a highly personal nature). Notably, while Mr. Keane argues that his address is personal data that is confidential, a brief internet search shows numerous results for addresses of "Patrick Keane" in Florida (where it is believed Mr. Keane is residing). However, mindful of the ethics rules and knowing that Mr. Keane is represented by counsel, Ms. Waters is unable to directly contact any persons on these listings to confirm whether any of the addresses is that the former Massachusetts State Police Officer at issue. Additionally, Mr. Keane's counsel refuses to provide Ms. Waters with the address and has indicated that he does not have authority to accept service of the Subpoena on Mr. Keane's behalf. Consequently, Ms. Waters had no alternative but to seek documents related to Mr. Keane's last known address from the State Retirement Board.

## CONCLUSION

For the foregoing reasons, Ms. Waters respectfully requests that the Court deny Mr. Keane's Motion to Quash Keeper of Records Subpoena and order the Keeper of Records of the Massachusetts State Retirement Board to produce all documents concerning Mr. Patrick J. Keane's, a former Massachusetts State Police Trooper, last known address.

Respectfully submitted,

BETTY ANNE WATERS,
By her attorneys


/s/ Robert N. Feldman
BIRNBAUM & GODKIN, LLP
Robert N. Feldman (BBO # 630734)
280 Summer Street
Boston, MA  02210
Tel: 617-307-6100
Fax: 617-307-6101

> Barry C. Scheck, Esq.
> Deborah L. Cornwall, Esq.
> Monica Shah, Esq.
> Cochran Neufeld & Scheck, LLP
> 99 Hudson St., 8th Floor
> New York, NY 10013
> (212) 965-9081

Dated: March 15, 2007

## CERTIFICATE OF SERVICE

    I, Robert N. Feldman, hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 15, 2007.

> /s/ Robert N. Feldman
> Robert N. Feldman