**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BETTY ANNE WATERS, as Administratrix of the Estate of KENNETH WATERS,<br><br>   Plaintiff,<br>v.<br><br>TOWN OF AYER, NANCY TAYLOR-HARRIS, in her individual capacity, ARTHUR BOISSEAU, in his individual capacity, BUDDY DECOT, in his individual capacity, WILLIAM ADAMSON, in his individual capacity, PHILIP L. CONNORS, in his individual capacity, and JOHN DOE and JANE DOES 1–16, in their individual capacities,<br><br>   Defendants. | Case No. 04 10521 (GAO)<br><br>**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT TOWN OF AYER** |

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff Betty Anne Waters demands that defendant Town of Ayer produce documents responsive to the following requests within thirty days of service of this demand. As required by Rule 26(e), defendants must promptly amend or supplement answers or disclosures within thirty days after additional information or material is acquired, and in no event later than thirty days before trial. It is required that the defendant party's answers restate a document request in full before responding to it. It is required that each document request be accorded a separate answer. Each response shall first set forth <u>verbatim</u> the document request to which it is responsive. Requests or subparts thereof shall not be combined for the purpose of supplying a common answer. The answer to a document request or subpart must not be supplied by referring to the answer to

1

that were proposed, considered or implemented as a result of Kenneth Waters' exoneration of the murder of Katherina Reitz Brow.

13. Produce true and accurate copies of all documents (which could include policies, rules, regulations, ordinances, decisions, laws or other guidelines) tending to show the identity of the final policymaker for the Town of Ayer in connection with

   a. hiring, training and disciplining police officers,

   b. conducting criminal investigations,

   c. supervising criminal investigations, and

   d. disclosing material exculpatory and/or impeachment information to prosecutors.

14. Produce all documents concerning discipline and/or remediation of any APD employee as a result of his or her involvement in the investigation and prosecution of the murder of Katherina Reitz Brow.

15. Produce all documents concerning any policy and/or decision by the Town of Ayer to indemnify or refuse to indemnify any APD officer, including the individual defendants in this action, for similar misconduct other than negligence for the ten years between May 21, 1976 and May 21, 1986.

16. Produce all documents concerning allegations, complaints or investigations of similar professional misconduct against any APD officer, including individual defendants Taylor-Harris, Boisseau, Decot, Adamson, and Connors, whether or not substantiated, from any source from May 21, 1976, to the present including, without limitation, written or audio witness statements, notes, reports, memoranda

or correspondence, transcripts, findings, judgments, discipline, remediation, conclusions, and recommendations made by any investigating authorities, in the areas of (1) improper conduct in connection with the investigation of crimes including, without limitation, homicide; (2) suppression of evidence from the prosecutor; (3) false official statements, perjury or fabrication of evidence; (4) abuse of authority; (5) coercion; (6) excessive force; (7) malicious prosecution; and (8) false arrest/imprisonment. Produce all documents including, without limitation, complaints, notices of claim, and civil, administrative and criminal complaints originating from civilians or law enforcement personnel, whether investigated by the APD Internal Affairs Unit ("IAU"), the Middlesex County District Attorney's Office or any other law enforcement entity, agency, body or any other person.

17. Produce the complete personnel files of defendants Taylor-Harris, Boisseau, Decot, Adamson, and Connors including, without limitation, the following categories. If there are not documents for a particular category then so state:

   A. Complete personnel files;

   B. Complete psychological testing and examination file, including pre-employment testing and any follow-up or subsequent testing after being hired;

   C. Pre-employment application and evaluation records;

   D. Background investigations;

   E. Performance evaluations;

23. To the extent not otherwise requested above, produce all documents concerning Brenda Marsh.

24. Produce all insurance policies in your name. For the Town of Ayer, this request includes all policies covering the Ayer Police Department and its employees, whether or not you believe the policy to cover the acts and omissions alleged in this lawsuit.

Plaintiff reserves the right to supplement and amend the foregoing requests for production of documents; and, in addition, she reserves the right to utilize other discovery mechanisms available to her.

Respectfully submitted,

*Barry Scheck / JLB*

Barry C. Scheck, Esq. (BS 4612)
Deborah L. Cornwall, Esq. (DC 2186)
COCHRAN NEUFELD & SCHECK, LLP
99 Hudson Street, 8th Floor
New York, NY 10013
Tel. (212) 965-9081 / Fax (212) 965-9084

Howard Friedman, Esq. (BBO #180080)
Jennifer L. Bills, Esq (BBO # 652223)
Myong J. Joun, Esq. (BBO # 645099)
Law Offices of Howard Friedman, P.C.
90 Canal St., 5th Floor
Boston, MA 02114-2022
Tel. (617) 742-4100 / Fax (617) 742-5858

**Attorneys for Plaintiff Betty Anne Waters**

Dated: April 19, 2005

13