**EXHIBIT B**

## COCHRAN NEUFELD & SCHECK, LLP
99 Hudson Street
New York, New York 10013

Tel: 212-965-9081
Fax: 212-965-9084

Peter J. Neufeld
Barry C. Scheck
Nick J. Brustin
Debi Cornwall

Johnnie L. Cochran, Jr.
(1937-2005)

Jennifer E. Laurin
Monica R. Shah
Anna Benvenutti Hoffmann

November 7, 2006

Gregg J. Corbo, Esq.
Kopelman & Paige, PC
31 St. James Avenue, 7th Floor
Boston, MA 02116-4102

Re:   **Waters v. Town of Ayer et al., No. 04 Civ. 10521**

Dear Mr. Corbo:

As we discussed last week, we have recently received additional materials that we are in the process of scanning and will send you in PDF format this week. The great majority of them are damages related; only a couple of documents pertain to the investigation and prosecution. To ensure you have a complete production, the production will also include documents previously produced to you.

I have recently reviewed your office's original response to our discovery requests and note that there are significant gaps in production. I'm writing now pursuant to Rules 26 and 34 in hopes of starting a discussion with you that will lead to additional productions without the need for motion practice.

Requests:

4. This requests sought any and all documents pertaining to the reinvestigation of the Brow case after the (June 20, 2001) exoneration of Kenny Waters. The original response, undated but accompanied by a cover letter dated June 2, 2005, was "none." (Response at p. 2.) If any additional materials have been received or generated since that date, please provide them.

6, 7. These requests sought investigative documents by the defendants in homicides in the five years before the Brow murder. You objected on grounds of "undue burden and expense,

1

lack of relevance, substantive and temporal overbreadth." At this time I propose revising the request to seek only documents pertaining to homicide and rape/sexual assault investigations in which these defendants took part, from the time defendants Adamson and Taylor joined APD forward five years, specifically including without limitation the Dennis Maher investigation, the Stanley Randall investigation, the Merrill investigation, the Readio investigation and the Chateauneuf investigation. Discovery produced to date demonstrates that Nancy Taylor, although not a graduate of the police academy, was involved in rape investigations prior to this case; as such, her prior felony investigation experience is highly probative of her training and knowledge of proper felony investigation practices, as well as the department's supervision of her. These materials are also directly relevant to plaintiff's *Monell* claim relating to the department's investigative practices and lack of supervision. I'm happy to talk with you about how these records are kept and will send someone to go through the records if it will reduce the burden on you.

8,9. This request sought the individual defendants' training materials. I note that there were training certificates in the productions from defendants' personnel files. Please confirm whether those materials reflect all of defendants' training or whether there are additional materials you have not produced.

11. This request sought APD policy materials relating to criminal investigations. Based in discovery to date, I now request that you also produce any APD policies related to the appointment and use of "special officers," as well as any policies not already produced relating to investigative training, felony sexual assault/rape investigations, note-taking and preservation, report-writing, seeking warrants, testimony, and supervision of felony investigations. These specific areas were contemplated by the original, more general request for materials "regarding conducting criminal investigations," but I'm specifying them now for ease of reference. Additionally, please provide a list of any and all special officers appointed to the APD from January 1, 1978 through Waters' exoneration on June 20, 2001.

15, 24. This request (#15) sought information regarding the indemnification of officers in connection with complaints of on-duty investigative misconduct. It is directly relevant to the case; indeed Rule 26 contemplates voluntary disclosure of any and all insurance policies or other sources of coverage that may conceivably apply to these defendants. Notwithstanding the requirements of voluntary disclosure in Rule 26, we specifically requested this information in Request #24, to which your office responded that you were in the process of determining whether there was coverage. As such, please provide a response to both questions. As to indemnification, I would accept an affidavit from an appropriate decisionmaker as to whether these defendants will be indemnified, or, if the decision has not yet been made, how that will be determined. As to the insurance question, I believe that the Rules require you to provide copies of any and all documents, including without limitation policies, correspondence and notices of claim from any insurer or other potential source of coverage, whether or not you or the insurer has made a decision as to the existence of coverage.

16. This request sought any other complaints of investigative misconduct against every individual defendant. Please provide any all documents responsive to this request including, but not limited to, the TIES scandal, Stanley Randall investigation, the circumstances surrounding Adamson's departure from the APD and any allegations of witness intimidation or coercion or false accusations of rape or sexual assault by defendant officers. To suggest that this request is not relevant, as your objection does, is absurd. We have successfully sought access to this kind of information in every other wrongful conviction case we have litigated around the country; this evidence is directly relevant to the *Monell* claim relating to unconstitutional practices and customs, as well as the alleged failure to train and supervise, and even the improper hiring and retention claim related to Nancy Taylor. Please review what if any materials exist so that we can discuss parameters of production or schedule the appropriate motion.

17. This request sought personnel records of the individual defendants. I note that no file for former Chief Adamson was provided. Can you provide an explanation? Please also provide Taylor's application to the APD. To the extent not already provided, please also provide any correspondence, notes and memoranda reviewing Taylor's pay status and title, grievances filed concerning her pay status and title, her complaint to the MA Commission Against Discrimination, and any review of Taylor's role and duties concerning her participation in homicide and sexual assault investigations.

18. This request sought transcripts of testimony in any other federal civil rights action against any of the defendants arising out of their on-duty investigative conduct. In lieu of testimony, plaintiff would preliminary accept a list, by caption, docket number and plaintiff, of any cases that would be responsive to the request.

18. Current resumes of defendants. I note that your firm represents all the individual defendants in addition to the Town. As such, to the extent that any individual defendant has a resume, it is within your custody and control and should be produced.

19-23. Additional documents pertaining to plaintiff and other fact witnesses. Please note that Rule 26 requires that you provide supplemental responses if any materials have come into the Town's custody or control since the date of your initial production.

Thank you for your assistance in this matter; I look forward to speaking with you.

Sincerely,

Deborah L. Cornwall

cc.: Rob Feldman, Esq.

3