**EXHIBIT C**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-CV-10521-GAO

BETTY ANNE WATERS, as Administratrix of the
Estate of KENNETH WATERS,

    Plaintiff

v.

TOWN OF AYER, NANCY TAYLOR-HARRIS,
in Her Individual Capacity, ARTHUR BOISSEAU,
In His Individual Capacity, BUDDY DECOT, In
His Individual Capacity, WILLIAM ADAMSON,
in His Individual Capacity, PHILIP L. CONNORS,
in His Individual Capacity, and JOHN DOE and
JANE DOES 1-16, in Their Individual Capacities,

    Defendants

DEFENDANTS' THIRD
SUPPLEMENTAL RESPONSE TO
PLAINTIFF'S FIRST SET OF
REQUESTS FOR PRODUCTION OF
DOCUMENTS AND THINGS

REQUEST NO. 4

Produce all documents pertaining to any reinvestigation of the May 21, 1980 murder of Katherina Reitz Brow following the exoneration of Kenneth Waters, whether conducted by the APD, State Police, District Attorney's Office, Attorney General's Office, or any other entity.

RESPONSE NO. 4

Objection of counsel on grounds of lack of relevance. Without waiving the foregoing, none.

SUPPLEMENTAL RESPONSE NO. 4

Objection of counsel on grounds of undue burden and expense, lack of relevance, substantive and temporal overbreadth. Without waiving the foregoing, all documents in the possession, custody and control of the defendants which are responsive to this request are attached hereto as "Exhibit A."

REQUEST NO. 16

Produce all documents concerning allegations, complaints or investigations of similar professional misconduct against any APD officer, including individual defendants Taylor-Harris, Boisseau, Decot, Adamson, and Connors, whether or not substantiated, from any source from May 21, 1976, to the present including, without limitation, written or audio witness statements, notes, reports, memoranda or correspondence, transcripts, findings, judgments, discipline, remediation, conclusions, and recommendations made by any investigating authorities, in the areas of (1) improper conduct in connection with the investigation of crimes including, without limitation, homicide; (2) suppression of evidence from the prosecutor; (3) false official statements, perjury or fabrication of evidence; (4) abuse of authority; (5) coercion; (6) excessive force; (7) malicious prosecution; and (8) false arrest/imprisonment. Produce all documents including, without limitation, complaints, notices of claim, and civil, administrative and criminal complaints originating from civilians or law enforcement personnel, whether investigated by the APD Internal Affairs Unit ("IAU"), the Middlesex County District Attorney's Office or any other law enforcement entity, agency, body or any other person.

RESPONSE NO. 16

Objection of counsel on vagueness, lack of relevance, substantive and temporal overbreadth.

SUPPLEMENTAL RESPONSE NO. 16

Counsel renews the defendants' objection to this Request on the grounds of vagueness, lack of relevance, substantive and temporal overbreadth. Without waiving the foregoing objections, and without acknowledging any similarity or relevance to the case at bar, however,

3

the defendants identify the following civil lawsuits filed against the Town of Ayer, and/or the individual defendants named herein: Dennis Maher v. Town of Ayer, et al., United States District Court, C.A. No. 06-10514RGS; and Stanley D. Randall v. Town of Acton, et al., Middlesex Superior Court, C.A. No. 84-6346. The pleadings relating to these complaints are contained in the public records of the United States District Court and the Middlesex Superior Court. Further responding, the defendants object to this request insofar as it seeks information related to the so-called "Ties scandal" on the grounds of lack of relevance, and substantive and temporal overbreadth. Without limiting the generality of this objection, counsel further states that information relating to that matter has no relevance to any of the claims asserted by the plaintiff in this case because the facts underlying that matter bear no similarity to the case at bar.

REQUEST NO. 18

Produce all transcripts of depositions and other testimony of any witness in any similar litigation against the Town of Ayer, the APD, or any current or former APD officer for the ten years between May 21, 1976 and May 21, 1986, where the plaintiff asserted claims under 42 U.S.C. § 1983, for malicious prosecution or false arrest, or involving allegations that any APD officer fabricated or destroyed evidence, failed to disclose exculpatory evidence, coerce any witness or suspect, and/or committed perjury.

RESPONSE NO. 18

Objection of counsel on grounds of undue burden and expense, substantive and temporal overbreadth and vagueness with respect to the term "similar litigation."

4

being proffered as expert witnesses and their current resumes have no bearing on any issue germane to this case. Further responding, each of the individual defendants have been deposed, some on multiple occasions, and the plaintiff has had ample opportunity to question them on their educational background and employment history.

DEFENDANTS,

By their attorneys,

Joseph L. Tehan, Jr. (BBO # 494020)
Gregg J. Corbo (BBO # 641459)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

301871/01907/0053