# EXHIBIT D

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BETTY ANNE WATERS, as Administratrix of the Estate of KENNETH WATERS,

Plaintiff,

v.

TOWN OF AYER, NANCY TAYLOR-HARRIS, in her individual capacity, ARTHUR BOISSEAU, in his individual capacity, BUDDY DECOT, in his individual capacity, WILLIAM ADAMSON, in his individual capacity, PHILIP L. CONNORS, in his individual capacity, and JOHN DOE and JANE DOES 1–16, in their individual capacities,

Defendants.

Case No. 04 10521 (GAO)

**PLAINTIFF'S AMENDED SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT TOWN OF AYER**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff Betty Anne Waters demands that defendant Town of Ayer produce documents responsive to the following requests within thirty days of service of this demand. As required by Rule 26(e), defendants must promptly amend or supplement answers or disclosures within thirty days after additional information or material is acquired, and in no event later than thirty days before trial.

It is required that the defendant party's answers restate a document request in full before responding to it. It is required that each document request be accorded a separate answer. Each response shall first set forth verbatim the document request to which it is responsive. Requests or subparts thereof shall not be combined for the purpose of supplying a common answer. The answer to a document request or subpart must not be supplied by referring to the answer to

## REQUESTS FOR PRODUCTION

1. Produce any and all documents reflecting allegations from any source that any APD officer or employee, including without limitation individual defendants Taylor-Harris, Boisseau, Decot, Adamson, and/or Connors, pressured, intimidated, abused, threatened, coerced or made promises, rewards, or inducements to any witness, crime victim or suspect, whether or not the allegation was substantiated, from May 21, 1976 to the present, including, without limitation, letters or correspondence from complainant Richard Boucher alleging that APD officers threatened him into falsely accusing Ernest Downing of molesting him as well as any and all police reports, memoranda, statements or other documents arising out of the APD's investigation of Downing for that alleged crime; and any other written or audio witness statements, notes, reports, memoranda or correspondence, transcripts, any findings, conclusions, or recommendations made by investigating authorities, and civil, administrative, or criminal complaints originating from civilians or law enforcement personnel pertaining thereto.

2. Produce any and all documents reflecting allegations from any source that any APD officer or employee, including individual defendants Taylor-Harris, Boisseau, Decot, Adamson, and/or Connors, engaged in the fabrication of evidence, whether or not the allegation was substantiated, from May 21, 1976 to the present, including, without limitation, any and all documents pertaining to the investigation of Stanley Randall for the rape of Lisa Frawley and any other

written or audio witness statements, notes, reports, memoranda or correspondence, transcripts, any findings, conclusions, or recommendations made by investigating authorities, and civil, administrative, or criminal complaints originating from civilians or law enforcement personnel, whether investigated by the Massachusetts Attorney General's Office or any other law enforcement or other person, entity, agency or body.

3. Produce any and all documents reflecting allegations from any source, whether or not substantiated, against any APD officer or employee, including individual defendants Taylor-Harris, Boisseau, Decot, Adamson, and/or Connors, of the spoliation, destruction, and/or withholding of evidence from May 21, 1976 to the present, including, without limitation, documents, notes and reports pertaining to the discovery and handling of the knife found by APD officers at the scene of the Ties Construction incident and any other chain of custody documents, evidence logs, witness statements, notes, reports, memoranda or correspondence, transcripts, and any findings, conclusions, or recommendations made by investigating authorities, and civil, administrative, or criminal complaints originating from civilians or law enforcement personnel, whether investigated by the Massachusetts Attorney General's Office or any other law enforcement or other person, entity, agency or body.

4. Produce any and all Board of Selectmen documents concerning the following: (a) Kenneth Waters; (b) defendant Taylor-Harris; (c) defendant Adamson; (c) the roles and responsibilities of special officers from 1977 through 1986; (d) the

Respectfully submitted,

Dated: January 9, 2007

Barry C. Scheck, Esq. (BS 4612)
Deborah L. Cornwall, Esq. (DC 2186)
Monica R. Shah, Esq. (MS 9846)
COCHRAN NEUFELD & SCHECK, LLP
99 Hudson Street, 8th Floor
New York, NY 10013
Tel. (212) 965-9081 / Fax (212) 965-9084

Robert N. Feldman
BIRNBAUM & GODKIN, LLP
280 Summer Street
Boston, MA 02210-1108

**Attorneys for Plaintiff Betty Anne Waters**