**EXHIBIT E**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-CV-10521-GAO (JGD)

| | |
|---|---|
| BETTY ANNE WATERS, as Administratrix of the Estate of KENNETH WATERS,<br><br>Plaintiff<br><br>v.<br><br>TOWN OF AYER, NANCY TAYLOR-HARRIS, in Her Individual Capacity, ARTHUR BOISSEAU, In His Individual Capacity, BUDDY DECOT, In His Individual Capacity, WILLIAM ADAMSON, in His Individual Capacity, PHILIP L. CONNORS, in His Individual Capacity, and JOHN DOE and JANE DOES 1-16, in Their Individual Capacities,<br><br>Defendants | DEFENDANT'S RESPONSES TO PLAINTIFF'S AMENDED SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT TOWN OF AYER |

## GENERAL OBJECTION OF COUNSEL

Defendant's counsel objects to the instructions and definitions in the plaintiff's Amended Second Set of Requests for Production of Documents and Things to the extent that those instructions and/or definitions impose upon the defendant an obligation or burden which is greater than or inconsistent with the Federal Rules of Civil Procedure.

1.  The Defendant objects to the Amended Second Set of Requests for Production of Documents and Things to the extent that they seek to impose upon it burdens which are greater than or inconsistent with those specified in Fed. R. Civ. P. 26 and 34, including but not limited to the discovery limitations imposed by Local Rule 26.1(C).

2.  The Defendant objects to the Amended Second Set of Requests for Production of Documents and Things to the extent they seek documents which are protected from disclosure by

the attorney-client privilege or the work-product doctrine, or which are otherwise privileged by reason of Fed. R. Civ. P. 26(b)(3) or 26(b)(4).

3. The following responses and objections are based upon information now known. The Defendant has not yet completed its discovery or preparation for trial in this action, and therefore reserves the right to amend, modify, or supplement the responses and objections set forth below.

REQUEST NO. 1

Produce any and all documents reflecting allegations from any source that any APD officer or employee, including without limitation individual defendants Taylor-Harris, Boisseau, Decot, Adamson, and/or Connors, pressured, intimidated, abused, threatened, coerced or made promises, rewards, or inducements to any witness, crime victim or suspect, whether or not the allegation was substantiated, from May 21, 1976 to the present, including, without limitation, letters or correspondence from complainant Richard Boucher alleging that APD officers threatened him into falsely accusing Ernest Downing of molesting him as well as any and all police reports, memoranda, statements or other documents arising out of the APD's investigation of Downing for that alleged crime; and any other written or audio witness statements, notes, reports, memoranda or correspondence, transcripts, any findings, conclusions, or recommendations made by investigating authorities, and civil, administrative, or criminal complaints originating from civilians or law enforcement personnel pertaining thereto.

RESPONSE NO. 1:

Objection of counsel on the grounds that this request is vague, irrelevant, overly broad in terms of time frame, individuals, and/or substance, seeks documents the production of which would pose an undue burden and/or expense on the defendants and constitutes an improper

2

invasion of privacy to non-parties to this litigation. Without limiting the generality of this objection, the defendant further objects to this request insofar as it seeks information related to Richard Boucher and/or Ernest Downing on the grounds of lack of relevance, and substantive and temporal overbreadth. Without limiting the generality of the foregoing objections, counsel further objects to the production of any information related to the so-called "Ties scandal" on the grounds of lack of relevance, and substantive and temporal overbreadth. Counsel further states that information relating to that matter has no relevance to any of the claims asserted by the plaintiff in this case because the facts underlying that matter bear no similarity to the case at bar. Notwithstanding said objections and without waiving the same, the defendant states that for the period of May 21, 1976 to May 21, 1986, the defendant is not in possession of any documents responsive to this request. Plaintiff is also referred to the Town's Third Supplemental Response to Plaintiff's Original Request No. 16 for additional documents responsive to this request.

REQUEST NO. 2

Produce any and all documents reflecting allegations from any source that any APD officer or employee, including individual defendants Taylor-Harris, Boisseau, Decot, Adamson, and/or Connors, engaged in the fabrication of evidence, whether or not the allegation was substantiated, from May 21, 1976 to the present, including, without limitation, any and all documents pertaining to the investigation of Stanley Randall for the rape of Lisa Frawley and any other written or audio witness statements, notes, reports, memoranda or correspondence, transcripts, any findings, conclusions, or recommendations made by investigating authorities, and civil, administrative, or criminal complaints originating from civilians or law enforcement personnel, whether investigated by the Massachusetts Attorney General's Office or any other law enforcement or other person, entity, agency or body.

