**EXHIBIT J**

```
                    COMMONWEALTH OF MASSACHUSETTS

Middlesex, ss                              Superior Court Department
                                           Nos. 82-4115 - 4116




                              COMMONWEALTH

                                   v

                            KENNETH WATERS




                                           Before:  KEADY, J.
                                           May 12, 1983




                         S E N T E N C I N G


APPEARANCES:

        ELIZABETH FAHEY, Assistant District Attorney,
        for the Commonwealth

        BERNARD BRADLEY, Esq., for the Defendant




                             JANE E. BROWNING
                          Official Court Reporter
```

```
                                          May 12, 1983
                                          10:15 a.m.

          THE CLERK: 82-4115 and 16, Kenneth
Waters. Yesterday, your Honor, the jury returned
a verdict of first degree murder on 82-4115 and
guilty of the armed robbery on 4116.
          He was committed to the custody of the sheriff
and continued until this morning for disposition.
          MS. FAHEY: The Commonwealth moves for
sentencing.
          THE COURT: Of course, the Court
recognizes the mandatory aspects of the conviction
of first degree murder.
          You wish to be heard on the other?
          MS. FAHEY: On the other, your Honor,
I would ask that Mr. Waters receive some concurrent
sentence. I'll leave that to the discretion of
the Court.
          The only reason I ask for the concurrent
sentence is to prevent any future possible --
          THE COURT: Yes. Anything you want to
say, Mr. Bradley?
          MR. BRADLEY: I would suggest placing
the armed robbery on file, in view of the
mandatory life sentence. Filing cannot help him
```

1    in the appellate process.

2             MS. FAHEY:  If for some reason there is

3    a new trial ordered, if it's placed on file, it

4    would prevent -- my reading of the case law --

5    prevent the Commonwealth from moving to try that

6    case.

7         That's the only reason I'd ask for the

8    concurrent sentence.

9             MR. BRADLEY:  Placed on file, it can be

10   removed from the file at any time, Judge.

11            THE CLERK:  82-4115, Kenneth Waters, you'll

12   harken to the sentence the Court has awarded against

13   you.  The Court having duly considered your offense

14   orders that you be punished by confinement to

15   the Massachusetts Correctional Institution, Walpole,

16   for a term of life.

17        You stand committed to our common jail pursuant

18   to your removal to the said institution.

19        Any good time pending or awaiting disposition

20   on this indictment will be so noted on your mittimus

21   that will accompany you to said institution.

22        82-4116, Kenneth Waters, you will harken to

23   the sentence the Court has awarded against you.

24   The Court having duly considered your offense orders

25   you be punished by confinement to the Massachusetts

1   Correctional Institution, Walpole, for a term not
2   exceeding ten years or less than eight years; and
3   this sentence is to run concurrently with the
4   sentence imposed on 82-4115.
5        You have the right to appeal in writing to
6   the Appellate Division -- excuse me.
7        You have the right to appeal in writing within
8   ten days to the Appellate Divison of this court from
9   the sentences imposed this day.
10       And you also have the right to appeal in
11  writing to the Appeals Court, the Commonwealth of
12  Massachusetts, within thirty days from the guilty
13  verdicts in each of these indictments.
14       The defendant is remanded.
15       MS. FAHEY:  There's one thing I'd like to
16  put on the record, your Honor.
17       In regard to the matter we discussed in the
18  lobby, whether or not any promises were made to
19  Roseanna Perry.
20       I indicated earlier that I talked to Roseanna
21  Perry, and she's aware of no promises.
22       With regard to Nancy Taylor, I also have
23  spoken with her.  I would relate to the Court that
24  as far Miss Taylor knows, or I've been able to
25  find out, there have been no promises made to

1   Roseanna Perry with the exception --

2   DEFENDANT WATERS: That's a lie, your

3   Honor.

4   MS. FAHEY: -- with the exception, your

5   Honor, that the Providence Police Department would

6   be notified and has been notified that Roseanna

7   Perry did testify for the Commonwealth in a first

8   degree murder case.

9   THE COURT: Fine. Thank you.

10  DEFENDANT WATERS: Got well paid, too.

11  MR. BRADLEY: Your Honor, there's one

12  matter. I'll have a motion for further investiga-

13  tive monies. Five hundred dollars was originally

14  allowed. I'll need about two fifty more.

15  Would that motion remain with you?

16  THE COURT: Yes.

17  (Adjournment - 10:20 a.m.)

CERTIFIED:

Jane E. Browning
Official Court Reporter