UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-CV-10521-GAO

BETTY ANNE WATERS, as Administratrix of the Estate of KENNETH WATERS,

    Plaintiff

v.

TOWN OF AYER, NANCY TAYLOR-HARRIS, in Her Individual Capacity, ARTHUR BOISSEAU, In His Individual Capacity, BUDDY DECOT, In His Individual Capacity, WILLIAM ADAMSON, in His Individual Capacity, PHILIP L. CONNORS, in His Individual Capacity, and JOHN DOE and JANE DOES 1-16, in Their Individual Capacities,

    Defendants

DEFENDANTS' MOTION TO
COMPEL DISCOVERY RESPONSES

Now come defendants Town of Ayer, Nancy Taylor-Harris, Arthur Boisseau, William Adamson and Philip Connors (the "Defendants"), and hereby move, pursuant to Fed.R.Civ.P. 37(a)(2)(B) and Local Rule 37.1, that this Honorable Court issue an order, compelling plaintiff to provide complete supplemental responses to Defendants' first discovery requests as described herein.

As grounds therefor, the Defendants rely on the following Memorandum of Reasons.

MEMORANDUM OF REASONS

I.    Introduction

On or about March 3, 2005, counsel for Defendants served upon plaintiff their First Request for the Production of Documents and Interrogatories. Pursuant to Fed.R.Civ.P 33(b)(3) and 34(b), plaintiff has provided initial and supplemental responses to Defendants' First Set of Interrogatories and Requests for Production. Defendants, however, assert that such responses are inadequate and incomplete in contravention of Fed.R.Civ.P 33 and 34. Pursuant to L.R. 7.1

conferral, plaintiff's counsel has agreed to provide supplementation of certain discovery responses; however, to date, no such supplementation has been provided. With fact discovery closing on May 18, 2007, Defendants now request the Court to compel supplementation.

II.     Plaintiff Has Provided Evasive or Incomplete Interrogatory Responses

    A.     Plaintiff Merely Refers to Her Complaint in Her Interrogatory Responses

Fed. R.Civ. P.26(b)(1) authorizes that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Plaintiff has failed to provide complete responses to the Defendants' interrogatories in violation of Fed.R.Civ.P. 26, 33 and 37. "For purposes of a motion for order compelling discovery, an evasive or incomplete answer to an interrogatory is to be treated as a failure to answer." Rickles, Inc. v. Frances Denney Corp., 508 F.Supp. 4, 7 (D. Mass.1981) (citing Fed.R.Civ.P. 37(a)(3)).

In plaintiff's answers to several interrogatories, she merely directs Defendants back to the allegations raised in her Complaint. Exhibit A, Numbers 7, 8, 13 through 19 and 21 through 24. Such responses are manifestly non-responsive, incomplete, evasive and contrary to Fed. R. Civ. P. 26(b)(1), 33 and 37, which prohibit mere references back to the complaint as interrogatory answers. Rickles, Inc. v. Frances Denney Corp., 508 F. Supp. 4, 7 (D. Mass. 1980) (holding "[a]nswers are insufficient if they fail to supply facts which were omitted from the complaint, and if they neither clarify nor narrow the broad issues posed by the complaint") (citing U.S. v. West Virginia Pulp and Paper Co., 36 F.R.D. 250 (S.D.N.Y.1964)). Defendants, therefore, request the Court compel plaintiff to provide supplemental responses to Defendants' First Set of Interrogatories 7, 8, 13 through 19 and 21 through 24.

2

B.    Plaintiff Directs Defendants to Unspecified Documents In Her Interrogatory Responses in Contravention of Fed.R.Civ.P. 33

Plaintiff also references in her interrogatory answers public documents and documents purportedly in the Defendants' possession, which allegedly contain information responsive to Defendants' requests. Exhibit A, Numbers 5, 9, 17 and 19. Such interrogatory responses are also insufficient pursuant to Fed.R.Civ.P. 33 and 37(a)(3). Rule 33(d) only permits a responding party to refer to documents in an interrogatory response, "[w]here the answer to an interrogatory may be derived or ascertained from the business records <u>of the party upon whom the interrogatory has been served</u>…it is a sufficient answer to such interrogatory to <u>specify</u> the records from which the answer may be derived or ascertained…" For the production of business records "to apply, [however, a party] has to <u>specify</u> which of the documents contain the information sought by defendants." <u>Puerto Rico Aqueduct and Sewer Authority</u> v. <u>Clow Corp.</u>, 108 F.R.D. 304, 307 (D.P.R.,1985) (citing <u>Budget Rent-A-Car of Mo., Inc.</u> v. <u>Hertz Corp.</u>, 55 F.R.D. 354, 357-358 (W.D.Mo.1972)) (Emphasis supplied).

