EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BETTY ANNE WATERS, as Administratrix of the Estate of KENNETH WATERS,<br><br>Plaintiff,<br>v.<br><br>TOWN OF AYER, NANCY TAYLOR-HARRIS, in her individual capacity, ARTHUR BOISSEAU, in his individual capacity, BUDDY DECOT, in his individual capacity, WILLIAM ADAMSON, in his individual capacity, PHILIP L. CONNORS, in his individual capacity, and JOHN DOE and JANE DOES 1–16, in their individual capacities,<br><br>Defendants. | Case No. 04 Civ. 10521 (GAO)<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES** |

Comes Now Plaintiff and responds to Defendants' First Set of Interrogatories as follows. By responding to these interrogatories, plaintiff does not waive any privileges or objections. As discovery is still ongoing, plaintiff reserves the right to amend or supplement these responses at anytime until the close of discovery as additional information becomes available and in light of subsequent discovery and depositions.

1. Please state your full name, date of birth, residential and business addresses, social security number, marital status, the date of your appointment as Administratix of the estate of Kenneth Waters, and the court and docket number reflecting said appointment.

    RESPONSE: Name: Betty Anne Waters. Address: 29 Oak Street, Middletown, RI

1

02842. SSN: 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. Marital status: single. Appointed Administratrix of Kenneth Waters's Estate by the State of Rhode Island, Town of Middletown, on 08/15/02, #3799.

2. Please provide a complete and detailed recitation of the decedent's educational history, commencing with high school, indicating all degrees or certificates conferred, and dates of same.

RESPONSE: Kenny Waters had a GED from 1975 or 1976. He was in the process of applying to New England Tech for refrigeration/air-conditioning at the time of his arrest. He obtained certificates for refrigeration and other skills while in prison. Plaintiff is in the process of gathering full details and will forward them as soon as she can.

3. Please provide a complete and detailed recitation of the decedent's work history, commencing subsequent to his graduation from high school, providing in your response:

   a. the identities and addresses of all employers;
   b. the inclusive dates of the decedent's employment with each such employer;
   c. the identity of the decedent's immediate supervisor at each place of employment;
   d. the decedent's gross compensation at each place of employment;
   e. the decedent's reason for leaving such place of employment.

RESPONSE: Plaintiff is in the process of gathering full details and will forward them as soon as she can.

4. Please state any injury or illness, whether emotional, mental or physical from which the decedent suffered in the five (5) year period prior to the occurrences set forth in the Complaint.

RESPONSE: Plaintiff objects on the grounds that the interrogatory is vague but

2

will nonetheless respond to the best of her ability. Other than a drinking problem that bothered him, to the best of her knowledge, plaintiff knows of no injury or illness from which the decedent suffered in the five year period prior to his incarceration.

5. Please provide the name and address of each person (other than your attorneys) known by you to have witnessed or to have knowledge concerning the occurrences set forth in the Complaint.

   RESPONSE: For information responsive to this interrogatory, plaintiff directs defendants' attention to her initial disclosure pursuant to Fed. R. Civ. Pro. 26 and to documents produced by the City in response to Plaintiff's First Set of Requests for Production of Documents. As discovery is still ongoing, plaintiff reserves the right to amend or supplement this response at anytime until the close of discovery as additional information becomes available and in light of subsequent discovery and depositions.

6. Please state:

   a. the name and address of each person whom you or your attorney expect to call as an expert witness at the trial of this action;

   b. the subject matter on which each expert is expected to testify;

   c. the substance of the facts and opinions to which each expert is expected to testify; and

   d. the grounds for each such opinion of each expert witness. (The plaintiff is further respectfully referred to Fed. R. Civ. P. 26(a)(2)(B) with respect to further disclosure of expert information).

   RESPONSE: Plaintiff objects. This interrogatory prematurely calls for

3

information pertaining to experts which will be provided at a later stage pursuant to the Court's scheduling order and Fed. R. Civ. Pro. 26(a)(2)(C).

7. Please give an account, itemized as fully and completely as possible, of all losses which plaintiff or her legal representatives are claiming were incurred as a result of the occurrences set forth in the Complaint.

RESPONSE: Plaintiff objects. This request prematurely calls for an expert opinion which will be provided at a later stage pursuant to the Court's scheduling order and Fed. R. Civ. Pro. 26(a)(2)(C). Notwithstanding this objection, see paragraph 1, 4, and 77 of the Complaint.

8. Please set forth in full and complete detail the nature and extent of all injuries, physical, emotional or mental in nature, allegedly suffered by the decedent as the result of the occurrences set forth in the Complaint, including in your response the name and address of each hospital, medical professional and mental health professional which rendered treatment to the decedent, providing a complete description of the treatment the decedent received, and the inclusive dates thereof.

