UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BETTY ANNE WATERS as ) <br> Administratrix of the Estate of ) <br> KENNETH WATERS, ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> TOWN OF AYER, ) <br> NANCY TAYLOR-HARRIS, ) <br> ARTHUR BOISSEAU, ) <br> BUDDY DECOT, ) <br> WILLIAM ADAMSON, ) <br> JOHN AND JANE DOES 1-16, ) <br> ) <br> Defendants. ) | CIVIL ACTION <br> NO. 04-10521-GAO |

**MEMORANDUM IN SUPPORT OF**
**EMERGENCY MOTION FOR A PROTECTIVE ORDER**

Plaintiff Betty Anne Waters respectfully submits this Memorandum of Law in Support of Emergency Motion for a Protective Order pursuant to Federal Rules of Civil Procedure 26(c) in relation to Defendants' May 9, 2007 Renotice of Deposition of Betty Anne Waters on May 16th at 2:00 p.m.  Plaintiff now moves for an emergency protective order to bar her second deposition on the following grounds: (1) the renotice violates Fed. R. Civ. P. 30(a)(2)(B) because Defendants have neither sought nor obtained leave of the Court for Ms. Waters second deposition; (2) counsel has already used its "one day" of deposition time with Ms. Waters as contemplated by F.R.C.P. 30(d)(2); and (3) because the expressed intent of counsel is to inquire of the Plaintiff about witnesses disclosed on the amended Rule 26 witness lists, and since the knowledge Plaintiff has about the subject matter of these new witnesses (with the exception of her family members, who are damages witnesses), is from counsel, the subject matter of the

second deposition is not discoverable material protected by the attorney-client privilege and F.R.C.P. 26(b)(1).

### Argument

Fed. R. Civ. P. 30(a)(2)(B) explicitly requires that "A party must obtain leave of court … if, without the written stipulation of the parties, … (B) the person to be examined already has been deposed in the case." Because Defendants have re-noticed Ms. Waters's deposition absent a court order or stipulation, in defiance of the Rule, the renotice is invalid and the deposition must be barred. See Ameristar Jet Charter, Inc. v. Signal Composites, Inc., 244 F.3d 189 (1st Cir. 2001) (affirming district court's application of Rule 30(a)(2)(B) to bar re-deposition of previously deposed witness without a court order).

Additionally, Fed. R. Civ. P. 30(d)(2) states that absent a court order, a deposition shall be "one day" of seven hours. While less than seven hours was used during Ms. Waters's first deposition, defendants neither reserved any time nor sought an agreement to continue the deposition. Consequently, because the defendants have already used their "one day" and the parties did not stipulate to any additional deposition time, the renotice of Ms. Waters's deposition is invalid and the deposition must be barred.

Finally, based on counsel's representations, defendants seek to depose Ms. Waters for a second day to inquire about witnesses disclosed on the amended Rule 26 witness lists. However, with the exception of Ms. Waters's family members, the only knowledge she has about the subject matter of these new witnesses is from counsel and is governed by the attorney-client privilege.

**Conclusion**

The parties have endeavored in good faith to meet the impending discovery deadline. There is no just purpose for a second deposition of Ms. Waters and the renotice violates the Rules. There is no just purpose for a second deposition of Ms. Waters.

Should the Court find defendants have met their burden of showing good cause under the Rules, Plaintiff respectfully requests a detailed description of the new areas counsel intends to cover, to ensure that the second deposition, should it proceed, not duplicate the areas covered in the first deposition.

Dated: May 14, 2007                               Respectfully submitted,

                                                  BETTY ANNE WATERS,
                                                  By her attorneys


                                                  /s/ Robert N. Feldman
                                                  BIRNBAUM & GODKIN, LLP
                                                  Robert N. Feldman (BBO # 630734)
                                                  280 Summer Street
                                                  Boston, MA  02210
                                                  Tel: 617-307-6100
                                                  Fax: 617-307-6101

                                                  Barry C. Scheck, Esq.
                                                  Deborah L. Cornwall, Esq.
                                                  Monica Shah, Esq.
                                                  Cochran Neufeld & Scheck, LLP
                                                  99 Hudson St., 8th Floor
                                                  New York, NY 10013
                                                  (212) 965-9081

**CERTIFICATE OF SERVICE**

     I, Robert N. Feldman, hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 14, 2007.

                                                     /s/ Robert N. Feldman
                                                   Robert N. Feldman