UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-CV-10521-GAO

| | |
|---|---|
| BETTY ANNE WATERS, as Administratrix of the Estate of KENNETH WATERS,<br><br>    Plaintiff<br>v.<br><br>TOWN OF AYER, NANCY TAYLOR-HARRIS, in Her Individual Capacity, ARTHUR BOISSEAU, In His Individual Capacity, BUDDY DECOT, In His Individual Capacity, WILLIAM ADAMSON, in His Individual Capacity, PHILIP L. CONNORS, in His Individual Capacity, and JOHN DOE and JANE DOES 1-16, in Their Individual Capacities,<br><br>    Defendants | DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY |

Now comes the defendant, Town of Ayer, and hereby opposes plaintiff Betty Anne Waters' Motion to Compel Discovery on grounds of irrelevance, temporal and substantive over breadth, undue burden, expense and harassment.  As grounds therefor, the defendant states that the documents concerning the investigation of Ernest Downing ("Downing"), the Ties Construction ("Ties") inquiry and the investigation of Stanley Randall ("Randall") have no relevance to the current matter or plaintiff's Monell claims.  As a result, plaintiff's Motion to Compel should be denied.

As further grounds therefor, defendant relies on the within Memorandum of Reasons.

MEMORANDUM OF REASONS

I.    STATEMENT OF FACTS

During this litigation, plaintiff has engaged in excessive fact discovery.  To comply with plaintiff's requests, the defendants have responded to voluminous written discovery requests,

including sixty-two (62) Requests for Admissions and thirty-one (31) Requests For Production of Documents. The plaintiff also deposed seven (7) present and former Town officials. Moreover, plaintiff has in her possession thousands of pages of information provided through several Keeper of Records depositions, live depositions of non-parties, and the public records and transcripts relating to the underlying criminal trial. As repeatedly stated during the discovery period, the defendants, as a municipality and former municipal officials with limited financial resources, should not be continuously subjected to plaintiff's burdensome, duplicative, costly and harassing discovery tactics.

Despite the defendants past cooperation with superfluous discovery requests, plaintiff again attempts in this Motion to Compel to conduct an impermissible "fishing expedition" into any and all aspects of the Town, its police department, and its employees spanning several decades, which are obviously irrelevant to the plaintiff's underlying allegations against the defendants and should not be allowed. Mills v. State of Me., 118 F.3d 37, 51 (1st Cir. 1997) (denying discovery because plaintiffs "not only want to conduct a fishing expedition, they want to conduct discovery in order to locate the lake in which to conduct the fishing expedition"); U.S. v. Myers, 2003 WL 22829989, *11 (D.Me. 2003) (holding "[w]here, as here, the request for discovery is a mere fishing expedition, the Court will not grant it") (citing Perez v. U.S., 274 F.Supp.2d 330, 336 (E.D.N.Y.2003)).

As described in detail below, the discovery sought by the plaintiff is irrelevant, temporally and substantively overbroad, unduly burdensome, oppressive and harassing. Therefore, the defendant requests that plaintiff's Motion to Compel be denied.

II.     ARGUMENT

A.     The Discovery Sought is Substantively Irrelevant Because the Previous Incidents are not Sufficiently Similar to the Case at Bar

Defendant submits that the documents requested by plaintiff regarding the so-called Ties-scandal, Downing and Randall investigations are irrelevant to the pending matter before this Court because the underlying facts of those incidents are not sufficiently similar to the case at bar. It is well-settled that, to establish municipal liability under Monell, the plaintiff must show that the alleged custom or policy was the "moving force" behind the "particular deprivation" of which she is complaining. Foley v. City of Lowell, 948 F.2d 10, 14 (1st Cir. 1991). Thus, in order to establish a custom or policy with evidence of prior misconduct, such conduct must be the same type of conduct evident in the case at bar. Bordanaro v. McLeod, 871 F.2d 1151, 1165 (1989) (holding "that municipal liability under Section 1983 attaches where, only where a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question"). (Emphasis supplied). In other words, apples must be compared to apples.

Through her motion to compel, the Plaintiff is seeking documents that far exceed the scope of her Monell claims. (See Complaint, ¶¶ 97, 100). Specifically, plaintiff alleges in Count V of her Complaint that the Town of Ayer created "unconstitutional customs, policies, and/or practices" in failing to disclose exculpatory evidence, committed witnesses to commit perjury against suspects, and coerced witnesses to offer inculpatory evidence related to his murder investigation. (Complaint, ¶97). Further, in Count VI, plaintiff asserts the Town of Ayer "created unconstitutional customs, policies and/or practices of failing to screen; of improperly hiring; and of failing to train and/or supervise APD officers" in regards to disclosure of

3

exculpatory evidence, fabrication of inculpatory evidence and coercion of witnesses, again in the context of murder investigations. (Complaint ¶101). In the Motion to Compel, the plaintiff further elaborates on these claims by pointing to two instances with respect to the Brow murder investigation in which defendant Taylor-Harris is alleged to have coerced witnesses to provide inculpatory information regarding Kenneth Waters, and that she failed to disclose exculpatory and impeachment evidence regarding her investigation techniques.

