UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BETTY ANNE WATERS, as Administratrix of the Estate of KENNETH WATERS,<br><br>            Plaintiff,<br>v.<br><br>TOWN OF AYER, NANCY TAYLOR-HARRIS, in her individual capacity, ARTHUR BOISSEAU, in his individual capacity, BUDDY DECOT, in his individual capacity, WILLIAM ADAMSON, in his individual capacity, PHILIP L. CONNORS, in his individual capacity, and JOHN DOE and JANE DOES 1–16, in their individual capacities,<br><br>            Defendants. | Case No. 04 Civ. 10521 (GAO)<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL DISCOVERY RESPONSES (CRIMINAL DEFENSE FILES)** |

      Plaintiff Betty Anne Waters, by counsel, hereby responds to Defendants' motion to compel Mr. Waters' criminal defense files. First, Defendants neither contest Plaintiff's invocation of the attorney-client privilege nor contend that it has been waived as a result of the *Brady* claim. As such, none of the documents withheld based on that privilege are at issue here.[1]

      With regard to the work-product privilege, the motion is moot. Notwithstanding her claims of privilege, Plaintiff acknowledged that what was known to Mr. Waters's attorney, now

---

[1] The attorney-client privilege protects "those communications that are confidential and made for the purpose of seeking receiving legal advice." *In re Keeper of Records (Grand Jury Subpoena Addressed to XYZ Corp.)*, 348 F.3d 16, 22 (1st Cir. 2003). The purpose of the privilege is to "encourage[] full and free discussion [between client and lawyer], better enabling the client to conform his conduct to the dictates of the law and to present legitimate claims and defenses if litigation ensues." *Id.*

1

deceased attorney Bernard Bradley of the Committee for Public Counsel Services ("CPCS") prior to the May 11, 1983 conviction, was relevant to the *Brady v. Maryland* claim, in which Plaintiff alleges that Defendants withheld material exculpatory and impeachment information from the prosecutor, and as a result that this information was unknown to Mr. Waters and his counsel at trial, causing his conviction. As such, in a limited waiver of the work-product privilege, Plaintiff disclosed the criminal defense file (minus attorney-client communications) as it existed up to the date of the conviction, last year.

The *Brady* claim places at issue Mr. Waters's attorney's knowledge of exculpatory and impeachment information, in Defendants' own words, "at the time of his criminal prosecution," (def. br. at 4), that is, *prior to his conviction*. Defendants have failed to make any argument as to why any documents in Mr. Waters's criminal attorneys' files that were generated *after his conviction* – that is, documents from attorneys Harvey Peters, Herb DeSimone, their staff and the Innocence Project responding to that portion of Defendants' vague demand for materials "pertaining to or concerning ... the appeal from his conviction and his subsequent motion for a new trial," (Def. br. at 1, quoting Defendants' First RFP #9) – are in any way relevant. As such, as Plaintiff has already disclosed responsive documents; there has been no waiver of withheld documents, and the motion should be denied.

## BACKGROUND

In her November 10, 2006 and November 21, 2006 Supplemental Rule 34 Disclosures, Plaintiff withheld a number of documents in Mr. Waters' criminal defense and post-conviction files as privileged, either as attorney-client communications or attorney work-product. Pursuant to Rule 26(b)(5), Plaintiff provided privilege logs, attached herein as Exhibits A and B,

describing each document withheld and explaining the privilege invoked.[2] By letter dated November 17, 2006, attached herein as Exhibit C, defense counsel objected to the privilege invoked with respect to Plaintiff's November 10, 2006 disclosure on the grounds that Plaintiff's *Brady* claim allegedly operates as a waiver of attorney work-product and attorney-client privilege. In response, Plaintiff's counsel rejected defense counsel's argument that the *Brady* claim operates as a blanket waiver of privilege with respect to all the criminal defense files, but acknowledged that the mental impressions of Mr. Waters' trial counsel, Bernard Bradley, prior to Mr. Waters' conviction may be relevant to Plaintiff's *Brady* claim. As such, Plaintiff waived work-product privilege solely with respect to the documents in Mr. Bradley's criminal defense file prior to Mr. Waters' conviction, pages Bates stamped BAW00099–110, 114, 119, 132, 137, 139; CPCS000003–11, as per correspondence attached hereto as Exhibit D.[3]

## ARGUMENT

**I.    Legal Standards**

"The work-product doctrine protects against disclosure of materials that a party, her attorney, or her representative prepares in anticipation of litigation," *In re Grand Jury Subpoena*, 220 F.R.D. 130, 141 (D. Mass. 2004), thus "preserv[ing] a 'zone of privacy' in which a party, his attorney, and in many cases his non-attorney 'representative' can prepare for litigation, 'free from unnecessary intrusion by his adversaries.'" *Id.* (quoting *United States v. Adlman*, 134 F.3d 1194,

---

[2] Bates stamp numbers for privileged documents have been added for ease of reference.

[3] Plaintiff previously claimed privilege with respect to handwritten notes Bates stamped BAW00115. However, upon further review and after deposing former Ayer Police Department Office Dennis MacDonald, Plaintiff's counsel determined that the notes were a page of notes from Officer MacDonald's interview of Mr. Waters on the date of Mr. Waters' arrest, not notes of defense counsel, and therefore disclosed them on November 27, 2006.

1196 (2d Cir.1998)).

