LEONARD KOPELMAN
DONALD G. PAIGE
ELIZABETH A. LANE
JOYCE FRANK
JOHN W. GIORGIO
JOEL B. BARD
JOSEPH L. TEHAN, JR.
THERESA M. DOWDY
DEBORAH A. ELIASON
RICHARD BOWEN
DAVID J. DONESKI
JUDITH C. CUTLER
KATHLEEN E. CONNOLLY
DAVID C. JENKINS
MARK R. REICH
BRIAN W. RILEY
DARREN R. KLEIN
JONATHAN M. SILVERSTEIN
ANNE-MARIE M. HYLAND
GEORGE X. PUCCI
WILLIAM HEWIG III
JEANNE S. McKNIGHT
LAUREN F. GOLDBERG
MICHELE E. RANDAZZO
ILANA M. QUIRK

JANET HETHERWICK PUMPHREY
DIRECTOR WESTERN OFFICE

**KOPELMAN AND PAIGE, P. C.**

ATTORNEYS AT LAW

101 ARCH STREET

BOSTON, MA 02110-1109

(617) 556-0007
FAX (617) 654-1735

LENOX OFFICE
(413) 637-4300

NORTHAMPTON OFFICE
(413) 585-8632

WORCESTER OFFICE
(508) 752-0203

KATHLEEN M. O'DONNELL
PATRICIA A. CANTOR
THOMAS P. LANE, JR.
MARY L. GIORGIO
THOMAS W. McENANEY
KATHARINE I. DOYLE
JEFFREY A. HONIG
GREGG J. CORBO
RICHARD T. HOLLAND
ELIZABETH R. CORBO
KATHARINE LORD KLEIN
MARIA C. ROTA
VICKI S. MARSH
JOHN J. GOLDROSEN
SHIRIN EVERETT
JONATHAN D. EICHMAN
JOSEPH S. FAIR
LAURA H. PAWLE
CAROLYN M. MURRAY
JACKIE COWIN
JEFFREY T. BLAKE
BRIAN M. MASER
BRIAN J. WINNER
ROBERT H. McKERTICH
ANNE C. ROSENBERG
KATHERINE D. LAUGHMAN
JEFFERY D. UGINO
MATTHEW R. KIROUAC
MICHAEL B. CABRAL

November 17, 2006

BY FACSIMILE (212) 965-9084

Deborah L. Cornwall, Esq.
Cochran Neufeld & Scheck LLP
99 Hudson St., 8th Floor
New York, NY 10013

Re: Betty Anne Waters, etc., v. Town of Ayer, et als.
C.A. No. 04-CV-10521-GAO

Dear Ms. Cornwall:

I am writing pursuant to Local Rule 37.1 regarding the Privilege Log submitted with the plaintiff's November 10, 2006 Supplemental Rule 34 Disclosure (hereinafter referred-to as the "log"). With respect to numerous documents identified in the Log, you assert the attorney work product privilege as grounds for withholding documents generated by Kenneth Waters' defense attorneys in the underlying criminal case. More specifically, you claim that the following documents are being withheld on the basis of work product privilege:

| | | |
|---|---|---|
| BAW00061 | Type-written notes re: DiSimone's investigation | 7/6/83 |
| BAW0098 | Bradley's hand-written notes | |
| BAW00114 | Bradley's hand-written notes re: call from Fahey, Waters interview | 10/14/82 |
| BAW00119 | Notes of phone conversation between Waters and Everett Lapore | 11/30/82 |
| BAW00132 | Correspondence from Bradley to Morgan | 2/2/83 |
| BAW00137 | Correspondence from Bradley to Morgan | 3/29/83 |
| BAW00139 | Correspondence from Bradley to Morgan | 2/25/83 |
| BAW00365 | Correspondence from Peters to DiSimone re: Perry Hearing | 7/11/85 |
| CPCS000001 | Defense attorney's notes re: Waters Case | 5/24/83-5/29/84 |

KOPELMAN AND PAIGE, P.C.

Deborah L. Cornwall, Esq.
November 17, 2006
Page 2

| | | |
|---|---|---|
| CPCS000003 | Defense attorney's notes re: Waters Case | 10/18/82-5/11/83 |
| IP00429 | Correspondence from DeSimone to Bradley re: police reports indicating that the fingerprint comparisons were completed | 1/13/84 |

    The assertion of the attorney work product privilege is inappropriate under the circumstances of this case, where the underlying criminal case ended decades ago and the mental impressions of Waters' criminal defense attorneys has not only been placed in issue by the plaintiff in this case, but is the central issue in this case. It is well-settled that in a civil action for damages, "fairness requires that the privilege holder surrender the privilege to the extent that it will weaken, in a meaningful way, the defendant's ability to defend. That is, the privilege ends at the point where the defendant can show that the plaintiff's civil claim, and the probable defenses thereto, are enmeshed in important evidence that will be unavailable to the defendant if the privilege prevails. Greater Newburyport Clamshell Alliance v. Public Service Company of New Hampshire, 838 F.2d 13, 20 (1st Cir. 1988) (discussing attorney/client privilege); Federal Deposit Insurance Corp. v. R.W. Beck, Inc., 2004 WL 1474579 (D.Mass. 2004) (discussing work product privilege). In this case, the mental impressions of Waters' criminal defense attorneys is critical to the defense of the so-called "Brady" claim, in which the plaintiff alleges that Kenneth Waters was deprived of a fair trial because exculpatory evidence was withheld. Moreover, as Attorney Bradley is deceased, he can no longer be questioned about what he knew or did not know. Therefore, the work product privilege does not apply under the circumstances of this case.

    In the defendants' Request for Production of Documents, Request No. 9, the defendants requested "[a]ll documents and materials pertaining to or concerning the prosecution of plaintiff's decedent, the appeal from his conviction and his subsequent motion for a new trial." The documents referenced herein are within the scope of that request, and should be produced prior to the deposition of Harvey Peters.

    In addition, I observed in the recently served Plaintiff's Request for Admission, as well as in the Complaint, reference is made to Nancy Taylor's grand jury testimony. We do not have a transcript from that proceeding, and we have not been provided with such a transcript by you. If you are in possession of such a transcript, I request that it be provided to us without further delay.

    Please be advised that if we are unable to resolve this dispute forthwith, we will file a

KOPELMAN AND PAIGE, P.C.

Deborah L. Cornwall, Esq.
November 17, 2006
Page 3

Motion to Compel and request that it be heard by the Court during the December 1, 2006 hearing.

Very truly yours,

Gregg J. Corbo

GJC/jmb
cc:   Board of Selectmen

299030/01907/0053