UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
BETTY ANNE WATERS, as               )
Administratrix of the Estate of     )
KENNETH WATERS,                     )
                                    )   Case No. 04 Civ. 10521 (GAO)
            Plaintiff,              )
      v.                            )
                                    )   **PLAINTIFF'S RESPONSE TO**
TOWN OF AYER, NANCY TAYLOR-         )   **DEFENDANTS' MOTION TO**
HARRIS, in her individual capacity, ARTHUR ) **COMPEL DISCOVERY RESPONSES**
BOISSEAU, in his individual capacity, )
BUDDY DECOT, in his individual capacity, )
WILLIAM ADAMSON, in his individual  )
capacity, PHILIP L. CONNORS, in his )
individual capacity, and JOHN DOE and JANE )
DOES 1–16, in their individual capacities, )
                                    )
            Defendants.             )
                                    )
_____ )

      Plaintiff Betty Anne Waters hereby responds to Defendants' motion to compel responses to their first sets of interrogatories and requests for production.  As set forth in Exhibit A, Plaintiff has further supplemented her responses to Defendants' interrogatories, and thus Defendants' argument concerning the inadequacy of Plaintiff's answers is moot.  In addition, Plaintiff has already disclosed all discoverable documents and things in her custody, control, and possession and therefore has fully satisfied her obligations under Rules 26 and 34 of the Federal Rules of Civil Procedure.  The motion should be denied as moot.

1

## BACKGROUND

Plaintiff provided initial responses to Defendants' First Set of Interrogatories on or about May 13, 2005.  *See* Exhibit A.  Plaintiff supplemented her interrogatory answers on or about August 19, 2005 and May 4, 2007.  *See* Exhibits B and C.  By letter dated April 5, 2007, defense counsel informed Plaintiff's counsel that Defendants intended to move to compel her answers to Interrogatories 2, 3, 5, 7, 8, 10, and 12–24.  *See* Exhibit D.  By telephone communication on or about April 19, 2007, Plaintiff's counsel Rob Feldman and defense counsel Jay Tehan agreed that Plaintiff would supplement her answers to Interrogatories 3, 10, and 12–24.  Plaintiff now further supplements her answers to Interrogatories 3, 7–9, 10, 12–24, attached herein as Exhibit E.

Plaintiff provided initial responses to Defendants' First Requests for the Production of Documents on or about May 13, 2005.  *See* Exhibit F.  Plaintiff supplemented her document disclosures on or about August 19, 2005, June 23, 2006, November 10, 2006, November 21, 2006, November 27, 2006, February 12, 2007, April 20, 2007, May 4, 2007, May 16, 2007, May 17, 2007, and May 18, 2007.  *See* Exhibits G–Q.  As such, Plaintiff has disclosed all non-privileged documents responsive to Defendants' requests for production.

## ARGUMENT

**A.    Defendants' Motion to Compel Interrogatory Responses Is Moot**

Defendants contend that plaintiff's initial and supplemental responses to Defendants' First Set of Interrogatories are incomplete and inadequate.  Specifically, Defendants claim that Plaintiff's answers to Interrogatories 5, 7–9, 13–19, and 21–24 are insufficient.  Defendants also

claim that Plaintiff agreed to supplement her answer to Interrogatories 2, 3, 5, 8, 10, and 12–24. As indicated above, Plaintiff, by and through her counsel, only agreed to supplement Interrogatories 3, 10, and 12–24. Plaintiff has provided supplementary answers to Interrogatories 3, 7–9, 10, and 12–24, attached herein as Exhibit E, and her answers now more than satisfy her obligations under Rules 26 and 33 of the Federal Rules of Civil Procedure. Plaintiff supplemented her response to Interrogatory 2 on or about August 19, 2005, *see* Exhibit B, and her answer is complete as it stands. The request to supplement Interrogatory #5 is moot as the information requested was already duly provided in the form of supplemental Rule 26 disclosures on March 7, 2005, February 12, 2007 and May 9, 2007. Therefore, Plaintiff respectfully contends that Defendants' motion to compel as it relates to Plaintiff's interrogatory responses is moot and should be denied.

**B.     Plaintiff Has Produced All Discoverable Documents and Things In Her Custody, Control, or Possession**

Defendants also argue that Plaintiff has failed to supplement her responses to Defendants First Request for Production of Documents. Defendants' claim is demonstrably false. As indicated above, Plaintiff has supplemented her initial response on numerous occasions and has disclosed all non-privileged, discoverable documents and things to Defendants. In support of their claim that Plaintiff has allegedly failed to turn over all documents and things in her control, Defendants refer to an alleged tape recording or transcript of witness Brenda Marsh's interview with Plaintiff's counsel Barry Scheck. Plaintiff's counsel has made reasonable efforts to determine whether such tape or transcript exists and has determined that there was no tape recording or transcript of any interviews of Ms. Marsh by Mr. Scheck. Thus, no such tape or

3

transcript is in the possession, custody, or control of Plaintiff. Given that Plaintiff satisfied her obligations under Rules 26 and 34 by disclosing all non-privileged, discoverable documents in her custody, control, and possession, Plaintiff opposes Defendants' motion to compel documents.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' motion to compel responses to their First Set of Interrogatories and Requests for Production.

Dated: May 21, 2007  Respectfully submitted,

/s/ Deborah L. Cornwall
Barry C. Scheck, Esq. (BS 4612)
Deborah L. Cornwall, Esq. (DC 2186)
Monica R. Shah, Esq. (MS 9846)
COCHRAN NEUFELD & SCHECK, LLP
99 Hudson Street, 8th Floor
New York, NY 10013
Tel. (212) 965-9081 / Fax (212) 965-9084

Robert N. Feldman
Birnbaum & Godkin, LLP
280 Summer Street
Boston, MA 02210-1108
Tel. (617) 307-6130 / Fax (617) 307-6101

**Attorneys for Plaintiff Betty Anne Waters**

**Certificate of Service**

      I, Micah West, being over eighteen years of age, hereby certify pursuant to the laws of the Commonwealth of Massachusetts that I served the following parties by electronically filing this document through the Court's ECF system, and by placing a copy thereof in the United States Postal Service mailbox, today, May 21, 2007.

Joseph L. Tehan, Jr.
Gregg J. Corbo
Jeffrey T. Blake
Janelle Austin
Kopelman & Paige, PC
101 Arch Street, 12th Floor
Boston, MA 02116

                                                /s/ Micah West
                                                Micah West