LEONARD KOPELMAN
DONALD G. PAIGE
ELIZABETH A. LANE
JOYCE FRANK
JOHN W. GIORGIO
JOEL B. BARD
JOSEPH L. TEHAN, JR.
THERESA M. DOWDY
DEBORAH A. ELIASON
RICHARD BOWEN
DAVID J. DONESKI
JUDITH C. CUTLER
KATHLEEN E. CONNOLLY
DAVID C. JENKINS
MARK R. REICH
BRIAN W. RILEY
DARREN R. KLEIN
JONATHAN M. SILVERSTEIN
ANNE-MARIE M. HYLAND
GEORGE X. PUCCI
WILLIAM HEWIG III
JEANNE S. McKNIGHT
LAUREN F. GOLDBERG
MICHELE E. RANDAZZO
ILANA M. QUIRK

JANET HETHERWICK PUMPHREY
DIRECTOR WESTERN OFFICE

# KOPELMAN AND PAIGE, P. C.

ATTORNEYS AT LAW

101 ARCH STREET

BOSTON, MA 02110-1109

(617) 556-0007
FAX (617) 654-1735

LENOX OFFICE
(413) 637-4300

NORTHAMPTON OFFICE
(413) 585-8632

WORCESTER OFFICE
(508) 752-0203

KATHLEEN M. O'DONNELL
PATRICIA A. CANTOR
THOMAS P. LANE, JR.
MARY L. GIORGIO
THOMAS W. McENANEY
KATHARINE I. DOYLE
JEFFREY A. HONIG
GREGG J. CORBO
RICHARD T. HOLLAND
ELIZABETH R. CORBO
KATHARINE LORD KLEIN
MARIA C. ROTA
VICKI S. MARSH
JOHN J. GOLDROSEN
SHIRIN EVERETT
JONATHAN D. EICHMAN
JOSEPH S. FAIR
LAURA H. PAWLE
CAROLYN M. MURRAY
JACKIE COWIN
JEFFREY T. BLAKE
BRIAN M. MASER
BRIAN J. WINNER
ROBERT H. McKERTICH
ANNE C. ROSENBERG
KATHERINE D. LAUGHMAN
JEFFERY D. UGINO
MATTHEW R. KIROUAC
MICHAEL B. CABRAL

April 5, 2007

BY FACSIMILE – 212-965-9084
AND BY FIRST CLASS MAIL

Deborah L. Cornwall, Esq.
Cochran Neufeld & Scheck LLP
99 Hudson St., 8th Floor
New York, NY 10013

Re:   Betty Anne Waters, etc., v. Town of Ayer, et al.
      C.A. No. 04-CV-10521-GAO

Dear Ms. Cornwall:

  This letter will serve as a predicate conferral letter to a motion to compel, pursuant to Local Rules. 7.1 and 37.1. Specifically, I am writing to notify you that plaintiff's original and supplemental answers to Defendants' First Set of Interrogatories and responses to Request for Production of Documents are evasive and/or incomplete and require supplementation.

  Defendants served interrogatories on plaintiff on March 3, 2005. Plaintiff's initial answers were entirely unresponsive, incomplete and evasive. Accordingly, on July 6, 2005, defendants' requested supplemental answers. Plaintiff then filed a supplemental response to her answers on August 2, 2005; however, the answers remain inadequate, incomplete and evasive. Moreover, since August 2005, defendants have not received any further Answers to Interrogatories. Consequently, defendants intend to move to compel further Answers to Interrogatories 2, 3, 5, 7, 8, 10 and 12-24.

  Specifically, in answer nos. 2, 3 and 12, plaintiff states that she "is in the process of gathering full details and will forward them as soon as she can", but has yet to do so. In answer nos. 5, 8, 13 and 15-24, plaintiff states, "[a]s discovery is still ongoing, plaintiff reserves the right to amend or supplement this response at any time until the close of discovery as additional

KOPELMAN AND PAIGE, P.C.
Deborah L. Cornwall, Esq.
April 5, 2007
Page 3

receive a response within ten (10) days, defendants will file a Motion to Compel pursuant to Fed. R. Civ. P. 37(a)(2). I look forward to hearing from you.

                Very truly yours,

                Joseph L. Tehan, Jr.

JLT/JMA/er
cc:    Board of Selectmen
       Police Chief
       Robert N. Feldman, Esq.
311257.2/AYER/0053

KOPELMAN AND PAIGE, P.C.
Deborah L. Cornwall, Esq.
April 5, 2007
Page 2

information becomes available and in light of subsequent discovery and depositions", but again has failed to prove any supplementation  Further, in Answer Nos. 12-19 and 21-24, plaintiff merely refers to her Complaint.  Defendants deem such responses as non-responsive, incomplete, evasive and contrary to Fed. R. Civ. P. 37(a)(3) and 33, which prohibits mere references to the Complaint as interrogatory responses.  Rickles, Inc. v. Frances Denney Corp., 508 F. Supp. 4, 7 (D. Mass. 1980).

In addition, in several interrogatory answers, plaintiff references "public documents" which allegedly contain responsive information.  Such non-specific information, which references unspecified documents, is not permitted pursuant to Fed. R.Civ. P. 33.  Rule 33 provides "[w]here the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served…it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained …".  For the production of business records "to apply, [a party] has to specify which of the documents contain the information sought by defendants." Puerto Rico Aqueduct and Sewer Authority v. Clow Corp., 108 F.R.D. 304, 307 (D.P.R.,1985) (citing Budget Rent-A-Car of Mo., Inc. v. Hertz Corp., 55 F.R.D. 354, 357-358 (W.D.Mo.1972)) (Emphasis supplied).  Plaintiff has failed to specifically identify which documents provide a responsive answer to defendants' interrogatories in violation of Fed. R. Civ. P. 33.

Defendants also intend to move to compel supplemental responses to Defendants' First Request for Production of Documents, Nos. 1-7 and 9-14, which were served on March 3, 2005. Specifically, plaintiff responded to request nos. 1-7, 9-12 and 14 that "[a]s discovery is still ongoing, however, plaintiff reserves the right to supplement this response based upon information and items covered during the pendency of this proceeding and up until the close of discovery." Plaintiff, however, has failed to timely and sufficiently supplement her responses.  For example, in response to Request No. 9, plaintiff has failed to produce a tape recording or transcript of Brenda Marsha's interview with Barry Scheck, which is believed to be currently in plaintiff's control. (See Grand Jury Testimony of Brenda Marsh, June 21, 2001, p. 64).  Further, defendants maintain that merely referring to "documents produced by the City [sic] in response to Plaintiff's First Set of Requests for Production of Documents" is an insufficient response to defendants' Request pursuant to Fed. R. Civ. P. 34 and 37(a)(3).

As you know, the fact discovery deadline is quickly approaching.  In light of the upcoming deadline, please forward all supplemental responses within ten (10) days.  If I do not