UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BETTY ANNE WATERS, as Administratrix of the Estate of KENNETH WATERS, )<br><br>Plaintiff, )<br><br>v. )<br><br>TOWN OF AYER, NANCY TAYLOR-HARRIS, in her individual capacity, ARTHUR BOISSEAU, in his individual capacity, BUDDY DECOT, in his individual capacity, WILLIAM ADAMSON, in his individual capacity, PHILIP L. CONNORS, in his individual capacity, and JOHN DOE and JANE DOES 1–16, in their individual capacities, )<br><br>Defendants. ) | Case No. 04 Civ. 10521 (GAO)<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |

Comes Now Plaintiff and responds to Defendants' First Request for Production of

Documents as follows.  By responding to these requests for production, plaintiff does not waive

any privileges or objections.

1.      All DNA test results or reports concerning or relating to plaintiff's decedent's

involvement or lack thereof in the murder of Katherina Brow.

RESPONSE:  Plaintiff has already produced all discoverable documents presently

in her possession, including any and all that might be responsive to this request.  See log of

documents sent to defendants' counsel on July 19, 2004, attached hereto as Exhibit A.  As

discovery is still ongoing, however, plaintiff reserves the right to supplement this response based

upon information and items discovered during the pendency of this proceeding and up until the

1

close of discovery.

2.      All records, bills and invoices which evidence any expenses incurred by the plaintiff or

her decedent as a result of the damages alleged in the Complaint.

RESPONSE: There are no responsive documents in plaintiff's custody at this

time. As discovery is still ongoing, however, plaintiff reserves the right to supplement this

response based upon information and items discovered during the pendency of this proceeding

and up until the close of discovery.

3.      Each photograph which the plaintiff intends to introduce as evidence at the trial of this

matter.

RESPONSE: Plaintiff has already produced all discoverable documents presently

in her possession, including any and all that might be responsive to this request. See log of

documents sent to defendants' counsel on July 19, 2004, attached hereto as Exhibit A. As

discovery is still ongoing, however, plaintiff reserves the right to supplement this response based

upon information and items discovered during the pendency of this proceeding and up until the

close of discovery. In addition, your attention is directed to crime scene photographs produced

by the City in response to Plaintiff's First Set of Requests for Production of Documents.

4.      All photographs which evidence the injuries and/or damages sustained by the plaintiff or

her decedent as described in the Complaint.

RESPONSE: Plaintiff has already produced all discoverable documents presently

in her possession, including any and all that might be responsive to this request. See log of

documents sent to defendants' counsel on July 19, 2004, attached hereto as Exhibit A. At this

stage, plaintiff is not aware of any additional responsive items. As discovery is still ongoing,

2

however, plaintiff reserves the right to supplement this response based upon information and

items discovered during the pendency of this proceeding and up until the close of discovery.

5.    Any written statement, signed or unsigned, by each defendant, their agents, servants or

employees, which relates in any way to the occurrence giving rise to the plaintiff's

damages, and the surrounding circumstances.

RESPONSE: Plaintiff has already produced all discoverable documents presently

in her possession, including any and all that might be responsive to this request. See log of

documents sent to defendants' counsel on July 19, 2004, attached hereto as Exhibit A. In

addition, your attention is directed to documents produced by the City in response to Plaintiff's

First Set of Requests for Production of Documents. Finally, other responsive documents can be

found in the public Middlesex Superior Court file, those of which that are in plaintiff's custody

are attached. See documents from the Middlesex Superior Court file, in Docket No. 82-4115,

attached hereto as Exhibit B. As discovery is still ongoing, plaintiff reserves the right to

supplement this response based upon information and items discovered during the pendency of

this proceeding and up until the close of discovery.

6.    Any written statement, signed or unsigned, by any eyewitness to the occurrence of the

plaintiff's damages, or the surrounding circumstances.

RESPONSE: Plaintiff has already produced all discoverable documents presently

in her possession, including any and all that might be responsive to this request. See log of

documents sent to defendants' counsel on July 19, 2004, attached hereto as Exhibit A. In

addition, your attention is directed to documents produced by the City in response to Plaintiff's

First Set of Requests for Production of Documents. Finally, other responsive documents can be

found in the public Middlesex Superior Court file, those of which that are in plaintiff's custody are attached. See documents from the Middlesex Superior Court file, in Docket No. 82-4115, attached hereto as Exhibit B. As discovery is still ongoing, plaintiff reserves the right to supplement this response based upon information and items discovered during the pendency of this proceeding and up until the close of discovery.

7.    Copies of all signed and/or unsigned statement or statements (sic) recorded by mechanical and/or electronic means made by any agent, servant, or employee of the defendants which are in the possession of the plaintiff or under her control and which relate directly or indirectly to the incident described in the Complaint.

RESPONSE: Plaintiff has already produced all discoverable documents presently in her possession, including any and all that might be responsive to this request. See log of documents sent to defendants' counsel on July 19, 2004, attached hereto as Exhibit A. In addition, your attention is directed to documents produced by the City in response to Plaintiff's First Set of Requests for Production of Documents. Finally, other responsive documents can be found in the public Middlesex Superior Court file, some of which the plaintiff has attached. See documents from the Middlesex Superior Court file, in Docket No. 82-4115, attached hereto as Exhibit B. As discovery is still ongoing, plaintiff reserves the right to supplement this response based upon information and items discovered during the pendency of this proceeding and up until the close of discovery.

