UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BETTY ANNE WATERS, as<br>Administratrix of the Estate of<br>KENNETH WATERS,<br><br>        Plaintiff,<br>   v.<br><br>TOWN OF AYER,<br>NANCY TAYLOR-HARRIS,<br>ARTHUR BOISSEAU,<br>BUDDY DECOT,<br>WILLIAM ADAMSON,<br>PHILIP L. CONNORS,<br>JOHN AND JANE DOES 1-16,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION<br>)   NO. 04-10521-GAO<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## SCHEDULING ORDER AND
## ORDER ON MOTIONS TO COMPEL

On May 22, 2007, this court held a scheduling conference pursuant to Fed. R. Civ. P. 16(a) and a hearing to consider pending motions, including the following: (1) "Plaintiff's Motion to Compel Discovery" (Docket No. 77); (2) "Defendants' Motion to Compel Discovery Responses" (Docket No. 79); and (3) "Defendants' Motion to Compel Discovery Responses (Criminal Defense Files)" (Docket No. 80). After consideration of the parties' submissions and their oral presentations, the court hereby ORDERS as follows:

    1.    The plaintiff's motion to compel (Docket No. 77) is ALLOWED IN PART and DENIED IN PART as follows:

      a.    By **June 8, 2007**, the defendants shall produce police reports, reports of internal investigations into complaints or other allegations of police misconduct, trial transcripts, trial exhibits and evidence logs concerning the investigation of Ernest Downing, the Ties incident and the investigation of Stanley Randall.

      b.    The defendants shall identify, by **June 8, 2007**, any court cases filed against the Town of Ayer or the Ayer police, and any complaints of misconduct against any police officers that were brought internally or by members of the public, during the time period from January 1, 1978 through December 31, 1985. To the extent that this order is unduly burdensome or raises particular issues pertaining to privacy, the defendants may file an appropriate motion with the court.

      c.    The defendants are not required to reproduce information that has been produced in the litigation regarding Dennis Maher. Plaintiff's counsel may use information produced in the Maher case for purposes of the instant action, subject to any applicable confidentiality or other limitations regarding the use of such information in the instant case.

2.    The defendants' motion to compel discovery responses (Docket No. 79) is DENIED. However, the parties shall comply with the following:

      a.    By **May 29, 2007**, the defendants shall send a letter to plaintiff's counsel listing the names of any witnesses for whom the defendants require additional information and identifying any entries on the plaintiff's privilege log that they contend are inadequate and why those entries are insufficient. If the parties are unable to resolve any disputes, they may file any appropriate motions with the court.

      b.    Plaintiff's counsel, after conferring with the plaintiff, shall confirm in a letter to defendants' counsel that there are no further medical providers for Mr. Waters that have not been disclosed, or shall provide identifying information for such medical providers.

3. The defendants' motion to compel discovery responses pertaining to criminal defense files (Docket No. 80) is ALLOWED IN PART and DENIED IN PART as follows:

    a. The plaintiff shall review defense attorney files pertaining to Mr. Waters' criminal case through the appeal to the Supreme Judicial Court and shall produce, by **June 8, 2007**, any documents which refer or relate to information that the plaintiff now claims the defendants wrongfully failed to disclose, subject to the next paragraph.

    b. By **June 8, 2007**, the plaintiff shall submit to the court for an in camera review any documents identified in the previous paragraph for which the plaintiff is asserting a privilege. The plaintiff shall include a statement describing why such documents should be withheld as privileged.

4. The parties shall comply with the following schedule:

    a. The plaintiff may depose Mr. Boisseau for one hour. The deposition shall be limited to questions concerning Mr. Boisseau's sweep for fingerprints that allegedly took place three years after the underlying crime at issue in this case.

    b. The defendants shall file any motions to strike experts within two (2) weeks following the plaintiff's disclosure of experts. In connection with any motions to strike, the defendants shall specifically reserve their right to identify rebuttal experts on a specific topic if the motion to strike is denied.

    c. The parties shall comply with the remaining scheduling deadlines set forth in their Joint Motion to Amend Scheduling Order (Docket No. 64).

/s/ Judith Gail Dein

Judith Gail Dein
United States Magistrate Judge

Dated: May 23, 2007