UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BETTY ANNE WATERS, as ) <br> Administratrix of the Estate of ) <br> KENNETH WATERS, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> TOWN OF AYER, et al., ) <br> ) <br> Defendants. ) | CIVIL ACTION <br> NO. 04-10521-GAO |

## ORDER RE PRODUCTION OF PRIVILEGED DOCUMENTS

This court has completed its in camera review of the documents produced in accordance with this court's order of May 23, 2007. Based on this review, this court finds as follows:

1. The plaintiff has properly asserted a work-product and/or attorney-client privilege with respect to all the documents produced for in camera review.

2. The plaintiff has based her Brady claim on the grounds that the government allegedly wrongfully failed to disclose (1) that it had taken possession of Mr. Waters' time card; (2) that useable "non-smeared" latent fingerprints were collected from the crime scene; and (3) that Brenda Marsh and Roseanna Perry were wrongfully pressured and/or made undisclosed promises, rewards or inducements in exchange for their false testimony (hereinafter, the "Brady information"). This court has concluded that evidence that the government had, in fact, conveyed such information to Mr. Waters' defense

counsel should be produced, even if contained in a privileged document. Since so many years have passed, records and files have been lost and destroyed, and witnesses have died, or their memories have failed. Therefore, the defendants in the instant case have established a substantial need for the material and an inability to obtain it from another source. See Fed. R. Civ. P. 26(b)(3).[1]

3.     Based on this analysis, this court orders that Document D000713 be produced. The last paragraph, beginning with "Please," may be redacted.

4.     This document shall be produced within seven (7) days of the date of this order.

                                                   / s / Judith Gail Dein
                                                   Judith Gail Dein
                                                   United States Magistrate Judge

DATED: June 14, 2007

---

[1] Documents which indicate that other witnesses may have suggested that the Brady information was true and/or should have existed remain privileged. This court finds that only information which describes what the government actually revealed is of sufficient importance to overcome the privilege.