UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BETTY ANNE WATERS, as Administratrix of the Estate of KENNETH WATERS, <br><br> Plaintiff, <br><br> v. <br><br> TOWN OF AYER, NANCY TAYLOR-HARRIS, in her individual capacity, ARTHUR BOISSEAU, in his individual capacity, BUDDY DECOT, in his individual capacity, WILLIAM ADAMSON, in his individual capacity, PHILIP L. CONNORS, in his individual capacity, and JOHN DOE and JANE DOES 1–16, in their individual capacities, <br><br> Defendants. | Case No. 04 10521 (GAO) (JGD) <br><br> **PLAINTIFF BETTY ANNE WATERS' RULE 16 MOTION TO AMEND THE SCHEDULING ORDER TO ALLOW FOR A THREE-WEEK EXTENSION ON THE JULY 2, 2007 EXPERT DISCLOSURE DEADLINE FOR THOSE EXPERTS WHO WILL RELY ON EVIDENCE DISCLOSED AFTER THE DISCOVERY DEADLINE** |

Plaintiff Betty Anne Waters hereby moves pursuant to Rule 16 to amend the scheduling order to grant her a three-week extension on the current July 2, 2007 deadline for expert disclosures, solely for those experts whose reports will rely on discovery disclosed after the May 18, 2007 fact discovery deadline. On June 12, 2007, opposing counsel was asked for its consent to the extension and notified of our intent to file a motion should they not consent. (*See* Ex. 1.) No answer has yet been received, but, given that there are only two weeks left until the deadline, the motion has been filed nonetheless in hopes of securing the Court's guidance sufficiently in advance of the deadline to take the appropriate steps.

There is good cause for this application. First, as per the Court's order, defendants

disclosed additional *Monell* discovery on or about June 8, 2007.  Of the stack of approximately 50 pages that were disclosed, quite a few were illegible.  A request has been made for clearer copies.  (*See* Ex. 1.)  In addition, also as per the Court's order, plaintiff's counsel took a renewed hour long deposition of defendant Arthur Boisseau regarding whether, as codefendant Nancy Taylor Harris testified, he went back to the victim's house three years after the murder, on the eve of trial, to dust again for prints.  The transcript of that deposition will not be available for transmission to our experts until Wednesday, June 20th.

In addition, undersigned counsel for the plaintiff has communicated to defense counsel lingering concerns about whether all discoverable materials have been disclosed, and no response has yet been received.  For example, despite the Court's ruling, it appears that no documents pertaining to former APD officer Ernest Downing were produced in the recent *Monell* production, despite the fact that one would expect the APD to have generated reports of its internal investigation into the criminal allegations against its own officer.

At the same time, the production did include a number of typed Ayer Police Department "daily log" entries from dates in 1981.  This fact raises the question of why "daily log" entries for investigative acts done in connection with the Ayer murder investigation were never disclosed.[1]  The recently disclosed existence of daily logs from 1981 gives counsel more than a good-faith basis to believe that the APD is still in custody and control of its logs during the time period that encompassed the investigation of the Brow murder, which began the day of the

---

[1] Plaintiff's initial Rule 34 demand included a request for "any and all documents pertaining to the investigation of the May 21, 1980 murder of Katherina Reitz Brow, including without limitation, the complete files of the APD... evidence logs; investigative reports and supplements; notes; memobooks and logbooks...," (Plaintiff's First RFP, #1, April 1, 2005), which clearly contemplated production of daily logs if any existed.

murder, May 21, 1980, and continued until Mr. Waters's conviction on May 11, 1983. (*See* Ex. 1.) These materials could be critical evidence of what, if any, additional actions were taking during the investigation that were not reduced to supplement reports by individual officers – or, on the other hand, could provide additional corroboration that certain acts that should have been conducted were never, in fact, done. A request for these records has been made to defense counsel, but there has not yet been any response.

For the foregoing reasons, plaintiff respectfully requests a three-week extension on the deadline for disclosing experts who will rely on newly disclosed evidence and any evidence yet to be disclosed.

Dated: June 15, 2007      Respectfully submitted,
       New York, NY

/s/ Deborah L. Cornwall
Barry C. Scheck (BS 4612)
Deborah L. Cornwall (DC 2186)
Monica Shah (MS 9846)
COCHRAN NEUFELD & SCHECK, LLP
99 Hudson Street, 8th Floor
New York, NY 10013
Tel. (212) 965-9081 / Fax (212) 965-9084

Robert N. Feldman
BIRNBAUM & GODKIN, LLP
280 Summer Street
Boston, MA 02210-1108
Tel. (617) 307-6130 / Fax (617) 307-6101

***Attorneys for Plaintiff Betty Anne Waters***

## **PROOF OF SERVICE**

      I, Micah West, being over eighteen years of age, hereby certify pursuant to the laws of the Commonwealth of Massachusetts that I served the following persons copies of this motion by mail and electronic filing on this 15th day of June, 2007.

Joseph L. Tehan, Jr.
Gregg J. Corbo
Jeffrey T. Blake
Kopelman & Paige, PC
101 Arch Street, 12th Floor
Boston, MA 02116

Robert N. Feldman
Birnbaum & Godkin, LLP
280 Summer Street
Boston, MA 02210-1108


        /s/ Micah West
        Micah West