UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BETTY ANNE WATERS, as | ) | |
| Administratrix of the Estate of | ) | |
| KENNETH WATERS, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| v. | ) | NO. 04-10521-GAO |
| | ) | |
| TOWN OF AYER, NANCY | ) | |
| TAYLOR-HARRIS, ARTHUR | ) | |
| BOISSEAU, BUDDY DECOT, | ) | |
| WILLIAM ADAMSON, | ) | |
| PHILIP L. CONNORS, | ) | |
| JOHN AND JANE DOES 1-16, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER OF CONTEMPT

On May 9, 2007, defendants Town of Ayer, Nancy Taylor-Harris, Arthur Boisseau, William Adamson and Philip Connors ("Defendants") filed a motion, pursuant to Fed. R. Civ. P. 45(e), seeking an order holding third-party Roseanna C. Baggesen a/k/a Roseanna Perry a/k/a Roseanna C. Peterson a/k/a Rosie A. Perry ("Ms. Baggesen") in contempt for failure to comply with two Deposition Subpoenas. The Deposition Subpoenas were duly served upon Ms. Baggesen on March 22, 2007 and April 6, 2007, but the witness failed to appear at a deposition scheduled for May 4, 2007 or to communicate any reason for her failure to appear. According to the Defendants, Ms. Baggesen appears to be a critical witness in this case.

On May 22, 2007, this court issued an Order to Show Cause, which unambiguously directed Ms. Baggesen to appear in person before this court on Wednesday, June 20, 2007, at 10:00 a.m to show cause as to why she should not be held in contempt for failing to appear at the deposition. Although Ms. Baggesen was served with copies of the Order to Show Cause, she failed to appear before this court for the scheduled hearing.

"Evasion of a deposition subpoena constitutes an obstruction of the administration of justice. A court is entitled to have its orders obeyed." In re Barnicle, 800 F. Supp. 1021, 1023 (D.N.H. 1992). Moreover, it is axiomatic that "courts have inherent power to enforce compliance with their lawful orders through civil contempt." Spallone v. United States, 493 U.S. 265, 276, 110 S. Ct. 625, 632, 107 L. Ed. 2d 644 (1990) (quoting Shillitani v. United States, 384 U.S. 364, 370, 86 S. Ct. 1531, 1535, 16 L. Ed. 2d 622 (1966)). "Sanctions for civil contempt may be imposed to coerce obedience to court orders, or to compensate parties pursuing a contempt action for injuries resulting from contemptuous behavior, or both." Barnicle, 800 F. Supp. at 1024.

This court finds that Ms. Baggeson is in contempt of this court's orders. Furthermore, in light of Ms. Baggeson's failure to comply with both the Deposition Subpoenas and with this court's Order to Show Cause, it is hereby ORDERED as follows:

1.  By **July 13, 2007**, Ms. Baggeson shall contact the Defendants' attorney, Joseph L. Tehan, Jr., by calling him at his office at Kopelman and Paige, P.C. at (617) 556-0007, to schedule her deposition. If Ms. Baggeson is unable to contact Attorney

Tehan within the required time, she shall notify the court of her inability to do so by **July 13, 2007** by calling the Clerk's Office at (617) 748-9040.

    2.    Ms. Baggeson's deposition shall take place no later than **August 13, 2007**.

    3.    Any failure by Ms. Baggeson to comply with paragraphs 1 and 2 above shall result in monetary sanctions against Ms. Baggeson representing reasonable attorney's fees incurred by the parties in seeking to compel Ms. Baggeson's deposition testimony. In addition, if Ms. Baggeson fails to comply with this Order, the Defendants may file a motion to have her detained by the United States Marshal.

    4.    Nothing herein shall preclude any party from filing appropriate motions regarding the use of Ms. Baggeson's prior statements or other testimony at trial.

    5.    Defendants shall serve a copy of this order forthwith on Ms. Baggesen.

                                / s / Judith Gail Dein
                                Judith Gail Dein
                                United States Magistrate Judge

DATED:  June 21, 2007