**COCHRAN NEUFELD & SCHECK, LLP**
99 Hudson Street
New York, New York 10013
———
Tel: 212-965-9081
Fax: 212-965-9084

Peter J. Neufeld
Barry C. Scheck
Nick J. Brustin
Debi Cornwall
———

Jennifer E. Laurin
Monica R. Shah
Anna Benvenutti Hoffmann

Johnnie L. Cochran, Jr.
(1937-2005)

July 31, 2007

**BY E-FILING**

Hon. Judith G. Dein
U.S. Magistrate Judge
United States District Court
District of Massachusetts
1 Courthouse Way
Boston, Massachusetts 02210

Re:    **Waters v. Town of Ayer et al.**, No. 04 Civ. 10521 (GAO)(JGD)

Dear Magistrate Dein:

I represent plaintiff Betty Anne Waters in the above-referenced case. At the suggestion of Your Honor's Clerk, I write to request a phone conference on Thursday, August 2, 2007, regarding a new discovery matter in this case. Given that discovery formally closed on May 18 and our expert report deadline of August 23 is quickly approaching, we felt that a phone conference might be preferable to a more traditional briefing schedule to address this new issue. I have attempted to confer with opposing counsel regarding this requested telephonic conference by contacting counsel's office by telephone and email this morning and have just learned that they oppose the scheduling of a phone conference without the benefit of briefing.

The present issue relates to a category of recently-produced materials by the defendants. As you may recall, this Court granted plaintiff's motion to compel additional *Monell* discovery on May 22. Defendants complied on or about June 8. The production included the Ayer Police Department's "daily logs" from 1981. This was the first time the existence of any "daily logs" had been disclosed. As indicated in my correspondence to counsel, logs pertaining to this case (that is, the Brow homicide investigation) had been requested in April 2005 in our very first discovery request, but were only disclosed to us last month with that *Monell* disclosure.

After reviewing defendant's production of certain "daily logs," we promptly notified defense counsel on June 12 that we believed daily logs between May 21, 1980 (the date of the murder) and May 11, 1983 (the date Mr. Waters was convicted) pertaining to the Brow case should also be produced. After an exchange of correspondence some daily logs were ultimately

produced on or about July 23. However, as we noted to counsel, daily logs were not produced for a number of important dates.

The attached correspondence provides some additional background as to the parties' respective positions on the "daily log" issue. We respectfully request a phone conference during which we intend to seek an order requiring defendants to produce all logs during the relevant time-period.

I will be out of the country from August 3-17th; my co-counsel Rob Feldman and Monica Shah can follow up on this request in my absence if necessary.

Thank you for entertaining this request.

Sincerely,

Deborah L. Cornwall

enclosures

cc:  Jay Tehan, Esq.
     Gregg Corbo, Esq.
     Rob Feldman, Esq.