**COCHRAN NEUFELD & SCHECK, LLP**
99 Hudson Street
New York, New York 10013

Tel: 212-965-9081
Fax: 212-965-9084

Peter J. Neufeld
Barry C. Scheck
Nick J. Brustin
Debi Cornwall

Johnnie L. Cochran, Jr.
(1937-2005)

Jennifer E. Laurin
Monica R. Shah
Anna Benvenutti Hoffmann

June 12, 2007

Gregg Corbo, Esq.
Kopelman & Paige, P.C.
101 Arch St.
Boston, MA 02110

Re: *Waters v. Ayer, et al.*

Dear Mr. Corbo,

    Thank you for producing the *Monell* discovery as ordered by the Court. Several of the daily log pages are illegible though. I imagine they are the lighter copies of those you produced; we are in the process of having them scanned and bates-stamped. We will forward you bates numbers and copies of the illegible pages so you can forward legible copies as soon as possible so we can forward them to our experts.

    Please confirm whether the Ayer PD has any Downing records responsive to Judge Dein's order. We were surprised at the lack of even any internal investigation records pertaining to the charges against him.

    In addition, given that you were able to produce daily logs from other cases in 1981, in the midst of the Brow investigation, we have a good-faith basis to believe you are in custody and control of daily log entries pertaining to the Brow investigation, which as you know continued from 5/21/1980 through Mr. Waters's conviction on 5/11/83. These entries were requested in our initial demands for "any and all documents pertaining to the investigation of the May 21, 1980 murder of Katherina Reitz Brow, including without limitation, the complete files of the APD... evidence logs; investigative reports and supplements; notes; memobooks and logbooks...." (Plaintiff's First RFP, #1, April 1, 2005.) Please let us know whether you will produce these logs or whether we need to file a motion with Judge Dein.

    Finally, in light of these recent disclosures and Mr. Boisseau's second deposition, which will take some time to transcribe, we are considering asking for more time for those of our expert reports that will rely on this new information. Please advise whether you are amenable to a 3-

week adjournment of our July 2 expert deadline for that category of reports or whether we need to file a disputed motion with the Court.

Thank you for your assistance.

Sincerely,

Deborah L. Cornwall

cc:   Rob Feldman
      Jay Tehan (via email only)
      Jeffrey T. Blake (via email only)
      Janelle Austin (via email only)

# Debi Cornwall

| | |
|---|---|
| **From:** | Gregg J. Corbo [GCorbo@k-plaw.com] |
| **Sent:** | Tuesday, June 19, 2007 3:12 PM |
| **To:** | Debi Cornwall |
| **Subject:** | RE: Waters v. Ayer - Proposed Assented-to Motion |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Red |

Debbi:

We have recopied the documents that you claimed were illegible and I will give those copies to Rob when I see him tomorrow.

With respect to the "daily logs", in the Town's response to the plaintiff's first requests for production of documents, request no. 1, the Town indicated that such documents were previously provided as part of the Town's voluntary disclosure. I have reviewed the Town's voluntary disclosure and confirmed that in response B(2) you were provided with numerous reports dated after May 21, 1980 which appear to comprise daily logs. Although the format of these documents appears to be different than the logs produced with respect to the Ties matter, the documents provided a running account of the Brow investigation. Therefore, it would appear that the "daily logs" have been produced. In the interests of full disclosure, however, I have asked Chief Rizzo to re-check his files to determine whether any documents have been inadvertently omitted. If anything is found, we will provide it to you.

Finally, you have been provided with all responsive documents in the Town's possession regarding the Downing matter.

Very truly yours,

Gregg J. Corbo, Esq.
Kopelman and Paige, P.C.
101 Arch Street
12th Floor
Boston, MA 02110
(617) 556-0007
(617) 654-1735 (fax)
gcorbo@k-plaw.com

This message and the documents attached to it, if any, are intended only for the use of the addressee and may contain information that is PRIVILEGED and CONFIDENTIAL and/or may contain ATTORNEY WORK PRODUCT. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please delete all electronic copies of this message and attachments thereto, if any, and destroy any hard copies you may have created and notify me immediately.

