

3053 Research Drive, Richmond, CA 94806
(510) 222-8883
FAX (510) 222-8887
Email: ed@fsalab.com

July 19, 2007

DEBORAH L. CORNWALL, ESQ.
BARRY SCHECK, ESQ.
Cochran, Neufeld & Scheck, LLP
99 Hudson Street, 8th Floor
New York, New York 10013
(917) 237-0338 (Telephone)
(212) 965-9084 (Facsimile)

Counsel for Plaintiff:


## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS


Re:  Betty Anne Waters, as
Administratrix of the Estate of
Kenneth Waters, Plaintiff,
v.
Town of Ayer, et al., Defendants
No. 04-10521 (GAO)
Our File No. 00-628


**Declaration of Dr. Edward T. Blake**

Our File No. 00-628
**Declaration of Dr. Edward T. Blake**

Pursuant to 28 U.S.C. 1746, I, Dr. Edward T. Blake, hereby declare under penalty of perjury under the laws of the United States of America that the following is true and correct:

1.  I am a partner in the firm of Forensic Science Associates located in Richmond, California, where I have been in private practice since 1978.

2.  I have analyzed biological evidence for law enforcement, prosecution and defendants in California, Pennsylvania, Kansas, Texas, Florida, Virginia, Illinois, New York, Colorado, South Dakota, Ohio, Oregon, Wisconsin, Michigan, West Virginia, New Jersey, Washington, Alabama, Nebraska, Maryland, Iowa, and Arizona. I have been qualified as an expert in forensic serology on more than 100 occasions.

3.  My resume is attached as Exhibit 1.

4.  A list of litigated DNA cases from my laboratory is attached as Exhibit 2.

5.  In 2000, I was retained by The Innocence Project at the Benjamin N. Cardozo School of Law to conduct PCR based DNA testing on biological evidence for post-conviction review in the Middlesex County criminal case, *Commonwealth of Massachusetts v. Kenneth Waters*.

2



Our File No. 00-628
Declaration of Dr. Edward T. Blake

6. On October 27, 2000, I received the following items from Mary Kate McGilvray,

Assistant Technical Manager of Forensic Biology with the Commonwealth of

Massachusetts, Department of State Police Crime Laboratory in Sudbury,

Massachusetts via Federal Express Priority Overnight mail in a sealed envelope:

**Item**

1. Glassine envelope marked "68709; 3". [unopened at inventory]
   The letter of transmittal indicates that the envelope contains yellow
   fibers stained red/brown that were removed from a bathroom rug.

2. Glassine envelope marked "68709; 7". [unopened at inventory]
   The letter of transmittal indicates that the envelope contains a
   red/brown stained swatch from a swabbing of the area to the left of
   the light switch at the turn to the front bedroom.

3. Glassine envelope marked "68709; 8". [unopened at inventory]
   The letter of transmittal indicates that the envelope contains a
   red/brown stained swatch from a swabbing of the wall in the
   hallway to the right of the entrance to the front bedroom.

4. Glassine envelope marked "68709; 10A". [unopened at inventory]
   The letter of transmittal indicates that the envelope contains a light
   (mint) green terry cloth cutting stained red/brown, a sample of the
   cloth removed from linens and towels on the floor in front of the
   closet in the hallway.

5. Glassine envelope marked "68709; 10B.1". [unopened at
   inventory] The letter of transmittal indicates that the envelope
   contains a white cloth cutting from area 1 stained red/brown, a
   sample of the cloth removed from linens and towels on the floor in
   front of the closet in the hallway.

6. Glassine envelope marked "68709; 10B.2". [unopened at inventory] The letter of transmittal indicates that the envelope contains a white cloth cutting from area 2 stained red/brown, a sample of the cloth removed from linens and towels on the floor in front of the closet in the hallway.

7. Glassine envelope marked "68709; 10D". [unopened at inventory] The letter of transmittal indicates that the envelope contains a pink floral print cloth cutting stained red/brown, a sample of the cloth removed from linens and towels on the floor in front of the closet in the hallway.

8. Glassine envelope marked "68709; 10E". [unopened at inventory] The letter of transmittal indicates that the envelope contains a pink cloth cutting stained red/brown, a sample of the cloth removed from linens and towels on the floor in front of the closet in the hallway.

9. Glassine envelope marked "68709; 10F". [unopened at inventory] The letter of transmittal indicates that the envelope contains a multi-colored floral print cloth cutting stained red/brown, a sample of the cloth removed from linens and towels on the floor in front of the closet in the hallway.

10. Glassine envelope marked "68709; 18, Blade". [unopened at inventory] The letter of transmittal indicates that the envelope contains a swabbing from the blade of the knife that was found in the kitchen wastebasket.

11. Glassine envelope marked "68709; 18, Hilt". [unopened at inventory] The letter of transmittal indicates that the envelope contains a swabbing from the hilt of the knife that was found in the kitchen wastebasket.

12. Glassine envelope marked "68709; 18, Crevice, Side 2". [unopened at inventory] The letter of transmittal indicates that the envelope contains a swabbing from the crevice of the knife that was found in the kitchen wastebasket.



