UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BETTY ANNE WATERS, as Administratrix of the Estate of KENNETH WATERS,<br><br>        Plaintiff,<br>v.<br><br>TOWN OF AYER, NANCY TAYLOR-HARRIS, in her individual capacity, ARTHUR BOISSEAU, in his individual capacity, BUDDY DECOT, in his individual capacity, WILLIAM ADAMSON, in his individual capacity, PHILIP L. CONNORS, in his individual capacity, and JOHN DOE and JANE DOES 1–16, in their individual capacities,<br><br>        Defendants. | Case No. 04 Civ. 10521 (GAO) (JGD)<br><br>**PLAINTIFF'S MOTION TO AMEND THE SCHEDULING ORDER TO RESPOND TO DEFENDANTS' PENDING MOTIONS TO STRIKE PLAINTIFF'S EXPERTS WHEN RESPONDING TO DEFENDANTS' SUMMARY JUDGMENT MOTION OR IN THE ALTERNATIVE, MOTION TO EXTEND BRIEFING SCHEDULE** |

      Plaintiff Betty Anne Waters, by counsel, moves pursuant to Fed. R. Civ. P. 16 for leave to file her brief or briefs in opposition to Defendants' pending motions to strike Plaintiff's expert reports (Docket Nos. 103-106) along with her opposition to Defendants' summary judgment motion. The last formal scheduling order (Docket entry of Dec. 6, 2006, endorsing Docket No. 64) called for summary judgment motions to be filed on November 2, 2007, with response briefs due on December 7, 2007, but the expert report extensions have already added seven weeks to that schedule (*see* Docket entries of June 18 and 20, 2007, endorsing proposals docketed as Nos. 97 and 98.).

      There is good cause for this motion since, as set forth below, the Defense motions, while entitled "motions to strike," marshal evidence and argue a summary judgment standard, and

1

therefore it would conserve judicial resources to address them in the context of summary judgment rather than piecemeal (or twice). Counsel for the defendants have been consulted pursuant to Local Rule 7.1 and oppose this motion.

Defendants have filed four separate motions to strike five expert reports in the areas of police practices (Lou Reiter), DNA (Dr. Edward Blake of Forensic Sciences and Dr. Sinha of Reliagene), fingerprint analysis (Ron Smith) and polygraphs (Charles Honts, Ph.D.). The main thrust of these motions is that the reports are "irrelevant" legally and factually, and that they are "highly prejudicial" to the Defendants. *See* Docket No. 104 at p. 1 (Honts motion); Docket No. 104. In making this argument, Defendants marshal their version of the facts, proffering approximately 112 pages of discovery (above and beyond the expert disclosures that are themselves at issue) while applying the summary judgment standard.

The Motion to Strike the Plaintiff's Fingerprint Expert Ron Smith is a good example. On the first page, the motion states that "the undisputed facts developed through discovery clearly show that Kenneth Waters' defense counsel was aware of the fact that latent prints had been recovered from the scene and that such evidence was in the custody, possession and control of the Massachusetts State Police." (Docket No. 105 at p.1.) Whether the facts are "undisputed," as Defendants claim, or disputed, as Plaintiff will show, will be determined by the Court at summary judgment. *See* Fed. R. Civ. P. 56. It would waste valuable judicial resources – and potentially give Defendants an unfair second bite at the apple[1] – for the Court to pore through the factual record once in reviewing these motions, and then again on summary judgment in just a

---

[1] Indeed, while on one hand attacking some of the reports based on Rule 702 and the Court's "gatekeeping" role, Defendants "reserve the right" to file further attacks on the experts in later briefing. *E.g.*, Docket No. 104 (Honts motion) at p. 1, n.1.

2

few months.

As such, Plaintiff respectfully requests that the scheduling order be amended so that her opposition to the pending motions to strike be due at the same time as her response to Defendants' forthcoming summary judgment motion. This proposal would not prejudice the Defendants, who have stated that they hope to avoid the expense of hiring defense experts by seeking to strike expert reports pertaining to allegedly irrelevant issues before the defense expert report deadline. But Plaintiff's proposal involves no additional expense to the Defendants. Defendants may alternatively claim prejudice in not having expert reports to present on summary judgment in response to Plaintiff's experts. Yet this scenario would be the sole result of Defendants' chosen strategy, and in any even cannot prejudice them as, by definition, a defense expert report cannot resolve a dispute of fact created by the Plaintiff's evidence and expert reports. *See* Fed. R. Civ. P. 26(a)(2)(c). On the contrary, this proposal grants Defendants even more time to find experts than does the current (or the standard) discovery schedule, which already provides them many months before summary judgment motions are due to be filed. Once summary judgment is decided, a schedule can be imposed for defense expert reports and depositions, if appropriate, without delaying a trial.

In the alternative, in the event this motion is denied, plaintiff respectfully seeks 14 days from the date this motion is decided to file her opposition to the pending motions to strike. (In pre-filing negotiations Plaintiff proposed filing this as an emergency motion given that her time to prepare and file opposition briefs may run out while this motion is pending, but Defendants opposed that on procedural grounds.)

Dated: September 10, 2007

Respectfully submitted:

BETTY ANNE WATERS

By: _____/s/ Deborah L. Cornwall_____
Deborah L. Cornwall, Esq. (DC 2186)
Barry C. Scheck, Esq. (BS 4612)
Monica R. Shah, Esq.
COCHRAN NEUFELD & SCHECK, LLP
99 Hudson Street, 8th Floor
New York, NY 10013
Tel. (212) 965-9081 / Fax (212) 965-9084

Robert N. Feldman
Birnbaum & Godkin, LLP
280 Summer Street
Boston, MA 02210-1108

**Attorneys for Plaintiff Betty Anne Waters**

### Certificate of Service

I, Emily Gordon, being over eighteen years of age, hereby certify pursuant to the laws of the Commonwealth of Massachusetts that I served the following parties by electronically filing this document through the Court's ECF system, and by placing a copy thereof in the United States Postal Service mailbox, this 10th day of September, 2007.

Joseph L. Tehan, Jr.
Gregg J. Corbo
Jeffrey T. Blake
Kopelman & Paige, PC
101 Arch Street, 12th Floor
Boston, MA 02116

_____/s/ Emily Gordon_____
Emily Gordon