UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-CV-10521-GAO

| | |
|---|---|
| BETTY ANNE WATERS, as Administratrix of the Estate of KENNETH WATERS,<br><br>Plaintiff<br><br>v.<br><br>TOWN OF AYER, NANCY TAYLOR-HARRIS, in Her Individual Capacity, ARTHUR BOISSEAU, In His Individual Capacity, BUDDY DECOT, In His Individual Capacity, WILLIAM ADAMSON, in His Individual Capacity, PHILIP L. CONNORS, in His Individual Capacity, and JOHN DOE and JANE DOES 1-16, in Their Individual Capacities,<br><br>Defendants | DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER |

Now come the defendants to the above-referenced case and hereby oppose the plaintiff's

"Motion to Amend the Scheduling Order to Respond to Defendants' Motions to Strike Plaintiff's

Experts When Responding to Defendants' Summary Judgment Motion or in the Alternative,

Motion to Extend Briefing Scheduling."  As grounds for this opposition, the defendants state that

the plaintiff's Motion is a dilatory request for reconsideration of the Court's May 23, 2007

scheduling order, which is advanced without "good cause" as required by Local Rule 16.1(G)

and solely for purposes of securing an unfair advantage in this litigation.  As such, the plaintiff's

Motion should be denied and the plaintiff should be required to submit oppositions to the

defendants' Motions to Strike within the time prescribed by Local Rule 7.1(B)(2), which requires

the submission of oppositions by September 20, 2007.

As further grounds for this opposition, the defendants rely on the within Memorandum of

Reasons.

MEMORANDUM OF REASONS

I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On May 22, 2007, the Court conducted a scheduling conference pursuant to Fed.R.Civ.P.

16(a) and a hearing on several pending discovery motions.  During the conference, defendants'

counsel raised the issue of moving to strike the plaintiff's expert witnesses.  The stated purpose

of the request was to provide the defendants with an opportunity to narrow the issues in this case

and to avoid the cost of retaining experts on subjects that are legally and factually irrelevant to

the case at hand.  During the conference, the plaintiff's counsel vigorously opposed the

defendants' request in this regard.  Notwithstanding such opposition, however, the Court issued

the following order as part of its May 23, 2007 Scheduling Order and Order on Motions to

Compel:

> The defendants shall file any motions to strike experts within two (2) weeks
> following the plaintiff's disclosure of experts.  In connection with any motions to
> strike, the defendants shall specifically reserve their right to identify rebuttal
> experts on a specific topic if the motion to strike is denied.

In accordance with the Court's order, within two weeks of the plaintiff's expert

disclosures, the defendants filed Motions to Strike as to four of the plaintiff's disclosed experts.

Having had an opportunity to review the defendants' arguments in this regard, the plaintiff now

seeks to defer the time for opposing those motions until after the defendants file a motion for

summary judgment.

II.    ARGUMENT

1.    The Plaintiff's Motion Does not Comply with Local Rule 16.1(G) Because it is
      not Supported by an Affidavit Demonstrating "Good Cause" for the Motion

Pursuant to Local Rule 16.1(G), the Court's scheduling order may be modified "only

upon a showing of good cause supported by affidavits, other evidentiary materials, or references

to pertinent portions of the record." (emphasis supplied).  In this matter, the plaintiff's Motion is

deficient in that it is not support by affidavit or any other evidentiary reference demonstrating

good cause.  To the contrary, the Motion presents nothing more than a dilatory motion for

reconsideration of the Court's prior ruling in order to gain more time for preparing oppositions.

The defendants honored the letter of the Court's ruling and prepared detailed motions to strike

within a short period of time after the plaintiff's expert disclosures.  The plaintiff's counsel

should be held to the same time constraints and should not be permitted to unilaterally extend the

time for preparing a response simply by filing a baseless motion to enlarge time. The plaintiff

has been aware of the defendants' intention of testing the viability of her expert disclosures for

almost four months and has not heretofore filed any motion for reconsideration as to the Court's

ruling on this issue. The plaintiff should not now be rewarded for this dilatory conduct by the

award of an indefinite extension of time to respond.

The plaintiff's assertion that consideration of the defendants' motions will "waste

valuable judicial resources" and that they are seeking a "second bite at the apple" is inaccurate

and disrespects with the Court's prior ruling that counsel has chosen to ignore.  To the contrary,

consideration of the defendants' Motions to Strike will promote judicial economy by narrowing

the issues and evidence to he considered at summary judgment. Therefore, as there is no good

cause for the plaintiff's Motion to Amend the Scheduling Order, it should be denied.

      2.      The Requested Relief is Highly Prejudicial to the Defendants and Gives the
              Plaintiff an Unfair Advantage

In addition to lacking good cause, the relief requested by the plaintiff is self-serving and

highly prejudicial to the defendants and gives the plaintiff an unfair advantage in this litigation.

The reason that the defendants sought leave to file the motions to strike was to avoid the undue

burden and expense associated with unnecessarily engaging experts and participating in expert

depositions on issues that are legally and factually irrelevant, particularly in light of the Town's currently uninsured status and the tremendous defense expenses incurred to date. This purpose is defeated if the plaintiff is permitted to avoid justifying the relevance of the disputed experts prior to summary judgment. If the Court does not act on the defendants' motions, the defendants will be forced to incur the needless expense of deposing four experts on issues that have no legal or factual relevance to the case at bar. Moreover, the plaintiffs will have an unfair advantage entering these depositions because they have had a preview of the defendants' case and can prepare their experts accordingly. While the defendants may have additional time for securing rebuttal experts, they will still be forced to incur the needless expense of consulting with such experts prior to the depositions. These are significant costs that the defendants justifiably sought to avoid.

In addition, the defendants are prejudiced by the plaintiff's use of the disputed experts at summary judgment. By allowing the plaintiff to rely on the disputed expert reports, the defendants will be forced to readdress numerous issues having no legal or factual relevance to the case. In addition, the defendants will be significantly prejudiced if the plaintiff is permitted to rely on a so-called police practices expert who issued a "preliminary report" addressing an inapplicable standard of care. The plaintiff has not indicated any particular time frame for submission of a final report from this expert, and of course, the time for further submissions has expired. If the defendants are required to brief their arguments on summary judgment on the basis of the shifting target presented by the plaintiffs, they will be significantly prejudiced. Not only will the defendants be unprepared to fully brief the issues on summary judgment, but the plaintiff will have the unfair advantage of allowing her expert to tailor his final report on the basis of arguments made by the defense.

The plaintiff callously characterizes the prejudicial effect of the granting of her motion as "the result of the Defendants' chosen strategy" (Plaintiff's Motion, p. 3). The only strategy chosen by the defendants was to obey the Court's Scheduling Order, something the plaintiff's counsel think they do not have to do. Therefore, given the highly prejudicial nature of the relief sought and the lack of good cause to support the plaintiff's motion, it should be denied.

III.    CONCLUSION

For the foregoing reasons, the plaintiff's Motion should be denied and the plaintiff should be required to submit oppositions to the defendants' Motions to Strike within the time prescribed by Local Rule 7.1(B)(2), which requires the submission of oppositions by September 20, 2007.

DEFENDANTS,
By their attorneys,

/s/ Gregg J. Corbo
Joseph L. Tehan, Jr. (BBO# 494020)
Gregg J. Corbo (BBO# 641459)
Kopelman and Paige, P.C.
 Town Counsel
101 Arch Street, 12th Floor
Boston, MA 02110-1109
(617) 556-0007

325379/01907/0053