UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-CV-10521-GAO

BETTY ANNE WATERS, as Administratrix of the Estate of KENNETH WATERS,

Plaintiff

v.

TOWN OF AYER, NANCY TAYLOR-HARRIS, in Her Individual Capacity, ARTHUR BOISSEAU, In His Individual Capacity, BUDDY DECOT, In His Individual Capacity, WILLIAM ADAMSON, in His Individual Capacity, PHILIP L. CONNORS, in His Individual Capacity, and JOHN DOE and JANE DOES 1-16, in Their Individual Capacities,

Defendants

DEFENDANTS' MOTION TO AMEND SCHEDULING ORDER

Now come the defendants to the above-referenced case and hereby respectfully move that the Court amend its September 25, 2007 Scheduling Order to include the time for defendants' expert disclosures, expert depositions and the filing of dispositive motions, which are not addressed in that Order. As grounds for this Motion, the defendants rely on the within Statement of Reasons.

STATEMENT OF REASONS

1. By the Scheduling Order adopted by the Court on or about December 5, 2006, as amended by orders dated May 23, 2007, June 20, 2007 and July 16, 2007, the following Schedule is in place: Plaintiff's expert disclosures by August 23, 2007; Defendants to file any motions to strike within two weeks; Defendant's expert disclosures by September 24, 2007; Expert depositions by October 25, 2007; Dispositive Motions filed by December 23, 2007; Responses due by January 28, 2007; Replies, if any, due by February 18, 2007.

2. The plaintiff made timely expert disclosures, and within two weeks thereof, on or about September 6, 2007, the defendants filed timely Motions to Strike as to four of the plaintiff's designated experts. Pursuant to Local Rule 7.1, the plaintiff's oppositions would have been due on or about September 20, 2007.

3. On or about September 10, 2007, the plaintiff filed a Motion to Amend Scheduling Order to extend the time for filing such oppositions. The defendants opposed, and on September 12, 2007, the Court issued the following order: "No oppositions to the motions to strike shall be due until further order of the court. The court shall set a scheduling order after reviewing the defendants' response to this Motion."

4. The defendants' counsel understood this order to mean that the Court would be setting new dates for all remaining matters in the current scheduling order.

5. By order dated September 25, 2007, the Court amended the Scheduling Order only with respect to the time for the plaintiff's opposition to the defendants' motions to strike. No other deadlines were amended. As such, the time for the defendants to designate rebuttal experts has expired. Moreover, because the plaintiff has until October 15, 2007 to file oppositions to the Motions to Strike, there will not be sufficient time for expert depositions prior to the current deadline of October 25, 2007.

6. The defendants cannot designate rebuttal experts until the Court rules on the Motions to Strike, and depositions of the plaintiff's experts should be permitted prior to the time for filing summary judgment. Therefore, the defendants submit that an adjustment of the present schedule is warranted.

6. No party will be prejudiced by the allowance of this Motion.

WHEREFORE, the defendants respectfully request that the Court's Scheduling Order be amended as follows:

1. The defendants shall have 45 days from the date of the Court's denial of any Motion to Strike in which to designate rebuttal experts on those subjects for which the Motion is denied. As to the subject of police practices, the time for designation of a rebuttal expert shall not begin to run unless and until the Court denies the Motion as to Paragraphs B, C, D and/or E.

2. The plaintiff shall have 45 days to depose any rebuttal expert designated by the defendants.

3. The defendants shall have 45 days from the date of the Court's ruling on the Motions to Strike plaintiff's DNA, polygraph and police practices (paragraph A only) experts to depose any of the plaintiff's experts that have not been stricken, including the fingerprint and police practices experts.

4. The defendants shall have 60 days from the end of the period allowed for completion of depositions of plaintiff's experts within which to file a Motion for Summary Judgment, with the plaintiff having 30 days thereafter to oppose, and the defendants having 2 weeks thereafter for rebuttal.

DEFENDANTS,

By their attorneys,

/s/Joseph L. Tehan, Jr.
Joseph L. Tehan, Jr. (BBO # 494020)
Gregg J. Corbo (BBO # 641459)
 Town Counsel
Kopelman and Paige, P.C.
101 Arch Street, 12th Floor
Boston, MA  02110
(617) 556-0007

326959/AYER-WATERS/0053