UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BETTY ANNE WATERS, as Administratrix of the Estate of KENNETH WATERS,<br><br>　　　　Plaintiff,<br>v.<br><br>TOWN OF AYER, NANCY TAYLOR-HARRIS, in her individual capacity, ARTHUR BOISSEAU, in his individual capacity, BUDDY DECOT, in his individual capacity, WILLIAM ADAMSON, in his individual capacity, PHILIP L. CONNORS, in his individual capacity, and JOHN DOE and JANE DOES 1–16, in their individual capacities,<br><br>　　　　Defendants. | Case No. 04 10521 (GAO) (JGD)<br><br>**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE THE PLAINTIFF'S POLICE PRACTICES EXPERT LOU REITER** |

Defendants have moved to strike the police practices report of Lou Reiter on only two grounds: 1) its title – "preliminary report;" and 2) the claim that it is "legally irrelevant and lacks a reliable foundation." Pursuant to the Court's order of September 25, 2007, Plaintiff's response at this time is limited to the first ground. (*See* Docket No. 110.) Defendants' claim that Mr. Reiter's report should be stricken solely based on its title is meritless and, thus, their motion on this ground should be summarily denied.

**Argument**

**I.    Applicable Federal Rules**

Rule 26 requires that experts submit written reports that:

shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the

> opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. P. 26(a)(2)(B). Parties "shall supplement these disclosures" in the event they learn "that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1); *see also* Fed. R. Civ. P. 26(a)(2)(C).

### II.   Mr. Reiter Has Set Forth His Complete Opinions Based on the Discovery Adduced to Date

Mr. Reiter's forty-three (43) page report does precisely what Rule 26 requires – it sets forth a "complete statement" of all his opinions. Nonetheless Defendants contend it should be struck simply because of its title and because it acknowledges that under the unusual circumstances of this decades-old case, new evidence may be discovered fleshing out the factual record underlying Mr. Reiter's police practices report that may give rise to the need to seek the Court's leave to file an amended report (*see* Reiter rpt. at p. 43, ¶ 89) (requesting leave to submit an amended report in the event new information is obtained). Such a concern is reasonable, given that Defendants only produced thousands of pages of "daily logs" on the eve of the expert report deadline, years after they were first requested, and only after Plaintiff filed motions to compel and won two Court orders for their production.

Defendants have failed to cite any case in which a report was struck simply because it was titled "preliminary," and in any case the substance of Mr. Reiter's report is exponentially

more comprehensive than the sort that are struck for lack of compliance with Rule 26.  *Cf. Santiago-Diaz v. Laboratorio Clinico Y De Referencia Del Este And Sara Lopez, M.D.*, 456 F.3d 272, 276 (1st Cir. 2006) (affirming exclusion of expert testimony where "the substance of the belated disclosures – one consisting of one line, the other consisting of one page – does not come within a country mile of satisfying the requirements of either the case-management order or the Civil Rules....").

Regardless of its title, the report includes a lengthy discussion of the evidence reviewed, the opinions found, and the bases therefor.  Defendants acknowledge that the report was timely served. (Mtn. at 2.)  As such, Rule 26 as well as this Court's scheduling order limit Mr. Reiter to offering the opinions in his report as served.  *See Cell Genesys, Inc. v. Applied Research Systems ARS Holding, N.V.*, 499 F. Supp.2d 59, 80 (D. Mass. 2007) ("Except in certain, specified circumstances, an expert may not provide evidence or opinions that were not disclosed as required by Rule 26(a)(2)(B).").

If and when new material is added to the factual record bearing on the opinions Mr. Reiter has already issued in his report,[1] Plaintiff would file an appropriate motion for leave to serve an amended or supplemental report in keeping with the rules.  *See, e.g.,* Fed. R. Civ. P. 26(a)(2)(C) (duty to supplement); Fed. R. Civ. P. 26(e)(1) (duty to supplement expert reports if

---

[1] The original file of retired state police fingerprint examiner, Cpl. John Baliunas, was unearthed after the close of fact discovery.  That file contained materials from the original homicide investigation that had never been seen by Plaintiff or her counsel, and which led to some new questions.  Under these highly unusual circumstances, Plaintiff's counsel has attempted to negotiate limited and appropriate followup discussions with relevant parties in the Massachusetts State Police and the Middlesex County D.A.'s Office.  Despite the willingness of these entities to cooperate, Defendants opposed the proposal, leaving Plaintiff with little choice but to file a motion for leave to take depositions outside of the discovery period.  Final attempts to negotiate a non-litigated resolution are underway.

appropriate along with pretrial disclosures); *see also Poulis-Minott v. Smith*, 388 F.3d 354, 358-59 (1st Cir. 2004) (affirming district court's denial of motion to dismiss expert reports filed after expert discovery deadline had passed given substantial justification that evidence supporting reports was only belatedly discovered); *Diomed, Inc. v. AngioDynamics, Inc.*, 450 F. Supp.2d 130, 137 (D. Mass. 2006) (denying motion to strike expert report that, after discovery deadline, offered entirely new theory of liability, because movant failed to demonstrate prejudice).

In short, Defendants' motion is premised not on reality, but on a hypothetical vision of the future: that at some later date Mr. Reiter might seek to offer additional opinions. But that is not the case that is before us now. If new discovery were unearthed and Plaintiff moved for leave to file a supplemental report, Plaintiff would at that time bear "the burden of demonstrating a 'substantial justification'" for the failure to disclose or that such failure was 'harmless.'" *Cell Genesys, Inc.*, 499 F. Supp.2d at 80 (quoting Rule 37(c)(1)). Given the record as it stands today, Mr. Reiter's report is a complete statement of the reasons and bases for all of his opinions in the case. As such, the motion to strike must be denied.

## Conclusion

For the foregoing reasons, Defendants' motion to strike Mr. Reiter's expert report on the ground that it is entitled a "preliminary" report should be denied.

Dated: October 15, 2007  
New York, NY

Respectfully submitted,

  /s/ Deborah L. Cornwall_____  
Barry C. Scheck (BS 4612)  
Deborah L. Cornwall (DC 2186)  
Monica Shah  
COCHRAN NEUFELD & SCHECK, LLP  
99 Hudson Street, 8th Floor  
New York, NY 10013  
Tel. (212) 965-9081 / Fax (212) 965-9084

>Robert N. Feldman (BBO # 630734)
>BIRNBAUM & GODKIN, LLP
>280 Summer Street
>Boston, MA 02210-1108
>Tel. (617) 307-6130 / Fax (617) 307-6101
>
>*Attorneys for Plaintiff Betty Anne Waters*

## CERTIFICATE OF SERVICE

I, Emily Gordon, hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 15, 2007.

>_____/s/ Emily Gordon_____
>Emily Gordon