Not Reported in F.Supp.2d                                                                                                              Page 1
Not Reported in F.Supp.2d, 2000 WL 1016653 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.2d)**

Carter v. City of Philadelphia
E.D.Pa.,2000.
Only the Westlaw citation is currently available.
United States District Court, E.D. Pennsylvania.
Raymond CARTER
v.
CITY OF PHILADELPHIA, et al.
**No. Civ.A. 97-4499.**

July 12, 2000.

Richard W. Berlinger, Robert W. Small, Berlinger & Small, Abington, PA, Susan F. Burt, Susan F. Burt, Phila., PA, for Raymond Carter, Plaintiff.
Jeffrey M. Kolansky, Kolansky and Strauss, P.C., Phila., PA, Tremelle I. Howard, Shelley R. Smith, City of Philadelphia, Law Department, Phila., PA, for City of Philadelphia, Defendant.
Jeffrey M. Kolansky, James A. Rocco, Kolansky & Strauss, P.C., Philadelphia, PA, Shelley R. Smith, (See above), for Thomas Ryan, Individually and as a Police Officer for the City of Philadelphia, Defendant.
R. David Walk, Jr., Hoyle, Morris & Kerr, Phila., PA, for Lynne Abraham, Philadelphia District Attorney in her Official Capacity, Defendant.
Tremelle I. Howard, Shelley R. Smith, City of Philadelphia, Law Department, Phila., PA, for Wayne Settle, Individually and as a Police Officer for the City of Philadelphia, Defendant.
Tremelle I. Howard, Shelley R. Smith, (See above), for Michael Duffy, Individually and as a Police Officer for the City of Philadelphia, Defendant.

HART, J.
**\*1** This opinion accompanies two ORDERS of this Court made this day: One granting in part the defendants' motion to reopen discovery, the other granting defendants' motion to amend their affirmative defenses. While these two orders do not inextricably follow one from the next, the issues are sufficiently related in the context of this case to make appropriate the drafting of one opinion addressing both motions.

Defendants' move to reopen discovery, claiming that they have only recently gained knowledge of two items they believe may have a direct bearing on the outcome of this case. The first is a polygraph test taken by plaintiff in 1995, during which he was asked questions relating to the crime for which he now contends he was wrongfully arrested, prosecuted and imprisoned. The second item is a letter addressed to plaintiff's counsel by a person only known as "Willie." In this letter "Willie" claims to have information relating to plaintiff's alibi and a key witness. Plaintiff claims that neither of these pieces of evidence were wrongfully withheld from defendants, that neither constitutes material that could possibly lead to the discovery of admissible evidence, and that plaintiff will be prejudiced by the reopening of discovery at this late date.

In seeking discovery of the two above mentioned items, defendants move this Court to reopen discovery for the following six specific purposes:

1. The deposition of plaintiff Raymond Carter regarding his statements to William Anderson, the polygraph examiner, the polygraph examination, and its results, and his reasons for not disclosing the same;

2. The deposition of "Willie," after receipt of his full name and address;

3. The production of Ms. Burt-Collins' file from the PCRA proceedings;

4. The deposition of Ms. Burt-Collins regarding the polygraph, and any other evidence regarding Plaintiff's factual guilt, including documents in her possession at the time of the PCRA proceedings and thereafter;

5. Follow-up discovery related to information disclosed for the first time during the above-listed discovery; and

6. Submission of an expert report regarding the polygraph evidence and the reliability of same.

Case 1:04-cv-10521-GAO   Document 114-4   Filed 10/15/2007   Page 2 of 6

Not Reported in F.Supp.2d                                                                                                  Page 2
Not Reported in F.Supp.2d, 2000 WL 1016653 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.2d)**

For the reasons stated below, the Court will allow the defendants to take limited and focused discovery concerning the polygraph test and the "Willie" letter. The Court will not allow discovery of Ms. Burt-Collins' files, nor will the Court grant defendants' request to depose her. In addition, the Court will allow defendants to amend their Answer to include the affirmative defense of plaintiff's factual guilt of the underlying crime.

This case is a civil action brought by plaintiff Raymond Carter seeking redress for wrongs allegedly done to him in the investigation and prosecution of a homicide charge in 1986. After spending approximately ten years in prison Mr. Carter's conviction was overturned, he was set free, and the state chose not to reprosecute him. Mr. Carter now comes before this court seeking damages for wrongful arrest, prosecution and imprisonment.

