Not Reported in F.Supp.  Page 1
Not Reported in F.Supp., 1993 WL 413970 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.)**

Calderon v. True
N.D.Ill.,1993.
Only the Westlaw citation is currently available.
United States District Court, N.D. Illinois, Eastern Division.
Faustino CALDERON, Plaintiff,
v.
Page TRUE, et al., Defendants.
**No. 91 C 7765.**

Oct. 15, 1993.

MEMORANDUM OPINION

GRADY, District Judge.

**\*1** Faustino Calderon, a federal prisoner appearing *pro se,* has brought this *Bivins* action against the Metropolitan Correctional Center-Chicago ("MCC") and several of the prison's officials.[FN1] Calderon alleges that defendants, charging him with possession of cocaine, prosecuted prison disciplinary actions against him which failed to comport with due process requirements. Specifically, he contends that (1) the incident report was untimely and did not specify the charge against him; (2) he was held in detention for several weeks without a hearing; (3) he was not given an opportunity to challenge the prosecution's evidence; and (4) he was subjected to two disciplinary proceedings for the same charge.[FN2] It is not clear from the complaint whether Calderon denies the charge or simply challenges the prison's procedures, although the implication of certain allegations is Calderon's innocence.[FN3]

The hearing officer found Calderon guilty of possession of cocaine, ordered him placed in segregated confinement for fifteen days, withdrew his commissary privileges for a month, and required him to provide monthly urine samples. In addition to this formal punishment, Calderon claims that the defective disciplinary proceedings may have jeopardized his prospects for parole and have led to the loss of his prison job, to his placement in a higher security level at the prison, and to harassment by prison guards and inmates. To redress these purported injuries, he asks the court to expunge the disciplinary proceedings from his records, to prohibit the urine testing and other harassment, to restore his prison job, and to award compensatory and punitive damages.

Defendants have moved for dismissal on several grounds, which we will address in turn. In considering the motion to dismiss, the court must accept all facts alleged in the complaint as true and must draw all reasonable inferences from the pleadings in plaintiff's favor. *Gillman v. Burlington N. R.R. Co., 878 F.2d 1020, 1022 (7th Cir.1989).* Dismissal is appropriate " 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " *Kunik v. Racine County, Wis., 946 F.2d 1574, 1579 (7th Cir.1991)* (quoting *Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)*).

*Untimely or Ineffective Service of Process*

Defendants contend that Calderon failed to serve some defendants and, while serving others, did not comply with the 120-day time limit imposed by Federal Rule of Civil Procedure 4(j). The United States Marshal, who was responsible for perfecting service of process (because Calderon is a *pro se* inmate), either failed to serve or untimely served the summons and complaint because Calderon, in the USM-285 forms, did not provide the Marshal with the home or work addresses of the defendants.

The court may refuse to dismiss the complaint for untimely or ineffective service of process under Rule 4(j) if plaintiff has shown good cause for these procedural defects. *See Floyd v. United States, 900 F.2d 1045, 1048 (7th Cir.1990).* In examining a *pro se* plaintiff's explanation for violating Rule 4(j), the court "is required to be lenient ... so that 'justice is done on the merits rather than on the basis of procedural technicalities.' " *Vargas v. O'Grady, No. 91 C 6223, 1993 WL 92445, \*2, 1993 U.S.Dist. LEXIS 3815, \*6 (N.D.Ill. March 25, 1993)* (quoting *Pat-*

Case 1:04-cv-10521-GAO   Document 114-6   Filed 10/15/2007   Page 2 of 4

Not Reported in F.Supp.
Not Reported in F.Supp., 1993 WL 413970 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.)**

