UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BETTY ANNE WATERS as<br>Administratrix of the Estate of<br>KENNETH WATERS,<br>                  Plaintiff,<br>vs.<br><br>TOWN OF AYER,<br>NANCY TAYLOR-HARRIS,<br>ARTHUR BOISSEAU,<br>BUDDY DECOT,<br>WILLIAM ADAMSON,<br>JOHN AND JANE DOES 1-16,<br><br>                  Defendants. | CIVIL ACTION<br>NO. 04-10521-GAO |

## PLAINTIFF BETTY ANNE WATERS'S
## OPPOSITION TO MOTION TO AMEND SCHEDULING ORDER

Plaintiff Betty Anne Waters, by her counsel, hereby opposes Defendants' motion to amend the scheduling order. As grounds for this opposition, Plaintiff states that there is no reason why the summary judgment briefing schedule should be adjusted. Plaintiff does not oppose a reasonable extension of the expert discovery deadlines if there is parity in the timing of expert discovery on both sides, and if that discovery can move forward independently of the summary judgment schedule. Defendants should not, however, be permitted to adjust the summary judgment schedule or gain a strategic windfall for their own experts simply by filing motions to strike Plaintiff's expert reports.

At the time the parties agreed on the present summary judgment briefing schedule, Defendants had expressed an intent to seek to strike Plaintiff's expert reports (despite having not yet seen the reports). Given that Defendants failed at that time to claim that their ability to seek

summary judgment would be hindered by incomplete expert discovery, the argument they advance now -- that they cannot move for summary judgment in the absence of completed expert discovery -- is unavailing. Plaintiff, therefore, objects to extending the deadline for summary judgment motions in this three year-old case.

Finally, the Defendants' proposal is unfair in that it allows Defendants to depose Plaintiff's experts prior to Plaintiff's receipt of Defendants' rebuttal expert disclosures.[1] As compared to the originally-agreed schedule, which called for the defense to disclose its rebuttal expert materials 30 days after plaintiff's disclosures, and for expert depositions to be completed only after each side had disclosed its reports, Defendants' current proposal places Plaintiff at a disadvantage (depriving her experts of Defendants' expert reports) while unfairly benefiting Defendants (by giving their experts the opportunity to review Plaintiff's experts' reports and depositions prior to filing their own reports). If expert discovery is to be completed, it should be completed by both sides at once.

Therefore, Plaintiff proposes that the timing and order of events should be:

(A)     the summary judgment remains December 23, 2007;

(B)     Defendants must serve their rebuttal expert disclosures within 30 days after denial of the motion to strike to which the rebuttal report is related (a 30-day turnaround is consistent with the original agreed schedule, as opposed to the 45 days Defendants now propose); and

(C)     the parties shall have 30 days to conduct expert depositions after all rebuttal expert reports are disclosed in accordance with timing set forth above.

---

[1] Defendants' proposal suggests a date on which they are to "designate rebuttal experts." The Court's order should clarify that the date for defense expert disclosures includes is the date not only to "designate" but also to disclose expert reports with all information required by Rule 26(a)(2), including curriculum vitae and lists of cases.

With respect to the two motions to strike that will be considered as part of the anticipated summary judgment motion briefing (police practices and fingerprint expert), no depositions shall take place prior to the Court's ruling on those motions, or prior to Defendants' disclosure of its rebuttal expert disclosures on this subject matter.

In the alternative, *if* the Court is inclined to extend the summary judgment deadline, Plaintiff proposes the schedule set forth above in paragraphs B and C, with the proviso that the parties shall have 30 days from the conclusion of the expert deposition period to file any motions for summary judgment.

## CONCLUSION

For the reasons set forth herein, Defendants' motion to amend the scheduling order should be denied.

>                    Respectfully submitted,
>
>                    BETTY ANNE WATERS,
>                    By her attorneys
>
>                    /s/ Robert N. Feldman
>                    BIRNBAUM & GODKIN, LLP
>                    Robert N. Feldman (BBO # 630734)
>                    280 Summer Street
>                    Boston, MA  02210
>                    Tel: 617-307-6100 / Fax: 617-307-6101
>
>                    Barry C. Scheck, Esq.
>                    Deborah L. Cornwall, Esq.
>                    Monica Shah, Esq.
>                    COCHRAN NEUFELD & SCHECK, LLP
>                    99 Hudson St., 8th Floor
>                    New York, NY 10013
>                    Tel. (212) 965-9081 / Fax (212) 965-9084

Dated: October 15, 2007

## CERTIFICATE OF SERVICE

    I, Robert N. Feldman, hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 15, 2007.

                                                      /s/ Robert N. Feldman
                                                      Robert N. Feldman