UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-CV-10521-GAO

| | |
|---|---|
| BETTY ANNE WATERS, as Administratrix of the Estate of KENNETH WATERS,<br><br>Plaintiff<br>v.<br><br>TOWN OF AYER, NANCY TAYLOR-HARRIS, in Her Individual Capacity, ARTHUR BOISSEAU, In His Individual Capacity, BUDDY DECOT, In His Individual Capacity, WILLIAM ADAMSON, in His Individual Capacity, PHILIP L. CONNORS, in His Individual Capacity, and JOHN DOE and JANE DOES 1-16, in Their Individual Capacities,<br><br>Defendants | DEFENDANTS' MOTION TO COMPEL DISCOVERY RESPONSES (PRIVATE INVESTIGATION FILES) |

Now come defendants Town of Ayer, Nancy Taylor-Harris, Arthur Boisseau, William Adamson and Philip Connors (the "Defendants"), and hereby move, pursuant to Fed.R.Civ.P. 37(a)(2)(B) and Local Rule 37.1, that this Honorable Court issue an order, compelling plaintiff to provide complete supplemental responses to her Voluntary Disclosure, Defendants' First Request for the Production of Documents and First Set of Interrogatories to provide potentially highly relevant information regarding an alleged interview between plaintiff's representatives and Roseanna Perry Baggessen ("Perry") and involvement of private investigators, which plaintiff has not previously disclosed. The Defendants further note that the plaintiff be required to identify with greater particularity the documents identified in her Privilege Log.

As grounds therefor, the Defendants rely on the following Memorandum of Reasons.

<u>MEMORANDUM OF REASONS</u>

<u>Introduction</u>

At the deposition of Roseanna Perry Baggesen ("Perry") on July 23, 2007, Defendants became aware for the first time that a representative of the plaintiff, Michael Andrews, and an unnamed investigator, interviewed Ms. Perry on March 23, 2001.[1] (Perry Depo. (relevant portions of which are attached hereto as "Exhibit A"), pp.262-272; p.280; pp.312-313). Plaintiff's counsel, in fact, informed Ms. Perry and defense counsel at the deposition that "there is a record of an interview with you [Perry], on March 23, 2001, Friday, when Mike Andrews and an investigator met you at your daughter's home at 57 Wisdom Avenue where you relayed some information to him." (Perry Depo., p. 264, l. 1-6). At her deposition, however, Ms. Perry testified that she did not know Mr. Andrews. (Perry Depo., p. 270, l. 2-8). Plaintiff's counsel, however, had significant information regarding an alleged "meeting" between Ms. Perry and Mr. Andrews, where Ms. Perry allegedly provided information to Mr. Andrews regarding Kenneth Waters' murder confession which was then allegedly used to draft an "Affidavit." (<u>See</u> Perry Depo, p.265, l.6-p.266, l.6).

The record is clear that Ms. Perry never signed this "Affidavit" and never will. (Perry Depo, p.132, l.2-8; p. 128, l.1-18). Further, Ms. Perry has <u>never</u> recanted the trial testimony she provided during the Kenneth Waters' criminal prosecution.[2] (Perry Depo, p. 65, l.18-23; p. 66, l.1-9; p. 99, l.10-22; p. 127, l. 2-7; p.132, l.2-8; p.155, l.7-p.156.l.3). At the deposition, however,

---

[1] To the extent that plaintiff asserts that Mr. Andrews' identity was "disclosed" in plaintiff's Privilege Log dated November 10, 2006, such argument is misleading. Plaintiff's Privilege Log, attached hereto as Exhibit E, merely references unspecified "notes from interview with Roseanna Perry," dated March 23, 2001. Neither the Privilege Log, nor any of plaintiff's discovery responses, disclose Mr. Andrews' identity, knowledge of this matter or documents. Moreover, for the reasons provided in Section I(C) herein, plaintiff's claim of attorney work-product privilege for investigative representatives is inapplicable.

[2] In a footnote to plaintiff's opposition to Defendants' Motion to Strike Plaintiff's DNA Experts Dr. Edward T. Blake and Dr. Sudhir K. Sinha, the plaintiff asserts that "Roseanna Perry Baggeson (sic) recanted again in her deposition." (Docket Entry 114, p.3). This statement, which is made without citation to any portion of the deposition transcript is utterly false, as clearly shown in the pages appended hereto.

Defendants were informed that at this "meeting" between Ms. Perry and Mr. Andrews in 2001, Mr. Andrews and the investigator questioned Ms. Perry about statements she provided the Ayer Police Department, State Police and the Middlesex District Attorneys' Office regarding the Brow murder investigation. (Perry Depo, p. 264, l.11-23; p.266, l.2-8, p.312, l.15-p.313, l.7). Despite the disclosure of Mr. Andrews' identity at the deposition, to date, Defendants have not received <u>any</u> discovery responses which disclosed Mr. Andrews' knowledge of this matter or provided information allegedly obtained by him in consultation with Ms. Perry.

