E

Case 1:04-cv-10521-GAO    Document 119-6    Filed 10/26/2007    Page 1 of 10

**COCHRAN NEUFELD & SCHECK, LLP**
99 Hudson Street
New York, New York 10013

Tel: 212-965-9081
Fax: 212-965-9084

Peter J. Neufeld
Barry C. Scheck
Nick J. Brustin
Debi Cornwall

Jennifer E. Laurin
Monica R. Shah
Anna Benvenutti Hoffmann

Johnnie L. Cochran, Jr.
(1937-2005)

November 27, 2006

Gregg J. Corbo, Esq.
Kopelman & Paige, PC
101 Arch Street, 12th Floor
Boston, MA 02110

Re: *Waters v. Town of Ayer et al.*, No. 04 Civ. 10521

Dear Mr. Corbo:

    I write in response to your letter dated November 17, 2006. With respect to the privilege log associated with plaintiff's November 10, 2006 Supplemental Rule 34 Disclosure, you argue that the assertion of attorney work product privilege is inappropriate because the mental impressions of Mr. Waters' criminal defense attorneys is allegedly "the central issue in this case." While plaintiff's *Brady* claim has arguably placed a narrow scope of attorney work-product at issue – and as such we will produce certain documents identified below – the *Brady* claim does not vitiate the privilege as to all work product. In the context of attorney-client privilege, courts have recognized that "'[a]n 'at issue' waiver, in circumstances where it is recognized, should not be tantamount to a blanket waiver of the entire attorney-client privilege in the case.'" *Fed. Deposit Ins. Corp. v. R.W. Beck, Inc.*, No. Civ.A.01.-CV-11982RGS, 2004 WL 1474579, at *2 (D. Mass. July 1, 2004) (quoting *Darius v. City of Boston*, 433 Mass. 274, 283 (2001). As a result, "a court is obligated to craft its order in such a way 'so as to limit the permissible discovery to what is truly 'at issue'" *Id.* (quoting *Darius*, 433 Mass. at 283).

    With these principles in mind, your request for a broad disclosure of all work product, even by Mr. Waters' post-conviction attorneys, is overbroad and unreasonable. Plaintiff's *Brady* claim alleges that the failed to disclose exculpatory evidence to the prosecutor and Mr. Waters' trial attorney, Bernard Bradley. At most, plaintiff has arguably placed at issue Mr. Bradley's underlying knowledge concerning the exculpatory evidence at the time of the trial. As such, plaintiff only acknowledges that work-product privilege may be waived with respect to documents reflecting the mental impressions, conclusions, opinions, or legal theories of Mr.

1

Bradley prior to Mr. Waters' conviction. Therefore, plaintiff hereby discloses Mr. Bradley's pre-conviction correspondence or notes that you identified in your letter, without waiver of any other privileges.

Sincerely,

*Monica R. Shah*

Monica R. Shah

Enclosures
cc.:   Rob Feldman, Esq. (w/o encl.)

2

# PRIVILEGE LOG

| DOCUMENT # | DESCRIPTION | DATE OF DOCUMENT | EXPLANATION OF PRIVILEGE | WAIVER |
|---|---|---|---|---|
| BAW00048 | Hand-written note re: case law | | Attorney Work Product (Fed. R. Civ. P. 26(b)(3)) | |
| BAW00061 | Type-written notes re: DeSimone's investigation | 7/6/1983 | Attorney Work Product (Fed. R. Civ. P. 26(b)(3)) | |
| BAW00081 | Notes from interview with Roseanna Perry | 3/23/2001 | Attorney Work Product (Fed. R. Civ. P. 26(b)(3)) | |
| BAW00085 | Hand-written notes re: Randall interview | 4/4/2001 | Attorney Work Product (Fed. R. Civ. P. 26(b)(3)) | |
| BAW00094 | Hand-written notes re: probable cause hearing | 11/5/82 | Attorney Work Product (Fed. R. Civ. P. 26(b)(3)) | |
| BAW00098 | Bradley's hand-written notes | | Attorney Work Product (Fed. R. Civ. P. 26(b)(3)) | |
| BAW00114 | Bradley's hand-written notes re: call from Fahey, Waters' interview | 10/14/1982 | Attorney Work Product (Fed. R. Civ. P. 26(b)(3)) | Waived privilege and produced document in letter dated 11/27/06 |
| BAW00119 | Phone message re: conversation between Waters and Everett Lapore | 11/30/1982 | Attorney-Client Privilege; Attorney Work Product (Fed. R. Civ. P. 26(b)(3)) | Waived privilege and produced document in letter dated 11/27/06 |

