UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
BETTY ANNE WATERS, as                       )
Administratrix of the Estate of             )
KENNETH WATERS,                             )
                                            )   Case No. 04 10521 (GAO)
            Plaintiff,                      )
      v.                                    )
                                            )   **PLAINTIFF'S SUBMISSION**
TOWN OF AYER, NANCY TAYLOR-                 )   **PURSUANT TO THE**
HARRIS, in her individual capacity, ARTHUR  )   **COURT'S ORAL INSTRUCTION**
BOISSEAU, in his individual capacity,       )   **THAT THE PARTIES ATTEMPT TO**
BUDDY DECOT, in his individual capacity,    )   **NEGOTIATE A STIPULATION AS TO**
WILLIAM ADAMSON, in his individual          )   **THE FORENSIC DNA EVIDENCE**
capacity, PHILIP L. CONNORS, in his         )
individual capacity, and JOHN DOE and JANE  )
DOES 1–16, in their individual capacities,  )
                                            )
            Defendants.                     )
                                            )
_____  )

      In response to the Court's oral instruction of October 30, 2007 that the parties attempt to negotiate a stipulation as to the forensic facts that are not (or should not be) in dispute, Plaintiff Betty Anne Waters, by counsel, respectfully submits the following, setting forth Plaintiff's good-faith efforts in the last week, and indeed over the last year to achieve this very result, without any response from the Defense.

      At the original criminal trial, male blood was found at the murder scene, believed to have been left by the perpetrator. Based on pre-DNA conventional serology, it was determined that Kenny Waters, along with the victim's husband and 50% of the population, could have been a contributor. Years later, after the intervention of Plaintiff Betty Anne Waters and the Innocence Project, that same male blood was tested by Forensic Science Associates using new DNA

1

technology.  Kenny Waters was definitively excluded as the source of the blood.  (*See* generally Forensic Science Associates report, attached as Ex. 1, reviewing 2000-2001 findings).  The Massachusetts State Crime Lab concurred with those findings.  (*See* Ex. 2.)  As a result, Mr. Waters was released from custody and the Middlesex County District Attorney's Office dismissed the indictment by filing a *nolle prosequi* on June 28, 2001. (*See* Ex. 3.)[1]  This action followed.

In an attempt to narrow the issues for trial, Plaintiff served Defendants with Request to Admit on November 15, 2006.  (*See* Ex. 4, Plaintiff's Request for Admission.)  A number of these requests, supported by documents created during the original investigation of the case, related to the underlying forensic evidence and history of DNA testing, as well as Mr. Waters's innocence, which in Plaintiff's view were critical facts about which there could be no good-faith dispute.  (*See id.* at ¶¶ 7–23, 50–57 & attachments.)  Counsel for Defendants objected to the number of requests as exceeding the number permitted by Local Rule 26.1.  In response, Plaintiff's counsel agreed to reduce the number of requests by taking out the requests related to forensic evidence and authentication of documents in the hopes of reaching stipulations with respect to those issues.  In a telephone call in mid-November, 2006, defense counsel Corbo represented that, while Defendants would not stipulate to Mr. Waters's actual innocence, they believed an agreement could be reached as to the underlying forensic facts.[2]  Based on this

---

[1] A third laboratory subsequently conducted additional DNA testing and corroborated the results.

[2] Plaintiff's counsel made the same proposal for authentication of documents produced in discovery.  Although defense counsel stated a willingness to negotiate a stipulation on that issue as well, repeated attempts by Plaintiff's counsel to do so have been unsuccessful.

representation, Plaintiff served amended requests for admission on December 8, 2006.  (*See* Cornwall letter of December 8, 2006, highlighted in relevant part, attached as Ex. 5.)

Subsequently, on December 11, 2006, Plaintiff sent Defendants the proposed stipulations related to the forensic evidence in the case (and the authentication of documents).  (*See* Ex. 6, proposed forensic stipulation.)

