**COCHRAN NEUFELD & SCHECK, LLP**
99 Hudson Street
New York, New York 10013
———
Tel: 212-965-9081
Fax: 212-965-9084

Peter J. Neufeld
Barry C. Scheck
Nick J. Brustin
Debi Cornwall
———
Jennifer E. Laurin
Monica R. Shah
Anna Benvenutti Hoffmann

Johnnie L. Cochran, Jr.
(1937-2005)

December 8, 2006

Jay Tehan, Esq.
Jeffrey T. Blake, Esq.
Gregg J. Corbo, Esq.
Kopelman & Paige, PC
31 St. James Avenue, 7th Floor
Boston, MA 02116-4102

Re:   Waters v. Town of Ayer et al., No. 04 Civ. 10521

Dear counsel:

In light of my conversation with Gregg Corbo several weeks ago, I enclose amended requests to admit. We will be sending proposed stipulations next week. As you will recall, Mr. Corbo brought to my attention the local rule limiting requests to admit to 25 without consent or a court order. We discussed taking certain issues out of the requests in hopes that we could reach stipulations as to the forensic evidence and authentication of documents. I understood from that conversation that you would not stipulate to Mr. Waters's actual innocence, but that you thought we should be able to reach agreement as to the underlying forensic facts. Given the proposed stipulations, we have reduced the number of requests to admit from approximately 100 to approximately 60. Given the unique nature of this case and our desire to identify and limit the truly disputed issues for trial, I believe these requests are necessary and appropriate. Please advise whether you will answer them or whether we should move to compel.

In addition, I have not heard back from any of you regarding my letter of November 3 which identified a number of materials that we believe are discoverable and within the scope of our original document requests, but which you have not disclosed. For one, Mr. Corbo indicated that we would be receiving APD policies (such as those regarding special officers) at the start of Ms. Taylor-Harris's deposition. We have not seen them to date. In addition, as indicated in my letter of November 3, we initially made a *Monell* request for evidence relating to prior instances

1

of misconduct in the APD – including the Ties scandal, the rape allegation against Stanley Randall, and other incidents bearing on the issues raised in this case, as well as Board of Selectmen records relating thereto (it has come to our attention that those meetings were audiotaped, as such we are seeking those tapes as well as documentary records of them).

I renewed our request for that evidence in my letter of over a month ago but have received no response. Please do me the courtesy of responding by Friday, December 15, 2006, so that we can start working on a motion to compel if necessary. This letter will serve as my final attempt to meet and confer before we file.

I look forward to hearing from you.

Sincerely,

*Deborah Cornwall*

Deborah L. Cornwall