**COCHRAN NEUFELD & SCHECK, LLP**
99 Hudson Street
New York, New York 10013

Tel: 212-965-9081
Fax: 212-965-9084

Peter J. Neufeld
Barry C. Scheck
Nick J. Brustin
Debi Cornwall

Jennifer E. Laurin
Monica R. Shah
Anna Benvenutti Hoffmann

Johnnie L. Cochran, Jr.
(1937-2005)

January 19, 2007

Jay Tehan, Esq.
Jeffrey T. Blake, Esq.
Gregg J. Corbo, Esq.
Kopelman & Paige, PC
101 Arch Street
Boston, MA 02110

Re:   Waters v. Town of Ayer et al., No. 04 Civ. 10521

Dear Counsel:

We have received your clients' response to plaintiff's amended request for admission. I write to ask you to clarify or amend certain answers we deem incomplete, insufficient or improper, so that we can determine whether to seek judicial relief in advance of the discovery deadline.

First, with respect to requests #3-7, 10, 13, 15-17, 21, 51, and 54, defendants' answers are unresponsive. In each of defendants' answers to these requests, defendants purport to provide a partial admission by stating that they admit the requested admission only to the extent that the relevant document or deposition or trial transcript supports it. Defendants' answers are entirely unresponsive because the requested admissions simply seek to confirm or deny the truth of material facts, not whether certain documents or testimony support those facts. Defendants' distinction between the document or testimony and its underlying fact suggests that defendants deny the reasonable inferences to be drawn from the document or testimony. If that is the case, defendants should simply deny the request rather than creating an artificial and meaningless distinction. See Thalheim v. Eberheim, 124 F.R.D. 34, 35 (D. Conn. 1988) ("Though qualification may be required where a request contains assertions which are only partially correct, a reviewing court should not permit a responding party to undermine the efficacy of the

1

rule by crediting disingenuous, hair-splitting distinctions whose unarticulated goal is unfairly to burden an opposing party." (citing Flanders v. Claydon, 115 F.R.D. 70, 72 (D. Mass.1987); Walsh v. Connecticut Mutual Life Ins. Co., 26 F. Supp. 566, 573 (E.D.N.Y. 1939))).

In any event, defendants' answers to requests #3-7, 10, 13, 15-17, 21, 51, and 54 are incomplete. The answers neither admit nor deny the requested admissions. Under Rule 36, defendants are required "to set forth in detail the reasons why [they] cannot truthfully admit or deny the matter." Fed. R. Civ. P. 36(a). Should defendants' answers be interpreted as a qualification or partial denial, defendants' are required to "specify so much of it as is true and qualify or deny the remainder." Id. To provide a complete answer to these requests, set forth in detail the reasons why defendants cannot admit or deny the requested admissions or specify as much of it as is true and qualify or deny the remainder.

Second, with respect to requests #4, 10, 11, 14, 17, 18, 20, 22, 24, 26, 29, 31, 33, 35, 37, 39, 41-44, 49, 50, 55, and 58-62, defendants' answers are also incomplete. In defendants' answers to each of these requests, defendants fail to provide an admission or denial and summarily note that they have made reasonable inquiry into the information sought and that the information known or readily obtainable is insufficient for defendants to admit or deny the requested admission. "Intonation of the words of [Rule 36] that the party has made a 'reasonable inquiry' is not determinative whether the answer is sufficient. The party *must in some way show* that he has, in fact, made a 'reasonable inquiry' and that information 'readily available' to him is insufficient to enable him to admit or deny the statement." Harris v. Oil Reclaiming Co., 190 F.R.D. 674, 679 (D. Kan. 1999) (citing Asea, Inc. v. S. Pac. Transp. Co., 669 F.2d 1242, 1246-47 (9th Cir. 1981) (emphasis added); see also Burkbybile v. Mitsubishi Motors Corp., No. 04 C 4932, 2006 WL 3191541, at *2 (N.D. Ill. Oct. 17, 2006) ("It is not enough simply to posit . . . that it has undertaken 'a diligent search and reasonable inquiry.' Unadorned conclusions have no more place in this context than they have in the context of expert discovery or judicial opinion writing."). Thus, simply parroting the language of Rule 36 is insufficient to satisfy defendants' obligations under Rule 36. To provide a complete answer to these requests, describe in detail the steps defendants have taken, if any, to make a reasonable inquiry and explain why the information readily available to defendants is insufficient to admit or deny the statement.

In addition to the foregoing concerns, I also note that we have not heard back from you with respect to the drafts of proposed stipulations concerning forensic evidence and the authentication of documents, which were sent to you on December 11, 2006. I attach the proposed stipulations (revised to reflect today's date) to this letter for your convenience. Please keep in mind that we deleted a number of requests to admit based on your representation that you thought we could reach an agreement on the issues set forth in these stipulations. Should you not agree to the proposed stipulations, we will address the issue by seeking leave to increase the number of requests to admit to include the admissions concerning the forensic evidence and the authentication of documents.

Please amend your response in a timely fashion, or otherwise respond, so that we may determine whether to file a motion to compel. Should you delay, we will file a motion to compel no later than the close of business on January 23, 2007.

Regards,

*Monica R. Shah*

Monica R. Shah