COCHRAN NEUFELD & SCHECK, LLP
99 Hudson Street
New York, New York 10013

Tel: 212-965-9081
Fax: 212-965-9084

Peter J. Neufeld
Barry C. Scheck
Nick J. Brustin
Debi Cornwall

Johnnie L. Cochran, Jr.
(1937-2005)

Jennifer E. Laurin
Monica R. Shah
Anna Benvenutti Hoffmann

May 29, 2007

**BY ELECTRONIC MAIL AND U.S. MAIL**

Jay Tehan, Esq.
Kopelman & Paige, PC
101 Arch St.
Boston, MA 02110-1109

Re: *Waters v. City of Ayer, et al.*, No. 1:04-cv-10521-GAO (JD)

Dear Mr. Tehan:

    I am in receipt of your May 24 letter and address each of your concerns in turn below. First, the exhibits to the most recent supplemental interrogatory responses went out by UPS on May 24. You should have them in hand.

**Interrogatory responses**

    The faxed copy of the letter I received refers to an "attached Second Set of Interrogatories to plaintiff, served on March 21, 2007" but none was actually attached. I have nonetheless located that document in our files. The request, erroneously labeled No. 1 but actually No. 25 when considered alongside the initial requests, asks Ms. Waters to "set forth in full and complete detail the knowledge of the individuals identified in your initial and supplemental voluntary disclosure as 'persons likely to have discoverable information' concerning the occurrences set forth in the Complaint.'" Your letter contends that you "have yet to receive a response" to that Interrogatory. However, our response was duly served, both electronically and by UPS, on April 20, 2007. Please review your records.

    For clarification, the Interrogatory I understand to have been at issue in your previously filed motion to compel (argued May 22) was number 5 from your First Set of Interrogatories, which asked for "the name and address of each person (other than your attorneys) known by you to have witnessed or to have knowledge concerning the occurrences set forth in the Complaint."

1

That request did not ask for "anticipated trial testimony," or even, in fact, the nature of the information the individuals may have. It simply asks for their "name and address." As Rule 26(a)(1), requires parties to identify the "name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information," we appropriately referred you to our prior Rule 26 disclosures and supplements, which provided with you with more information than your Interrogatory asked for.

You have now, I understand, "limited" your request under the March 21, 2007 Interrogatories to "the knowledge and information possessed" as well as the "anticipated trial testimony" of 35 individuals. By its very terms, your March 21, 2007 Interrogatory does not ask for "anticipated trial testimony." You may not expand your Interrogatory after the fact and, in any case, we have not yet finalized our witness list. Pertinent disclosures regarding witnesses anticipated to be called at trial are dealt with in the joint pretrial memorandum, pretrial witness lists, and the final pretrial conference. *See* LR 16.5(d)(1), 16.5(d)(10) and 16.5(e)(2).

With regard to your request for "full and complete detail about the information" known to these 35 individuals, again, as per our original response, we have already provided the information required by Rule 26. Many of these individuals – including State Trooper Belanger, William Cosper, Phil Demmons, Alan Hunte, Robert McKenna, Michael Panzarella and Butch Pena – are "police officials and witnesses named in the documents provided" by the defendants, which is the language you used in your single voluntary Rule 26 witness disclosure, which I note has never been supplemented since March 3, 2005. We will not be penalized for being so diligent as to go through your files (as well as those provided to both sides by the District Attorney's Office and State Police) and actually identify by name these individuals as persons who may have knowledge of the events in question.

A number of the individuals for whom you seek additional information – including Richard Boucher, Michael Camblin, Robert Casey, Denise Leger, Lisa McIntosh, Kevin Nangle, Sgt. Norton, Trooper O'Brien, and Hon. William Scannell – are identified as likely to have knowledge of events related to the Downing prosecution and the Ties/Randall investigations, *i.e. Monell* evidence. As you have consistently refused to disclose documents in these areas, forcing us to move to compel them, our knowledge comes from public records that have already been disclosed to you. Under these circumstances where you have withheld from us the very information you now seek, it is vexatious and harassing for you to contend that we are stonewalling you.

With respect to Park Street Diner and Berry Enterprises individuals identified, each was so employed during the relevant time period. Alice Matthews testified at the criminal trial under her former name, Alice Tessier, as the keeper of the Park Street Diner records. Please note that we previously disclosed to you the declaration of Elizabeth J. Lankford, which sets forth the basis of her knowledge about the events at issue in this case.

Ultimately, we cannot give you any more information than we have. With regard to post-conviction investigator Vincent O'Connell, as you know, we have claimed work-product privilege. Documents generated by Mr. O'Connell are contained in the post-conviction file of Mr. DeSimone, and are identified in the privilege log. As set forth below, to the extent that any such documents fall under the Court's recent order, they will be produced for *in camera* review.

**Privilege Logs**

Next you have asked us to provide "supplementation of both privilege logs generally, with particular reference to the above-delineated entries...." You have identified a number of documents for which you contend the log entries to be inadequate. Reference to those very logs, however, would refresh your recollection that many of these documents *have actually been disclosed to you. See, e.g.*, Documents BAW00098, BAW00114, D725, D983-84.

I note that a number of the documents you identify reflect attorney-client communications that you failed to seek in your recent motion and that in our view are in any case not discoverable. *See, e.g.*, Documents D13-21, D250-313, D726, D729, D752-53, D760, D816, D915-40.

In any case, your request is moot in light of Judge Dein's order finding that only the documents in the logs that (1) predate the SJC decision and (2) pertain to the areas of information we claim to have been withheld prior to the conviction, are even potentially subject to disclosure. As such, documents generated after the 1987 SJC decision are off the table. This will by definition include all documents bearing the Bates prefix "IP," generated by the Innocence Project, which did not participate in the case until many years later.

Rest assured that we will comply with Judge Dein's order and submit for *in camera* review any documents responsive to it by the court-imposed deadline. Rather than wasting time supplementing the log, we will turn our attention to culling the documents for the Court's review. In light of the fact that you have already briefed the question of privilege and the Court has already issued an order, a motion to compel would be frivolous.

**Medical Records**

Pursuant to your request and Judge Dein's order, we have been able to locate one additional invoice for a medical provider from a 4/25/01 visit. I attach the invoice here and am in the process of determining whether the doctor still has any records relating to Mr. Waters. Other than this information and that identified in the recent supplemental Interrogatory response, we are aware of no other medical providers or records.

Finally, we have a few matters outstanding. ==Please get back to me on the certifications and forensic stipulation,== as well as producing prints from the Boisseau negatives. Also if you give me several dates when you and Mr. Boisseau will be available for the hourlong deposition recently authorized by Judge Dein, we can set that up. I'd like to complete that in the next two weeks if possible.

Sincerely,

*[signature]*
Deborah L. Cornwall

cc: Rob Feldman, Esq.

4