UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-CV-10521-GAO

BETTY ANNE WATERS, as Administratrix of the Estate of KENNETH WATERS,

Plaintiff

v.

TOWN OF AYER, NANCY TAYLOR-HARRIS, in Her Individual Capacity, ARTHUR BOISSEAU, In His Individual Capacity, BUDDY DECOT, In His Individual Capacity, WILLIAM ADAMSON, in His Individual Capacity, PHILIP L. CONNORS, in His Individual Capacity, and JOHN DOE and JANE DOES 1-16, in Their Individual Capacities,

Defendants

DEFENDANTS' REPLY TO PLAINTIFF'S SUBMISSION TO THE COURT REGARDING FORENSIC DNA EVIDENCE STIPULATION

Now come the defendants to the above-referenced case and hereby respond to "Plaintiff's Submission Pursuant to the Court's Oral Instruction that the Parties Attempt to Negotiate a Stipulation as to the Forensic DNA Evidence" (hereinafter "Submission"). In her Submission, plaintiff attempts to revisit the issues raised in her opposition to Defendants' Motion to Strike the Plaintiff's DNA Experts, Dr. Edward Blake and Dr. Sudhir Sinha (Docket Entries 103 and 114), and argued by both sides on October 30, 2007, concerning the relevance of "actual innocence" in this matter. Despite plaintiff's assertions to the contrary, the defendants are currently in the process of evaluating the plaintiff's *revised* stipulations sent on November 6, 2007 in compliance with the Court's October 30, 2007 oral instruction.

The defendants have consistently asserted that trial of this case is not to determine Kenneth Waters' actual guilt or innocence, but whether the defendants' alleged misconduct more than twenty years ago violated Waters' constitutional rights, and whether the criminal trial's outcome would have been different had the alleged misconduct not occurred. As previously

argued, DNA evidence was not available at the time of Kenneth Waters' criminal trial and the admission of extensive forensic testimony discussing the results of recently conducted DNA testing is both irrelevant and highly prejudicial to the defense. Waters' actual innocence is simply not a matter to be decided by the jury in this case.

Plaintiff has consistently asserted that DNA evidence should be introduced at trial, despite its factual irrelevance to her claims.[1] (See Defendants' Motion to Strike Plaintiff's DNA Experts, Dr. Edward Blake and Dr. Sudhir Sinha, Docket Entry 103). Indeed, to date plaintiff has never agreed to waive the introduction of DNA evidence either during summary judgment proceedings or at trial, whether or not a stipulation can be reached. This posture is a clear disincentive to entering into a stipulation concerning DNA, and negates plaintiff's assertion that she incurred expert costs as the result of a failure to execute a stipulation. (Exhibit A, Proposed Stipulations, dated January 19, 2007 and Exhibit B, Proposed Stipulations, dated November 6, 2007).

Nevertheless, as noted, the defendants, pursuant to the Court's October 30, 2007 order, are currently evaluating the revised stipulations sent by the plaintiff on November 6, 2007 to determine their factual accuracy and relevance to this matter (Exhibit B) since the proposed stipulations include citations to voluminous exhibits, Exhibit A-Exhibit O, which include significant factual details. This is prudent practice. See Young v. City of Providence, 301 F.Supp.2d 187, 203 (D.R.I. 2004) (citing 22 Wright & Graham, Federal Practice and Procedure § 5194 (1978) ("courts will look at the facts carefully to see that one litigant has not been coerced into the stipulation"); see also TI Federal Credit Union v. DelBonis, 72 F.3d 921, 928 (1st Cir.

---

[1] Plaintiff's position on the relevance of forensic evidence in this case is evident by her disclosure of two DNA expert witnesses, Dr. Edward Blake and Dr. Sudhir Sinha, whom plaintiff seeks to introduce at trial to extensively opine on forensic evidence testing on blood located at the scene of the Brow murder. (See Docket Entries 103 and 114).

1995) (citing Burstein v. United States, 232 F.2d 19, 23 (8th Cir.1956) ("[i]n our judicial system, "[s]tipulations fairly entered into are favored") (emphasis supplied).

                                DEFENDANTS,
                                By their attorneys,

                                /s/ Joseph L. Tehan, Jr.
                                Joseph L. Tehan, Jr. (BBO # 494020)
                                Gregg J. Corbo (BBO # 641459)
                                Kopelman and Paige, P.C.
                                  Town Counsel
                                101 Arch Street, 12th Floor
                                Boston, MA  02110
                                (617) 556-0007

331000/AYER-WATERS/0053