UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-CV-10521-GAO

| | |
|---|---|
| BETTY ANNE WATERS, as Administratrix of the Estate of KENNETH WATERS,<br><br>        Plaintiff<br>v.<br><br>TOWN OF AYER, NANCY TAYLOR-HARRIS, in Her Individual Capacity, ARTHUR BOISSEAU, In His Individual Capacity, BUDDY DECOT, In His Individual Capacity, WILLIAM ADAMSON, in His Individual Capacity, PHILIP L. CONNORS, in His Individual Capacity, and JOHN DOE and JANE DOES 1-16, in Their Individual Capacities,<br><br>        Defendants | DEFENDANTS' MOTION FOR A PROTECTIVE ORDER TO PRECLUDE THE RE-QUESTIONING OF SHEILA CALKINS, ESQ. |

    Now come the defendants, Town of Ayer, et al., and hereby move, pursuant to Fed.R.Civ.P.26(c), that this Honorable Court issue a Protective Order, precluding plaintiff's counsel from further questioning Sheila Calkins, Esq. from the Attorney General's Office regarding the reinvestigation of fingerprints in the Brow murder investigation.  (See Exhibit A).

    As grounds therefor, the defendants state that fact discovery ended on May 18, 2007, the plaintiff already deposed Ms. Calkins on March 7, 2007 regarding fingerprint issues and plaintiff's proposed "telephone conference" violates both the Court's Scheduling Order and Order on discovery limitations issued on March 20, 2007.  (Docket Entry 75).

    As further grounds, the defendants rely on the within Memorandum of Reasons.

MEMORANDUM OF REASONS

    1.    <u>Fact Discovery Ended on May 18, 2007</u>

Pursuant to the Court's Scheduling Order, fact discovery ended on May 18, 2007. (<u>See</u> <u>Exhibit B</u>). Plaintiff, however, now seeks to reopen fact discovery to question Ms. Calkins "regarding the reinvestigation of fingerprints in the Waters/Brow case." (<u>Exhibit A</u>). This untimely inquiry violates the Scheduling Order and, since informal and not transcribed, will predictably result in confusion as to Ms. Calkins' statements and/or engender yet further discovery. Therefore, as plaintiff's fact discovery request clearly falls outside the Court's May 18, 2007 deadline, plaintiff should be precluded from questioning Ms. Calkins.

    2.    <u>Plaintiff May Not Circumvent Discovery Limitations</u>

Plaintiff's scheduled telephone conference to question Ms. Calkins on November 26, 2007 also circumvents Local Rule 26.1(C) and this Court's prior discovery Order. On February 15, 2007, plaintiff filed a Motion to Enlarge Discovery Limits on Depositions and Requests for Admissions. (Docket Entry 70). In her Motion, plaintiff sought to depose ten individuals, in addition to the seven depositions plaintiff had taken and four that plaintiff had noticed. (Docket Entry 70, p.2). In response to plaintiff's Motion to Enlarge, the defendants filed an Opposition on March 2, 2007. (Docket Entry 72). In their Opposition, the defendants asserted that Local Rule 26.1(c) presumptively limited discovery events by providing that "[u]nless the judicial officer orders otherwise, the number of discovery events shall be limited for each side to ten (10) depositions…" Further, defendants maintained that Fed.R.Civ.P30(a)(2)(A) "require[s] that, in the absence of a stipulation, a party seeking to take more than ten depositions must <u>explicitly seek and obtain leave of court</u> before that party can commence any depositions in excess of the ten-deposition limit." <u>Advanced Sterilization</u>

Products, etc. v. Jacob, 190 F.R.D. 284, 286 (D.Mass. 2000).  (Emphasis supplied).  In its Order on plaintiff's Motion, the Court held that the plaintiff would only be allowed to conduct additional depositions of Officer McDonald, State Trooper Keane, Judge Rooney, Officer Baliunas and Chief Adamson (subject to a competency determination) and a limited re-questioning of defendant Taylor-Harris.  (Docket Entry 75).

Now, in an attempt to avoid the discovery limitations set forth in the Court's Order, plaintiff has unilaterally requested that Ms. Calkins make herself available for questioning to "discuss" fingerprint evidence.  (Exhibit A).  Moreover, plaintiff's posture is that "the call will proceed regardless of whether defense counsel chooses to participate."  (Exhibit A).  Through this request, plaintiff's motives are clear, and improper:  by initiating this telephone conference, plaintiff seeks to obtain facts and continue questioning Ms. Calkins in contravention of discovery limitations.[1]  Pursuant to this Court's Order, the plaintiff should not be permitted to conduct a *de facto* deposition of Ms. Calkins.

WHEREFORE, the defendants respectfully request that this Court issue a Protective Order, precluding the further questioning of Ms. Calkins.

DEFENDANTS,

By their attorneys,

/s/ Joseph L. Tehan, Jr.
Joseph L. Tehan, Jr. (BBO # 494020)
Gregg J. Corbo (BBO # 641459)
Kopelman and Paige, P.C.
  Town Counsel
101 Arch Street, 12 Floor
Boston, MA  02110
(617) 556-0007

331153/AYER-WATERS/0053

---

[1] In her correspondence to the Attorney General's Office, plaintiff's counsel indicates that counsel intends to ask her questions regarding her investigation of fingerprint evidence, including a review of documents from her file. (Exhibit A).

3

CERTIFICATION OF COMPLIANCE PURSUANT TO
LOCAL RULES 7.1(A)(2) AND 37.1(A)

I, the undersigned Janelle M. Austin, hereby certify that the provisions of Local Rule 37.1(A) have been complied with prior to filing this Motion for Protective Order. I also certify that on November 16, 2007, I conferred with Deborah Cornwall, Esq., counsel for plaintiff, in a good faith effort to resolve the issues set forth in Defendants' Motion for Protective Order.

/s/ Janelle M. Austin
Janelle M. Austin

331153/AYER-WATERS/0053