UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BETTY ANNE WATERS, as Administratrix of the Estate of KENNETH WATERS,<br><br>    Plaintiff,<br>v.<br><br>TOWN OF AYER, NANCY TAYLOR-HARRIS, in her individual capacity, ARTHUR BOISSEAU, in his individual capacity, BUDDY DECOT, in his individual capacity, WILLIAM ADAMSON, in his individual capacity, PHILIP L. CONNORS, in his individual capacity, and JOHN DOE and JANE DOES 1–16, in their individual capacities,<br><br>    Defendants. | Case No. 04 10521 (GAO)<br><br>**PLAINTIFF'S SUPPLEMENTAL EXPERT DISCLOSURE** |

  Pursuant to Rules 26(a)(2)(C) and (e)(1) of the Federal Rules of Civil Procedure, Plaintiff Betty Anne Waters hereby discloses the supplemental report of her expert Ron Smith, which is attached herein as an exhibit.

Dated: August 29, 2007

                */s/ Deborah Cornwall*
                Barry C. Scheck (BS 4612)
                Deborah L. Cornwall (DC 2186)
                Monica R. Shah (MS 9846)
                COCHRAN NEUFELD & SCHECK, LLP
                99 Hudson Street, 8th Floor
                New York, NY 10013
                Tel. (212) 965-9081 / Fax (212) 965-9084

Robert N. Feldman
BIRNBAUM & GODKIN, LLP
280 Summer Street
Boston, MA 02210-1108
Tel. (617) 307-6130 / Fax (617) 307-6101

***Attorneys for Plaintiff Betty Anne Waters***



# Ron Smith & Associates, Inc.

P.O. Box 670 • Collinsville• Mississippi • 39325
Toll Free: 1-866-TEAM RSA (832-6772) • Office (601) 626-1100 • Fax (601) 626-1122 •
www.ronsmithandassociates.com

August 28, 2007

Cochran Neufeld & Scheck, LLP
99 Hudson Street, 8th Floor
New York, New York 10013

Attention: Debbie Cornwall,

RE:   Supplemental Latent Print Report
      Latent Print Examination (RS & A Latent Case Number 07-0635MA)
      Waters v. Town of Ayer, et al., No. 04 Civ 10521

Ms. Cornwall,

Pursuant to our conversations over the last couple of weeks, I have conducted additional examinations on the latent fingerprint, which was developed and lifted from the "table", submitted as part of Exhibit #5-A. This latent fingerprint of value, which was marked as L-1, was subjected to image enhancement techniques to improve the clarity of the friction ridge detail information present.

This enhanced image was subsequently compared to the known post-mortem fingerprints of the deceased, "Katherina Brow", which were contained in Exhibit #5-D.

The latent fingerprint of value, marked L-1, has been individualized as the left little fingerprint of the deceased "Katherina Brow".

I have also completed additional examinations of the photographs contained in Exhibit #5-B, of the visible fingerprint, consistent with having a matrix of blood, marked L-2, from the toaster. This visible fingerprint was further examined to determine if it is possible, based upon the photographic evidence available to this examiner, to exclude the victim, "Katherina Brow", as having been the donor of this "bloody" fingerprint on the toaster. Note: The photographs of this fingerprint contained in Exhibit #5-B, did not contain any scaling device (ruler, etc.) within the photographs, therefore the actual size of the original fingerprint could not be determined.

Based upon the fact that the visible fingerprint, marked L-2, has a friction ridge flow consistent with a "whorl" type fingerprint pattern, and the fact that the victim has whorl type patterns in several of her fingers, it is not possible, based upon just the information available to this examiner, to conclusively exclude the victim as having been the donor of this "bloody" fingerprint.

RS & A Latent Case No. 07-0635MA (Supplemental)
August 28, 2007
Page 2

That being said, when the actual physical size of a latent or visible fingerprint is known, it is possible in some instances to exclude individuals from having been the donor of the evidence fingerprint based upon an examination and comparison of the actual size of individual ridges and pattern formations. The visible "bloody" fingerprint, marked L-2, contains sufficient friction ridge pattern formations and detail for a qualified latent fingerprint examiner to attempt such an examination, <u>if the actual size of the original "bloody" fingerprint were known.</u> A qualified latent print examiner, in possession of the original evidence, might have been able to exclude the victim as having been the donor of the "bloody" fingerprint on the toaster.

If any actual size photographs of this visible "bloody" fingerprint, marked L-2, can be located or if the original evidence itself can be found, then it would certainly be possible for additional examinations to be performed by this examiner related to this potential exclusion.

**Comments:**

I apologize for the delay in conducting the requested latent print examinations and not being able to complete all the examinations which were requested prior to the assigned deadline. As I mentioned, I underwent vocal chord surgery during the time this case was in my possession and the recovery period was longer than I had anticipated. I sincerely appreciate your understanding of this situation.

This report should be attached to, and read in conjunction with, my original latent print examination report, previously forwarded to you and dated August 21, 2007.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 28, 2007

*Ron Smith*

Ron Smith, President

Ron Smith & Associates, Inc.