UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-CV-10521-GAO

BETTY ANNE WATERS, as Administratrix of the Estate of KENNETH WATERS,

Plaintiff

v.

TOWN OF AYER, NANCY TAYLOR-HARRIS, in Her Individual Capacity, ARTHUR BOISSEAU, In His Individual Capacity, BUDDY DECOT, In His Individual Capacity, WILLIAM ADAMSON, in His Individual Capacity, PHILIP L. CONNORS, in His Individual Capacity, and JOHN DOE and JANE DOES 1-16, in Their Individual Capacities,

Defendants

DEFENDANTS' MOTION TO DISMISS ALL CLAIMS AGAINST DEFENDANT BUDDY DECOT

Now come the defendants, Town of Ayer, et al., and hereby move pursuant to Fed.R.Civ.P 25 that this Honorable Court dismiss the claims against defendant Buddy Decot. As grounds for this motion, the defendants state that Fed.R.Civ.P 25 requires that an action be dismissed as to a deceased party unless a motion for substitution is made by plaintiff within 90 days after the service of the suggestion of death. Here, the suggestion of death was served on all parties on May 15, 2007. Therefore, as no such motion to substitute was filed on or before August 13, 2007, as required per Rule 25, all claims against the defendant, Buddy Decot, must be dismissed as a matter of law.

As further grounds for this motion, the defendants rely on the within memorandum of reasons.

MEMORANDUM OF REASONS

I.  FACTS

This action was commenced on March 15, 2004 with the filing of the complaint against the Town of Ayer and several former members of its police department. One of the individual

defendants, Walter R. Decot a/k/a Buddy Decot, died on March 18, 2006. The suggestion of death for Buddy Decot, along with an attached certificate of death, was filed via the Court's electronic filing system with simultaneous notice to all parties on May 15, 2007 (see Docket entry # 84). The docket reflects that no motion for substitution was ever filed with regards to this defendant.

II.     ARGUMENT

Fed.R.Civ.P 25(a)(1) provides that "[i]f a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties … Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party" (emphasis supplied). This rule is interpreted to require dismissal of a deceased party as an express direction of action to be taken by the court because of the use of the word "shall" in the rule. Lexecon v. Milberg Weiss Bershad Hynes & Learch, 523 U.S. 26, 35 (1998); Sarria Ortega v. Agosto Alicea, 2005 WL 2297540, *7 (D.Puerto Rico, 2005). The rule states that the court may order substitution of parties, but it shall dismiss if no substitution is made within the time limit. Fed.R.Civ.P 25(a)(1). "Shall" is interpreted as a mandatory act of the court. Lexecon, 523 U.S. at 35. "Accordingly, a party interested in securing substitution under the amended rule should not assume that he can rest indefinitely … before he makes his motion to substitute." Fed.R.Civ.P 25, 1963 Amendment.

The 90 day period commences when a formal suggestion of the party's death appears on the record and notice is served upon all parties. Sarria Ortega, 2005 WL 2297540 at *7. Notice is deemed to be served on the parties when a document is filed with the court's electronic case management system and a receipt is generated by that system certifying that notice was sent to all parties. Id. In this matter, the suggestion of death was e-filed on May 15, 2007, and the

corresponding receipt was generated the same day. This action began the running of the 90 day time limit. Therefore, all motions for substitution had to have been filed on or before August 13, 2007. As no such motion has been filed in this case, all claims against defendant Decot must be dismissed as a matter of law.

III.    CONCLUSION

For the reasons contained herein, the defendants, Town of Ayer, et al., respectfully requests that all claims against defendant Buddy Decot be dismissed.

RESPECTFULLY SUBMITTED,

DEFENDANTS,

By their attorneys,

/s/ Gregg J. Corbo_____
Joseph L. Tehan, Jr. (BBO# 494020)
Gregg J. Corbo (BBO# 641459)
Kopelman and Paige, P.C.
  Town Counsel
101 Arch Street, 12th Floor
Boston, MA  02110-1109
(617) 556-0007

331619/AYER-WATERS/0053

CERTIFICATION OF COMPLIANCE PURSUANT TO
LOCAL RULES 7.1(A)(2) AND 37.1(A)

I, the undersigned Janelle M. Austin, hereby certify that the provisions of Local Rule 37.1(A) have been complied with prior to filing this Motion to Dismiss All Claims Against Defendant Buddy Decot. I also certify that on November 30, 2007, I conferred with Deborah Cornwall, Esq., counsel for plaintiff, in a good faith effort to resolve the issues set forth in Defendants' Motion to Dismiss All Claims Against Defendant Buddy Decot.

/s/ Janelle M. Austin
Janelle M. Austin