UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BETTY ANNE WATERS, as Administratrix of the Estate of KENNETH WATERS,<br><br>  Plaintiff,<br>v.<br><br>TOWN OF AYER, NANCY TAYLOR-HARRIS, in her individual capacity, ARTHUR BOISSEAU, in his individual capacity, BUDDY DECOT, in his individual capacity, WILLIAM ADAMSON, in his individual capacity, PHILIP L. CONNORS, in his individual capacity, and JOHN DOE and JANE DOES 1–16, in their individual capacities,<br><br>  Defendants. | Case No. 04 10521 (GAO) (JGD)<br><br>**MOTION TO COMPEL THE DEPOSITION OF STATE POLICE TROOPER AL HUNTE** |

Pursuant to Rules 30, 45 and the attached proposed subpoena, Plaintiff Betty Anne Waters moves this Court for an order compelling the Massachusetts State Police ("State Police"), a non-party, to produce Trooper Al Hunte, who has been involved in the reinvestigation of the Brow homicide in recent years, for a deposition, and to bring with him any and all documents prepared by him relative to the issue of fingerprints.

## BACKGROUND

In light of the recently discovered file of the State Police's fingerprint examiner, John Baliunas, which was only made available to Plaintiff after the close of discovery, plaintiff sought and obtained, after several months of negotiations with her counsel (and fruitless attempts at negotiations with defense counsel), the opportunity to discuss the new fingerprint evidence with

former Assistant District Attorney Sheila Calkins in an informal telephone interview. This Court denied the Ayer defendants' motion for a protective order and allowed the call to go forward with counsel for both sides present. In that call (which, by agreement, was not transcribed), former ADA Calkins identified state trooper Al Hunte as the individual who had been tasked with the duty of tracking down retired trooper Baliunas, talking to him about his work on the fingerprint case, and reporting back to the District Attorney's office in connection with the reinvestigation of the Brow homicide after the charges against plaintiff's decedent, Kenny Waters, were dismissed by way of *nol pros* in March 2001. While she had no present recollection of these details, she reviewed her notes of meetings with Trooper Hunte and another colleague in the DA's office, and said that Trooper Hunte had indeed found Mr. Baliunas, interviewed him, and reported back about his findings. She had no further memory of what he told her, or specifically what in her discussion with Trooper Hunte prompted her to make note that both the victim and Mr. Waters had been excluded as the source of the fingerprint on the toaster.

  As discussed in the last conference with the Court, this fact is critical, as plaintiff's expert was unable to definitively exclude the victim as the source of the toaster print based on the photograph he had of it. As anticipated, it has become necessary to discern what if anything Trooper Hunte recalls of his conversations with Mr. Baliunas, his reporting about the fingerprint evidence, and whether any retesting or confirmatory testing of the fingerprint evidence was done by the state police during the reinvestigation. Pursuant to Local Rules 7.1(A)(2), undersigned counsel has attempted to negotiate the production of Trooper Hunte for a call like the one conducted with Ms. Calkins before Thanksgiving. This morning, however, state police counsel

Michael Halpin advised that the State Police would make Trooper Hunte available only with a court order for a sworn deposition.

As such, and in light of the arguments and rulings with regard to the call with Ms. Calkins, plaintiff respectfully moves for a Court order endorsing the attached deposition notice and subpoena, which calls for Trooper Hunte to testify at a deposition, and to bring with him any and all notes, reports, memos or other documents pertaining to Mr. Baliunas and the reinvestigation of fingerprints, which are in Trooper Hunte's custody or control or that of the state police. While these documents were already ordered produced pursuant to the original March 15, 2005 state police subpoena and this Court's order, plaintiff has to date received no notes or reports written by Trooper Hunte. Given the level of detail in Ms. Calkins's notes of her meeting with Trooper Hunte in regard to the fingerprint evidence, plaintiff has a good-faith belief that Trooper Hunte generated additional responsive materials that have yet to be disclosed and cannot be obtained from any other source.

Despite the defendants' previous objection to plaintiff conducting either a call or a deposition of Trooper Hunte, undersigned counsel again conferred pursuant to L.R. 7.1 this morning, and confirmed that they continue to object to a deposition of Trooper Hunte.

**Conclusion**

For all the foregoing reasons, Plaintiff respectfully requests that this Court order the State Police to produce Trooper Al Hunte for a sworn deposition in December, and for him to produce any and all documents in his or State Police custody pertaining to the reinvestigation of fingerprint evidence after the *nol pros* of Kenneth Waters.

Dated: December 4, 2007

Respectfully submitted,

*/s/ Deborah Cornwall*

Barry C. Scheck, Esq. (BS 4612)
Deborah L. Cornwall, Esq. (DC 2186)
Monica R. Shah, Esq.
COCHRAN NEUFELD & SCHECK, LLP
99 Hudson Street, 8th Floor
New York, NY 10013
Tel. (212) 965-9081 / Fax (212) 965-9084

Robert N. Feldman, Esq.
BIRNBAUM & GODKIN, LLP
280 Summer Street
Boston, MA 02210-1108
Tel. (617) 307-6130 / Fax (617) 307-6101

**Attorneys for Plaintiff Betty Anne Waters**

## CERTIFICATE OF SERVICE

I, Emily Gordon, hereby certify that the foregoing document and Exhibit A, a subpoena duces tecum and notice of deposition, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and electronic and paper copies will be sent to those indicated as non-registered participants on December 4, 2007.

*Emily Gordon*
Emily Gordon