UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-CV-10521-GAO

| | |
|---|---|
| BETTY ANNE WATERS, as Administratrix of the Estate of KENNETH WATERS,<br><br>             Plaintiff<br>v.<br><br>TOWN OF AYER, NANCY TAYLOR-HARRIS, in Her Individual Capacity, ARTHUR BOISSEAU, In His Individual Capacity, BUDDY DECOT, In His Individual Capacity, WILLIAM ADAMSON, in His Individual Capacity, PHILIP L. CONNORS, in His Individual Capacity, and JOHN DOE and JANE DOES 1-16, in Their Individual Capacities,<br><br>             Defendants | DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL THE DEPOSITION OF STATE POLICE TROOPER AL HUNTE |

     Now come the defendants, Town of Ayer, et al., and hereby oppose plaintiff Betty Anne Waters' Motion to Compel the Deposition of State Police Trooper Al Hunte on grounds of untimeliness, irrelevance, undue burden and unnecessary expense.  As grounds therefor, defendants state that fact discovery ended on May 18, 2007 and plaintiff's proposed deposition of Trooper Al Hunte violates both the Court's Scheduling Order and Order on discovery limitations issued on March 20, 2007.  (Docket Entry 75).

     As further grounds, the defendants rely on the within Memorandum of Reasons.

MEMORANDUM OF REASONS

I.     STATEMENT OF FACTS

     Throughout this litigation, plaintiff has continued to utilize burdensome discovery tactics with respect to both the defendants and non-party entities, including Massachusetts State Police and the District Attorney's Office.  Plaintiff's latest strategy involves unilaterally re-opening fact discovery to explore the alleged reinvestigation of fingerprint evidence in 2001 by the

Massachusetts State Police and Middlesex District Attorney's Office. The Motion to Compel masks the true import of plaintiff's motion, which is to enlarge the Scheduling Order (without leave of Court) to conduct further discovery on factually irrelevant issues to this case. Notwithstanding the representation of plaintiff's counsel at the last telephone conference with the Court, this is not a murder case; this litigation is to decide whether the Ayer defendants violated Kenneth Waters' constitutional rights by their actions in the early 1980's. As the defendants have continuously asserted, the issue of fingerprints in this case is a "red herring" that has no relevance to plaintiff's claims, namely Kenneth Waters' alleged false arrest, *Brady* failure to disclose, or fabrication of evidence claims asserted by the plaintiff.[1] Significantly, Trooper Hunte was not even involved in the original investigation of the Brow murder.

Despite the irrelevance of fingerprint evidence to this matter, plaintiff has already deposed former Assistant District Attorneys Elizabeth Fahey, Esq. and Sheila Calkins, Esq., former State Police Officer John Baliunas ("Officer Baliunas"), former State Trooper Patrick Keane and State Police Detectives Richard Lauria and Martin. Plaintiff also continued to explore the alleged "reinvestigation" of fingerprint evidence recently during a telephone interview with former Assistant District Attorney Calkins on November 26, 2007.[2]

Despite plaintiff's assertions to the contrary, during this telephone interview with Ms. Calkins, no new evidence became available regarding fingerprints found at the Brow murder scene. Even when plaintiff's counsel specifically asked Ms. Calkins whether Trooper Hunte would be a "good person to talk to" regarding fingerprints, Ms. Calkins replied that she did not know exactly whom counsel should speak with regarding the reinvestigation of fingerprint evidence. In fact, Ms. Calkins stated (only after prompting by plaintiff's counsel) that Officer

---

[1] Defendants submitted a complete analysis of the legal irrelevance of fingerprint evidence in this case in their Motion to Strike Plaintiff's Fingerprint Expert, Ron Smith (Docket Entry 105).
[2] Defendants opposed this telephone conversation as a means of enlarging fact discovery. (Docket Entry 124).

Baliunas was the individual who lifted the Brow murder investigation prints. This is not new information. As noted, plaintiff has already deposed Officer Baliunas on May 17, 2007 regarding fingerprint evidence. Moreover, during the telephone call, Ms. Calkins further stated that Trooper Hunte spoke with Officer Baliunas in 2001 regarding fingerprint evidence. This is also not new information. Plaintiff has been aware of Trooper Hunte's identity and his role in investigating the Brow murder and had ample opportunity to depose him during the applicable discovery period.

Now, allegedly as a result of this telephone conference with Ms. Calkins on November 26, 2007, plaintiff seeks to depose Trooper Hunte to testify about the reinvestigation of fingerprints in 2001 and bring documents that are in his control or the control of the State Police. (Plaintiff's Motion to Compel, p. 3, Docket Entry 127). As plaintiff herself admits, however, "these documents were already ordered produced pursuant to the original March 15, 2005 state police subpoena and this Court's order." Further, to the extent that plaintiff claims that her knowledge of the print on the toaster found at the murder seen is only as result of locating Officer Baliunas' file last summer, such a claim is baseless. The District Attorney's Office provided documents, which plaintiff referenced in her recent telephone conversation with Ms. Calkins, allegedly excluding both Katherina Brow and Kenneth Waters as the source of a fingerprint on the toaster by the District Attorney's Office, prior to the close of fact discovery.[3]

