UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-CV-10521-GAO

| | |
|---|---|
| BETTY ANNE WATERS, as Administratrix of the Estate of KENNETH WATERS,<br><br>Plaintiff<br><br>v.<br><br>TOWN OF AYER, NANCY TAYLOR-HARRIS, in Her Individual Capacity, ARTHUR BOISSEAU, In His Individual Capacity, BUDDY DECOT, In His Individual Capacity, WILLIAM ADAMSON, in His Individual Capacity, PHILIP L. CONNORS, in His Individual Capacity, and JOHN DOE and JANE DOES 1-16, in Their Individual Capacities,<br><br>Defendants | DEFENDANTS' MOTION TO AMEND SCHEDULING ORDER |

Now come the defendants to the above-referenced case and hereby respectfully move that the Court amend its October 18, 2007 Scheduling Order to extend the time for conducting expert depositions by sixty days.

As grounds for this Motion, the defendants rely on the within Statement of Reasons.

STATEMENT OF REASONS

1.    On or about September 6, 2007, in accordance with the Court's May 23, 2007 Scheduling Order, the defendants filed Motions to Strike the plaintiff's designated experts.

2.    Thereafter, the plaintiff filed a Motion to Amend the Scheduling Order seeking to postpone the time for opposing such motions to strike until the time of summary judgment.

3.    On or about September 25, 2007, the Court allowed the plaintiff's motion in part and denied it in part, holding that it would rule on the defendants' motions on the issues of DNA and polygraph before summary judgment, and that it would rule on the issues of police practices and fingerprints at the same time it ruled on any Motion for Summary Judgment.  On the subject of

police practices, however, the Court stated that it would rule on a procedural argument raised by

the defendants before summary judgment.

5.      On or about October 18, 2007, the Court issued the present Scheduling Order, which

provides as follows:

> 1. The defendants shall designate any rebuttal experts and serve any rebuttal
> expert reports within 30 days following this court's denial of any motion to strike to
> which the rebuttal report is related.
>
> 2. The parties shall conduct any expert depositions within 30 days following
> the defendants' service of any rebuttal expert reports.
>
> 3. The parties shall file any motions for summary judgment within 30 days
> following the conclusion of all expert depositions. Any oppositions shall be filed within
> 30 days following the filing of the motion for summary judgment and any replies shall be
> filed within 2 weeks following the filing of the opposition.
>
> 4. Any concise statement of material facts that is filed pursuant to Local Rule
> 56.1 in opposition to a motion for summary judgment shall include numbered paragraphs
> admitting or denying, paragraph by paragraph, the facts contained in the moving party's
> concise statement of material facts.

6.      After a hearing on November 1, 2007, the Court denied the defendant's Motion to Strike

the plaintiff's police practices expert on procedural grounds, but did not rule on the substantive

arguments raised in said Motion.  The Court also heard arguments on the Motions to Strike DNA

and polygraph experts, but has not yet issued a ruling on those motions.

7.      Although the defendants' Motion to Strike the plaintiff's police practices expert has not

been fully denied, in an abundance of caution, the defendants designated a rebuttal police

practices expert on or about November 30, 2007.

8.      On or about December 4, 2007, the plaintiff served a Notice of Deposition of the

defendants' police practices expert for December 19, 2007, with the following language:

> In addition to any morning break the deponent or counsel may
> require, a break will be scheduled at 2pm in order to allow
> Plaintiff's counsel to appear at a previously scheduled conference

before Judge Zobel in another pending action in the United States
District Court for the District of Massachusetts.  The deposition
will resume at approximately 3 pm or as soon as practicable
thereafter.

9.      After receiving the plaintiff's Notice of Deposition, the defendants served a Notice of

Deposition for the plaintiff's police practices expert to take place on December 21, 2007.

10.      By correspondence dated December 7, 2007, defendants' counsel informed plaintiff's

counsel that Attorney Tehan was unavailable to conduct a deposition on December 19, 2007 and

that the suggestion of a break of an unspecified duration in the afternoon was unduly

burdensome.  Because of the Christmas holiday and Attorney Tehan's intention to vacation

during the week of December 24, 2007, the defendants suggested that the parties seek leave of

court to extend the scheduling order to conduct expert depositions.  Plaintiff's counsel declined to

join in this motion.

11.      As an additional basis for seeking an extension of the Scheduling Order, the defendants

state that the Court's ruling on the plaintiff's Motion to Compel further fact discovery, which was

filed on or about December 4, 2007, may impact these pending depositions.

12.      Counsel for the parties have been unable to agree upon acceptable dates in December

2007 or January 2008 to conduct these depositions.  Complicating matters is the fact that

Attorney Tehan is on the "rolling trial list" beginning on January 7, 2008 in the case of

Wohlgemouth v. Stoughton, 06-cv-11729WGY, which requires the parties to be ready for trial on

that date or thereafter, and is currently preparing for the same.  On December 10, 2007, the Court

in that case denied a Motion to Stay, thus solidifying that date.

13.      Attorney Tehan requires sufficient time to adequately prepare both for these two

depositions, which involve matters that are factually and technically complex, and for his

upcoming trial.  Furthermore, in the context of litigation that has been on-going for almost four

years and in which the plaintiff is seeking to conduct further fact discovery, the requested delay

of only sixty days is slight.  Indeed, the plaintiff has twice moved to extend the time for making

her expert disclosures (both with defendants' assent), resulting in a seven week delay in expert

discovery (See Dkt #s 97 and 100).

WHEREFORE, in fairness to all parties, the defendants respectfully request that the time

for taking depositions of the designated police practices experts be extended sixty days to

February 29, 2008.


DEFENDANTS,

By their attorneys,

/s/Gregg J. Corbo
Joseph L. Tehan, Jr. (BBO # 494020)
Gregg J. Corbo (BBO # 641459)
 Town Counsel
Kopelman and Paige, P.C.
101 Arch Street, 12th Floor
Boston, MA  02110
(617) 556-0007

333194/AYER-WATERS/0053