UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BETTY ANNE WATERS, as Administratrix of the Estate of KENNETH WATERS, <br><br> Plaintiff, <br> v. <br><br> TOWN OF AYER, NANCY TAYLOR-HARRIS, in her individual capacity, ARTHUR BOISSEAU, in his individual capacity, BUDDY DECOT, in his individual capacity, WILLIAM ADAMSON, in his individual capacity, PHILIP L. CONNORS, in his individual capacity, and JOHN DOE and JANE DOES 1–16, in their individual capacities, <br><br> Defendants. | Case No. 04 10521 (GAO) (JGD) <br><br> **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO AMEND THE SCHEDULING ORDER AND PLAINTIFF'S REQUEST FOR AN EXPEDITED RULING** |

    Plaintiff Betty Anne Waters, by counsel, respectfully opposes the application of the Ayer Defendants to postpone the depositions of police practices experts John A. Ford, Jr. (defense) and Lou Reiter (plaintiff) until February. As Plaintiff seeks to depose Mr. Ford on December 21, 2007, Plaintiff respectfully requests that the Court issue an expedited ruling on this matter so that Plaintiff's counsel may adequately prepare for the deposition if it is ordered to go forward on that date.

    This Court denied the first aspect of Defendants' motion to strike Mr. Reiter's report on November 1, 2007, which, pursuant to the Court's prior order of October 18, 2007 (Docket No. 118, ¶ 1), triggered a 30-day deadline for service of a defense police practices expert report. Defendants served Mr. Ford's expert report on November 30, 2007. The revised scheduling

order calls for both parties to depose the other side's expert within 30 days thereafter. (Id., ¶ 2.)

Immediately upon receipt of Mr. Ford's report, Plaintiff noticed his deposition for Wednesday, December 19. Defendants later noticed the deposition of Mr. Reiter for Friday, December 21. However, by letter of December 7, 2007 (attached as Exhibit 1), Defendants objected to the December 19 deposition on the grounds that lead counsel, Mr. Tehan, would not be available. Instead, given the impending holidays, Defendants proposed that the parties jointly seek an extension to the 30-day deadline.

In a good-faith effort to comply with the Court's order, Plaintiff proposed to move the Ford deposition to December 21 (which, upon information and belief, was a date on which defense counsel are available, as they noticed that date for the Reiter deposition), and to defend the Reiter deposition on December 26 or 27. When defense counsel Mr. Corbo indicated that Mr. Tehan would be on vacation all of Christmas week, the undersigned proposed January 15th for the Reiter deposition as a compromise. It now appears that, despite being available on December 21, Defendants, who have three attorneys appearing in this action, refuse to schedule any depositions until February due to the Christmas vacation and on-call January trial schedule of Mr. Tehan.

Both in keeping with this Court's order and in hopes of starting the process of expert depositions that must be completed to trigger a summary judgment deadline (see Docket No. 118, at ¶ 3), Plaintiff now cross-moves for an order compelling defendants to make Mr. Ford available for a deposition on December 21, and to set a date during the week of January 15 for the deposition of Mr. Reiter.

Although Plaintiff was willing to compromise by scheduling Mr. Reiter's deposition for a

date in January, postponing both depositions beyond December presents significant scheduling problems for Plaintiff's counsel. There are only a limited number of days available in January for both Plaintiff's counsel and Mr. Reiter – January 15 through 19 – given Mr. Reiter's teaching schedule and Mr. Scheck's prior commitments, both to run the intensive trial advocacy course at the Benjamin Cardozo Law School the first two weeks of January, and, with Ms. Cornwall, to take several depositions in another wrongful conviction case in Houston, Texas the week of January 21. Furthermore, Mr. Scheck, who will be deposing Mr. Ford, is leaving the country on February 8th for the remainder of that month.

Given the limited number of days available after December and the fact that defense counsel is actually available to defend Mr. Ford's deposition should it be scheduled on December 21st, Plaintiff should be permitted to proceed in accordance with the discovery schedule and conduct her deposition of defense expert on December 21st.

Dated: December 13, 2007               Respectfully submitted,

/s/ Deborah L. Cornwall
Barry C. Scheck, Esq. (BS 4612)
Deborah L. Cornwall, Esq. (DC 2186)
Monica R. Shah, Esq.
COCHRAN NEUFELD & SCHECK, LLP
99 Hudson Street, 8th Floor
New York, NY 10013
Tel. (212) 965-9081 / Fax (212) 965-9084

Robert N. Feldman, Esq.
BIRNBAUM & GODKIN, LLP
280 Summer Street
Boston, MA 02210-1108
Tel. (617) 307-6130 / Fax (617) 307-6101

Attorneys for Plaintiff Betty Anne Waters

**CERTIFICATE OF SERVICE**

    I, Emily Gordon, hereby certify that the foregoing document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and electronic and paper copies will be sent to those indicated as non-registered participants on December 13, 2007.

                                       /s/ Emily Gordon
                                       Emily Gordon