UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                                     )
BETTY ANNE WATERS as                    )
Administratrix of the Estate of              )
KENNETH WATERS,                            )
                          Plaintiff,             )
vs.                                                    )
                                                     )
TOWN OF AYER,                                )      CIVIL ACTION
NANCY TAYLOR-HARRIS,                   )      NO. 04-10521-GAO
ARTHUR BOISSEAU,                           )
BUDDY DECOT,                                  )
WILLIAM ADAMSON,                          )
JOHN AND JANE DOES 1-16,               )
                                                     )
                          Defendants.          )
_____)

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
## TO DISMISS ALL CLAIMS AGAINST DEFENDANT BUDDY DECOT

Plaintiff Betty Anne Waters ("Waters") respectfully submits this Opposition to

Defendants' Motion to Dismiss All Claims Against Defendant Buddy Decot ("Decot").

Defendants' Motion should be summarily denied because Defendants, who waited over a year to

file the Suggestion of Death of Decot, filed a defective Suggestion of Death by not identifying a

successor or representative of the deceased party.  Moreover, even if the Suggestion of Death

had been proper, Defendants will not be prejudiced by the substitution of an appropriate

representative in place of Decot individually; and, contrary to Defendants' assertion, the Court

has broad discretion in permitting time beyond Rule 25's 90-day limit for substituting parties.

## SUMMARY BACKGROUND

Plaintiff, as administratrix of her brother's estate, brought this civil rights action against

the Defendants alleging various civil rights violations resulting from Defendants' unlawful

conduct which caused the wrongful prosecution, conviction and incarceration of Mr. Waters for over 19 years.  The action, which commenced on March 15, 2004, named as a defendant, among others, Decot -- a former Ayer police officer.  As alleged in the Complaint and supported by discovery to date, Decot possessed at one time Mr. Waters' diner time cards, which went missing prior to Mr. Water's trial.  Upon information and belief, Decot passed away on March 18, 2006.  More than one year after his death, Defendants filed a Suggestion of Death on May 15, 2007.  The Suggestion of Death identifies no successor or representative.

## ARGUMENT

A Suggestion of Death must be in writing and must identify the representative to be substituted.  See generally, Wright & Miller, Federal Practice and Procedure, § 1955, (3rd ed. 1997); see also Rende v. Kay, 415 F.2d 983 (D.C. Cir. 1969); In re Pemstar, Inc. Securities Litigation, No. 02-1821 DWFSRN, 2003 WL 21975563 (D. Minn. 2003); Kessler v. Southeast Permanente Medical Group of North Carolina, 165 F.R.D. 54 (E.D.N.C. 1995).  Under this general rule, Defendants' Suggestion of Death is defective on its face because it fails to identify Decot's successor or representative that Waters should substitute in this litigation.  Since Defendants' Suggestion of Death is defective, the 90-day period in which Waters would be compelled to file a Motion to Substitute has not begun and, therefore, Defendants' Motion to Dismiss must be denied.  See In re Pemstar, 2003 WL 21975563 at *10 (suggestion of death failing to identify successor or representative of deceased did not commence 90-day period under Rule 25(a)); Dietrich v. Burrows, 164 F.R.D. 220 (N.D. Ohio 1995) (same).[1]

---

[1] Some courts in other jurisdictions have not uniformly applied this rule.  Compare Al-Jundi v. Estate of Rockefeller, 88 F.R.D. 244, 246-47 (W.D.N.Y. 1980) (suggestion of death inadequate where no representative identified) with Yonofsky v. Wernick, 362 F. Supp. 1005 (S.D.N.Y. 1973) (suggestion of death adequate despite lack of identified successor).  We found no decision on this issue within the First Circuit.

Moreover, even if Defendants' Suggestion of Death contained all required information, "whether an action should be dismissed for failure to comply with the 90 day time limit lies within the sound discretion of the district court." Kasting v. American Family Mutual Ins. Co., 196 F.R.D. 595, 601 (D. Kan. 2000). Although Defendants argue otherwise, this Court is not required to dismiss all claims against Decot simply because Waters did not file a Motion to Substitute Parties within the ninety (90) days of the filing of the Suggestion of Death, and there is no case that supports Defendants' reading of Rule 25(a).[2]

Here, this Court should exercise its discretion to permit the filing of a motion to substitute Decot's successor or representative once he or she is identified. As evidenced by the fourteen-month lapse between Decot's death and the filing of the Suggestion of Death, Defendants will not be prejudiced by this Court's denial of Defendants' motion to dismiss and allowance of Waters' motion for an extension of time. There is no indication that the substitution will in any way alter the status of Decot's estate. Absent some compelling reason why Rule 25(a)'s 90-day time-period should be strictly enforced, Defendants' motion should be denied and Defendants should be required to identify the successor or representative of the deceased.

---

[2] At a minimum, Defendants' failure to properly identify a successor or representative of the deceased excuses any delay in Plaintiff's filing of the motion to substitute under Rule 25(a).

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants' Motion to Dismiss should be denied and Plaintiff should be permitted a reasonable time to file of a motion to substitute Decot's successor or representative once he or she is identified by Defendant.

Respectfully submitted,

BETTY ANNE WATERS,
By her attorneys


/s/ Robert N. Feldman
BIRNBAUM & GODKIN, LLP
Robert N. Feldman (BBO # 630734)
280 Summer Street
Boston, MA  02210
Tel: 617-307-6100
Fax: 617-307-6101

Barry C. Scheck, Esq.
Deborah L. Cornwall, Esq.
Monica Shah, Esq.
Cochran Neufeld & Scheck, LLP
99 Hudson St., 8th Floor
New York, NY 10013
(212) 965-9081

Dated:  December 18, 2007

## CERTIFICATE OF SERVICE

I, Robert N. Feldman, hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 18, 2007.

/s/ Robert N. Feldman
Robert N. Feldman
