UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-CV-10521-GAO

| | |
|---|---|
| BETTY ANNE WATERS, as Administratrix of the Estate of KENNETH WATERS,<br><br>　　　　　Plaintiff<br>v.<br><br>TOWN OF AYER, NANCY TAYLOR-HARRIS, in Her Individual Capacity, ARTHUR BOISSEAU, In His Individual Capacity, BUDDY DECOT, In His Individual Capacity, WILLIAM ADAMSON, in His Individual Capacity, PHILIP L. CONNORS, in His Individual Capacity, and JOHN DOE and JANE DOES 1-16, in Their Individual Capacities,<br><br>　　　　　Defendants | DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS DEFENDANT BUDDY DECOT |

　　　Now come the defendants, Town of Ayer, et al., and hereby reply to plaintiff Betty Anne Waters' Opposition to Defendants' Motion to Dismiss all Claims Against Defendant Buddy Decot. As grounds for their reply, the defendants state that a proper suggestion of death was served on all parties on May 15, 2007 and plaintiff filed no motion to substitute on or before August 13, 2007, as required per Rule 25. Moreover, plaintiff never filed a motion to enlarge time to substitute under Fed.R.Civ.P 6(b) during the requisite 90-day period and plaintiff still has not filed a motion to enlarge based on "excusable neglect" as required per Rule 6(b)(2). Therefore, plaintiff should not be allowed additional time to file a motion to substitute and all claims against the defendant, Buddy Decot, must be dismissed as a matter of law.

　　　As further grounds, the defendants rely on the within Memorandum of Reasons.

MEMORANDUM OF REASONS

I.    STATEMENT OF FACTS

As defendants asserted in their Motion to Dismiss, Walter R. Decot a/k/a Buddy Decot ("Decot"), an individual defendant in this litigation died on March 18, 2006. Pursuant to Fed.R.Civ.P 25, defendants, Town of Ayer, et al., filed a suggestion of death for Mr. Decot, along with an attached certificate of death on May 15, 2007 (Docket Entry 84). Service of the suggestion of death was made upon the plaintiff immediately via the Court's electronic filing system. The docket reflects that the plaintiff did not file a motion to substitute within "90 days after the death is suggested upon the record by service of statement of the fact of the death." Fed.R.Civ.P 25(a)(1).

As the applicable 90-day time period to file a motion to substitute lapsed under Rule 25(a)(1), defendants, after conferring with plaintiff's counsel, filed their Motion to Dismiss all Claims Against Defendant Buddy Decot on December 4, 2007. (Docket Entry 126). In her opposition to defendants' Motion to Dismiss, plaintiff now claims that the Court has discretion to enlarge the time period for which to file a motion to substitute parties, without the plaintiff having to file a motion to enlarge the filing deadline, which expired on August 13, 2007, and without having to demonstrate requisite good cause or excusable neglect to extend the deadline, as required under Fed.R.Civ.P 6(b)(2).

II.    ARGUMENT

A.    <u>Defendants Filed a Proper Suggestion of Death on May 15, 2007</u>

Fed.R.Civ.P 25(a)(1) provides that "[i]f a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties … Unless the motion for substitution is made not later than 90 days after <u>the death is suggested upon the record by service</u>

<u>of a statement of the fact of the death as provided herein for the service of the motion</u>, the action <u>shall be dismissed</u> as to the deceased party" (emphasis supplied). In this case, defendants properly filed their suggestion of death with the Court with service on the plaintiff on May 15, 2007. Compare <u>Federal Deposit Ins. Corp</u>. v. <u>Vega</u>, 106 F.R.D. 30, 32 (D.P.R.1985) ("[i]n the case now before us the suggestion of death was not made on the record"). In filing a suggestion of death, some procedural formality is required. <u>Kasting</u> v. <u>American Family Mutual Insurance</u>, 196 F.R.D. 595, 600 (D.Kansas 2000). By requiring formality in filing a suggestion of death, including a written statement for the record, individuals involved in the litigation are provided with proper notice of a party's death. <u>Id.</u> (citing <u>United States</u> v. <u>Miller Brothers Constr. Co.</u>, 505 F.2d 1031, 1034-35 (10th Cir. 1974) ("[u]nder the rubric of procedural formality, and in the interest of providing adequate notice to all entities affected by the death who are involved in the proceeding, the courts have required the suggestion of death to be embodied in a written statement")). In addition to a written statement, with notice to all parties to the action, the suggestion of death must be filed with the clerk of court. <u>Kasting</u>, 196 F.R.D. at 601.

Identification of a deceased party's representative, administrator, or executor is <u>not</u> universally required, in particular, if such information is unknown to the individual filing the suggestion of death. See <u>Unicorn Tales, Inc. et al.</u> v. <u>Somen Banerjee, et al.</u>, 138 F.3d 467 (2nd Cir. 1998) (holding "[t]he rule does not require that the statement identify the successor or legal representative; it merely requires that the statement of death be served on the involved parties). As plaintiff states in her Opposition, "[w]e found no decision on this issue within the First Circuit." (Plaintiff's Opposition, p. 2). Indeed, "the rule does not require that the non-party be named in the suggestion of death, or that the certificate of service reflect the service of a non-party." <u>Kasting</u>, 196 F.R.D. at 600. While some courts have held that the "inclusion of such

information is desirable when it is known to the party suggesting death, the court finds the imposition of such a requirement unreasonable where, as here, the opposing party…has no personal knowledge at that time of who the successors or representatives of the decedent might be." Id.

