UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-CV-10521-GAO

| | |
|---|---|
| BETTY ANNE WATERS, as Administratrix of the Estate of KENNETH WATERS,<br><br>　　　　　　　Plaintiff<br>v.<br><br>TOWN OF AYER, NANCY TAYLOR-HARRIS, in Her Individual Capacity, ARTHUR BOISSEAU, In His Individual Capacity and PHILIP L. CONNORS, in His Individual Capacity,<br><br>　　　　　　　Defendants | DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S "STATEMENT OF DISPUTED FACTS" SUBMITTED IN OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT |

Now come the defendants, Town of Ayer, Nancy Taylor-Harris, Arthur Boisseau and Philip Connors (collectively "the defendants"), and hereby move to strike from the record plaintiff's "Statement of Disputed Material Facts Pursuant to Local Rule 56.1" (hereinafter the "Statement") (Docket Entry 170). As grounds therefor, defendants state that plaintiff has improperly submitted this extraneous "Statement" in addition to her response to Defendant's Statement of Material Facts Not in Dispute in violation of Fed.R.Civ.P. 56 and Local Rule 56.1. As further grounds therefor, defendants rely on the within Memorandum of Reasons.

MEMORANDUM OF REASONS

I.　　BACKGROUND

On April 24, 2008, defendants filed Motions for Summary Judgment supported by a Statement of Material Facts Not in Dispute Pursuant to L.R. 56.1. (Docket Entry 155). On May 27, 2008, plaintiff filed Oppositions to the Motions along with a response to Defendants' Statement of Material Facts Not in Dispute Pursuant to L.R. 56.1 ("Response"). (Docket Entry

171). In addition to filing her Response, plaintiff also filed an eighty-five (85) page "Statement of Disputed Material Facts Pursuant to Local Rule 56.1" on May 27, 2008. (Docket Entry 170).

This 377 paragraph Statement is not a response to the Defendants' Statement of Facts, which the plaintiff has also submitted, but rather is an attempt to introduce her own "facts" into the summary judgment record. As this unnecessary, self-serving pleading is improper and in violation of Fed.R.Civ.P. 56 and Local Rule 56.1, this Court has firmly established that such pleadings should not be considered. Brown v. Armstrong, 957 F.Supp. 1293, 1297-98 (D.Mass.1997).

II.     ARGUMENT

Fed.R.Civ.P. 56(e)(2) provides: "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." [emphasis supplied]. Local Rule 56.1 further provides that an

> [o]pposition to motions for summary judgment shall include a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried, with page references to affidavits, depositions and other documentation. Copies of all referenced documentation shall be filed as exhibits to the motion or opposition. Material facts of record set forth in the statement required to be served by the moving party will be deemed for purposes of the motion to be admitted by opposing parties unless controverted by the statement required to be served by opposing parties." [emphasis supplied].

Indeed, both Fed.R.Civ.P. 56(e)(2) and Local Rule 56.1 contemplate that a party opposing a motion for summary judgment must submit a concise response to the moving party's statement of facts. See Davric Maine Corp. v. Rancourt, 1999 WL 33117166, 2 (D.Me.1999) (defendants moved to strike plaintiff's entire statement of material facts "on the ground of non-

compliance with Local Rule 56." The court allowed plaintiff's statement because it was filed on April 30, 1999, the day <u>before</u> substantial revisions to Local Rule 56 took effect. In its ruling the court emphasized, that the plaintiff was "not alone in its failure under former Local Rule 56 to respond point-by-point to a moving party's statement of material facts. <u>That precise failing was widespread enough to have precipitated the recent revision to the rule…</u>"). [emphasis supplied].

As this Court has held, "Local Rule 56.1 was adopted to expedite the process of determining which facts are genuinely in dispute, so that the court may turn quickly to the usually more difficult task of determining whether the disputed issues are material. The rule accomplishes its objective by requiring that a summary judgment motion 'include a concise statement of the material facts of record as to which the moving party contends there is no genuine issue to be tried,' with citation to the record, and that the opposition 'include a concise statement of the material facts of record as to which it is contended there exists a genuine issue to be tried,' also with citations to the record." <u>Brown</u>, 957 F.Supp. at 1297-98.

To assist the Court with determining which facts are genuinely in dispute, "the non-movant's response must 'state what *specific facts* are disputed and prevent summary judgment.'" <u>Id</u>. (citing <u>Vasapolli</u> v. <u>Rostoff</u>, 864 F.Supp. 215, 218 (D.Mass.1993), *aff'd,* 39 F.3d 27 (1st Cir.1994)) (emphasis in original). The Rule does not contemplate the introduction of a separate pleading which includes wholly irrelevant facts in an attempt to burden the moving party and the court in an attempt to manipulate the summary judgment record. Nevertheless, by submitting this extraneous "Statement," it is evident that plaintiff is directly attempting to mislead and obfuscate the relevant, material facts before the Court in this case. Such tactics are disfavored and should not be allowed. <u>See</u>, <u>e.g.</u>, <u>Vasapolli</u>, 864 F.Supp. at 218 -19 ("[a] genuine issue of material fact does not spring into being simply because a litigant claims that one exists. Rather,

the party opposing summary judgment must set forth hard evidence of a material factual dispute; the opposition cannot be conjectural or problematic but must have substance. Evidence which is merely colorable, or is not significantly probative will not preclude summary judgment"). (internal citations omitted).

Accordingly, plaintiff's Statement is improper under Fed.R.Civ.P. 56 and Local Rule 56.1 and should be stricken as it is duplicative to the response already submitted by the plaintiff, (see Docket Entry 171), and wholly irrelevant to "distinguish between facts involved in the case generally, and material facts that are genuinely in dispute." Brown, 957 F.Supp. at 1298. As in Brown, where the Court did not consider a similar statement, plaintiff Statement is "clearly is not a statement of 'specific facts' in dispute." Id. Moreover, as in Brown, plaintiff's voluminous and misleading Statement "makes conclusory statements and allegations that are not supported by citations to the record. Even where citations are provided, the cited portion of the record often does not support the point for which it is cited." In fact, the Statement "generates a lot of dust ... [but] it does not further the goal of sharply focusing areas of dispute." Id. (citing Key Trust Co. of Maine v. Doherty, Wallace, Pillsbury & Murphy, P.C., 811 F.Supp. 733, 734 n. 2 (D.Mass.1993)).

Any response to this "Statement" would be duplicative to the defendants' response, if any, to Plaintiff's Response to Defendants' Statement of Material Facts Not In Dispute (Docket Entry 171), burdensome to the Court and the defendants, uneconomical, and contrary to the specific mandate for summary judgment filings under Local Rule 56.1. Therefore, in the interests of judicial economy and fairness, the defendants request that Court strike the Statement, as it does not comply with Local R. 56.1.

5

WHEREFORE, the defendants request that this Court strike plaintiff's Statement of Disputed Material Facts Pursuant to Local Rule 56.1 from its consideration.

>DEFENDANTS,
>
>By their attorneys,
>
>/s/Gregg J. Corbo
>Joseph L. Tehan, Jr. (BBO # 494020)
>Gregg J. Corbo (BBO # 641459)
> Town Counsel
>Kopelman and Paige, P.C.
>101 Arch Street, 12th Floor
>Boston, MA  02110
>(617) 556-0007

347909.2/AYER-WATERS/0053