UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                            )
BETTY ANNE WATERS, as                      )
Administratrix of the Estate of                )
KENNETH WATERS,                              )
        Plaintiff,                                        )
        v.                                                    )    Case No. 04 CV 10521 (GAO)(JGD)
                                                            )
TOWN OF AYER, NANCY TAYLOR-        )    PLAINTIFF'S MEMORANDUM
HARRIS, in her individual capacity,         )    IN OPPOSITION TO DEFENDANTS'
ARTHUR BOISSEAU, in his individual     )    "MOTION TO STRIKE
capacity, WILLIAM ADAMSON, in his     )    PLAINTIFF'S STATEMENT OF
individual capacity, and PHILIP L.           )    DISPUTED MATERIAL FACTS
CONNORS, in his individual capacity,     )    PURSUANT TO LOCAL RULE 56.1"
                                                            )
        Defendants.                                 )
_____ )

       Local Rule 56.1 directs parties opposing summary judgment to file "a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried . . . ." LR 56.1 (D. Mass. Sept. 1, 1990). That is precisely what Plaintiff's Statement of Disputed Material Facts ("SDF") (Doc. No. 170) – cited to throughout plaintiff's four briefs opposing summary judgment – does. Nonetheless, defendants have moved to strike it. In so doing, they mischaracterize both Rule 56 and LR 56.1.

       First, defendants move to strike on the grounds that plaintiff's SDF is "an attempt to introduce her own 'facts' into the summary judgment record." (Doc. 180 at 2.) But that is precisely what Rule 56 requires of a plaintiff to withstand summary judgment:

> *Opposing party's obligation to respond.* When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate,

be entered against that party."

Fed. R. Civ. P. 56(e)(2) (Dec. 1, 2007). Thus, plaintiff has the burden to "produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy issue." *Clifford v. Barnhart*, 449 F.3d 276 (1st Cir. 2006) (citations and internal quotations omitted); *Grant's Dairy-Maine, LLC v. Comm'r of Maine Dept. of Agric., Food & Rural Res.*, 232 F.3d 8, 14 (1st Cir. 2000) ("As to issues on which the summary judgment target bears the ultimate burden of proof, she cannot rely on an absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute.").

This Court ordered that plaintiff's response to defendants' statement of facts "shall include numbered paragraphs admitting or denying, paragraph by paragraph, the facts contained in the moving party's concise statement of material facts." (Doc. 118 at 2, ¶4.) Accordingly, plaintiff filed her response to defendants' Statement of Undisputed Material Facts ("SUF"). (Doc. 171.) Given that defendants' Rule 56.1 statement omits many material facts, merely responding to it would deprive plaintiff of the ability to demonstrate the existence of a triable question as to those numerous omitted issues; thus the filing of the SDF. The claim that plaintiff's SDF is not "concise" is in essence a complaint about how much evidence plaintiff has marshaled demonstrating a triable issue of material fact in this wrongful conviction action, which goes back twenty-eight years and involves the files of the Ayer police, the State Police, the Middlesex County District Attorney's Office, Mr. Waters' defense counsel, and the recently discovered file of State Police fingerprint examiner John Baliunas, not to mention the investigative and deposition record amassed by the parties.

Nor does LR 56.1 bar a plaintiff from submitting a statement of material facts in dispute ("SDF") in addition to responding to defendants' statement of undisputed material facts ("SUF").

Plaintiffs opposing summary judgment routinely do so in this District, and in this very Court. *See O'Neil v. Daimlerchrysler Corp.*, 538 F. Supp.2d 304, 309 n.4 (D. Mass. 2008) (Dein, J.); *Massachusetts Institute of Technology v. Harman Intern. Industries, Inc.*, 530 F. Supp.2d 369, 371 n.1 (D. Mass. 2007) (Dein, J.); *Yerardi v. Pacific Indem. Co.*, 436 F. Supp.2d 223, 227 n.1 (D. Mass. 2006) (Dein, J.); *Rodio v. R.J. Reynolds Tobacco Co.*, 416 F. Supp.2d 224, 227 n.1 (D. Mass. 2006) (Dein, J.); *see also Call v. Fresenius Medical Care Holdings, Inc.*, 534 F. Supp.2d 184, 186 n.1 (D. Mass. 2008); *Walsh v. Gillette Co.*, No. Civ.A. 03-11557-REK, No. 2005 WL 2977426, at *1 (D. Mass. Sept. 13, 2005). As this Court has previously noted, "[t]he Rule does not dictate a particular format that an opposing party must follow in order to demonstrate which asserted facts are in dispute." *Richards v. City of Lowell*, 472 F. Supp.2d 51, 57 n.3 (D. Mass. 2007) (Lindsay, J., adopting report and recommendation of Dein, J.).[1]

