UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-CV-10521-GAO

| | |
|---|---|
| BETTY ANNE WATERS, as Administratrix of the Estate of KENNETH WATERS,<br><br>Plaintiff<br><br>v.<br><br>TOWN OF AYER, NANCY TAYLOR-HARRIS, in Her Individual Capacity, ARTHUR BOISSEAU, In His Individual Capacity and PHILIP L. CONNORS, in His Individual Capacity,<br><br>Defendants | DEFENDANT TOWN OF AYER'S REPLY TO PLAINTIFF'S SUMMARY JUDGMENT OPPOSITION |

Now comes the defendant, Town of Ayer, and hereby replies to the plaintiff's summary judgment opposition as follows:

The plaintiff's claim against the Town is proceeding solely upon the custom theory of municipal liability (Plaintiff's Opp., pp. 3-5). As such, the plaintiff has the burden of proving a course of conduct which is "so well settled and widespread that the policymaking officials of the municipality can be said to have either actual or constructive knowledge of it yet did nothing to end the practices." Barron v. Suffolk County Sheriff's Dept., 402 F.3d 225, 236-7 (1st Cir. 2005) (quoting, Bordanaro v. McLeod, 871 F.2d 1151, 1156 (1st Cir. 1989)). If a custom is attributable to the municipality, the plaintiff must also show that the custom was the "cause and moving force behind the deprivation of constitutional rights." Id.

The plaintiff claims through an unsupported "delegation" argument, that Chief Connors was the final policy maker for the Town for purposes of Section 1983 liability, yet she relies

heavily on incidents that occurred prior to his taking office to support her custom claim.  The plaintiff cannot have it both ways.

Although the plaintiff relies on the so-called Ties incident and the alleged "environment" in the Department, she ignores the opinion of her own expert that such environment did <u>not</u> lead to Waters' arrest or conviction.  Specifically, Mr. Reiter opined as follows:

> Q: Are you prepared to testify, however, that turmoil and allegations within the department was the producing agent of an unfair trial for Kenny Waters?
>
> A: I would say it creates the environment where misconduct or misrepresentations of bending of the rules could result in that, **but I can't say that it did**.

(Def. Ex. 16, Reiter Deposition, p. 180, l. 8-15 (emphasis supplied)).  This opinion of the plaintiff's own expert is dispositive of the claim against the Town.

Finally, the plaintiff sets forth three instances of alleged misconduct which she claims establishes a pattern of conduct sufficient to support a municipal custom claim.  None of these instances of misconduct has been adjudicated in any forum, and unless this Court is willing to conduct trials within a trial as to these claims, they cannot be considered in support of the plaintiff's case.  (See <u>Kinan</u> v. <u>City of Brockton</u>, 876 F.2d 1029, 1034-35 (1st Cir. 1989); <u>see also</u> Town's Memorandum of Law in Support of Its Motion for Summary Judgment at pp. 9-10).  This is particularly inappropriate with respect to the <u>Maher</u> case since the allegations concerning Officer Taylor's conduct in <u>Maher</u> are the subject of ongoing parallel litigation in this Court.  Moreover, such allegations could not have served as notice of a custom within the Department since they were not made until long after the fact in 2006.  Therefore, as the plaintiff has failed to establish a widespread and well-settled custom of constitutional violations within the Ayer Police Department, the Town is entitled to summary judgment.

2

3

For these reasons, along with the detailed reasons set forth in its original summary judgment memorandum, the Town of Ayer is entitled to summary judgment as to all claims set forth against it.

DEFENDANT TOWN OF AYER

By its attorneys,

/s/Gregg J. Corbo
Joseph L. Tehan, Jr. (BBO # 494020)
Gregg J. Corbo (BBO # 641459)
  Town Counsel
Kopelman and Paige, P.C.
101 Arch Street, 12th Floor
Boston, MA  02110
(617) 556-0007

348808/AYER-WATERS/0053