UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-CV-10521-GAO

| | |
|---|---|
| BETTY ANNE WATERS, as Administratrix of the Estate of KENNETH WATERS,<br><br>Plaintiff<br><br>v.<br><br>TOWN OF AYER, NANCY TAYLOR-HARRIS, in Her Individual Capacity, ARTHUR BOISSEAU, In His Individual Capacity and PHILIP L. CONNORS, in His Individual Capacity,<br><br>Defendants | DEFENDANT ARTHUR BOISSEAU'S REPLY TO PLAINTIFF'S SUMMARY <u>JUDGMENT OPPOSITION</u> |

Now comes the defendant, Arthur Boisseau, and hereby replies to the plaintiff's summary judgment opposition as follows:

The claims set forth against defendant Boisseau are utterly frivolous and are advanced in bad faith for the sole purpose of needlessly multiplying this litigation. The plaintiff claims that defendant Boisseau violated Kenneth Waters' due process right to the disclosure of exculpatory evidence, notwithstanding the indisputable fact that Boisseau testified to those very facts at trial. The plaintiff cites to no case law and it is utterly absurd to suggest that a police officer can be held liable under *Brady* when he gives truthful testimony favorable to the accused at trial. Specifically, on page 8 of her Memorandum in Opposition to defendant Boisseau's Motion for Summary Judgment, the plaintiff claims that defendant Boisseau concealed exculpatory evidence regarding the lack of a scratch on Waters' face and his appearance in court on the morning of the murder. This argument completely ignores the fact that Boisseau testified to these facts at trial. Once Boisseau gave favorable testimony to Waters at trial, he unequivocally satisfied his *Brady*

1

obligations, and it is wholly irresponsible for the plaintiff to ignore this fact.  Therefore, Boisseau is entitled to summary judgment as to the *Brady* claim.

It is equally frivolous for the plaintiff to suggest that defendant Boisseau should be held liable for the alleged misconduct of Officer Taylor.  The seminal point to bear in mind with respect to defendant Boisseau is that an individual defendant can only be held liable on the basis of his or her own involvement in the underlying dispute.  Gagliardi v. Sullivan, 513 F.3d 301 (1st Cir. 2008).  This basic tenet of constitutional law applies with equal force to those who are alleged to be supervisors.  Febus-Rodriguez v. Betancourt-Lebron, 14 F.3d 87, 91-2 (1st Cir. 1994) (as with individual liability, a supervisor can only be subject to liability based on their own actions or inactions).  In this matter, despite acknowledging that Boisseau was "no longer involved in the investigation" by the time Osborne called in 1982, that he was not aware of Osborne's call (Plaintiff's Opp., p. 5) and that Boisseau "had no idea" that Chief Connors and Officer Taylor interviewed Marsh (Plaintiff's Opp., p. 6), the plaintiff seeks to hold Boisseau liable for the alleged misconduct of Officer Taylor through *respondeat superior* (See plaintiff's memo, p. 8).  This is not a sufficient basis for imposing liability upon an individual defendant.

The plaintiff's attempt to link Boisseau to the investigation through the testimony of Officer Taylor is unavailing.  On page 7 of her opposition, the plaintiff states that "Boisseau tried to determine whether Waters had been in court on the morning of May 21st and reported back that he could not verify that alibi."  The plaintiff claims that this statement is false and that it demonstrates that Boisseau knew that Marsh was lying.  These inferences, however, are not supported by the evidence.  The statement is consistent with the "alibi" evidence that was presented at Waters' trial.  Boisseau testified that he saw Waters in Court around 11:00 am.  At no time, either during the original trial or in his depositions in this case, has Boisseau testified

that he saw Waters any earlier. Since the medical examiner testified that the murder occurred closer to 7 am than 11 am, Boisseau could not verify Waters' alibi that he was in Court at 9:00 a.m. Boisseau's statement about the Court's practice of requiring defendants to check in at 9:00 does not establish that Waters actually checked in at that time or that Waters had a practice of showing-up for court on time. Moreover, Waters was convicted despite the fact that this evidence were laid out before the original jury.

Furthermore, the mere fact that Taylor asked Boisseau to look into whether or not Waters was in court on the morning of the murder after she interviewed Marsh, does not prove that Taylor disclosed the substance of that interview to Boisseau. Boisseau has testified that he had no knowledge of what was said by Brenda Marsh, and there is no evidence in the record that establishes otherwise. This is yet another instance of the plaintiff creating "facts" out of whole cloth. More importantly, there is no case law to support the proposition that a police officer has a duty to disclose exculpatory evidence to other police officers. Boisseau satisfied his *Brady* obligations when he testified truthfully at trial, and any discrepancies between his testimony and Brenda Marsh's was before the original jury. Therefore, Boisseau cannot be held liable as a matter of law.

The plaintiff's characterization of Boisseau as Officer Taylor's "primary supervisor" is also false. It is undisputed that Officer Taylor did not have any significant involvement in the Brow murder investigation until 1982. At that time, Connors was Chief and was actively supervising the Department and Officer Taylor. Indeed, the plaintiff acknowledges as much by proceeding with the supervisory claims against Chief Connors. Boisseau was not personally involved in the Brow murder investigation at that time, and it is absurd to suggest that a subordinate officer can or should override the decisions of the Chief with respect to the

allocation of staff and resources. In the absence of evidence that Boisseau was actively involved in supervising Officer Taylor, he cannot be held liable for her alleged misconduct. Therefore, Boisseau is entitled to summary judgment as a matter of law.

In addition, in her opposition to Officer Taylor's Motion, the plaintiff states that Count IV, Conspiracy is also withdrawn. As such, Lt. Boisseau is entitled to Judgment as to Count IV as well.

For these reasons, along with the detailed reasons set forth in his original summary judgment memorandum, Officer Boisseau is entitled to summary judgment as to all claims set forth against him.

> DEFENDANT,
> ARTHUR BOISSEAU
> By his attorneys,
>
> /s/Gregg J. Corbo
> Joseph L. Tehan, Jr. (BBO # 494020)
> Gregg J. Corbo (BBO # 641459)
>   Town Counsel
> Kopelman and Paige, P.C.
> 101 Arch Street, 12th Floor
> Boston, MA  02110
> (617) 556-0007

348714/AYER-WATERS/0053

4