UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-CV-10521-GAO

BETTY ANNE WATERS, as Administratrix of the Estate of KENNETH WATERS,

Plaintiff

v.

TOWN OF AYER, NANCY TAYLOR-HARRIS, in Her Individual Capacity, ARTHUR BOISSEAU, In His Individual Capacity and PHILIP L. CONNORS, in His Individual Capacity,

Defendants

DEFENDANT PHILIP CONNORS' REPLY TO PLAINTIFF'S SUMMARY JUDGMENT OPPOSITION

Now comes the defendant, Phillip Connors, and hereby replies to the plaintiff's summary judgment opposition as follows:

In a footnote on pages 11-12 of her opposition, the plaintiff asserts that she is only asserting claims for supervisory liability against Chief Connors and that she is withdrawing Counts I, II, VII and VIII as to this defendant. Therefore, judgment should enter for Chief Connors as to these claims. In addition, in her opposition to Officer Taylor's Motion, the plaintiff states that Count IV, Conspiracy is also withdrawn. As such, Chief Connors is entitled to Judgment as to Count IV as well.

As the plaintiff is only asserting supervisory liability claims against Chief Connors, he is only subject to liability if the plaintiff can show a constitutional violation by one of his subordinates[1]. Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 582 (1st Cir. 1994). As described in detail in the memoranda in support of the Motion for Summary Judgment by defendant Nancy Taylor-Harris and her reply to plaintiff's opposition thereto, the plaintiff cannot

---

[1] The plaintiff's supervisory liability claim is based upon Chief Connors' alleged failure to supervise Officer Taylor only (Plaintiff's Opp., pp. 8-12).

show that Officer Taylor violated Kenneth Waters' constitutional rights. Therefore, Chief Connors is entitled to summary judgment as a matter of law.

In addition to proving the violation of Waters' constitutional rights by Officer Taylor, to subject Chief Connors to liability, the plaintiff must establish that there is a direct causal link between Connors' alleged failure to supervise and the alleged constitutional violation. Maldonado-Denis, 23 F.3d at 582. In this regard, although the plaintiff dwells extensively on the overall quality of the Ayer Police Department's investigation by highlighting claimed discrepancies between the actual investigation and police policies and practices, this is a nonissue since it is only conduct that runs afoul of the Constitution that is actionable. Smith v. Freeland, 954 F.2d 343, 347-8 (6th Cir. 1992) (in section 1983 action, testimony from police practices expert that defendant officers violated police department polices was irrelevant because the issue was whether the defendant violated the Constitution, not whether he should be disciplined by the department).

The plaintiff states that Connors allowed Officer Taylor to "repeatedly act in contravention of APD policies" and "commit multiple acts of misconduct" (Plaintiff's Opp., p. 9). The plaintiff, however, alleges only two instances in which Chief Connors failed to adequately supervise Officer Taylor. First, the plaintiff alleges that Officer Taylor was inadequately supervised when she swore out a search warrant for the Waters' former residence (Plaintiff's Opp., p. 4). The search warrant application is a red herring, as it yielded no evidence that was used against Waters, and therefore, did not violate his constitutional rights. Therefore, any alleged failure to supervise Officer Taylor in this regard was wholly irrelevant.

The plaintiff has also failed to establish that Officer Taylor violated Waters' constitutional rights by the manner in which she questioned Brenda Marsh. As described in

detail in Chief Connors' original summary judgment memorandum (pages 16 to 19), and Officer Taylor's Reply, even accepting Brenda Marsh's version of events as true, Officer Taylor's conduct did not run afoul of constitutional standards.

Moreover, Chief Connors had no reason to believe that Marsh was lying and reasonably relied on the State Police and the District Attorney to verify her credibility. Specifically, Osborne's call was unsolicited and his statements to the police were accurate. Marsh was understandably reluctant to testify against Waters based upon the horrific abuses he subjected her to and Officer Taylor had a substantial amount of training and experience in dealing with victims of domestic abuse. There was no evidence in the file that refuted Marsh's statements and her credibility was tested through a second interview and a polygraph examination administered by the State Police in the presence of Lt. Dwyer, who had also interviewed Waters the day after the murder. There was nothing about the conduct of that interview that would have led Connors to believe that Marsh was lying or to suggest that he was deliberately indifferent to Waters' constitutional rights.

In an effort to manufacture evidence to support her failure to supervise claim, the plaintiff misrepresents the nature of Officer Taylor's employment disputes with the Town. This tactic is unavailing, since the record is clear that any restriction on Officer Taylor's activities was the result of a union grievance concerning her being assigned to patrol duties in lieu of other officers, who thereby were deprived of overtime. Officer Taylor's competence was never the basis for this restriction.

Finally, and most significantly, the plaintiff ignores the fact that Officer Taylor was adequately trained for interviewing witnesses, particularly victims of domestic abuse. Officer Taylor had more training than the average officer in witness interviewing and was an

experienced rape investigator, used not only in Ayer, but also in surrounding communities.  (<u>See also</u> Defendants' Memorandum of Law in Support of Defendant Philip Connors Motion for Summary Judgment at pp. 18-19).

For these reasons, along with the detailed reasons set forth in his original summary judgment memorandum, Chief Connors is entitled to summary judgment as to all claims set forth against him.

DEFENDANT,
PHILIP CONNORS
By his attorneys,

/s/Gregg J. Corbo
Joseph L. Tehan, Jr. (BBO # 494020)
Gregg J. Corbo (BBO # 641459)
 Town Counsel
Kopelman and Paige, P.C.
101 Arch Street, 12th Floor
Boston, MA  02110
(617) 556-0007

348747/AYER-WATERS/0053

4