3

RESPONSE NO. 2

Objection of counsel on the grounds that this request is vague, irrelevant, overly broad in terms of time frame, individuals, and/or substance, seeks documents the production of which would pose an undue burden and/or expense on the defendants and constitutes an improper invasion of privacy to non-parties to this litigation. Without limiting the generality of the foregoing objections, counsel further objects to the production of any information related to the so-called "Ties scandal" on the grounds of lack of relevance, and substantive and temporal overbreadth. Notwithstanding said objections and without waiving the same, the defendant states that for the period of May 21, 1976 to May 21, 1986, documents in its possession are attached hereto. Plaintiff is also referred to the Town's Third Supplemental Response to Plaintiff's Original Request No. 16 for additional documents responsive to this request.

REQUEST NO. 3

Produce any and all documents reflecting allegations from any source, whether or not substantiated, against any APD officer or employee, including individual defendants Taylor-Harris, Boisseau, Decot, Adamson, and/or Connors, of the spoliation, destruction, and/or withholding of evidence from May 21, 1976 to the present, including, without limitation, documents, notes and reports pertaining to the discovery and handling of the knife found by APD officers at the scene of the Ties Construction incident and any other chain of custody documents, evidence logs, witness statements, notes, reports, memoranda or correspondence, transcripts, and any findings, conclusions, or recommendations made by investigating authorities, and civil, administrative, or criminal complaints originating from civilians or law enforcement personnel, whether investigated by the Massachusetts Attorney General's Office or any other law enforcement or other person, entity, agency or body.

RESPONSE NO. 3

Objection of counsel on the grounds that this request is vague, irrelevant, overly broad in terms of time frame, individuals, and/or substance, seeks documents the production of which would pose an undue burden and/or expense on the defendants and constitutes an improper invasion of privacy to non-parties to this litigation. Without limiting the generality of the foregoing, counsel further objects on the grounds that this request seeks information related to the so-called "Ties scandal" on the grounds of lack of relevance, and substantive and temporal overbreadth. Counsel further states that information relating to that matter has no relevance to any of the claims asserted by the plaintiff in this case because the facts underlying that matter bear no similarity to the case at bar. Notwithstanding said objections and without waiving the same, documents responsive to this Request, other than those relating to Ties, have been produced pursuant to the Town's Third Supplemental Response to Plaintiff's Original Request No. 16.

REQUEST NO. 4

Produce any and all Board of Selectmen documents concerning the following: (a) Kenneth Waters; (b) defendant Taylor-Harris; (c) defendant Adamson; (c) the roles and responsibilities of special officers from 1977 through 1986; (d) the vandalism of Ties Construction and the ensuing investigation, findings, recommendations, discipline, employment decisions and allegations of retaliation; (e) the investigation of Stanley Randall for the rape of Lisa Frawley; and (f) the investigation of Ernest Downing for the molestation of Richard Boucher, from May 21, 1976 to the present, including, without limitation, audiotapes, notes, memoranda, correspondence, minutes, transcripts, reports, votes, public comments, and findings. Your answer must identify the dates of any and all meetings convened by the Board of

time frame, individuals, and/or substance, and seeks documents the production of which would pose an undue burden and/or expense on the defendant. Counsel further objects on the ground that the instant request is an unwarranted invasion of privacy and contains confidential medical information. Notwithstanding said objection and without waiving the same, the Town does not have any such documents in its possession.

REQUEST NO. 7

Produce any and all APD files, including without limitation reports, notes, memoranda, test results, statements and transcripts reflecting rape or sexual assault investigations conducted by defendants Taylor-Harris, Boisseau, Decot, Adamson, and/or Connors between May 21, 1976 and November 12, 1986.

RESPONSE NO. 7

Objection of counsel on the grounds that this request is vague, overly broad in terms of time frame, individuals, and/or substance, irrelevant to this pending matter, seeks documents the production of which would pose an undue burden and/or expense on the defendant and constitutes an improper invasion of privacy to non-parties to this litigation.

DEFENDANT,

TOWN OF AYER,

By its attorneys,

Joseph L. Tehan, Jr. (BBO # 494020)
Gregg J. Corbo (BBO # 641459)
Kopelman and Paige, P.C.
101 Arch Street
Boston, MA 02110
(617) 556-0007

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail/hand delivery 2-27-07

Date: 2/27/07

7