Moreover, referencing voluminous documents, without identifying specific records within a general file of documents is an insufficient response. <u>See Consolidated Equipment Corp., et al.</u> v. <u>Associates Commercial Corp., et al.</u>, 104 F.R.D. 101, 102-103 (D.Mass. 1985) (dismissing plaintiffs' claims because "plaintiffs have in effect invited the defendant to try to divine the plaintiffs' case from inspection of their 47 feet of files. These responses are a travesty of discovery under the federal rules…While dismissal is a serious sanction for discovery violations, in my view it is appropriate in this case because the plaintiff's responses to discovery make it plain that plaintiffs themselves had no clue as to the factual basis for their claims when this action was commenced"). In interrogatory responses 5, 9, 17 and 19, plaintiff has failed to specifically identify which documents provide a responsive answer to Defendants'

3

interrogatories in violation of Fed.R.Civ. P. 33. Therefore, Defendants respectfully request that the Court compel further responses to Interrogatory 5, 9, 17 and 19.

    C.    Plaintiff Has Failed to Timely Supplement Certain of Her Answers to Interrogatories

Defendants also request a supplemental response to a series of interrogatories, to which the plaintiff agreed to provide supplementation. (Exhibit A, Nos. 2, 3, 5, 8, 10 and 12 through 24). With the close of discovery imminent, supplementation of these answers is now due.

III.    Plaintiff's Responses to Defendants' First Request for Production of Documents Are Incomplete

Defendants further assert that plaintiff's initial and supplemental responses to Defendants' First Request for Production of Documents also remain inadequate. See Exhibit B, Plaintiff's Response to Defendants' First Request for Production of Documents. Specifically, Defendants note that plaintiff states in her response to Request Numbers 1 through 7 and 9 through 14 that "[a]s discovery is still ongoing, however, plaintiff reserves the right to supplement this response based upon information and items covered during the pendency of this proceeding and up until the close of discovery." Exhibit B. No such supplementation has yet been provided, although plaintiff is believed to be in possession of responsive documents. For example, in response to Request Number 9, plaintiff has failed to produce a tape recording or transcript of witness Brenda Marsha's interview with plaintiff's counsel Barry Scheck, which is currently in plaintiff's control. See Exhibit C, Grand Jury Testimony of Brenda Marsh, June 21, 2001, p. 64. Further, Defendants maintain that merely referring defendants back to "documents produced by the City [sic] in response to Plaintiff's First Set of Requests for Production of Documents" is an insufficient response to defendants' request pursuant to Fed. R. Civ. P. 34 and 37(a)(3). Exhibit B, Responses 3, 5, 6, 7 and 9.

Accordingly, Defendants request that this Honorable Court order the plaintiff to provide full and complete responses to the Defendants' discovery requests described herein within 10 days of the Court's order.

RESPECTFULLY SUBMITTED,

DEFENDANTS

By their attorneys,

/s/ Joseph L. Tehan, Jr.
Joseph L. Tehan, Jr. (BBO# 494020)
Gregg J. Corbo (BBO# 641459)
Kopelman and Paige, P.C.
101 Arch Street, 12th Floor
Boston, MA  02110-1109
(617) 556-0007

312277/AYER-WATERS/0053

<u>CERTIFICATION OF COMPLIANCE PURSUANT TO</u>
<u>LOCAL RULES 7.1(A)(2) AND 37.1(A)</u>

I, the undersigned Joseph L. Tehan, Jr., hereby certify that the provisions of Local Rule 7.1(A)(2) and 37.1(A) have been complied with prior to filing this Motion to Compel. I sent a written conferral letter to counsel for plaintiff Deborah L. Cornwall, Esq. on April 4, 2007. In addition, I conferred with Robert Feldman, Esq., local counsel for the plaintiff, on April 19, 2007 regarding the issues contained in Defendants' Motion to Compel.

<u>/s/ Joseph L. Tehan, Jr.</u>
Joseph L. Tehan, Jr.