RESPONSE: Plaintiff objects that the question is a multi-part question that should be submitted as separate questions under the Rules. Plaintiff nonetheless responds by directing defendants' attention to paragraphs 1, 4, and 77 of the Complaint. Moreover, the decedent contracted Hepatitis C as a result of dental work performed in prison. As discovery is still ongoing, plaintiff reserves the right to amend or supplement this response at anytime until the close of discovery as additional information becomes available and in light of subsequent discovery and depositions.

4

9. Please indicate whether the decedent has been convicted of, or pled guilty to, a crime. If your answer is in the affirmative, please provide:

   a. a description of each crime of which the decedent was convicted;

   b. the date, court and docket number of each such conviction or plea.

   RESPONSE: Plaintiff objects that the information called for is a matter of public record.

10. Please set forth the date of decedent's death, the circumstances surrounding his death and the cause of his death, as reflected in his death certificate, attaching a copy of same to your Answers to Interrogatories.

    RESPONSE: On or around September 19, 2001, Kenneth Waters accidentally fell from a wall hitting his head and sustaining a severe brain injury which lead to his death in a hospital ten days later. Plaintiff will forward a copy of his death certificate as soon as possible.

11. Please set forth in detail the terms of any agreement or arrangement between you (or your attorneys) and the Massachusetts State Police and/or the Middlesex County District Attorney's officer concerning or otherwise referencing or reflecting your decision not to join said entities, their agents, employees or servants as defendants in this action.

    RESPONSE: No such agreement or arrangement exists.

12. Please identify by name and address the "...waitress from the diner..." referenced in Paragraph 30 of the Complaint.

    RESPONSE: Plaintiff does not have the requested information at this time but will provide it to defendants if and when it becomes available.

13. Please set forth the factual basis for your contention that the defendants "knew or should

5

have known to be false" the information provided to them by Robert Osborne, as set forth in Paragraphs 38-40 of the Complaint.

RESPONSE: Plaintiff directs defendants' attention to paragraphs 38-43 of the Complaint. As discovery is still ongoing, plaintiff reserves the right to amend or supplement this response at anytime until the close of discovery as additional information becomes available and in light of subsequent discovery and depositions.

14. Please set forth in full and complete detail the nature and extent of the "...coercive psychological pressure" placed upon Brenda Marsh by each defendant as set forth in Paragraph 43 of the Complaint.

RESPONSE: Plaintiff directs defendants' attention to paragraphs 38-43 of the Complaint and to Brenda Marsh's April 11, 2001 affidavit, already turned over. As discovery is still ongoing, plaintiff reserves the right to amend or supplement this response at anytime until the close of discovery as additional information becomes available and in light of subsequent discovery and depositions.

15. Please set forth the factual basis for your contention that defendant Taylor-Harris testified falsely "...that the unidentified [finger] print ... was smeared and therefore could not be compared to Mr. Waters' prints" and that this testimony caused plaintiff's decedent to be indicted, as set forth in Paragraph 46 of the Complaint.

RESPONSE: Plaintiff directs defendants' attention to paragraphs 24, 25, and 46 of the Complaint, as well as to police reports provided by defendants to plaintiffs describing the fingerprint exclusion of other suspects as donors of the unknown prints at the crime scene. As discovery is still ongoing, plaintiff reserves the right to amend or supplement this response at

6

anytime until the close of discovery as additional information becomes available and in light of subsequent discovery and depositions.

16. Please set forth the factual basis for your contention that "... APD officers conspired to ensure Mr. Waters' conviction ...," as set forth in Paragraphs 47 and 95 of the Complaint, specifying in your response the identity of each conspiring officer and the actions each took in furtherance of the alleged conspiracy.

RESPONSE: Plaintiff directs defendants' attention to paragraphs 44-61 of the Complaint. As discovery is still ongoing, plaintiff reserves the right to amend or supplement this response at anytime until the close of discovery as additional information becomes available and in light of subsequent discovery and depositions.

17. Please set forth the factual basis for your contention that defendant "... Decot and other unknown APD officers ... confiscated ... [and] suppressed ..." the decedent's time cards from Berry Enterprises, as set forth in Paragraph 48 of the Complaint.

RESPONSE: Plaintiff directs defendants' attention to paragraph 48 of the Complaint, to the trial testimony of the Keeper of Records that Kenneth Waters' card was "missing," and to the Affidavit of Joseph Guidetti, which can be found in the public Middlesex Superior Court file. See documents from the Middlesex Superior Court file, in Docket No. 82-4115, attached as Exhibit B to Plaintiff's Response to Defendants' First Request for Production of Documents. As discovery is still ongoing, plaintiff reserves the right to amend or supplement this response at anytime until the close of discovery as additional information becomes available and in light of subsequent discovery and depositions.