While plaintiff alleges in her Motion to Compel that documents related to Ties, Randall and Downing are necessary because the "essential misconduct is precisely the same across the board," such characterization grossly exaggerates the actual facts underlying each distinct incident. (Motion to Compel, p. 11, ¶1). Indeed, the three incidents for which the plaintiff seeks discovery are factually distinct from the case at bar in two critical respect: first, all three of those incidents, Ties, Randall and Downing, involved the Ayer Police Department's investigation of allegations of criminal misconduct by its own officers; and second, none of the incidents involved a murder investigation. Kenneth Waters was never employed as an officer with the Ayer Police Department and was not being investigated for breaking and entering and malicious destruction of property (Ties), rape (Randall) or for committing unnatural and lascivious acts with a child under the age of sixteen (16) (Downing). Therefore, to the extent that the plaintiff can show that officers of the Ayer Police Department engaged in some type of misconduct with respect to the investigation of its own officers (which is vigorously denied by the defendants), such misconduct cannot be used as evidence to support a claim of custom or policy with respect to the investigation of private citizens for murder.

Moreover, while plaintiff wants to link her allegations in the case at bar with the facts of the Ties incident, the Randall investigation and the Downing investigation, such connection is

4

tenuous, unfounded and unlikely to lead to admissible evidence. The Ties matter involved the Department's investigation of fellow officers accused of breaking and entering and malicious destruction of property; the Randall matter involved allegations of rape by an Ayer police officer, with charges ultimately being filed by the Town of Acton Police Department, and the Downing matter involved the prosecution of an Ayer police officer for committing unnatural and lascivious acts with a child under the age of sixteen (16). None of these cases involved a murder investigation, and neither the Randall nor the Ties matters involved allegations of witness coercion or failure to disclose exculpatory evidence. Moreover, although the allegations of the victim in the Downing matter are similar to the allegations of Brenda Marsh, such allegations were clearly disclosed to the defense and were used at trial in the Downing case. Thus, no Brady issue was involved.

Simply put, comparing the claims asserted by the plaintiff in this case to the facts underlying the Ties, Randall and Downing matters would be like comparing apples to oranges. As such, the discovery sought is substantively irrelevant, and the plaintiff's Motion to Compel should be denied.

      B.      The Discovery Sought is Substantively Irrelevant Because the Previous Incidents did not Result in Any Adjudication of Misconduct

The plaintiff's Motion to Compel information regarding the Ties, Randall and Downing maters should be denied for the further reason that none of these instances resulted in an adjudication of wrongdoing by any of the defendants in this case or by any member of the Ayer Police Department. It is well-settled that the mere filing of complaints or lawsuits is not sufficient evidence to substantiate such misconduct. See Kinan v. City of Brockton, 876 F.2d 1029, 1034-35 (1st Cir. 1989); Strauss v. City of Chicago, 760 F.2d 765, 768-69 (7th Cir. 1985) (statistics of prior complaints insufficient to establish municipal liability because people often

file complaints "for many reasons, or for no reason at all"); Bryant v. Whalen, 759 F. Supp. 410, 424 (N.D. Ill. 1991) (recitation of unsustained complaints of excessive use of force, without evidence that those complaints had merit, would not suffice to establish municipal liability). The reason that unadjudicated allegations of past misconduct is inadmissible is because introducing evidence of prior lawsuits that did not result in judgments against the defendant "would inevitably result in trying those cases, or at least portions of them, before the jury." Kinan, 876 F.2d at 1034.

The plaintiff's knowledge of the Ties, Randall and Downing matters stems from an unverified complaint filed in the Superior Court by a disgruntled former employee. That case settled prior to trial and did not result in any adjudication of wrongdoing adjudication by any of the defendants in this case or by any member of the Ayer Police Department. Indeed, the defendants are aware of no such adjudications with respect to any of those three incidents. It would be wholly inappropriate for the plaintiff to put those matters at issue in this case, and ask that the Court or the jury to try those case together with this one and adjudicate the lawfulness of actions taken over twenty-years ago. Such an arrangement would result in confusion and undue prejudice to the defendants. Therefore, as the Ties, Randall and Downing matters do not constitute sufficiently reliable evidence of prior misconduct to support the plaintiff's claim against the Town, the Motion to Compel should be denied.