While, "by placing privileged communications or attorney work product 'at issue' in civil litigation, a party waives any applicable claim of privilege where nondisclosure would cause manifest unfairness to the opposing party," *Fed. Deposit. Ins. Corp. v. R.W. Beck, Inc.*, No. Civ.A.01-CV-11982RGS, 2004 WL 1474579, at *1 (D. Mass. July 1, 2004) (attached as Exhibit E), waiver is not automatic. Rather, the party opposing the privilege bears the burden to prove that the privilege is outweighed by a need for disclosure. *Id.* (citing *Greater Newburyport Clamshell Alliance v. Public Serv. Co.*, 838 F.2d 13, 20 (1st Cir. 1988)).

Specifically, the balancing "test requires an arbitrating court to consider whether a defendant has demonstrated the relevancy of the materials sought, whether there is any reasonable alternative source for the information the materials contain, and whether the plaintiff's presumptively valid interest in preserving the confidentiality of its privileged communications outweighs any need for disclosure." *Id.* Thus, the privilege is only waived when "the defendant can show that the plaintiff's civil claim, and the probable defenses thereto, are enmeshed in important evidence that will be unavailable to the defendant if the privilege prevails." *Clamshell Alliance*, 838 F.2d at 20.

## II.   Defendants Have Failed to Meet Their Burden

### A.   The Remaining Undisclosed Materials Are Privileged

All the documents at remaining issue were generated during the appeal, motion for a new trial, and post-conviction proceedings (none was generated by trial counsel, Mr. Bradley), and therefore are within the heartland of attorney work-product prepared in anticipation of litigation.

### B.   Defendants Have Failed to Articulate Any Need for Post-Conviction

### Criminal Defense Materials, Much Less That Their Need Outweighs the Work-Product Privilege

Having failed to articulate why materials generated after May 11, 1983 are at all relevant, Defendants have not met their burden of proving that the privilege has been outweighed by their need for access. In fact, the *Brady* claim does not operate as a blanket privilege for every document ever created by any attorney for Mr. Waters. Rather, the waiver is limited to the subject matter "at issue" in the litigation – namely what exculpatory and/or impeachment material trial counsel, Mr. Bradley had prior to the May 11, 1983 conviction. *See, e.g., Fed. Deposit Ins. Corp.*, 2004 WL 1474579, at *2 ("An 'at issue' waiver . . . should not be tantamount to a blanket waiver of the entire attorney-client privilege in a case."). Defendants cannot -- and indeed have made no effort to – "show that the plaintiff's civil claim, and the probable defenses thereto, are enmeshed in important evidence that will be unavailable to the defendant if the privilege prevails." *Clamshell Alliance*, 838 F.2d at 20; *see also Zenith Radio Corp. v. United States*, 764 F.2d 1577, 1580–81 (Fed. Cir. 1985) (holding that attorney-client communications and work product are "tangential to and remote from the central legal issue in the case" and thus "their probative value is too weak to justify breaching the important privileges the government asserted in declining to produce the information.").

### C.  Plaintiff's Interest In Preserving Privileged Materials Outweighs Any Need for Disclosure

Defendants seek disclosure of core attorney work product reflecting precisely the same legal theories that form the basis of Plaintiff's claims in the instant litigation. Therefore, compelling disclosure of these documents will necessarily invade the " 'zone of privacy' in which a party, his attorney, and in many cases his non-attorney 'representative' can prepare for

litigation, 'free from unnecessary intrusion by his adversaries.'" *In re Grand Jury Subpoena*, 220 F.R.D. at 141 (quoting *United States v. Adlman*, 134 F.3d 1194, 1196 (2d Cir.1998) (citations omitted)). Allowing Defendants to access the work product of Mr. Waters' post-conviction counsel will inevitably result in "inefficiency, unfairness, and sharp practices," *Hickman v. Taylor*, 329 U.S. 495, 511 (1947), a windfall of strategic information about Plaintiff's theories in this trial that will do nothing to advance their ability to present admissible evidence in defense of the *Brady* claim.

Indeed, other than reflexively claiming prejudice, Defendants have failed to articulate how their defense of the *Brady* claim would be compromised if their motion were not granted. With the exception of privileged attorney-client communications, they are already in possession of the criminal defense file as it existed prior to the conviction. They have deposed trial prosecutor Elizabeth Fahey. They have the complete criminal trial transcript. They have deposed Plaintiff herself. This is more than an adequate record with which to defend the *Brady* claim.

## CONCLUSION

For the foregoing reasons, Plaintiff contends that her strong interest in preserving the work-product privilege for the post-conviction criminal defense files outweighs any unarticulated need for disclosure. The mere claim of prejudice does not make it so. Accordingly, the motion should be denied.

Dated: May 21, 2007

Respectfully submitted,

*Deborah Cornwall*

Barry C. Scheck, Esq. (BS 4612)
Deborah L. Cornwall, Esq. (DC 2186)
Monica R. Shah, Esq. (MS 9846)
COCHRAN NEUFELD & SCHECK, LLP
99 Hudson Street, 8th Floor
New York, NY 10013
Tel. (212) 965-9081 / Fax (212) 965-9084

Robert N. Feldman
Birnbaum & Godkin, LLP
280 Summer Street
Boston, MA 02210-1108
Tel. (617) 307-6130 / Fax (617) 307-6101

**Attorneys for Plaintiff Betty Anne Waters**

### Certificate of Service

I, Micah West, being over eighteen years of age, hereby certify pursuant to the laws of the Commonwealth of Massachusetts that I served the following parties by electronically filing this document through the Court's ECF system, and by placing a copy thereof in the United States Postal Service mailbox, today, May 21, 2007.

Joseph L. Tehan, Jr.
Gregg J. Corbo
Jeffrey T. Blake
Janelle Austin
Kopelman & Paige, PC
101 Arch Street, 12th Floor
Boston, MA 02116

*Micah West*
Micah West