8.    Any document comprising, reflecting or memorializing any agreement or arrangement between plaintiff (or her attorneys) and the Massachusetts State Police and/or the Middlesex District Attorney's Office concerning the decision not to join said entities,

their agents, employees or servants as defendants in this action.

     RESPONSE:  No such documents exist.

9.     All documents and materials pertaining to or concerning the prosecution of plaintiff's

decedent, the appeal from his conviction and his subsequent motion for a new trial.

     RESPONSE:  Plaintiff has already produced all discoverable documents presently

in her possession, including any and all that might be responsive to this request.  See log of

documents sent to defendants' counsel on July 19, 2004, attached hereto as Exhibit A.  In

addition, your attention is directed to documents produced by the City in response to Plaintiff's

First Set of Requests for Production of Documents.  Finally, other responsive documents can be

found in the public Middlesex Superior Court file, those of which that are in plaintiff's custody

are attached.  See documents from the Middlesex Superior Court file, in Docket No. 82-4115,

attached hereto as Exhibit B.  The entire court file is equally available to all parties at the

Middlesex Superior Court.  As discovery is still ongoing, plaintiff reserves the right to

supplement this response based upon information and items discovered during the pendency of

this proceeding and up until the close of discovery.

10.    All hospital records of medical history and treatment of each hospital at which the

plaintiff's decedent was treated as a result of the injuries described in the Complaint.

     RESPONSE:  Plaintiff has already produced all discoverable documents presently

in her possession, including any and all that might be responsive to this request.  See log of

documents sent to defendants' counsel on July 19, 2004, attached hereto as Exhibit A.  As

discovery is still ongoing, however, plaintiff reserves the right to supplement this response based

upon information and items discovered during the pendency of this proceeding and up until the

close of discovery.

11.    All records, bills and invoices which evidence the reasonable and necessary medical

expenses incurred by the decedent as a result of the injury and damage described in the

Complaint.

RESPONSE: Plaintiff has already produced all discoverable documents presently

in her possession, including any and all that might be responsive to this request. See log of

documents sent to defendants' counsel on July 19, 2004, attached hereto as Exhibit A. As

discovery is still ongoing, however, plaintiff reserves the right to supplement this response based

upon information and items discovered during the pendency of this proceeding and up until the

close of discovery.

12.    All records which evidence any actual loss of wage or salary by the plaintiff's decedent

as a result of the injury described in the Complaint.

RESPONSE: Plaintiff has already produced all discoverable documents presently

in her possession, including any and all that might be responsive to this request. See log of

documents sent to defendants' counsel on July 19, 2004, attached hereto as Exhibit A. As

discovery is still ongoing, however, plaintiff reserves the right to supplement this response based

upon information and items discovered during the pendency of this proceeding and up until the

close of discovery.

13.    All records which evidence any alleged diminution of past and future earning capacity by

the plaintiff's decedent as a result of the injuries described in the Complaint.

RESPONSE: Plaintiff objects. This request prematurely calls for expert opinion

to be provided at a later stage pursuant to the Court's scheduling order and Fed. R. Civ. Pro.

6

26(a)(2)(C).  Plaintiff has nonetheless already produced all discoverable documents presently in

her possession, including any and all that might be responsive to this request.  <u>See</u> log of

documents sent to defendants' counsel on July 19, 2004, attached hereto as Exhibit A.  As

discovery is still ongoing, however, plaintiff reserves the right to supplement this response based

upon information and items discovered during the pendency of this proceeding and up until the

close of discovery.

14.    Any and all exhibits which plaintiff intends to offer at trial.

        <u>RESPONSE</u>:  Items responsive to this request have not yet been identified by

plaintiff.  As discovery is still ongoing, however, plaintiff reserves the right to supplement this

response based upon information and items discovered during the pendency of this proceeding

and up until the close of discovery.

                            Respectfully submitted,

Dated: May ___ , 2005        _____

                            Deborah L. Cornwall, Esq. (DC 2186)
                            Barry C. Scheck, Esq. (BS 4612)
                            COCHRAN NEUFELD & SCHECK, LLP
                            99 Hudson Street, 8th Floor
                            New York, NY 10013
                            Tel. (212) 965-9081 / Fax (212) 965-9084

                            Howard Friedman, Esq. (BBO #180080)
                            Law Offices of Howard Friedman
                            90 Canal St., 5th Floor
                            Boston, MA 02114-2022
                            Tel. (617) 742-4100 / Fax (617) 742-5858

                            **Attorneys for Plaintiff Betty Anne Waters**

## Certificate of Service

I, Julie Beicken, being over eighteen years of age, hereby certify pursuant to the laws of the Commonwealth of Massachusetts that I served the following persons by sending this Plaintiff's Response to Defendant's First Request for Production to those listed below by overnight carrier, this 13th day of May, 2005.

Joseph L. Tehan, Jr.
Gregg J. Corbo
Kopelman & Paige, PC
31 St. James Avenue, 7th Floor
Boston, MA 02116-4102

Julie Beicken