---

**From:** Debi Cornwall [mailto:debi@cnscivilrights.com]
**Sent:** Tuesday, June 19, 2007 12:38 PM
**To:** Gregg J. Corbo; Jay Tehan; Jeffrey T. Blake; Janelle M. Austin
**Cc:** Monica Shah; Micah West; bcsinnocence@aol.com; Robert Feldman
**Subject:** RE: Waters v. Ayer - Proposed Assented-to Motion

Mr. Corbo,

Mr. Tehan referred me to you in reference to all pending discovery matters – including our need for legible copies of the Monell daily logs, new production of daily logs from the Brow investigation, and Downing reports responsive to the Judge's order. I sent you a letter last week and followed up with several additional messages but have not heard any response from you. Please advise as to your position so that I can take it up with the Court promptly if necessary.

Thank you.

Best,
Debi

7/31/2007

# Debi Cornwall

| | |
|---|---|
| **From:** | Gregg J. Corbo [GCorbo@k-plaw.com] |
| **Sent:** | Monday, July 02, 2007 12:03 PM |
| **To:** | Debi Cornwall |
| **Cc:** | Jay Tehan; Monica Shah; Barry Scheck (E-mail); Robert Feldman; Emily Gordon; Janelle M. Austin; Jeffrey T. Blake |
| **Subject:** | RE: Waters - Daily Logs |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Red |

Dear Ms. Cornwall:

As I informed you by e-mail dated June 19, 2007, we do not currently have possession of any such logs, but we have asked Chief Rizzo to re-check the Police Department's files. As of this date, I have not heard back from him, and he is on vacation this week. If he finds anything, we will forward it to you.

Very truly yours,

Gregg J. Corbo, Esq.
Kopelman and Paige, P.C.
101 Arch Street
12th Floor
Boston, MA 02110
617) 556-0007
617) 654-1735 (fax)
gcorbo@k-plaw.com

This message and the documents attached to it, if any, are intended only for the use of the addressee and may contain information that is PRIVILEGED and CONFIDENTIAL and/or may contain ATTORNEY WORK PRODUCT. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please delete all electronic copies of this message and attachments thereto, if any, and destroy any hard copies you may have created and notify me immediately.

---

**From:** Debi Cornwall [mailto:debi@cnscivilrights.com]
**Sent:** Monday, July 02, 2007 11:47 AM
**To:** Gregg J. Corbo
**Cc:** Jay Tehan; Monica Shah; Barry Scheck (E-mail); Robert Feldman; Emily Gordon; Janelle M. Austin; Jeffrey T. Blake
**Subject:** Waters - Daily Logs

Dear Mr. Corbo,

I just left you another message and wanted to follow up in writing. Please advise prior to July 4 whether you will be providing APD daily logs reflecting Brow murder investigation activities between May 21, 1980 and Mr. Waters's conviction on May 11, 1983. As we have indicated in prior communications, the reports written by Chief Adamson that span a number of dates during that period of time are not the daily logs – the Adamson documents are titled "Supplement reports," whereas the newly disclosed Monell production includes documents from the same period of time specifically titled "daily logs." In addition, whereas the Adamson documents you previously provided only pertain to the Brow case, the daily logs you provided in the Monell production are not limited to a single investigation. Given the existence of "daily logs" for other investigations at precisely the same time that the Brow case was ongoing, we have a good-faith basis to believe that daily logs exist reflecting work done on the Brow case, in addition to the Adamson and other supplement reports previously disclosed.

We intend to file a motion to compel with Judge Dein on Thursday unless you commit to producing them. If you do not plan to disclose these documents, please advise of your position so I can include it in the motion.

Thanks.

Best,

7/31/2007

## Debi Cornwall

| | |
|---|---|
| From: | Gregg J. Corbo [GCorbo@k-plaw.com] |
| Sent: | Monday, July 09, 2007 1:29 PM |
| To: | Monica Shah |
| Cc: | Jeffrey T. Blake; Jay Tehan; Janelle M. Austin; Rob Feldman; Debi Cornwall; Emily Gordon |
| Subject: | RE: Waters - daily logs |
| Follow Up Flag: | Follow up |
| Flag Status: | Red |

As I previously informed you, the Chief was on vacation last week. As today is his first day back I do not know if he has had an opportunity to look for these documents. Once again, my "position" is that we will produce any discoverable material that has not already been produced, if any such material is found.