**Our File No. 00-628**
**Declaration of Dr. Edward T. Blake**

13. Glassine envelope marked "68709; 20". [unopened at inventory]
The letter of transmittal indicates that the envelope contains a
swatch stained red/brown, a swabbing from the top of the table in
the dining area.

14. Glassine envelope marked "68709; 21". [unopened at inventory]
The letter of transmittal indicates that the envelope contains brown
fibers stained red/brown that were removed from a piece of
carpeting from the living room.

15. Glassine envelope marked "68709; Control Swab". [unopened at
inventory]  The letter of transmittal indicates that this is the control
swab for the samples collected from the knife.

16. Evidence photographs: 32 4"x6" photographs, 2 Polaroid
photographs.

7. The Federal Express tracking number for the transmittal of this evidence is 8243

3225 6023.  This tracking document together with the evidence transmittal letter

is attached as Exhibit 3.

8. Our blind testing of blood deposits from the **<u>Katarina Brow</u>** crime scene revealed

male blood on a number of items from the Brow crime from an unknown male

[Unknown Male #1].

9. My report [Report 1] of this work dated January 29, 2001, co-authored with my

colleague, Allan Keel, is attached as Exhibit 4.

5

Our File No. 00-628
Declaration of Dr. Edward T. Blake

10. On February 14, 2001, I received the following items from Sharon M. Convery,

Chemist III in the DNA Unit of the Commonwealth of Massachusetts,

Department of State Police Crime Laboratory in Sudbury, Massachusetts via

Federal Express Priority Overnight service in a sealed envelope:


**Item**

17. Envelope marked "Kenneth Waters, MCI Shirley, Inmate #W-
39705" containing one similarly marked purple-topped tube of
blood.  The letter of transmittal indicates that this a reference
blood sample for Kenneth Waters.


11. The Federal Express tracking number for the transmittal of this evidence is 8258

5651 3879.  This tracking document together with the evidence transmittal letter

is attached as Exhibit 5.


12. The analysis of the **Kenneth Waters** reference sample [Item 17, above] proved

that the male blood recovered from the **Katarina Brow** crime scene could not

have originated from Kenneth Waters.


13. My report [Report 2] of this work dated February 27, 2001, co-authored with my

colleague, Allan Keel, is attached as Exhibit 6.

Our File No. 00-628
Declaration of Dr. Edward T. Blake

14. Following publication of our second report dated February 27, 2001, **Kenneth
Waters'** conviction and sentence in the murder of **Katarina Brow** were vacated
on March 16, 2001.

15. On April 26, 2001, I received the following items from Betty Anne Waters, Esq.
(75A Green End Avenue, Middletown, Rhode Island) via United States Express
Mail in a sealed envelope:

   **Item**

   18. Tape-sealed envelope marked "F. Colord; 3 Q Tips and baggie 1st
   contained in; Saliva" containing three double-sided swabs inside a
   zip-lock plastic envelope.

   19. Tape-sealed envelope marked "F. Colord; 3 Hair Samples"
   containing hair inside a zip-lock plastic envelope.

   20. Tape-sealed envelope marked "F. Colord; 2 Cigarette Butts and
   baggie 1st contained in" containing two cigarette butts.

16. The U.S. Post Office tracking number for the transmittal of this evidence is
ET425462954US. This tracking document together with the evidence transmittal
letter is attached as Exhibit 7.

17. The analysis of the "**John Doe**" reference samples eliminated **John Doe** as the source of the male blood at the **Katarina Brow** crime scene. This analysis by inference also eliminated "**Father Doe**" as the source of this blood. **John Doe** and **Father Doe** were both potential suspects in the murder of **Katarina Brow** according to Kenneth Waters' counsel.

18. My report [Report 3] of this work dated May 14, 2001, co-authored with my colleague, Allan Keel, is attached as Exhibit 8.

19. Upon completion of our work all of the State's evidence was returned to Mary McGilvray via USP Second Day Air. The evidence return letter together with the UPS tracking document is attached as Exhibit 9.

20. I have been provided with a copy of plaintiff's **Complaint and Jury Demand** dated March 15, 2004.

21. I have previously been provided with various Department of Public Safety laboratory reports and an FBI laboratory report concerning the Katheria Brow homicide investigation.

**Our File No. 00-628**
**Declaration of Dr. Edward T. Blake**

22.   If called as a witness in this action, I would testify to the facts and opinions set

forth in my three 2001 Reports.

23.   At the time of our original investigation in the *Waters* matter in 2001, The

Innocence Project was billed at our normal hourly rate of $175 per hour.

24.   Our current normal hourly rate is $200 per hour.  Counsel for plaintiff is and will

be billed at this hourly rate for all of our time and out of office time associated

with this litigation.

I declare under penalty of perjury under the laws of the United States of America

that the foregoing and the facts and opinions set forth in my attached reports are true and

correct.

Dated: July 19, 2007.

Dr. Edward T. Blake, D.Crim.