*2 At the intersection of the discovery dispute and the motion to amend lies the cornerstone of the plaintiff's arguments in opposition to both. Defendant's seek discovery concerning both the lie detector test and the "Willie" letter because they believe that each constitutes, or will lead to the discovery of, admissible evidence bearing on the issue of whether or not plaintiff actually committed the murder for which he was arrested, prosecuted and imprisoned. Plaintiff claims, in response, that the issue of his factual guilt or innocence of the underlying crime has no place in this civil case.

In his Memorandum of Law in Opposition to Defendants' Motion to Reopen Discovery plaintiff makes four arguments. We will deal with these arguments *seriatim*.

First, as noted above, plaintiff claims that the issue of his guilt or innocence of the underlying crime is not at issue in this civil case. Plaintiff asserts that this issue was not placed before the Court by the Complaint and has not been plead as an affirmative defense by these defendants.[FN1] The Court does not share Mr. Carter's belief that the issue of his guilt or innocence has no place in this trial.

FN1. Plaintiff's guilt was plead as an affirmative defense by the Roe defendants, certain members of the Philadelphia District Attorney's Office, who were voluntarily dismissed from this case on May 8, 2000.

Under Pennsylvania law "[t]he defendant in a malicious prosecution action is entitled to attempt to prove that the accused was in fact guilty of the offense charged. This defense does not depend on the outcome of the criminal case or upon what the malicious prosecution defendant knew when he filed charges. Rather, it is closely related to the defense of truth in a defamation action and is supported by a similar public policy favoring exposure of the guilty." *Junod v. Bader,* 458 A.2d 251, 254 n. 3 (Pa.Super.1983), *citing* W. Prosser, LAW OF TORTS § 119 at 840-41 (4 $^{th}$ ed.1971). *See also, Barnes v. Borough of Pottstown,* 1994 WL 114359 (E.D.Pa.Civ.A. No. 93-1498, March 30, 1994); RESTATEMENT 2D OF TORTS § 657 ("The fact that the person against whom criminal proceedings are instituted is guilty of the crime charged against him, is a complete defense against liability for malicious prosecution."). Clearly, a defendant is entitled to present evidence of the plaintiff's guilt to fend off a claim for malicious prosecution.

In addition, plaintiff himself has placed the issue of his actual innocence in this case, by seeking emotional damages. While his complaint states claims based on violations of his federally protected rights arising under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution, Mr. Carter, in nearly every count of his Complaint, also seeks emotional damages for the alleged wrongdoing of the defendants. There can be little doubt that a person wrongfully incarcerated for any period of time may seek to recover for emotional damages. The touchstone for such damages, however, is whether or not the plaintiff was, in fact, wrongfully imprisoned. Accordingly, the issue of whether or not a civil plaintiff committed the underlying criminal act is central to the measure of damages for a wrongful imprisonment claim. There is, of course, an import-

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

x

ant distinction between whether a person is guilty of the crime, but wrongfully imprisoned due to police misconduct, or whether a person is innocent of the crime and wrongfully imprisoned due to police misconduct. The Court believes that, presented with relevant evidence, a reasonable jury could conclude that an innocent person serving a jail term is likely to feel more emotional anguish than a guilty person who knows that he, in fact, committed the crime, but may have an avenue of relief available to him because of police misconduct.

***3** The Court is thus persuaded by defendants' argument that evidence of the plaintiff's guilt of the underlying crime bears on the emotional damage he may have suffered during his imprisonment. Certainly, a wrongfully imprisoned person suffers a form of emotional anguish unlike any other. However, the Court cannot help but agree that a person serving a life sentence for a murder they did commit, only to be released ten years later due to police misconduct, may actually feel more elation than distress.[FN2] Indeed, as defendants point out, a factually guilty individual's distress at his own confinement may be attributable to the "justified deprivation and not the deficient procedures that caused the justified deprivation." *Carey v. Piphus,* 435 U.S. 247, 263-64 (1978).

> FN2. This Court does not mean to suggest in any way that Mr. Carter committed the crime for which he was imprisoned. The Court simply wishes to illustrate the importance of such a fact in a claim for emotional damages for wrongful imprisonment.