Page 2

*terson v. Brady,* 131 F.R.D. 679, 683 (S.D.Ind.1990)). Good cause exists when the failure of a *pro se* litigant to effect service of process is the Marshal's fault. The Seventh Circuit in *Sellers v. United States,* 902 F.2d 598, 602 (7th Cir.1990), held that a prisoner need only furnish the Marshal with information necessary to identify the defendants; when the prisoner has provided this information, the Marshal's failure to serve constitutes good cause.[FN4] Here, Calderon provided the names of all defendants, who are current or former employees of the MCC. The Marshal could have secured the home or work addresses of the defendants from the Bureau of Prisons or the Department of Justice. Under these circumstances, Calderon has shown good cause, and we decline to dismiss the complaint under Rule 4(j). *See Vargas,* 1993 WL 92443, *3, 1993 U.S.Dist. LEXIS 3815, *5-8; *Ray v. Mayfield,* No. 85 C 9186, 1987 WL 13589, at *3, 1987 U.S.Dist. LEXIS 6150, *9 (N.D.Ill. June 30, 1987) (*pro se* status of prisoner may provide good cause).

*Procedures Employed by the Hearing Officer*

**\*2** Defendants next contend that, as a matter of law, they have complied with all of the necessary procedures. In *Wolf v. McDonnell,* 418 U.S. 539 (1974), the Supreme Court described due process requirements in the context of prison disciplinary hearings: (1) the inmate must receive written notice of the charges no less than twenty-four hours before the disciplinary hearing; (2) the inmate must be allowed to call witnesses and present documentary evidence in his defense, if this will not jeopardize institutional safety or correctional goals; and (3) the inmate must receive a written statement by the factfinders of the evidence relied on and the reasons for the discipline.[FN5] *Id.* at 563-567; *see also Forbes v. Trigg,* 976 F.2d 308, 315-16 (7th Cir.1992), *cert. denied,* 113 S.Ct. 1362 (1993). Calderon's allegations suggest that some of these procedures may not have been followed; specifically, he may not have been sufficiently apprised of the charges within twenty-four hours of the hearing nor allowed to present evidence refuting drug possession. While discovery may ultimately reveal that defendants employed the requisite procedures, such a determination is not appropriate on this motion to dismiss.

*Exhaustion of Administrative Remedies*

Relying on *Greene v. Meese,* 875 F.2d 639 (7th Cir.1989), defendants urge the court to strike Calderon's demand for injunctive relief because he failed to exhaust prison administrative remedies. *Greene* held that a prisoner's civil rights action for restoration of "good time" credits and parole eligibility was in essence a habeas petition challenging the duration of confinement. *Id.* at 640. Plaintiff's good time credits and parole eligibility were allegedly taken away as a result of disciplinary hearings in violation of due process. *Id.* The court required the prisoner to satisfy habeas exhaustion requirements by pursuing prison administrative remedies. *Id.*

Calderon's claim that his eligibility for parole somehow has been affected by the disciplinary proceedings would fall under *Greene.* It appears, however, that Calderon has pursued some prison administrative remedies. Complaint, at 2. Although it is not clear whether Calderon pursued administrative remedies as to his parole claim, the court, liberally construing *pro se* complaints, will not dismiss that claim at this time. Defendants may renew their motion to dismiss that claim if it becomes clear that Calderon failed to exhaust prison remedies.

His other prayers for relief are not akin to the relief afforded by the habeas statute. A civil rights plaintiff generally is not required to exhaust administrative remedies before bringing suit, so as to these other claims we do not require Calderon to invoke the procedures provided by the Bureau of Prisons. *See McCarthy v. Madigan,* 112 S.Ct. 1081 (1992) (a prisoner is not required to exhaust prison administrative remedies before bringing a *Bivens* action for damages); *Greene,* 875 F.2d at 640.