In addition to not previously disclosing Mr. Andrews' identity, at Ms. Perry's deposition, plaintiff's counsel also disclosed for the first time the identity of an investigator, John Nardizzi. (<u>See</u> Perry Depo, p.165, l.23-p.167, l.10). Mr. Nardizzi also reportedly had interactions with Ms. Perry. (<u>See</u> Perry Depo, p.165, l.23-p.167, l.10). Specifically, Ms. Perry testified that an investigator intimidated her to testify that members if the Ayer Police Department threatened to arrest her for a crime. (Perry Depo, p.165, l.23-p.166, l.13). Ms. Perry also testified that she "signed another paper for some other investigator that used to sit outside my house." (Perry Depo, p.76, l.7-14). Ms. Perry, however, did not remember what this second "affidavit" stated. (Perry Depo, p. 76, l.10-23). Despite the obvious relevance of this information, to date, plaintiff has also failed to disclose the identity of Mr. Nardizzi or any notes, reports, documents, including this "affidavit" as discussed at Ms. Perry's deposition to the Defendants.

Specifically, in Defendants' First Request for Production of Documents, Request No. 9, served on or about March 3, 2005, Defendants requested "[a]ll documents and materials pertaining to or concerning the prosecution of plaintiff's decedent, the appeal from his conviction and his subsequent motion for a new trial." Further, in their interrogatories, interrogatory 19, Defendants also requested that plaintiff "[s]et forth the factual basis for your contention that '[t]he APD

3

officers, and specifically defendant Taylor knew or should have known that [the testimony of Roseanna Perry inculpating the decedent] was false." In response to Defendants' discovery, plaintiff has failed to produce potentially highly relevant information and documents related to Mr. Andrews' interview of Ms. Perry, a relevant fact witness in this matter or Mr. Nardizzi's involvement with Ms. Perry. (See, e.g., Plaintiff's Third Supplemental Response to Defendants' First Set of Interrogatories, attached hereto as Exhibit B). Moreover, plaintiff has failed to designate Mr. Andrews or Mr. Nardizzi as individuals with potentially relevant factual information to support her claims in her voluntary disclosures pursuant to Fed.R.Civ.P. 26(a)(1)(A). (See Plaintiff's Voluntary Disclosures, attached hereto as Exhibits C and D).

I.      ARGUMENT

    A.      Information Related to Mr. Andrews and a Private Investigator's Involvement in this Case is Highly Relevant to the Defendants' Defense And Should Be Disclosed

Rule 26(b)(1) provides in relevant part, that a party may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Relevance is broadly construed, and has been interpreted as "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case... [D]iscovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues. Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits." Klonoski v. Mahlab, 156 F.3d 255, 267 (1st Cir. 1998) (citing Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)).

Pursuant to Fed.R.Civ.P.26(a)(1)(A), a party must disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information." (emphasis supplied). Moreover, under Fed.R.Civ.P. 33 and 34, respectively, plaintiff also has a duty to provide accurate factual information and documents in response to the Defendants' interrogatories and requests for production. Federal Rules further require that a party supplement its disclosures if "the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." J.S. McCarthy Co., Inc. v. Brausse Diecutting & Converting Equipment, Inc., 2005 WL 757596, *4 (D.Me.2005) (citing Fed.R.Civ.P.26). For purposes of a motion for order compelling discovery, an evasive or incomplete answer to a discovery request is treated as a failure to answer such request. See Rickles, Inc. v. Frances Denney Corp., 508 F.Supp. 4, 7 (D. Mass.1981) (citing Fed.R.Civ.P. 37(a)(3)).

Here, plaintiff has acted in contravention of Fed.R.Civ. P. 26, 33 and 34 by failing to disclose highly relevant information related to her Brady claim and allegations that the Defendants induced Ms. Perry into making false inculpatory statements against Kenneth Waters. As the Supreme Court has ruled, "[m]odern instruments of discovery serve a useful purpose.... They together with pretrial procedures make a trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." Klonoski, 156 F.3d at 268 (citing United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958) (citation omitted)).