| Bates | Description | Date | Privilege | Notes |
|---|---|---|---|---|
| BAW00122 | Notes of phone conversation between Waters and Everett Lapore (duplicate of BAW00119) | 11/30/1982 | Attorney-Client Privilege; Attorney Work Product (Fed. R. Civ. P. 26(b)(3)) | Waived privilege in letter dated 11/27/06 |
| BAW00132 | Correspondence from Bradley to Morgan | 2/2/1983 | Attorney Work Product (Fed. R. Civ. P. 26(b)(3)) | Waived privilege and produced document in letter dated 11/27/06 |
| BAW00133 | Hand-written notes | | Attorney Work Product (Fed. R. Civ. P. 26(b)(3)) | |
| BAW00137 | Correspondence from Bradley to Morgan | 3/29/1983 | Attorney Work Product (Fed. R. Civ. P. 26(b)(3)) | Waived privilege and produced document in letter dated 11/27/06 |
| BAW00139 | Correspondence from Bradley to Morgan | 2/25/1983 | Attorney Work Product (Fed. R. Civ. P. 26(b)(3)) | Waived privilege and produced document in letter dated 11/27/06 |
| BAW00162 | Correspondence from Betty Anne Waters to Santo re: Connors' affidavit, fingerprint and alibi evidence | 11/30/1999 | Attorney-Client Privilege; Attorney Work Product (Fed. R. Civ. P. 26(b)(3)) | |
| BAW00365 | Correspondence from Peters to DeSimone re: Perry Hearing | 7/11/1985 | Attorney Work Product (Fed. R. Civ. P. 26(b)(3)) | |
| BAWadds8 | Waters' case list | | | |
| CPCS000001 | Defense attorney's notes re: Waters' Case | 5/24/1983-5/29/84 | Attorney Work Product (Fed. R. Civ. P. 26(b)(3)) | |
| CPCS000003 | Defense attorney's notes re: Waters' Case | 10/18/1982- | Attorney Work | Waived privilege |

*Waters v. Town of Ayer et al.*, Docket No. 04 Civ. 10521 (GAO)    November 10, 2006

| | | | |
|---|---|---|---|
| CPCS000019 | Appeal referral form | 5/11/83 | Product (Fed. R. Civ. P. 26(b)(3)) and produced document in letter dated 11/27/06 |
| CPCS000029 | Intake form | 5/12/1983 | Attorney Work Product (Fed. R. Civ. P. 26(b)(3)) |
| CPCS000030 | Appeal referral form (duplicate of CPCS000019) | 10/8/1982 | Attorney Work Product (Fed. R. Civ. P. 26(b)(3)) |
| IP00419 | Typwritten notes re: Waters' investigation | 5/12/1983 | Attorney Work Product (Fed. R. Civ. P. 26(b)(3)) |
| IP00429 | Correspondence from DeSimone to Bradley re: police reports indicating that fingerprint comparisons were completed | 11/30/1999 | Attorney Work Product (Fed. R. Civ. P. 26(b)(3)) |
| IP00430 | Typwritten notes re: Waters' investigation (duplicates first four pages of IP00419) | 1/13/1984 | Attorney Work Product (Fed. R. Civ. P. 26(b)(3)) |
| IP00434 | Status Report | | Attorney Work Product (Fed. R. Civ. P. 26(b)(3)) |
| IP00436 | Status Report | | Attorney Work Product (Fed. R. Civ. P. 26(b)(3)) |
| IP00437 | Status Report | | Attorney Work Product (Fed. R. Civ. P. 26(b)(3)) |
| IP00443 | Notes re: forensic evidence | | Attorney Work Product (Fed. R. Civ. P. 26(b)(3)) |

| IP00444 | Hand-written notes | | Attorney Work Product (Fed. R. Civ. P. 26(b)(3)) |
|---|---|---|---|
| IP00446 | Hand-written notes | | |
| IP00457 | Status Report | 2/8/2001 | Attorney Work Product (Fed. R. Civ. P. 26(b)(3)) |
| IP00483 | Status Report | 2/8/2001 | Attorney Work Product (Fed. R. Civ. P. 26(b)(3)) |
| IP00487 | Status Report | 8/7/2001 | Attorney Work Product (Fed. R. Civ. P. 26(b)(3)) |
| IP00491 | Status Report | 4/5/2000 | Attorney Work Product (Fed. R. Civ. P. 26(b)(3)) |
| IP00674 | Correspondence from Santo re: status of case | 5/16/2000 | Attorney Work Product (Fed. R. Civ. P. 26(b)(3)) |
| IP00677 | Correspondence from Betty Anne Waters re: Perry Affidavit | 4/17/2001 | Attorney-Client Privilege; Attorney Work Product (Fed. R. Civ. P. 26(b)(3)) |
| IP00686 | IP Final Report | 4/24/2001 | Attorney Work Product (Fed. R. Civ. P. 26(b)(3)) |
| IP00803 | Correspondence from Betty Anne Waters to Scheck re: Perry Affidavit | 6/29/1999 | Attorney-Client Privilege; Attorney Work Product (Fed. R. Civ. P. 26(b)(3)) |
| IP00806 | Correspondence from Waters to Scheck re: trial transcripts, forensic evidence | 10/31/1999 | Attorney-Client |