Plaintiff received Defendants' response to her amended requests for admission on January 9, 2007.  By letter dated January 19, 2007, Plaintiff's counsel informed counsel for Defendants that the responses were insufficient and noted the lack of any response to the proposed stipulations that had been served a month earlier.  (*See* Ex. 7, Cornwall letter of Jan. 19, 2007, highlighted in relevant part.)  The proposed forensic stipulation was sent again on that date.  (*Id.*).

After a phone call with defense counsel in which they objected to the inclusion of a number of forensic facts in the draft stipulation, Plaintiff's counsel, in another good-faith attempt to narrow the issues for trial, drafted and sent a shorter draft stipulation for their consideration on February 15, 2007.  (*See* Ex. 8).

Plaintiff subsequently filed a motion to enlarge discovery to allow for the additional requests to admit regarding the forensic evidence.  (*See* Docket No. 70.)  On March 19, 2007, the Court denied the motion "without prejudice to filing another motion at a later date if there are disputes regarding documents that the parties are unable to resolve."  (*See* Docket No. 75 ¶ 2(d).)

Finally, on May 29, 2007, with the expert report deadline approaching and with no response from the defense as to the proposed stipulations, Plaintiff attempted one last time to get a response from the defense with regard to the forensic issues.  By letter of May 29, 2007,

defense counsel was again asked to respond regarding the forensic stipulation. (*See* Ex. 9, Cornwall letter of May 29, 2007, at 4, highlighted in relevant part). There was no response.

In reliance on Defendants' refusal to admit to these undisputable issues and their refusal to negotiate a stipulation as to the forensic facts of the case, Plaintiff engaged two DNA experts to provide reports: Dr. Edward T. Blake of Forensic Science Associates, to opine as to his prior DNA tests excluding Mr. Waters, and Dr. Sudhir Sinha, who conducted DNA testing that excluded Mr. Waters and all his brothers (i.e. the biological sons of Elizabeth O'Connor), as the source of blood from the crime scene. (*See* Exs. 1, 10.) These reports were timely served on the expert deadline of August 23, 2007.

Pursuant to the Court's oral instruction of October 30, 2007, Plaintiff renewed her offer to stipulate to the forensic facts. On November 6, 2007, Plaintiff's counsel served her proposed stipulation on defense counsel, which was updated from the original proposed stipulation to include the results of the DNA testing conducted by Dr. Sinha. (*See* Ex. 11, Shah correspondence of Nov. 11, 2007.) As with the original proposed stipulation, each paragraph of the renewed proposed stipulation is supported by documentary evidence and, thus, cannot be disputed in good-faith. (*See* Ex. 12, Renewed Proposed Stipulation with Exhibits Attached). To date, Plaintiff has received no response from defense counsel.

In short, Plaintiff has repeatedly attempted to narrow the forensic issues for trial over the last year, but has been ignored by the defense. As such, plaintiff incurred significant costs in retaining DNA experts on this critical issue. Dr. Blake billed, and has been paid, $1600, at his standard rate; Reliagene billed, and has been paid, $2000. (*See* Ex. 13, 14.) Defendants' motion to strike these reports – which raise absolutely no challenge to the reliability of the DNA

exclusions but rather seek to limit defense costs in responding to them – is disingenuous at best under the circumstances, and provides the Court no good reason to deny plaintiff this proof.

## Conclusion

In short, plaintiff has again attempted to negotiate a reasonable stipulation, as per the Court's oral instruction, but has heard no response from the defense.


Dated: November 13, 2007        Respectfully submitted,
       New York, NY

/s/ Deborah L. Cornwall
Barry C. Scheck (BS 4612)
Deborah L. Cornwall (DC 2186)
Monica Shah (MS 9846)
COCHRAN NEUFELD & SCHECK, LLP
99 Hudson Street, 8th Floor
New York, NY 10013
Tel. (212) 965-9081 / Fax (212) 965-9084

Robert N. Feldman
BIRNBAUM & GODKIN, LLP
280 Summer Street
Boston, MA 02210-1108
Tel. (617) 307-6130 / Fax (617) 307-6101

*Attorneys for Plaintiff Betty Anne Waters*

**CERTIFICATE OF SERVICE**

      I, Emily Gordon, hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 13, 2007.

                                                     /s/ Emily Gordon
                                                     Emily Gordon