Even with plaintiff's knowledge of Trooper Hunte prior to the close of fact discovery, plaintiff now claims to have a "good-faith belief" to justify re-opening fact discovery. Plaintiff's mere "belief" does not satisfy the "good cause" criterion for scheduling order enlargement set forth in Local Rule 16.1(G), nor justify the significant burden and expense on the defendants to continue to engage in fact discovery, which duplicates previous discovery requests at this stage

---

[3] As such documents are currently under a Protective Order, the defendants are not filing such documents through the ECF system, but will provide such documents for *in camera* review at Court's request.

of the litigation—almost four months after plaintiff disclosed her fingerprint expert, Ron Smith. Accordingly, plaintiff's Motion to Compel the deposition of Trooper Hunte should be denied as plaintiff's most recent attempts to "reinvestigate" fingerprint evidence exceed applicable discovery limits and are simply irrelevant to this case.

II. ARGUMENT

    A. Fact Discovery Ended on May 18, 2007 and Plaintiff Has Not Moved to Enlarge the Scheduling Order

Pursuant to the Court's Scheduling Order, fact discovery ended on May 18, 2007. (See Exhibit A). Plaintiff, however, now seeks to reopen fact discovery to depose Trooper Al Hunte because "it has become necessary to discern what if anything Trooper Hunte recalls of his conversations with Mr. Baliunas." (Plaintiff's Motion to Compel, p.2, Docket Entry 127). This untimely inquiry violates the Court's Scheduling Order. This Circuit has "made it plain that a litigant who ignores case-management deadlines does so at his peril. Consequently, when noncompliance occurs, the court may choose from a broad universe of possible sanctions." Small v. General Motors Corp., 2006 WL 3332989, *4 (D.Me.2006) (citing Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 45-46 (1st Cir.2002) (citations and internal quotation marks omitted)). Therefore, as plaintiff's fact discovery request clearly falls outside the Court's May 18, 2007 deadline and plaintiff has not moved to enlarge the Scheduling Order, plaintiff's Motion to Compel should be denied.

    B. Plaintiff's Proposed Deposition of Trooper Hunte Violates this Court's Discovery Limitations

Plaintiff's proposed deposition of Trooper Hunte on December 17, 2007 also violates Local Rule 26.1(C) and this Court's prior discovery Order. Local Rule 26.1(c) presumptively limits discovery events by providing that "[u]nless the judicial officer orders otherwise, the number of discovery events shall be limited for each side to ten (10) depositions…" Further,

Fed.R.Civ.P30(a)(2)(A) "require[s] that, in the absence of a stipulation, a party seeking to take more than ten depositions must explicitly seek and obtain leave of court before that party can commence any depositions in excess of the ten-deposition limit." Advanced Sterilization Products, etc. v. Jacob, 190 F.R.D. 284, 286 (D.Mass. 2000). (emphasis supplied).

Plaintiff has already exceeded this limit and therefore must file a Motion to Enlarge the Scheduling Order and Discovery Limitations, which she has not done, instead by filing this Motion to Compel, fundamentally mischaracterizes the relief sought—to unilaterally enlarge the case's scheduling and discovery limitations in violation of the Court's previous Orders, without leave of court. "[C]ounsel may not unilaterally, by agreement among themselves, frustrate or contravene the clear requirements of a scheduling or discovery order of this Court." Schaffer v. Equitable Life Assur. Soc. of U.S., 110 F.R.D. 163, 165 (D.Me.1986). "Such a rule is necessary in order that the Court may itself retain the power to control its own docket and the ability to expeditiously move cases to trial." Id.

On February 15, 2007, plaintiff filed a Motion to Enlarge Discovery Limits on Depositions and Requests for Admissions. (Docket Entry 70). In her Motion, plaintiff sought to depose ten individuals, in addition to the seven depositions plaintiff had taken and four that plaintiff had noticed. (Docket Entry 70, p.2). In response to plaintiff's Motion to Enlarge, the defendants filed an Opposition on March 2, 2007. (Docket Entry 72). In its Order on plaintiff's Motion, the Court ruled that the plaintiff would only be allowed to conduct additional depositions of Officer McDonald, State Trooper Keane, Judge Rooney, Officer Baliunas and Chief Adamson (subject to a competency determination) and a limited re-questioning of defendant Taylor-Harris. (Docket Entry 75). Plaintiff subsequently deposed Officer Baliunas regarding fingerprint evidence on May 17, 2007.

Accordingly, plaintiff's Motion to Compel the deposition of Trooper Hunte directly contradicts the Court's Order and reopens fact discovery into irrelevant matters, to the undue expense and burden of the defendants. Therefore, pursuant to this Court's prior orders, plaintiff's Motion should be denied.

### III.     CONCLUSION

WHEREFORE, the defendants respectfully request that this Court deny Plaintiff's Motion to Compel the Deposition of State Police Trooper Al Hunte.

    DEFENDANTS,

    By their attorneys,

    /s/ Joseph L. Tehan, Jr.
    Joseph L. Tehan, Jr. (BBO # 494020)
    Gregg J. Corbo (BBO # 641459)
    Kopelman and Paige, P.C.
      Town Counsel
    101 Arch Street, 12th Floor
    Boston, MA 02110
    (617) 556-0007

333051/AYER-WATERS/0053