In this case, Mr. Decot's suggestion of death filed by the defendants met all of the requirements under Fed.R.Civ.P 25. Defendants filed their written suggestion of death with the Court on May 15, 2007. Upon filing the suggestion of death electronically, plaintiff received simultaneous notice of this filing. The filing provided notice of Mr. Decot's death and a death certificate. (Docket Entry 84) The defendants did not have, and still do not have, any other knowledge of an administrator or executor of Mr. Decot's estate. Therefore, as the defendants complied with the requirements set forth in Fed.R.Civ.P 25(a)(1), defendants' Motion to Dismiss should be allowed.

      B.      Plaintiff Has Not Demonstrated Excusable Neglect to Extend the 90-day Deadline to Substitute Parties

Despite receiving proper notice of Mr. Decot's death, plaintiff did not move to substitute Mr. Decot during the 90-day period, nor has plaintiff properly moved to enlarge the 90-day deadline for filing a substitution of parties under Fed.R.Civ.P 25. Moreover, even if plaintiff's Opposition attempts enlarge the 90-day deadline under Rule 25(a)(1), plaintiff has not demonstrated good cause or excusable neglect sufficient to warrant an extension of time to substitute parties, as required under Rule 6(b)(2). See Yonofsky, v. Wernick, 362 F. Supp. 1005, 1012 (S.D.N.Y. 1973) (burden is on the movant to establish that the failure to act in a timely manner was a result of excusable neglect). Under Fed.R.Civ.P 6(b), "[w]hen by these rules or by a notice given thereunder or by order of court and act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or

4

without motion or notice order the period enlarged if request therefor is made before the expiration of the period…, or (2) <u>upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect</u>." (emphasis supplied). In seeking an extension of the 90-day limit, the burden is on the plaintiff to demonstrate in a motion to enlarge good faith and "'some reasonable basis for noncompliance within the time specified in Fed.R.Civ.P 25(a)(1).'" <u>Kasting</u>, 196 F.R.D. at 601-02 (quoting <u>Yonofsky,</u> 362 F. Supp. at 1012).

Here, plaintiff has not met her burden for demonstrating excusable neglect. "The determination as to what sort of neglect is considered excusable is 'an equitable one, taking into account all relevant circumstances surrounding the party's own omission.'" <u>Kaubisch</u> v. <u>Weber</u>, et al., 408 F.3d 540 (8th Cir. 2005) (citing <u>In re Harlow Fay, Inc.</u>, 993 F.2d 1351, 1352 (8th Cir. 1993) (quoting <u>Pioneer Inv. Serv. Co</u>. v. <u>Brunswick Associates Ltd.</u>, 507 U.S. 380, 395 (1993)). "[T]he misapplication or misreading of the plain language of Rule 25 does not establish excusable neglect." <u>Kaubisch</u>, 408 F.3d 540; <u>see</u> <u>also</u> <u>In re Cosmopolitan Aviation Corp.</u>, 763 F.2d 507, 515 (2nd Cir. 1985) ("[t]he excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules").

In this case, plaintiff attempts to circumvent the deadlines of Fed.R.Civ.P 25(a)(1), without demonstrating any excusable neglect for her delay in filing a substitution parties, more than seven months after defendants filed Mr. Decot's suggestion of death. Indeed, plaintiff offers no reasons why she did not file a motion to substitute parties. Plaintiff only asserts that the burden was on the defendants to identify a successor or representative of the deceased party. As noted, such identification is not required and the defendants do not have any knowledge of Mr. Decot's estate or representative. <u>Yonofsky,</u> 362 F. Supp. at 1012 (suggestion of death

proper absent lack of successor identified).  Moreover, if the plaintiff needed to have the estate or representative identified, she could have requested the needed information during the 90 day substitution period.  Instead, the plaintiff sat back and did nothing, assuming that the Estate of Buddy Decot was a defendant in this case.[1]  As stated in the notes to the Rule, "a party interested in securing a substitution under the amended rule should not assume that [she] can rest indefinitely awaiting the suggestion of death before [she] makes [her] motion to substitute."

Finally, if plaintiff is allowed to move to substitute Mr. Decot well past the applicable deadline, the defendants will be prejudiced as such motion will require a response from the defendants, causing the defendants to incur unnecessary and burdensome expenses.  Therefore, pursuant to the requirements of Fed.R.Civ.P 25 and 6(b)(2), plaintiff should not be provided additional time to substitute parties and defendants' Motion to Dismiss should be allowed.

    III.    CONCLUSION

WHEREFORE, the defendants respectfully request that this Court allow Defendants' Motion to Dismiss Defendant Buddy Decot.

    DEFENDANTS,

    By their attorneys,

    /s/ Gregg J. Corbo
    Joseph L. Tehan, Jr. (BBO # 494020)
    Gregg J. Corbo (BBO # 641459)
    Kopelman and Paige, P.C.
      Town Counsel
    101 Arch Street, 12th Floor
    Boston, MA  02110
    (617) 556-0007

333743/AYER-WATERS/0053

---

[1] In fact, this issue was brought to the attention of defense counsel when he observed that the Estate of Buddy Decot was written as one of the parties to a stipulation proposed by the plaintiff's counsel.