Defendants mischaracterize *Brown v. Armstrong*, 957 F. Supp. 1293, 1297-98 (D. Mass. 1997), as supporting the erroneous proposition that "this Court has firmly established that such pleadings should not be considered." (Doc. 180 at 2.) *Brown* established no such rule, and actually denied the defendants' motion to strike. 957 F. Supp. at 1297. In any case, the circumstances of that case are distinguishable. The plaintiff in *Brown* submitted a single Rule 56.1 statement – not one statement responding to the defendants' Rule 56.1 statement and a second statement affirmatively setting forth the disputed material facts – which included factual allegations that were "conclusory," or "unsupported by citations to the record," or which were not actually supported by the record when cited. 957 F. Supp. at 1297. The facts set forth in plaintiff's SDF are specific, detailed, and

---

[1] As a practical matter, shoehorning all of plaintiff's evidence of material factual issues into responses to the SUF would have resulted in even lengthier paragraphs with voluminous citations to the record, which would have been unwieldy and hard to follow.

uniformly supported by citations to the record.²

Defendants' claim that their response to plaintiff's SDF would be "duplicative" of their response, if any, to plaintiff's Response to Defendants' Statement of Material Facts Not in Dispute, is perplexing given their omission of numerous material facts from their 56.1 Statement.³ For example, in their section on "*Brady* Facts - Time Cards," there is no reference to the evidence that, on at least three occasions in connection with their investigation of Waters, Ayer police went to the diner where he had worked, or the fact that Waters' time card for other weeks corroborated his alibi. (*See* SDF ¶¶ 56, 58, 61-71.) Likewise, in their section on "*Brady* Facts - Fingerprint evidence," defendants' SUF makes no reference either to the discovery of John Baliunas' original file, which contained handwritten lists of names of suspects whose fingerprint cards Baliunas checked and eliminated, where Waters' name appeared twice, or to the Ayer Police Department reports and logs proving defendants' knowledge of Baliunas' exclusion of suspects as the source of the usable latent fingerprints collected at the scene (*see* SDF ¶¶ 75-85, 92-93, 96-117). Nor is there any mention in the SUF of facts known to defendants weighing against probable cause to arrest or indict. (*See* SDF ¶¶ 214-34.) Each of these facts, omitted by defendants, raises a material, triable issue.

Ultimately, if defendants are suggesting that plaintiff's SDF should have followed her response to their SUF in the same document, rather than in separate documents, such an objection

---

² Defendants' quotation from *Key Trust Co. of Maine v. Doherty, Wallace, Pillsbury & Murphy, P.C.*, 811 F. Supp.733 (D. Mass. 1993), cited in *Brown*, illuminates their mischaracterization of plaintiff's SDF. (Doc. 180 at 4.) In *Key Trust*, Judge Ponsor found that "plaintiff's seven pages of discursive text, not double spaced, and without specific citations to the record... generates a lot of dust ... [but] does not further the goal of sharply focusing areas of dispute." 811 F. Supp. at 734 n.2. Plaintiff's SDF can hardly be compared to such a filing.

³ Ironically, unlike LR 7.1(b)(3), which contemplates filing reply briefs with leave of court, LR Rule 56.1 makes no mention of a provision for replying to a nonmovant's Rule 56.1 statement. By defendants' own logic, such a filing should be struck as violating Rule 56.1.

prizes form over substance and should be rejected.

## Conclusion

In sum, it is defendants' motion, not plaintiff's SDF, that generates a lot of dust; this Court would be well its discretion to deny it.

                                                       Respectfully submitted,

Dated: June 9, 2008                       BETTY ANNE WATERS
       New York, NY

                                                      By: _____/s/ Deborah L. Cornwall_____
                                                      Barry C. Scheck (BS 4612)
                                                      Deborah L. Cornwall (DC 2186)
                                                      Monica R. Shah (MS 9846)
                                                      COCHRAN NEUFELD & SCHECK, LLP
                                                      99 Hudson St., 8th Floor
                                                      New York, NY 10013
                                                      Tel. (212) 965-9081
                                                      Fax (212) 965-9084

                                                      Robert N. Feldman
                                                      BIRNBAUM & GODKIN, LLP
                                                      280 Summer Street
                                                      Boston, MA 02210-1108
                                                      Tel. (617) 307-6130 / Fax (617) 307-6101

                                                     *Attorneys for Plaintiff Betty Anne Waters*

**CERTIFICATE OF SERVICE**

      I, Emily Gordon, hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent via overnight delivery to those indicated as non-registered participants on June 9, 2008.

      /s/ Emily Gordon
      Emily Gordon