18. Please set forth the factual basis for your contention that "Defendants coerced and

7

manipulated Global Van Lines employees..." into falsely inculpating the decedent, as set forth in Paragraph 49 of the Complaint.

RESPONSE: Plaintiff objects that the limit of interrogatories allowed under Fed. R. Civ. P. 33 has been exceeded by the defendants (counting subparts as separate interrogatories). Plaintiff directs defendants' attention to paragraphs 23 and 49 of the Complaint. As discovery is still ongoing, plaintiff reserves the right to amend or supplement this response at anytime until the close of discovery as additional information becomes available and in light of subsequent discovery and depositions.

19. Please set forth the factual basis for your contention that "[t]he APD officers, and specifically defendant Taylor knew or should have known that [the testimony of Roseanna Perry inculpating the decedent] was false," as set forth in Paragraph 55 of the Complaint.

RESPONSE: Plaintiff reiterates the objection made in her previous response but nonetheless directs defendants' attention to paragraphs 50-55 of the Complaint, as well as to police reports provided by defendants to plaintiffs. As discovery is still ongoing, plaintiff reserves the right to amend or supplement this response at anytime until the close of discovery as additional information becomes available and in light of subsequent discovery and depositions.

20. Please set forth your contention as to the motive for the defendants to fabricate or suppress evidence to inculpate the decedent.

RESPONSE: Plaintiff objects that this interrogatory is premature as discovery has just begun and none of the defendants has been deposed yet. As discovery is still ongoing, plaintiff reserves the right to amend or supplement this response at anytime until the close of

8

discovery as additional information becomes available and in light of subsequent discovery and depositions.

21. Please describe in full and complete detail all "... exculpatory evidence withheld by the defendants," as set forth in Paragraph 63 of the Complaint.

RESPONSE: Plaintiff reiterates the objection made in response 18 but nonetheless directs defendants' attention to paragraphs 19-61 and 79 of the Complaint. As discovery is still ongoing, plaintiff reserves the right to amend or supplement this response at anytime until the close of discovery as additional information becomes available and in light of subsequent discovery and depositions.

22. Please set forth the factual basis for your contention that "there was a policy, custom and practice in the Town of Ayer ... of failing to adequately investigate serious crimes, deliberately suppressing exculpatory material and coercing witnesses into perjury during criminal investigations," as set forth in Paragraph 74 of the Complaint.

RESPONSE: Plaintiff reiterates the objection made in response 18 but nonetheless directs defendants' attention to paragraphs 19-61 and 74 of the Complaint. As discovery is still ongoing, plaintiff reserves the right to amend or supplement this response at anytime until the close of discovery as additional information becomes available and in light of subsequent discovery and depositions.

23. Please set forth the factual basis for your contentions that Town of Ayer "... failed to adequately screen, train, supervise and/or discipline the individual defendants concerning proper investigatory techniques, their obligations to disclose exculpatory and/or impeachment evidence ... witness interviews and interrogation" and "... failed to

adequately screen, hire, supervise and discipline officers in order to avoid hiring individuals with a propensity for abusing their police authority," as set forth in Paragraphs 75 and 76 of the Complaint.

RESPONSE: Plaintiff reiterates the objection made in response 18 but nonetheless directs defendants' attention to paragraphs 19-61 and 75-6 of the Complaint. As discovery is still ongoing, plaintiff reserves the right to amend or supplement this response at anytime until the close of discovery as additional information becomes available and in light of subsequent discovery and depositions.

24. Please set forth the factual basis for your contention that the defendants' conduct "... directly and proximately caused Mr. Waters to be wrongfully convicted ...," as set forth in Paragraph 82 of the Complaint.

RESPONSE: Plaintiff reiterates the objection made in response 18 but nonetheless directs defendants' attention to paragraphs 19-71, 74-6, 79-80, 81-6, 89, 91-2, 94-6, 98-9, and 101-2 of the Complaint. As discovery is still ongoing, plaintiff reserves the right to amend or supplement this response at anytime until the close of discovery as additional information becomes available and in light of subsequent discovery and depositions.

Respectfully submitted,

Dated: May 13, 2005

Deborah L. Cornwall, Esq. (DC 2186)
Barry C. Scheck, Esq. (BS 4612)
COCHRAN NEUFELD & SCHECK, LLP
99 Hudson Street, 8th Floor
New York, NY 10013

10

Tel. (212) 965-9081 / Fax (212) 965-9084

Howard Friedman, Esq. (BBO #180080)
Law Offices of Howard Friedman
90 Canal St., 5th Floor
Boston, MA 02114-2022
Tel. (617) 742-4100 / Fax (617) 742-5858

**Attorneys for Plaintiff Betty Anne Waters**