    C.    The Discovery Sought is Temporally Irrelevant Because the Previous Incidents are Remote in Time and Occurred during a Prior Administration

The requests are also temporally irrelevant because the plaintiff is attempting to discover information related to the customs, policies and/or practices against prior and subsequent decision makers in Town for completely unrelated incidents. It is axiomatic that the liability of persons sued in their individual capacities must be gauged in terms of their own actions. Rogan

v. Menino, 175 F.3d 75, 77 (1st Cir. 1999). A municipality cannot be held liable for the alleged misconduct of a prior administration. Kinan v. City of Brockton, 876 F.2d 1029, 1035 (1st Cir. 1989).

In her request, plaintiff requests documents regarding the so-called "Ties scandal," Boucher and Randall from May 21, 1976 to present. Although the Brow investigation began on May 21, 1980, while Chief Adamson was in office, the alleged misconduct with respect to Brenda Marsh and Rosanna Perry occurred in 1982, after Chief Adamson's retirement and while Chief Connors was in office. No investigative misconduct similar to that involved in the Ties, Randall or Downing matters is alleged to have occurred in the Brow investigation during Chief Adamson's tenure, and to the extent that any misconduct occurred in connection with the Ties, Randall or Downing matters (which is vigorously denied by the defendants), such misconduct cannot be used to establish a custom or policy of Chief Connors.

With respect to plaintiff's request for documents concerning allegations of wrongdoing for the period of time from May 21, 1986 to the present, such documents are temporally irrelevant because Chief Connors retired in 1991, and because any such incidents are too remote in time. As previously discussed, the Town cannot be held liable for the alleged customs and policies of decision makers that were not in office at the time of the alleged misconduct giving rise to the instant matter. Moreover, in order for a prior or subsequent incident to be said to be the "driving force" behind an alleged constitutional violation, it must have occurred within a reasonable time before or after the incident alleged in the complaint. See Consolo v. George, 835 F.Supp. 49 (D.Mass. 1993) (municipal claim dismissed where "[n]o incidents <u>within a reasonable time before or after the one alleged in plaintiff's complaint</u>" were demonstrated) [emphasis added]. Incidents occurring between four and twenty-five years after the alleged

7

misconduct giving rise to this case are not sufficiently close in time to warrant consideration with respect to the plaintiff's Monell claim. Therefore, as the information sought by the plaintiff is temporally irrelevant, the Motion to Compel should be denied.

> D. The Discovery Sought is Unnecessary Because the Information Sought is Already in Plaintiff's Possession

Finally, the plaintiff's Motion to Compel should be denied because the plaintiff is already in possession of sufficient information regarding the Ties, Randall and Downing matters to assess the relevance of such information. The plaintiff is in possession of the complaint filed by Stanley Randall, which details the facts underlying each of the Ties, Randall and Downing incidents. In addition, plaintiff's counsel already deposed former Ayer Police Department officers and named defendants Nancy Taylor-Harris and Arthur Boisseau regarding the Ties and Randall investigations.[1] In addition, counsel had the opportunity to fully explore the same incidents at Stanley Randall's deposition held on May 15, 2007. At his deposition, Randall testified to many of the facts regarding the Ties investigation, his rape investigation and the Downing incident.

In light of the facts already known to the plaintiff, she is well aware that there is no connection between the Brow murder investigation and the Ties, Randall, or Downing investigation which will lead to the admissibility of evidence in this case. Rather, it is clear that this information is being aggressively pursued by the plaintiff for no purpose other than to harass, embarrass and annoy the defendants. Therefore, because plaintiff has already been provided information related to these investigations and is well aware that there is no link

---

[1] For example, plaintiff's counsel questioned Nancy Taylor-Harris extensively regarding the Ties Construction investigation. Mr. Scheck's questioning of Ms. Taylor-Harris spanned twelve (12) pages of her deposition transcript. Plaintiff's counsel further questioned Ms. Taylor-Harris about the rape investigation of Stanley Randall; such questioning spanned twenty-five (25) pages of her deposition transcript.

between the customs, policies and/or practices of the unrelated investigations and the Brow murder investigation, plaintiff's Motion to Compel should be denied.

III. <u>CONCLUSION</u>

WHEREFORE, the defendant, Town of Ayer, respectfully request that this Court deny the Plaintiff Betty Anne Waters' Motion to Compel Discovery.

    DEFENDANT,
    TOWN OF AYER,

    By its attorneys,

    /s/ Gregg J. Corbo
    Joseph L. Tehan, Jr. (BBO # 494020)
    Gregg J. Corbo (BBO # 641459)
    Kopelman and Paige, P.C.
     Town Counsel
    101 Arch Street, 12th Floor
    Boston, MA  02110
    (617) 556-0007

314901/AYER-WATERS/0053