---

From: Monica Shah [mailto:monica@cnscivilrights.com]
Sent: Monday, July 09, 2007 11:40 AM
To: Gregg J. Corbo
Cc: Jeffrey T. Blake; Jay Tehan; Janelle M. Austin; Rob Feldman; Debi Cornwall; Emily Gordon
Subject: Waters - daily logs

Dear Mr. Corbo,

I am following up with you regarding the APD daily logs reflecting Brow murder investigation activities between May 21, 1980 and Mr. Waters' conviction on May 11, 1983. In previous correspondence with Ms. Cornwall last week, you indicated that you would contact Chief Rizzo regarding the matter when he returns from vacation. Please let me know whether you can commit to producing the logs. Otherwise, we intend to file a motion to compel with Judge Dein tomorrow. If you do not plan to disclose these documents, please advise of your position so I can include it in the motion.

Regards,

Monica R. Shah
Cochran Neufeld & Scheck, LLP
99 Hudson Street, 8th Floor
New York, NY 10013
Ph: (212) 965-9081
Fax: (212) 965-9084

This electronic message transmission contains information from the law firm of Cochran Neufeld & Scheck, LLP which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us by telephone (212-965-9081) immediately.

## Debi Cornwall

| | |
|---|---|
| **From:** | Gregg J. Corbo [GCorbo@k-plaw.com] |
| **Sent:** | Thursday, July 12, 2007 11:00 AM |
| **To:** | Debi Cornwall |
| **Cc:** | Jay Tehan |
| **Subject:** | Ayer Police Department Logs |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Red |

Dear Debbi:

The Police Department has located the log books for the period of time you requested. We received the logs yesterday and we are in the process of reviewing them to determine whether the logs contain any documents responsive to any of the plaintiff's discovery requests. If any such material is found, we will supplement our prior responses.

Very truly yours,

Gregg J. Corbo, Esq.
Kopelman and Paige, P.C.
101 Arch Street
12th Floor
Boston, MA 02110
617) 556-0007
617) 654-1735 (fax)
gcorbo@k-plaw.com

This message and the documents attached to it, if any, are intended only for the use of the addressee and may contain information that is PRIVILEGED and CONFIDENTIAL and/or may contain ATTORNEY WORK PRODUCT. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please delete all electronic copies of this message and attachments thereto, if any, and destroy any hard copies you may have created and notify me immediately.

7/31/2007

**COCHRAN NEUFELD & SCHECK, LLP**
99 Hudson Street
New York, New York 10013

Tel: 212-965-9081
Fax: 212-965-9084

Peter J. Neufeld
Barry C. Scheck
Nick J. Brustin
Debi Cornwall

Jennifer E. Laurin
Monica R. Shah
Anna Benvenutti Hoffmann

Johnnie L. Cochran, Jr.
(1937-2005)

July 25, 2007

**By E-mail and U.S. Mail**

Gregg J. Corbo, Esq.
Kopelman & Paige, PC
101 Arch Street, 12th Floor
Boston, MA 02110

Re:   <u>Waters v. Town of Ayer et al.</u>, No. 04 Civ. 10521

Dear Mr. Corbo:

I have received your production of daily logs. However, I note that the logs are missing for many dates for which we have police reports. Likewise, given that there are some entries in daily logs that do not correspond to any dates in APD reports disclosed to date, and out of an abundance of caution, please disclose daily logs for *every day* from May 21, 1980 through the date of Mr. Waters's conviction in mid-May, 1983.