The Court understands plaintiff's frustration with the defendants' late assertion that they intend to argue Carter's actual guilt. However, we do not agree that such frustration should be the basis for withholding discovery. As plaintiff should note from other Orders and Opinions issued in this case, this Court does not generally believe that justice is served by the preclusion of evidence in the absence of prejudice. *See,e.g.,* Opinion and Order of May 5, 2000, relating to plaintiff's motion to compel production of certain documents claimed as privileged

by defendants. Here, of course, there can be no prejudice. Plaintiff has known from the start of this case that at least one party, the Roe defendants, intended to argue actual guilt. Moreover, as indicated above, Carter, himself, has injected the "actual guilt vs. actual innocence" theme into the case by seeking damages for emotional distress.

Plaintiff next argues that, even if his factual guilt were at issue, the polygraph is not discoverable because its only proposed purpose would be as evidence of Mr. Carter's guilt, and a polygraph is not admissible for that purpose. Whether or not the polygraph test itself is admissible does not currently concern the Court. As the parties are well aware, Federal Rule of Civil Procedure 26(b)(1) states that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action.... The information sought need not be admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."

Clearly, the polygraph test itself need not be admissible to be the subject of discovery requests. The Court need not speculate as to what fruit may be born of discovery directed at the polygraph test and the person who administered it. In spite of the many alleged errors in the test cited in Plaintiff's Memorandum in Opposition to defendant's Motion to Reopen Discovery, defendants are still entitled to seek discovery relating to the polygraph, if such requests are reasonably calculated to lead to the discovery of admissible evidence. The Court will also allow the parties to prepare and exchange expert reports regarding the polygraph evidence. Whether any such reports may be used at trial will, of course, await the rulings of Judge Kauffman at the appropriate time.

***4** Similarly, the letter to Ms. Burt-Collins from "Willie" need not be admissible to be the subject of discovery requests. Based on the memoranda submitted by the parties, it appears that discovery regarding the "Willie" letter may not bear much fruit, but this is not a reason to prevent discovery from

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:04-cv-10521-GAO   Document 114-4   Filed 10/15/2007   Page 4 of 6

Not Reported in F.Supp.2d                                                                                           Page 4
Not Reported in F.Supp.2d, 2000 WL 1016653 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.2d)**

being sought.

Finally, the Court does not believe that prejudice to the plaintiff outweighs the need of the defendants to gain information relating to plaintiff's factual guilt or innocence. As stated above, plaintiff was aware that the issue of factual guilt was presented in this case, and was aware of the polygraph test and the "Willie" letter. Because of plaintiff's knowledge of these items, as well as his knowledge that the "guilt" issue is part of the case, no prejudice could result from this limited discovery.

While the Court believes that discovery should be reopened, it also believes that the discovery allowed defendants should be circumscribed. While the Court is persuaded by defendants' argument that it did not have prior knowledge, via plaintiff's required pretrial disclosures, of the plaintiff's polygraph test and the "Willie" letter, there is no similar reason that defendants could not have sought discovery, limited by applicable privileges, of Ms. Burt-Collins' PCRA files. The defendants' argument that they did not know there was an issue relating to plaintiff's factual guilt until they learned of the polygraph test and the "Willie" letter is no more persuasive than plaintiff's arguments in support of prejudice and surprise. Indeed, defendants' argument that plaintiff has placed his factual innocence at issue in this case from the start, by seeking damages for emotional distress, contradicts their claim of surprise. Accordingly, requests 3 and 4, as stated above, will be denied.

As for defendants' request (number 5, above) that the Court grant follow-up discovery relating to information disclosed for the first time by the discovery granted herein, the Court will not rule in advance. Requests for additional discovery will be considered on specific grounds if the need should arise.

Defendants also seek leave to amend to add the affirmative defense of plaintiff's factual guilt.
"The Court of Appeals for the Third Circuit recently observed that 'in the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, etc.-the leave sought should, as the rules require, be 'freely given.' '

*IMS Health, Inc. v. Vality Technology, Inc.,* 2000 WL 804436 at *2 (E.D. Pa. Civ. A. No. 99-1500, June 22, 2000), quoting *Rolo v. City Investing Co. Liquidating Trust,* 155 F.3d 644, 654 (3d Cir.1998).

Under Federal Rule of Civil Procedure 15(a), leave to amend "shall be freely given when justice so requires."Nonetheless, leave to amend should not be given when a plaintiff would be prejudiced in his ability to respond.*Charpentier v. Godsil,* 937 F.2d 859, 864 (3d Cir.1991). As noted above, this Court believes that plaintiff has placed his factual guilt or innocence at issue in this case if not by simply bringing the case, then at least by claiming emotional damages resulting from allegedly improper imprisonment.