*Personal Involvement of Certain Defendants*

**\*3** Defendants Page True, Warden Henry, and Calvin Edwards deny any personal involvement in

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:04-cv-10521-GAO   Document 114-6   Filed 10/15/2007   Page 3 of 4

Not Reported in F.Supp. Page 3
Not Reported in F.Supp., 1993 WL 413970 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.)**

the challenged disciplinary proceedings. Individual liability for violations of constitutional rights is predicated on personal involvement. *See* Schultz v. Baumgart, 738 F.2d 231, 238 (7th Cir.1984) (§ 1983 case). Because Calderon is proceeding *pro se,* however, the court does not at this point in the litigation require him to allege facts establishing the personal involvement of these defendants. The court allows suit against these officials to continue on the presumption that they were involved in the alleged constitutional deprivation. *See Duncan,* 644 F.Supp. at 655. They are still free to assert their noninvolvement, and if that is the case, to designate those who would likely be responsible for the purported constitutional violation. Accordingly, the motion to dismiss is denied as to True, Henry, and Edwards.

*Other Grounds for Dismissal*

Finally, defendants contend that, even if Calderon was denied due process, he is not entitled to certain forms of relief, including a change in his security factor, restoration of his prison job, and a declaration that the prison may not conduct two hearings for the same charge. We find it unnecessary to address these contentions on the motion to dismiss. If Calderon is able to prove his due process claim, we will then determine the appropriate remedies.FN6

CONCLUSION

Defendants' motion to dismiss is denied. Discovery should proceed on the question of the adequacy of the disciplinary procedures. It may be that the case can be resolved on motions for summary judgment. A status conference is set for October 27, 1993, at 10:30 a.m. to discuss the steps plaintiff and the Marshal need to take to perfect service of process as to those defendants who have not yet been served.

FN1. Calderone incorrectly brings this action under 42 U.S.C. § 1983, which applies only to actions taken under color of state law. Because Calderone is proceeding *pro se,* we liberally construe the complaint as brought under Bivens v. Six Unknown Narcotics Agents, 403 U.S. 388 (1971), which applies to unconstitutional actions taken by federal officials.

FN2. We do not understand how duplicative hearings violate due process if Calderone was found guilty at both hearings, unless he was punished twice for the same conduct.

FN3. Innocence of the charge presumably would be relevant in determining the appropriate remedies for denial of due process. Even if the required procedures were not followed, Calderone in this civil rights action may not be entitled to more than nominal damages if he was guilty of drug possession. *See* Akbar v. Fairman, 788 F.2d 1273, 1278 (7th Cir.1986) ( "[I]f the defendants were justified in taking disciplinary action against [plaintiffs], the district court properly refused to award compensatory damages notwithstanding the fact that defendants employed deficient procedures...."); Patkus v. Sangamon-Cass Consortium, 769 F.2d 1251, 1265 (7th Cir.1985) ("Where there has been a justified deprivation of a protected interest through deficient procedures, the injury caused by the justified loss is not properly compensable under section 1983.").

FN4. Indeed, mere identification of the defendants is sufficient because "[p]rison guards do not want prisoners to have their home addresses, and the Bureau of Prisons is reluctant to tell prisoners even the current place of employment of their former guards." Sellers, 902 F.2d at 602.

FN5. The prisoner has no constitutional right, however, to confrontation, to cross-examination, or to counsel in the prison disciplinary proceedings. Wolf, 418 U.S. at 567-70.

FN6. Defendants' arguments here are not well-researched. They contend that Calderone does not have a constitutionally pro-

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:04-cv-10521-GAO    Document 114-6    Filed 10/15/2007    Page 4 of 4

Not Reported in F.Supp.
Not Reported in F.Supp., 1993 WL 413970 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.)**

Page 4

tected interest in his security factor or prison employment. *See Moody v. Daggett,* 429 U.S. 78, 88 n. 9 (1976); *Garza v. Miller,* 688 F.2d 480 (1982), *cert. denied,* 459 U.S. 1150 (1983). They do not discuss, however, the court's authority to change the security factor or restore employment as remedies for denial of due process in the prison disciplinary hearings.

N.D.Ill.,1993.
Calderon v. True
Not Reported in F.Supp., 1993 WL 413970 (N.D.Ill.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.