The disclosure of information relating to the alleged conversations between Ms. Perry, Mr. Andrews, Mr. Nardizzi and any other private investigator are highly relevant to the Defendants' defense as they may disclose conversations between such individuals which confirm that the Ayer Police did not induce her to make inculpatory statements with respect to Kenneth Waters' prosecution. Indeed, Mr. Andrews' materials may directly address allegations raised in plaintiff's Complaint. In her Complaint, plaintiff alleges that the Defendants "fabricated evidence to inculpate Mr. Waters, including without limitation, the false witness statements from Ms. Perry..." (Complaint ¶60). In addition, plaintiff alleges that Adamson, Connors, and Ayer Police Department supervisors "tacitly acquiesced in, condoned or encouraged the unconstitutional misconduct of Taylor, Boisseau and Decot, including the fabrication of evidence, the coercion of witnesses and the suppression of material exculpatory evidence from the prosecutor." (Complaint ¶91). Plaintiff further alleges the "APD defendants never disclosed to the prosecutor or defense counsel material exculpatory and/or impeachment information, including without limitation that they had taken prior inconsistent statements from Ms. Perry and Ms. Marsh initially indicating that they had no information linking Mr. Waters to the murder." (Complaint ¶61).

Specifically, as the Defendants recently discovered, plaintiff has withheld: (1) the identity of Mr. Andrews and Mr. Nardizzi and information which they obtained through meetings with Ms. Perry; and (2) documentation regarding a recorded interview on March 23, 2001 between Ms. Perry, Mr. Andrews and a private investigator where Ms. Perry allegedly discussed inculpatory evidence she provided to law enforcement agencies during the Brow murder investigation. Of particular concern in this instance is that the information improperly withheld by the plaintiff with respect to Mr. Andrews and Mr. Nardizzi's knowledge of this case, while only recently and indirectly disclosed to the Defendants, was information which plaintiff was clearly aware of <u>since</u>

2001, when the interviews and meetings took place. (See Perry Depo, p.264, l.1-7; p.266, l.2-4; p.269, l.18-p.270, l.8). As such, it is clear that the plaintiff knew of this information and should have provided it to the Defendants in her original or supplemental voluntary disclosures, answers to interrogatories, and requests for production. Therefore, as the record shows, Defendants' Motion to Compel should be granted as plaintiff has withheld relevant information.

      B.     Information Related to Mr. Andrews and Mr. Nardizzi is in the Plaintiff's Sole Custody and/or Control and Therefore Must Be Disclosed

Information related to Mr. Andrews and Mr. Nardizzi's knowledge of Ms. Perry's alleged statements in 2001 and the underlying criminal investigation of Kenneth Waters is currently in the plaintiff's sole custody and control. Defendants do not have access to this information, which may assist their defense. As such, plaintiff has a duty to disclose information currently in her possession as Mr. Andrews and Mr. Nardizzi, or any other private investigator, was an agent of the plaintiff. (See Perry Depo, p.264, l.1-7; p.266, l.2-4; p.269, l.18-p.270, l.8; p.165, l.23-p.167, l.3). Plaintiff must fully disclose her witnesses and the facts supporting her case. Bondy v. Brophy, 124 F.R.D. 517, 518 (D.Mass.1989). "A party is charged with knowledge of what its agents know, or what is in records available to it...A party must disclose facts in its attorneys' possession even though these facts have not been transmitted to the party." Axler v. Scientific Ecology Group, Inc., 196 F.R.D. 210, 212 (D.Mass.,2000) (citing 8A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure,* § 2177 (1994) at 318-19). "Similarly, a party must produce otherwise discoverable documents that are in his attorneys' possession, custody or control." Id.

Therefore, as plaintiff and/or her counsel are the sole custodians of facts related to Mr. Andrews and Mr. Nardizzi's alleged interactions with Ms. Perry in 2001, this information must be disclosed. Further, any documentation prepared on the basis of Mr. Andrews, Mr. Nardizzi, or

7

any other private investigators' interaction with Ms. Perry must also be produced pursuant to Fed.R.Civ.P. 26 and 34. As such, Defendants' Motion to Compel should be granted.

      C.      <u>Attorney-Work Product Privilege Is Inapplicable to the Information Requested</u>

To the extent plaintiff asserts that documents prepared by Mr. Andrews or Mr. Nardizzi are not discoverable on the basis of attorney-work product privilege, such privilege is inapplicable in this instance. While Mr. Andrews is an attorney, he is not involved in this litigation and the Defendants are not seeking any information related to Mr. Andrews or Mr. Nardizzi's mental impressions or thoughts; Defendants are merely seeking available <u>factual</u> information relating to their interviews and interactions with Ms. Perry. <u>Flynn</u> v. <u>Church of Scientology International</u>, 116 F.R.D. 1, 3 (D.Mass.1986) (holding an attorney's work product privilege only protects against the disclosure of mental impressions, conclusions, opinions or legal theories). Moreover, Defendants have no access to this information and may not otherwise obtain it as plaintiff is sole custodian of documents related to the 2001 interview. <u>See</u> <u>Flynn</u>, 116 F.R.D. at 3 ("[t]he party seeking discovery of the lawyer's 'work-product' must establish adequate reasons to justify such production. When the desired material can be obtained elsewhere, the burden of showing such special circumstances has not been met") (citing <u>Hickman</u> v. <u>Taylor</u>, 329 U.S. 495, 511-13 (1946)). As such, disclosure is proper. <u>See</u> <u>Bondy</u>, 124 F.R.D. at 518 (ruling that discovery may be proper if an "investigator has statements of witnesses to whom the defendant has no reasonable access").