| | accepting case | | Privilege; Attorney Work Product (Fed. R. Civ. P. 26(b)(3)) |
|---|---|---|---|
| IP00808 | Correspondence from Betty Anne Waters to Santo re: Perry affidavit, fingerprint and alibi evidence (duplicate of BAW00162) | 11/30/1999 | Attorney-Client Privilege; Attorney Work Product (Fed. R. Civ. P. 26(b)(3)) |
| IP00814 | Correspondence from Betty Anne Waters to Santo re: locating Perry, employee who gave Kenny ride home | 12/6/1999 | Attorney-Client Privilege; Attorney Work Product (Fed. R. Civ. P. 26(b)(3)) |
| IP00819 | Transfer Memo | 5/16/2000 | Attorney Work Product (Fed. R. Civ. P. 26(b)(3)) |
| IP00820 | Transfer Memo | 8/7/2000 | Attorney Work Product (Fed. R. Civ. P. 26(b)(3)) |
| IP00822 | Memorandum re: status of case | 3/20/2001 | Attorney Work Product (Fed. R. Civ. P. 26(b)(3)) |
| IP00832 | Correspondence re: Emergency Unopposed Motion for New Trial | 4/17/2001 | Attorney-Client Privilege; Attorney Work Product (Fed. R. Civ. P. 26(b)(3)) |
| IP00904 | Correspondence from Santo to Dr. Blake re: stipulation and split evidence | 4/24/2000 | Attorney Work Product (Fed. R. Civ. P. 26(b)(3)) |
| IP00907 | Correspondence from Santo to Dr. Blake re: stipulation and split evidence (duplicate of IP00904) | 4/24/2000 | Attorney Work Product (Fed. R. Civ. P. 26(b)(3)) |
| IP00915 | Correspondence from Santo to Dr. Blake re: description of Waters' case | 2/23/2000 | Attorney Work Product (Fed. R. Civ. P. 26(b)(3)) |

| | | | |
|---|---|---|---|
| IP00931 | Correspondence from Betty Anne Waters to Santo re: laboratory reports | 2/8/2000 | Attorney-Client Privilege; Attorney Work Product (Fed. R. Civ. P. 26(b)(3)) |
| IP00949 | Correspondence from Betty Anne Waters to Santo re: visit with Kenny | | |
| IP00971 | Correspondence from Waters to Scheck re: accepting case (duplicate of IP00806) | 11/11/1999 | Attorney-Client Privilege; Attorney Work Product (Fed. R. Civ. P. 26(b)(3)) |
| IP00975 | Correspondence from Betty Anne Waters to Neufeld and Scheck re: Waters' IP application | 10/31/1999 | Attorney-Client Privilege; Attorney Work Product (Fed. R. Civ. P. 26(b)(3)) |
| IP00978 | IP Intake Form | 11/20/1999 | Attorney-Client Privilege; Attorney Work Product (Fed. R. Civ. P. 26(b)(3)) |
| IP00982 | Correspondence from Betty Anne Waters to Dao re: status of Waters' case | | Attorney-Client Privilege |
| IP00986 | Correspondence from Dao to Betty Anne Waters re: status of Waters' case | 7/12/1999 | Attorney-Client Privilege; Attorney Work Product (Fed. R. Civ. P. 26(b)(3)) |
| IP00989 | Correspondence from Dao to Betty Anne Waters re: status of Waters' case | 7/11/1999 | Attorney-Client Privilege; Attorney Work Product (Fed. R. Civ. P. 26(b)(3)) |
| IP00990 | Correspondence from Betty Anne Waters to Dao re: motion to preserve | 7/12/1999 | Attorney-Client Privilege; Attorney Work Product (Fed. R. Civ. P. 26(b)(3)) |
| | | 7/12/1999 | Attorney-Client Privilege; Attorney Work Product (Fed. R. Civ. P. 26(b)(3)) |

| IP00993 | Correspondence from Dao to Betty Anne Waters re: sample legal motions | 7/1999 | Attorney-Client Privilege; Attorney Work Product (Fed. R. Civ. P. 26(b)(3)) |
| --- | --- | --- | --- |
| IP00994 | Correspondence from Betty Anne Waters to Scheck re: trial transcript missing pages | 8/12/1999 | Attorney-Client Privilege; Attorney Work Product (Fed. R. Civ. P. 26(b)(3)) |