Logs from following dates during this period are missing from your production:

6/27/80
7/30/80-8/5/80
8/9/80-8/12/80
8/14/80-8/30/80
9/1/80
9/4/80
9/6-7/80
9/10-17/80
9/19/80

1

9/21-24/80
9/26-10/1
10/3/80-11/24/80
11/26/80-12/10/80
12/12/80-12/28/80
12/30/80-1/15/81
1/17-18/81
1/20/81-2/9/81
2/17/81-9/3/81
9/5/81-10/12/81
10/14/81-11/2/81
11/4/81-12/25/81
12/27/81-6/5/82
6/7/82-5/12/83

Given that these materials were requested and due several years ago, please also advise where the logs were located, who found them, whether a thorough search has now been made for any other documents relating to this case, and why the logs were not produced sooner.

I look forward to receiving the missing logs forthwith, and no later than Wednesday, August 1, to avoid burdening the Court with further motion practice.

Sincerely,

Deborah L. Cornwall

cc.:   Rob Feldman, Esq.



# KOPELMAN AND PAIGE, P.C.
*The Leader in Municipal Law*

101 Arch Street
Boston, MA 02110
T: 617.556.0007
F: 617.654.1735
www.k-plaw.com

July 30, 2007

**Gregg J. Corbo**
gcorbo@k-plaw.com

<u>BY FACSIMILE (212) 965-9084</u>
<u>AND BY FIRST CLASS MAIL</u>

Deborah L. Cornwall, Esq.
Cochran Neufeld & Scheck LLP
99 Hudson St., 8th Floor
New York, NY 10013

Re:  Betty Anne Waters, etc., v. Town of Ayer, et al.
     C.A. No. 04-CV-10521-GAO

Dear Ms. Cornwall:

I am writing in response to your correspondence dated July 25, 2007, regarding the Ayer Police Department daily logs. Specifically, I write to address your request for the "daily logs for *every day* from May 21, 1980 through the date of Mr. Waters' conviction in mid-May 1983."

I am unaware of any prior discovery request which would require the defendants to produce every log for the dates you are requesting and, as you know, the discovery phase of this case is closed, so you cannot now expand on your prior requests. We have reviewed the logs in our possession and confirmed that the logs responsive to your prior discovery requests have been provided to you. We have also looked at the police reports and confirmed that there are no log entries on many of the dates for which there are police reports. Therefore, it is our position that no further production is required.

Very truly yours,

Gregg J. Corbo

GJC/lem
cc:  Board of Selectmen
     Police Chief
     Robert N. Feldman, Esq. (By Facsimile (617-307-6101)/Mail)

321656/01907/0053

**COCHRAN NEUFELD & SCHECK, LLP**
99 Hudson Street
New York, New York 10013

Tel: 212-965-9081
Fax: 212-965-9084

Peter J. Neufeld
Barry C. Scheck
Nick J. Brustin
Debi Cornwall

Jennifer E. Laurin
Monica R. Shah
Anna Benvenutti Hoffmann

Johnnie L. Cochran, Jr.
(1937-2005)

July 30, 2007

**By E-mail and U.S. Mail**

Gregg J. Corbo, Esq.
Kopelman & Paige, PC
101 Arch Street, 12th Floor
Boston, MA 02110

Re:    <u>Waters v. Town of Ayer et al.</u>, No. 04 Civ. 10521

Dear Mr. Corbo:

I have received your letter of today stating that all responsive logs have been provided. Our first RFP, request #1 specifically asked for "all documents" pertaining to the investigation of the May 21, 1980 murder of Katherina Reitz Brow" including, without limitation, "logbooks." I understand you to say that you have produced all the daily logs that exist in response to this request, but it is very difficult to believe that there were no log entries for the dates indicated in my last letter – in particular there are large gaps and no daily logs produced for the period between 6/7/82-5/12/83, despite the fact that the case was admittedly reopened and investigations begun anew with the call from Robert Osborne in September of 1982. Frankly, given that in prior instances your office has represented to us that you have made a complete production when in fact, after a motion to compel, more is ultimately produced, I – and I believe the Court – would be much more comfortable that we indeed have every discoverable piece of paper if you produced the logs I requested.

We will be filing a motion and will indicate your opposition.

Sincerely,

Deborah L. Cornwall

cc.:    Rob Feldman, Esq.