*5 Plaintiff claims that defendants are barred from amending their answer under Rule 8 of the Federal Rules of Civil Procedure.[FN3] The Third Circuit has noted that Rule 8 is to be tempered in its application by consideration of Rule 15. "The procedure for obtaining leave to amend pleadings set forth in Rule 8 of the Fed.R.Civ.P. should be generally heeded, but rigid adherence to formalities and technicalities must give way before the policies of underlying Rule 15."*Heyl & Patterson Int'l v. F.D. Rich Housing of the Virgin Islands, Inc.,* 663 F.2d 419, 426 (3d Cir.1981), see also,*Prinz v. Greate Bay Casino Corp.,* 705 F.2d 692, 694 (3d Cir.1983).

> FN3.Federal Rule of Civil Procedure 8(c) states, in relevant part, "In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense."

In addition, as defendants' point out, "failure to raise an affirmative defense by responsive pleading or appropriate motion ... does not always result in waiver." *Charpentier,* 937 F.2d at 863. Here, where there is at least some question as to whether plaintiff should have disclosed the "Willie" letter and the polygraph pursuant to Rule 16, it does not seem inappropriate to allow defendants to take discovery on these items and amend their affirmative defenses. Indeed, this will not be the first time a party has been allowed to amend an affirmative defense based on evidence that his opponent has failed to produce an item in discovery. *See,e.g.,Continental Casualty Co. v. Dominick D'Anrea, Inc.,* 150 F.3d 245, 247-48 (3d Cir.1998) (noting that the Magistrate Judge handling the case below allowed amendment of defendant's answer to add an affirmative defense two years after its initial filing due to the failure of the plaintiff to produce a document in discovery).

Plaintiff's claim-that he has not known that the issue of his factual innocence would be central to the case-is hollow. Indeed, as defendants point out, plaintiff openly states that he has sought to keep the "distracting chaff" of a factual guilt claim out of this case. *See* Plaintiff's Memorandum in Opposition to Defendants' Motion to Reopen Discovery, at 12-13. Plaintiff cannot, therefore, argue that he has not had, and will not have, an opportunity to respond to such a defense. While the Court acknowledges that the parties may be on the eve of trial, "this is no longer (if it ever was) a case of a party springing an affirmative defense on an unwitting opponent on the eve of trial." *IMS Health, Inc. v. Vality Technology, Inc.* 2000 WL 804436 at *2.[FN4]

> FN4. Indeed, as Judge Reed points out in a footnote to his opinion in *IMS Health,* "[Plaintiff's] argument that the affirmative defenses raised by [defendant] should have been apparent to [defendant] cuts both ways; if these defenses were as obvious as [plaintiff] claims they were, then able counsel for [plaintiff] surely was not completely surprised when [defendant] asserted them."*Id.*

"[T]he federal rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate proper decision on the merits." *Conley v. Gibson,* 355 U.S. 41, 48 (1957). Plaintiff may have sought to keep the critical issue of his factual guilt or innocence of the underlying crime out of this civil suit through skillful pleading and artful dismissals. Nonetheless, for better or worse, this Court cannot allow this adroit use of procedure to impede a "proper decision on the merits." *Id.*

**\*6** AND NOW, this 12th day of July, 2000, it is HEREBY ORDERED that defendants City of Philadelphia and Thomas Ryan's Motion to Amend their Affirmative Defenses Under F.R.Civ.P. is GRANTED, consistent with the OPINION issued by the Court this day.

AND NOW, this 12th day of July, 2000, it is HEREBY ORDERED that defendants City of Philadelphia and Thomas Ryan's Motion to Reopen Discovery is GRANTED IN PART and DENIED IN PART. Consistent with the OPINION issued by the Court this day, limited and focused discovery will be allowed, including the deposition of plaintiff Raymond Carter regarding his statements to William Anderson, the polygraph examiner, the polygraph examination, and its results and his reasons for not disclosing same; the deposition of "Willie," after receipt of his full name and address, if such can be ascertained; and the submission of an expert report regarding the polygraph evidence and the reliability of same.

E.D.Pa.,2000.
Carter v. City of Philadelphia
Not Reported in F.Supp.2d, 2000 WL 1016653 (E.D.Pa.)

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d    Page 6
Not Reported in F.Supp.2d, 2000 WL 1016653 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.2d)**

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.