Further, plaintiff has failed to assert any privilege, attorney-work product or otherwise, specific to Mr. Andrews or Mr. Nardizzi's involvement in this litigation or his investigation in the underlying criminal matter. (<u>See</u> Plaintiff's Privilege Logs, attached hereto as Exhibit E and Exhibit F). Despite plaintiff's assertion of attorney-client privilege and attorney-work product

privilege for Kenneth Waters' criminal defense attorneys, plaintiff never invoked any privilege with respect to Mr. Andrews.[3] (Exhibit E) Moreover, to the extent that plaintiff's Privilege Log, dated November 10, 2006, attempted to assert a privilege for "notes from interview with Roseanna Perry" dated March 23, 2001, such privilege is not specific to Mr. Andrews and the Defendants have no way to determine who is the author of such "notes." (Exhibit E).

Even assuming, *arguendo*, that plaintiff appropriately asserted attorney-work product privilege, "[i]t is well established, of course, that facts do not become non-discoverable merely because they happen to be set forth in a document that qualifies as work product." Fleet Nat. Bank v. Tonneson & Co., 150 F.R.D. 10, 15 (D.Mass.1993) (citing Wright & Miller, *Federal Practice and Procedure:* Civil § 2023, n. 16). Indeed, parties may use "conventional discovery devices such as interrogatories and depositions to discover the existence of such facts." Id. Litigants cannot use the work product privilege to shield facts which their adversaries are entitled to know. Id.

Therefore, as plaintiff has not asserted attorney-work product privilege with respect to Mr. Andrews or Mr. Nardizzi's interview of Ms. Perry, and such privilege is inapplicable to information pertaining to private investigation materials which are in the sole custody of the plaintiff, Defendants' Motion to Compel should be allowed.

### 1. Plaintiff Should Be Required to Revise Her Privilege Log

Further, given the apparently improper inclusion of the Andrews/Perry interview in the plaintiff's Privilege Log, the Defendants are legitimately concerned that the plaintiff may have inappropriately asserted attorney-work product privilege and/or attorney-client privilege with

---

[3] Defendants previously filed a Motion to Compel Kenneth Waters' criminal defense files related to his prosecution. (Docket Entry 80). The Court granted Defendants' Motion to Compel in part. (Docket Entry 93). This Motion to Compel does not duplicate Defendants' previous Motion, but seeks to compel private investigation documents on the basis of newly discovered information obtained by the Defendants at Ms. Perry's July 23, 2007 deposition.

respect to additional relevant documents in contravention of Fed.R.Civ.P.26.  (See Exhibits E and F).  Consequently, the Defendants now move for an order of this Court compelling plaintiff to identify with greater particularity the items included in her Privilege Logs and respectfully reserve the right to further move the Court to require plaintiff to produce all documents identified in plaintiff's Privilege Logs, where privilege has been improperly asserted.  (Exhibits E and F).  See F.D.I.C. v. Nash, 1998 WL 34061514, *2 (D.N.H.) (D.N.H.,1998) (citing Town of Norfolk v. U.S. Army Corps of Eng'rs, 968 F.2d 1438, 1457 (1st Cir.1992)) (holding "[a] party asserting attorney-client or work-product privileges bears the burden of establishing the applicability of the privilege.  An assertion of privilege alone is insufficient to carry the burden as the party seeking the protection of privilege must provide sufficient information to allow the court to make a reasoned judgment on the privilege claim").

II.     Conclusion

WHEREFORE, Defendants respectfully request that this Honorable Court grant their Motion to Compel.

RESPECTFULLY SUBMITTED,

DEFENDANTS,

By their attorneys,

/s/ Joseph L. Tehan, Jr.
Joseph L. Tehan, Jr. (BBO# 494020)
Gregg J. Corbo (BBO# 641459)
Kopelman and Paige, P.C.
  Town Counsel
101 Arch Street, 12th Floor
Boston, MA  02110-1109
(617) 556-0007

328306/AYER-WATERS/0053

CERTIFICATION OF COMPLIANCE
PURSUANT TO LOCAL RULES 7.1(A)(2) AND 37.1(A)

I, the undersigned Janelle M. Austin., hereby certify that the provisions of Local Rule 7.1(A)(2) and 37.1(A) have been complied with prior to filing this Motion to Compel. I conferred with counsel for the plaintiff, on October 25, 2007 regarding the issues contained in Defendants' Motion to Compel.

/s/ Janelle M. Austin
Janelle M. Austin