UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-CV-10521-GAO

BETTY ANNE WATERS, as Administratrix of the
Estate of KENNETH WATERS,

Plaintiff

v.

TOWN OF AYER, NANCY TAYLOR-HARRIS,
in Her Individual Capacity, ARTHUR BOISSEAU,
In His Individual Capacity and PHILIP L.
CONNORS, in His Individual Capacity,

Defendants

DEFENDANTS' REPLY TO
PLAINTIFF'S STATEMENT
OF DISPUTED FACTS

Now come the defendants in the above-captioned case and hereby reply to the Plaintiff's

Statement of Disputed Facts.  As grounds therefor, defendants state that plaintiff's "facts" fail to comply

with L.R. 56.1 since they fail to contain a "concise statement" of material facts for trial and instead

improperly exceed the scope of the facts preferred in Defendants' Statement and introduce argument,

unsupported inferences, mischaracterizations of the evidence and extraneous and immaterial facts into

the record.  For the same reasons, plaintiff's "facts" individually and collectively fail to raise any

material question of fact for trial.

For the Court's convenience, defendants respond to plaintiff's additional "facts" herein

by paragraph number.

1.      Undisputed.

2.      Paragraph 2 does not contain material facts and is argumentative.  The record does not

        support the propositions advanced in the first sentence.  The record also does not support

        the propositions advanced in the fourth sentence.

Exhibit 90 is not competent evidence.  Additionally, the submission of a Middlesex

District Attorney's Office Press Release (Exhibit 92), as well as a Providence Journal

Bulletin Newspaper Article (Exhibit 93) contain inadmissible hearsay evidence.

3.     The record, as cited, fails to support the term "undisputed."  Exhibit 92, a Middlesex

County District Attorney's Office Press Release, dated 3/13/01, is incompetent evidence

for purposes of summary judgment.

4.     Paragraph 4 does not contain material facts.  Further, the record does not support the

propositions advanced in the second sentence.

5.     The record, as cited does not support the phrase "consistent with innocence"; it is an

improper inference and/or argument which is not contained in the *nolle pros*.

6.     Undisputed.

7.     The record, as cited, fails to support the propositions contained in Paragraph 7.  Indeed,

as former Chief Connors testified at his deposition,

| | |
|---|---|
| Question: | Did you have any understanding or belief as to why [Adamson] left? |
| Objection. | |
| Answer: | There were some problems in the police department, and I don't know—not knowing, he never told me, and I don't know the guy, exactly why he resigned.  (Plaintiff's Exhibit 7, p. 15). |

Chief Connors further testified:

| | |
|---|---|
| Question: | You mentioned that it was your understanding that Chief Adamson's resignation had something to do with this incident.  What's your understanding about the connection between the incident and his resignation? |
| Objection: | I'll object.  I'm not sure that's what he said.  The record will speak for itself.  Go ahead, Chief. |
| Answer: | He resigned, and when he resigned, this Ties investigation had become---before he resigned it had become publicly known.  There had been a hearing, I believe or two before the Board of Selectmen that was related to the Ties case.  It was after that period, that he resigned. |

> Question:    Was it your understanding there was a connection between the Ties incident and his resignation?
> Objection.
> Answer:    Yes.  (Plaintiff's Exhibit 7, pp.19-20).

8.    Undisputed.

9.    Undisputed.

10.    The record, as cited, fails to support the propositions contained in Paragraph 10.  Exhibit 7, p.48 only demonstrates that when Chief Connors joined the Ayer Police Department in February 1982, there were approximately 15 to 20 employees at the Ayer Police Department.  (See Plaintiff's Exhibit 7, p. 48, Question: "When you joined the Ayer Police Department as its chief in February 1982, how many employees of the department were there in total?"  Answer: "Approximately 15 to 20").

11.    Undisputed.

12.    Undisputed, but incomplete and mischaracterizes the record.  Officer Taylor also served as a special officer with the Ayer Police Department during the Brow investigation.  (See, Plaintiff's Exhibit 3, p. 41; Exhibit 35 at 000065).

13.    The record does not support the statement that Officer Taylor interviewed child abuse victims.  The remaining assertions contained in Paragraph 13 are not in dispute.

14.    Undisputed, but the defendants qualify Paragraph 14 that Officer Taylor's pay was determined based on her duties as either a clerk/dispatcher or a special officer only for purposes of overtime.  (See Plaintiff's Exhibit 19, p. 67, "Question: And you would get paid more money for the activities you did as a specific officer than you did for your clerk and dispatching duties?"  Answer: "Yes, only—but only on an overtime basis.  If it were during my 40 hours, I was paid at my 40 hours rate.")  The defendants further state

that Exhibit 44, a newspaper article from the *Ayer Public Spirit*, is incompetent hearsay evidence and is immaterial for purposes of summary judgment.

15.    Undisputed.

16.    Paragraph 16 is not in dispute, but is nonetheless supported by incompetent hearsay evidence and is immaterial.  Exhibit 45 is an illegible, undated, newspaper article from an unidentified newspaper.

17.    Undisputed.

18.    Undisputed.[1]

19.    Paragraph 19 is not material, but nonetheless misleads the record as to the assertion that Lt. Boisseau "took command of the scene."  Neither exhibit referenced supports such assertion.  Indeed, as contained in Plaintiff's Exhibit 31, p.8, Lt. Boisseau specifically noted that at 12:43, "Chief Adamson, Lt. Jack Dwyer, Trp. Pat Keane, both from the DA's Office Cambridge arrived at the scene.  Related what information I had to these gentlemen <u>and they assumed control of the scene</u>."  [emphasis supplied].

20.    The first sentence of Paragraph 20 is not in dispute.  The record, as cited, fails to support the propositions contained in the proposition that Lt. Boisseau "secured" the scene.  In fact, Plaintiff's Exhibit 31, p. 8 provides that Chief Morse, Groton Police Department chief, as well as Lt. Boisseau remained in the area to "protect the scene."

21.    The first sentence of paragraph 21 is unsupported by the record, as cited, and misleading.  As Plaintiff's Exhibit 31, p.6 shows, State Police Troopers did not arrive "later that day," as plaintiff suggests, but rather, Trooper Keane and Trooper Horton arrived at 12:40 p.m., approximately one hour and thirty minutes after Officer Decot arrived at the scene.  State

---

[1] Defendants note that plaintiff's characterization that "APD Officers Responded to the Scene and Took Command of the Investigation," see page 5, is improper given the statutory authority under which the Brow murder investigation proceeded.  (G.L. c. 38, §4).

Police Detective Dwyer arrived at 12:43 p.m. Of note, Lt. Dwyer and Trooper Keane were assigned to the District Attorney's Office in Cambridge, which is located approximately 45 minutes away from Ayer.

22.    Paragraph 22 contains speculation and argument, not fact, and is immaterial.

23.    Not in dispute, but immaterial. Defendants further note that Plaintiff's Exhibit 31, p. 10 cited by the plaintiff in support of Paragraph 23 does not include reference to collecting hair samples, as she asserts.

24.    Not in dispute, but immaterial. Defendants further note that Plaintiff's Exhibit 31, p. 10 provides that Corporal Baliunas arrived at approximately 12:38 p.m., which was approximately an hour and a half after Ayer Police received the 911 call from Eugenie Brow, not "a few hours after Brow's body was discovered."

25.    Not in dispute, but immaterial.

26.    Paragraph 26 contains speculation and argument, not fact and is immaterial.

27.    The record as cited does not support the propositions advanced in Paragraph 27, particularly with respect to the phrase "determined to be the murder weapon." (See Plaintiff's Exhibit 3, p. 102. "Question: So there was no need to be looking for a knife? As far as officers were concerned, you'd found that knife, the murder weapon? Answer: No need to be looking for a knife? Question: Because you'd found what you believed to be the murder weapon at the scene? Objection: I'll object. Answer: "There could be other weapons too. It doesn't mean that particular knife was the only murder weapon.") The contentions contained in Paragraph 27 are also immaterial.

28.    Paragraph 28 is only supported by incompetent hearsay evidence. Exhibit 40 is newspaper article from the *Ayer Public Spirit*. The contentions contained in Paragraph 28 are immaterial and are based on incompetent inadmissible hearsay.

29.    The contentions contained in Paragraph 29 are immaterial.

30.    The contentions contained in Paragraph 30 comprise expert opinion, not fact, and are immaterial.

31.    Not disputed as to the first sentence.  Not disputed as to Chief Adamson only regarding the second sentence.

32.    The first sentence is argumentative.  Not disputed as to the second sentence.

33.    Undisputed.

34.    The record, as cited, fails to support the proposition set forth in Paragraph 34.

35.    Not disputed that Defendant Boisseau testified to a time window of about 7:10 to sometime before 11:00 a.m.  (See Plaintiff's Exhibit 3, pp. 90-91).  The record does not support the remaining propositions set forth in Paragraph 35.

36.    Undisputed as to the first sentence of Paragraph 36.  The remaining contentions do not contain not facts, but rather compromise expert testimony.

37.    Undisputed.

38.    Paragraph 38 does not set forth any facts requiring a response.

39.    Paragraph 39 is based on incompetent hearsay evidence.  The propositions set forth in Paragraph 39 are also immaterial.

40.    Not disputed that ADA Fahey argued as set forth in the first sentence of Paragraph 40.  Disputed that "no forensic evidence supported that argument."  The record does not support the proposition advanced in the second sentence.  (See Plaintiff's Exhibit 58, p. 000157).  The record does not support the proposition advanced in the third sentence.  (See Plaintiff's Exhibit 58, p. 000157).  Not disputed that Plaintiff's Exhibit 25 does not reflect an autopsy report as an Exhibit.

41.    Not disputed that Paragraph 41 correctly cites trial testimony.

42.    Paragraph 42 does not set forth facts but rather comprises argument.  Paragraph 42 is also disputed on grounds of materiality.

43.    Not disputed.

44.    The record does not support the propositions advanced therein concerning documentation of Waters' lack of injury.  Paragraph 44 is also disputed on grounds of materiality.

45.    The record does not support the propositions advanced in the first two sentences.  The contentions in the third sentence contain argument not fact.  Plaintiff's claim that Exhibit 60 is a "partial transcript" is unsupported by the record.  The propositions advanced in Paragraph 45 are also immaterial.

46.    The record as cited fails to support the proposition advanced in Paragraph 46.  The record also does not support that Plaintiff's Exhibit 60 is a "partial transcript."

47.    The record, as cited, does not support the proposition that Waters was in Court between 9:00 a.m. and 11:00 a.m. on May 21, 1980.  The record also does not support that Plaintiff's Exhibit 60 is a "partial transcript."

48.    Paragraph 48 comprises argument, not facts.  Not disputed that Exhibit 63 reflects Waters was the 15th Ayer defendant on the criminal docket on May 21, 1980.  The contentions contained in Paragraph 48 are also immaterial.

49.    The record does not support the proposition advanced in Paragraph 49.  The contentions contained in Paragraph 49 are also immaterial.

50.    The record does not support the propositions advanced in Paragraph 50.  The contentions contained in Paragraph 50 are also immaterial.

51.    The record does not support the proposition advanced in Paragraph 51.  The contentions contained in Paragraph 51 are also immaterial.

52.    The record does not support the proposition advanced in Paragraph 52.  The contentions contained in Paragraph 52 are also immaterial.

53.    The first sentence comprises argument, not fact.  The record does not support that the "Evidence Handling Policy" referenced in Paragraph 53 was in effect at relevant times.  The contentions contained in Paragraph 53 are also immaterial.

54.    The record does not support that Chief Adamson corresponded with a person named "Potvin."  The record also fails to establish the alibi of Donald Pina.  The contentions contained in Paragraph 54 are also immaterial.

55.    The contentions contained in Paragraph 55 are immaterial.

56.    The record as cited fails to support the proposition that "Waters often worked the graveyard shift."  The contentions contained in Paragraph 56 are also immaterial.

57.    Not disputed.

58.    The record does not establish a "typical" 48-hour week.  The contentions contained in Paragraph 58 are immaterial.

59.    Paragraph 59 comprises argument, not facts.

60.    Paragraph 60 contains an incomplete recitation of Officer Taylor's testimony to the effect that no time cards were found.

61.    The record as cited does not establish that the Ayer Police asked for Waters' time cards after officers interviewed Waters.  Paragraph 61 also contains an incomplete recitation of Defendant Taylor's testimony to the effect that no time cards were found.  (See Plaintiff's Exhibit 18, p. 128; Exhibit 19, p. 187).

62.    The record as cited fails to support the proposition advanced in Paragraph 62.  The contentions contained in Paragraph 62 are also immaterial.

63.    The record as cited fails to support the proposition advanced in Paragraph 63.  The contentions contained in Paragraph 63 are also immaterial.

64.    The contentions in Paragraph 64 are based on inadmissible hearsay.

65.    Paragraph 65 mischaracterizes the Guidetti Affidavit in so far that Decot is not referenced therein or stating that he "picked up the time cards."  Paragraph 65 is also incompetent evidence as it is based on inadmissible hearsay.

66.    The record as cited fails to support the proposition that Taylor "maintained the file." Paragraph 66 also comprises argument, not fact, based on an unreasonable inference. The contentions contained in Paragraph 66 are also immaterial.

67.    The first two sentences of Paragraph 67 are not in dispute.  The record as cited fails to support the remaining propositions raised in Paragraph 67.  The contentions contained in Paragraph 67 are also immaterial.

68.    The record as cited fails to support the proposition set forth in the first sentence.  The record also fails to support the proposition that Waters had provided an alibi.  (See Plaintiff's Exhibit 60).  The contentions contained in Paragraph 68 are also immaterial.

69.    The record as cited fails to support the proposition advanced in Paragraph 69.

70.    The first sentence of Paragraph 70 comprises argument, not fact.  The record fails to support the existence of "Waters' alibi" as referenced therein.  (See Plaintiff's Exhibit 60).  The record as cited also does not reflect that Lt. Boisseau was "dispatched."

71.    The contentions set forth in Paragraph 71 are based upon inadmissible hearsay.

72.    The record as cited fails to support that at the "conclusion of the interview" Waters' fingerprints were taken.  Plaintiff's claim that Exhibit 60 is a "partial transcript" is unsupported by the record.  The contentions contained in Paragraph 72 are also immaterial.

73.     Not disputed that Baliunas' May 21, 1980 Report reflects latent fingerprints on the dining room table, a beer and a faucet.  The record cited fails to support that the water tap had been "running when the body was discovered."  References to a "toaster" or a "bloody fingerprint" thereon are immaterial to this case as said information was not discovered until 2007.  (Compare, Plaintiff's Exhibit 52 at SP000005 with Plaintiff's Exhibit 54 at BAL000049, documents located in State Police Trp. Baliunas' locker on July 10, 2007). The Hunte deposition, as cited, is incompetent evidence as it comprises inadmissible hearsay.

74.     The record as cited fails to support the proposition advanced in Paragraph 74.  The contentions contained in Paragraph 74 are also immaterial.

75.     The record as cited fails to support the proposition advanced in Paragraph 75.  The contentions contained in Paragraph 75 are also immaterial.

76.     The record fails to contain competent, non-hearsay evidence to support the proposition advanced in Paragraph 76.  The contentions contained in Paragraph 76 are also immaterial.

77.     Paragraph 77 comprises argument, not fact.  References to a "toaster" or a "bloody fingerprint" thereon are immaterial to this case as said information was not discovered until 2007.  (Compare, Plaintiff's Exhibit 52 at SP000005 with Plaintiff's Exhibit 54 at BAL000049, documents located in State Police Trp. Baliunas' locker on July 10, 2007).

78.     Paragraph 78 comprises argument, not fact.

79.     Undisputed.

80.     The first sentence of Paragraph 80 comprises argument, not fact.  The record as cited fails to support the contention set forth in the second sentence.  The record cited fails to support the contention that Waters was fingerprinted on May 22, 1980.  The record

supports that Waters was fingerprinted on September 2, 1980; however, the record as cited does not support the proposition that Defendant Taylor typed the daily log entry reflecting that activity. Not disputed that Waters was fingerprinted on October 13, 1982. The contentions contained in Paragraph 80 are also immaterial.

81.     Paragraph 81 comprises argument, not fact.

82.     The record as cited fails to support the proposition advanced in Paragraph 82. The contentions contained in Paragraph 82 are also immaterial.

83.     The record supports that Baliunas has no memory of comparing fingerprints, including Waters' fingerprints. The contentions contained in Paragraph 83 are otherwise immaterial.

84.     Baliunas' "standard practice" is immaterial. The remaining contentions in Paragraph 84 contain recitations of expert testimony, not fact.

85.     The factual support for Paragraph 85 is based upon the incompetent "sham" affidavit of State Police Trp. Baliunas. At deposition, Baliunas testified that he did not recall comparing any suspects' prints to those found at the crime scene. (See Defendants' SOF, Exhibit 1, p. 83, l. 2). The contentions contained in Paragraph 85 are also immaterial.

86.     The record cited fails to support the proposition that Baliunas had taken "accumulated vacation time." The contentions contained in Paragraph 86 are also immaterial.

87.     The record supports that Baliunas did not testify at Waters' criminal trial. The record also supports that he was on the defense witness list. The record as cited fails to support the remaining propositions advanced in Paragraph 87. The contentions contained in Paragraph 87 are also immaterial.

88.     The contentions contained in Paragraph 88 are immaterial. Defendants further incorporate their responses to Paragraphs 2 and 3 herein.

89.   Paragraph 89 is argumentative with respect to the phrase "poorly copied documents" and immaterial and speculative as to Hunte's interpretation of the list.

90.   The contentions contained in Paragraph 90 are immaterial.

91.   Paragraph 91 is predicated on inadmissible hearsay.  The contentions contained in Paragraph 91 are immaterial.

92.   Paragraph 92 is predicated on inadmissible hearsay.  The record as cited fails to support the proposition advanced in Paragraph 92.  The contentions contained in Paragraph 92 are also immaterial.

93.   Hunte's belief as to Baliunas' veracity and anticipated testimony is immaterial.  Disputed on the further basis that the opinion of Ron Smith contains recitations of expert testimony, not fact.

94.   Paragraph 94 is based on inadmissible hearsay.  Hunte's assessment of Baliunas' memory is also immaterial.

95.   The contentions contained in Paragraph 95 are immaterial.

96.   The record as cited fails to support the proposition advanced in Paragraph 96, particularly with reference to the purported search.  The contentions contained in Paragraph 96 are also immaterial and speculative, as to whether the materials comprised the "original State Police Holden Barracks fingerprint file."

97.   The record as cited fails to support the proposition that an "original" file was found.  The contentions contained in Paragraph 97 are also immaterial.

98.   The cited record does not support the contentions contained in the first two sentences of Paragraph 98.  The cited portion of Baliunas' deposition is contradicted by his "sham" affidavit.  (Compare, Plaintiff's Exhibit 1 at 60 to Plaintiff's Exhibit 55 at Paragraph 8).  The contentions set forth in Paragraph 98 are also immaterial.

99.    Undisputed.

100.    Not disputed as to the first sentence.  The remaining contentions in Paragraph 100 are not

supported by competent evidence as they are based upon the incompetent "sham"

affidavit of Baliunas.

101.    Baliunas' "standard practice" is immaterial.  The record also does not support the

propositions; Paragraph 14 of his Affidavit contradicts them.  The Smith Affidavit,

(Plaintiff's Exhibit 57) comprises expert opinion, not fact.

102.    The record as cited fails to support the proposition advanced in Paragraph 102.  The

contentions contained in Paragraph 102 are also immaterial.

103.    The record cited, due to illegibility, fails to support the proposition set forth in Paragraph

103.  The contentions contained in Paragraph 103 are also immaterial.

104.    The record as cited fails to support the proposition advanced in Paragraph 104.  The

contentions contained in Paragraph 104 are also immaterial.

105.    Paragraph 14 of Plaintiff's Exhibit 55, Baliunas Affidavit, contradicts the contentions set

forth in Paragraph 105.  The contentions contained in Paragraph 105 are also immaterial.

106.    The contentions contained in Paragraph 106 are immaterial, including reference to

Baliunas' "standard practice."  The record as cited fails to support the propositions

advanced in Paragraph 106.  The Smith Affidavit, (Plaintiff's Exhibit 57), comprises

expert opinion, not fact.

107.    The record as cited fails to support the proposition advanced in Paragraph 106.  (See

Plaintiff's Exhibit 54, BAL000034).

108.    Baliunas' "standard practice" is immaterial and the record cited fails to support the

proposition that he notified Adamson of the exclusion of Waters as a suspect.  Paragraph

14 of Plaintiff's Exhibit 55, Baliunas Affidavit, further contradicts the statements set forth in Paragraph 108. The contentions contained in Paragraph 108 are also immaterial.

109.    The expert reports of Lou Reiter and Ron Smith contain expert opinions, not facts. The record as cited also fails to support the proposition advanced in Paragraph 109.

110.    The record as cited fails to support the propositions advanced in the first and second sentences of Paragraph 110. Further disputed with respect to the third sentence on grounds that the contentions set forth therein are mere speculation, not fact.

111.    The record as cited fails to support the proposition advanced in Paragraph 111. The contentions contained in Paragraph 111 are also immaterial.

112.    Undisputed.

113.    The record as cited fails to support the contention that BCI "returned" copies of fingerprint card. (See Plaintiff's Exhibit 31 at 21). The contention set forth in the second sentence concerning Adamson's purported handwriting is speculative. The contention set forth in the last sentence of Paragraph 113 is not disputed; however, the referenced entry also establishes that Baliunas failed to do a complete fingerprint comparison. (See Plaintiff's Exhibit 32, at B48). The contentions contained in Paragraph 113 are also immaterial.

114.    The record as cited fails to support the propositions set forth in the first sentence. The second sentence is immaterial.

115.    The record as cited fails to support the proposition advanced in the first two sentences. The third sentence is also not supported by the record as cited. In fact, Plaintiff's Exhibit 32, at B48 only provides that Baliunas called the Ayer Police Department. The contentions contained in Paragraph 115 are also immaterial

116.    The proposition that "Taylor wrote" contained in Paragraph 116 is not supported by the record cited. The contentions contained in Paragraph 116 are also immaterial.

117.    Disputed. The record, due to illegibility, fails to support the proposition set forth in Paragraph 117. Further disputed as to materiality. Paragraph 117 is further disputed by Paragraph 14 of the Baliunas Affidavit and is immaterial.

118.    Undisputed.

119.    Please refer to Defendants' Response 7 herein.

120.    Undisputed.

121.    Undisputed.

122.    The proposition that "Connors reactivated the case" and that he "flipped through" the file is unsupported by the record as the cited newspaper article comprises inadmissible hearsay. The remaining contentions contained in Paragraph 122 are undisputed.

123.    Undisputed.

124.    Paragraph 124 comprises argument and a statement as to a legal conclusion, not fact.

125.    Undisputed that Boisseau was personally involved in the investigation at its inception, had knowledge about the circumstances of the crime, the time-of-death window, that Mr. Brow had identified the murder weapon as a knife from the family kitchen and had participated in certain witness and suspect interviews. The record as cited, however, fails to support the remaining contentions set forth in Paragraph 125. Plaintiff's claim that Exhibit 60 is a "partial transcript" is unsupported by the record.

126.    The record as cited fails to support the propositions advanced in the first sentence. The second sentence comprises argument, not fact.

127.    Undisputed.

128.    The record as cited fails to support the proposition advanced in Paragraph 128.  The contentions contained in Paragraph 128 are also immaterial.

129.    The record as cited fails to support the proposition advanced in Paragraph 129.  The contentions contained in Paragraph 129 are also immaterial.

130.    The record as cited fails to support the proposition advanced in Paragraph 130.  (See, e.g., Plaintiff's Exhibit 7, pp. 67-68, 76 and 98).  The contentions contained in Paragraph 130 are also immaterial.

131.    The record cited is based on inadmissible hearsay.  The contentions contained in Paragraph 131 are also immaterial.

132.    The record as cited fails to support the proposition advanced in Paragraph 132.  (See Exhibit 7, p. 102).  The contentions contained in Paragraph 132 are also immaterial.

133.    The record as cited fails to support the proposition advanced in Paragraph 133.  The contentions contained in Paragraph 133 are also immaterial.  The record does not include Plaintiff's Exhibit 35, p. 20.

134.    The record cited is based on inadmissible hearsay (Plaintiff's Exhibit 42) and the citation to Exhibit 5 fails to support the proposition advanced therein.  The contentions contained in Paragraph 134 are also immaterial.

135.    The record as cited fails to support the proposition advanced in Paragraph 135.  The contentions contained in Paragraph 135 are also immaterial.  The record does not include Plaintiff's Exhibit 35, p. 24.

136.    Paragraph 136 comprises expert opinion, not fact.

137.    Paragraph 137 comprises expert opinion, not fact.

138.    Undisputed.

139.    Not disputed that on September 30, 1982 Officer Taylor received an unsolicited phone call from Robert Osborne; however, the record referenced in Paragraph 139 does not support that fact or the remaining contentions set forth in Paragraph 139 nor does the referenced Exhibit include Plaintiff's Exhibit 70, at B120-21.

140.    Not disputed as to the first sentence.  The record does not support, however, that "Taylor was the only investigator whose name prosecutor Elizabeth Fahey remembered working on the Brow case with her."  (See Plaintiff's Exhibit 8, p. 24).  The third sentence is also unsupported by the record cited as Exhibit 35 at B258 is not included as an Exhibit.

141.    Paragraph 141 comprises argument, not fact, and is immaterial.

142.    Paragraph 142 is immaterial since the cited deposition testimony does not reflect concerns of Boisseau contemporaneous with Officer Taylor's involvement in the investigation and therefore comprises expert opinion elicited at deposition, over objection, from a fact witness, not fact.

143.    Undisputed.

144.    The contentions set forth in Paragraph 44 misstate the job description of the lieutenant. Further disputed on the grounds that it was Chief Connors, not Lt. Boisseau, who supervised Officer Taylor during the Brow investigation.  (See Defendants S.O.F., ¶¶32, 38, 39, 40, 42, 46).

145.    Paragraph 145 is speculative as to motive.  The contentions set forth in the second sentence are not disputed; however, the record as does not support that proposition.

146.    The contentions set forth in Paragraph 146 are not disputed; defendants note, however, that Exhibit 70, a 10/5/82 report, does not support that proposition.

147.    The record as cited does not support the term "new lead."  The contentions set forth in Paragraph 147 are otherwise not disputed; defendants note, however, that Exhibit 70, a 10/5/82 report cited therein does not support the proposition contained in Paragraph 147.

148.    The record as cited fails to support the contentions advanced in Paragraph 148 and mischaracterizes Lt. Boisseau's testimony, which provided: "Question: As you sit here today until we read this report, had you ever heard of a man named Robert Osborne? Answer: Not that I recall, no."  (See Plaintiff's Exhibit 3 at 153) (emphasis supplied). The contentions contained in Paragraph 148 are also immaterial.

149.    The record as cited fails to support the proposition that the September 30, 1982 meeting between Officer Taylor, Chief Connors, ADA Fahey, First Assistant Howard Whitehead and State Police Det. Dwyer was for the "sole purpose" of discussing a "monetary reward," or that there was a reward.  The record as cited also fails to support the proposition contained in the second sentence.  Defendants further note that Exhibit 70, a 10/5/82 report cited therein does not support the propositions contained in Paragraph 149. The contentions contained in Paragraph 149 are also immaterial.

150.    The record as cited fails to support the proposition that Osborne called "again."  The record as cited also does not support the proposition contained in the second sentence that Osborne "gave his name and date of birth."  (See Plaintiff's Exhibit 18 at 154). Defendants further note that Exhibit 70, a 10/5/82 report cited therein does not support the proposition contained in Paragraph 150.  The contentions contained in Paragraph 150 are also immaterial.

151.    The contentions set forth in Paragraph 151 are not disputed; defendants note, however, that Exhibit 70, a 10/5/82 report, as cited does not support that proposition.

152. The record as cited does not support the proposition that "Connors did not consider himself to be at all involved with the Brow investigation." (See Plaintiff's Exhibit 7 at 191 "Question: Did you consider yourself, as of September 29, 1982, the day before the Robert Osborne call came in, did you consider yourself an <u>investigator</u> on this case? Answer: No."). The contentions contained in Paragraph 152 are also immaterial.

153. The record as cited does not support the proposition advanced in the first sentence that the home was "vacant," that Waters' grandfather was "deceased" nor where "Waters had lived two years earlier." The record as cited also does not support the propositions contained in the second sentence of Paragraph 153. (See, Plaintiff's Exhibit 18 at 160). The contentions contained in Paragraph 153 are also immaterial.

154. The factual propositions are undisputed; however, the contentions contained in Paragraph 154 are immaterial.

155. The record as cited fails to support the proposition advanced in Paragraph 155 and such propositions are argumentative. The contentions contained in Paragraph 155 are also immaterial. Exhibit 76 as cited by the plaintiff for the propositions contained in Paragraph 155 comprise expert opinion, not fact.

156. The record as cited fails to support the proposition advanced in Paragraph 156. The contentions contained in Paragraph 156 are also immaterial. Paragraph 156 also comprises expert opinion, not fact.

157. The record as cited fails to support the proposition advanced in Paragraph 157. The contentions contained in Paragraph 157 are also immaterial. The second sentence of Paragraph 157 is argumentative, in particular with respect to the term "easy to do."

158.    Disputed.  The record cited does not support the propositions advanced therein.
Paragraph 158 is disputed as argumentative and attempts to infer a legal, not factual,
determination.  Paragraph 158 is further disputed on the basis of materiality.

159.    The record as cited fails to support the proposition advanced in Paragraph 159.  The
contentions contained in Paragraph 159 are also immaterial.

160.    The record as cited fails to support the proposition advanced in the first and second
sentences of Paragraph 160.  The contentions contained in the first and second sentences
are also immaterial.  The third sentence is immaterial.

161.    Paragraph 161 comprises expert opinion and argument, not fact and is immaterial.

162.    The cited record does not support the first sentence of Paragraph 162.  Plaintiff's Exhibit
34 is mischaracterized.  (See Exhibit 34, the search warrant sought a "pocketbook or any
personal belongings of Mrs. Katherina Brown (sic) at the time of the homicide that were
taken from the Brow home, including papers, letters, drivers license, credit cards, etc.
Also a spatula, which may have been used in committing the homicide.").  Plaintiff also
mischaracterizes that Officer Taylor searched for "a bloody knife."  Indeed, upon review
of the search warrant (Plaintiff's Exhibit 34), reference regarding the "knife" is not listed
as items sought, but rather listed as information from a source for Part 2 of the warrant,
not Part 4.   The record as cited does not support the second sentence.  The contentions
contained in Paragraph 162 are also immaterial.

163.    The record as cited fails to support the proposition advanced in Paragraph 163.  The
contentions contained in Paragraph 163 are also immaterial.

164.    Undisputed.

165.    The record as cited fails to support the proposition advanced in Paragraph 165.  The
contentions contained in Paragraph 165 are also immaterial.  Paragraph 165 is further

objected to as argumentative and speculative. Defendants further note that plaintiff cited to twenty-seven (27) pages of deposition testimony to cull-together the "facts" provided in Paragraph 165.

166. Not disputed that "Osborne called Taylor at home on October 2, 1982" but the record cited does not support that proposition that Osborne "scheduled a dinner meeting."

167. The record as cited fails to support the proposition advanced in Paragraph 167. The contentions contained in Paragraph 167 are also immaterial.

168. The record as cited fails to support the proposition advanced in Paragraph 168. The contentions contained in Paragraph 168 are also argumentative, immaterial and speculative.

169. The record as cited fails to support the proposition advanced in Paragraph 169, including the term "flipped." The contentions contained in Paragraph 169 are also immaterial.

170. The propositions contained in the first sentence are immaterial. The record as cited fails to support the proposition contained in the second sentence that suspects had been excluded. The third sentence is also not supported by the record as cited and is misleading. (See Plaintiff's Exhibit 7, pp. 227-228). The contentions in the second and third sentences also immaterial.

171. The record as cited fails to support the proposition advanced in Paragraph 171. The contentions contained in Paragraph 171 are also immaterial.

172. The record as cited fails to support the proposition advanced in Paragraph 172. The contentions contained in Paragraph 172 are also immaterial.

173. Paragraph 173 comprises expert opinion, not fact.

174. The record cited does not support the propositions advanced in Paragraph 174. Defendants further note that Plaintiff's Exhibit 7 at 11-12 refers to Chief Connors' tenure

and involvement with MPI while he served in Southborough.  Defendants also note that Plaintiff's Exhibit 48 is dated April 1981, almost one year after the Brow murder investigation began.

175.    The record cited does not support the propositions advanced in Paragraph 175.

176.    The record as cited does not support the proposition that there was an APD's written policy "requiring witnesses to be interviewed separately."  (See, Plaintiff's Exhibit 48 at 2 "[w]itnesses <u>should</u> be interviewed as soon as possible after the incident under investigation…As soon as possible, witnesses <u>should</u> be separated to ensure independent statements" and the contentions set forth in the first sentence are also argumentative.  The record as cited also does not support the propositions contained in second sentence of Paragraph 176.  The second sentence also comprises argument, speculation, and expert opinion, not fact.  The contentions contained in Paragraph 176 are also immaterial.

177.    Paragraph 177 is immaterial for the reasons set forth in Defendants' Memoranda of Law in Support of Their Motions for Summary Judgment and Replies.

178.    The record as cited does not support the propositions advanced in Paragraph 178.  Paragraph 178 comprises expert opinion, not fact.  Defendants further note the broad citations cited by the plaintiff in an attempt to cull-together the "facts" provided in Paragraph 178.

179.    The quotations in the first sentence of Paragraph 179 rely on inadmissible hearsay.  The remaining contentions comprise argument and a statement as to legal conclusion, not fact.

180.    Paragraph 180 is immaterial for the reasons set forth in Defendants' Memoranda of Law in Support of Their Motions for Summary Judgment and Replies.

181.    Paragraph 181 is immaterial for the reasons set forth in Defendants' Memoranda of Law in Support of Their Motions for Summary Judgment and Replies.  The first sentence of Paragraph 181 is also unsupported by the record as it relies on inadmissible hearsay.

182.    Paragraph 182 is immaterial for the reasons set forth in Defendants' Memoranda of Law in Support of Their Motions for Summary Judgment and Replies.

183.    Paragraph 183 is immaterial for the reasons set forth in Defendants' Memoranda of Law in Support of Their Motions for Summary Judgment and Replies.

184.    Paragraph 184 is immaterial for the reasons set forth in Defendants' Memoranda of Law in Support of Their Motions for Summary Judgment and Replies.  The first sentence of Paragraph 184 is also unsupported by the record as it relies on inadmissible hearsay.

185.    Paragraph 185 is immaterial for the reasons set forth in Defendants' Memoranda of Law in Support of Their Motions for Summary Judgment and Replies.  The first sentence of Paragraph 185 is also unsupported by the record as it relies on inadmissible hearsay.

186.    Paragraph 186 is immaterial for the reasons set forth in Defendants' Memoranda of Law in Support of Their Motions for Summary Judgment and Replies.  The first sentence of Paragraph 186 is also unsupported by the record as it relies on inadmissible hearsay.

187.    Paragraph 187 is immaterial for the reasons set forth in Defendants' Memoranda of Law in Support of Their Motions for Summary Judgment and Replies.  The first sentence of Paragraph 187 is also unsupported by the record as it relies on inadmissible hearsay.

188.    Paragraph 188 is immaterial for the reasons set forth in Defendants' Memoranda of Law in Support of Their Motions for Summary Judgment and Replies.  The first sentence of Paragraph 188 is also unsupported by the record as it relies on inadmissible hearsay.

189.    The record as cited fails to support the existence of an "interrogation," as referenced in Paragraph 189.

190.  The record as cited fails to support the proposition advanced in Paragraph 190. The contentions contained in Paragraph 190 are also speculative and immaterial.

191.  The record as cited does not support the propositions advanced therein. The contentions contained in Paragraph 191 are also immaterial and comprise expert opinion, not fact.

192.  The record as cited fails to support the proposition advanced in Paragraph 192. The contentions contained in Paragraph 192 are also immaterial. (See Plaintiff's Exhibit 47 at 000607 "[i]f a tape recorder is available, all conversations with witnesses should be recorded. Witnesses should be informed that their conversations are being recorded and the device should be kept as inconspicuous as possible.")

193.  The record as cited fails to support the proposition advanced in Paragraph 193. The contentions contained in Paragraph 193 are also immaterial and speculative and comprise expert testimony elicited over objection at deposition from a fact witness.

194.  The record as cited fails to support the proposition advanced in Paragraph 194. The contentions contained in Paragraph 194 are also immaterial and speculative and comprise expert testimony elicited over objection at deposition from a fact witness.

195.  The record as cited fails to support the proposition advanced in Paragraph 195. Further, the contentions contained in Paragraph 195 are also immaterial due to their timing and rely on inadmissible hearsay.

196.  The record as cited supports the proposition contained in Paragraph 196. The proposition, however, is immaterial since the cited record does not reflect Marsh's documented, contemporaneous statements made during the Brow murder investigation, but rather includes her statements from 2001 and 2006, respectively. The second sentence of Paragraph 196 is also unsupported by the record as it relies on inadmissible hearsay.

197.    The first sentence of Paragraph 197 is not disputed.  The second sentence containing the
        proposition that "[t]his statement was false" comprises argument, not fact.  The second
        sentence is supported only to the extent that Lt. Boisseau went to Murphy Knife to show
        a picture of the knife recovered at the murder scene and that Mr. Brow identified the
        knife as his.

198.    The record as cited fails to support the proposition advanced in Paragraph 198.  The
        contentions contained in Paragraph 198 are also immaterial.  The first sentence also
        comprises a legal conclusion, not fact.

199.    The record as cited fails to support the proposition advanced in Paragraph 199.  The
        contentions contained in Paragraph 199 are also immaterial.  The third sentence also
        comprises expert opinion, not fact.

200.    The first sentence of Paragraph 200 is undisputed.  The record as cited fails to support the
        proposition that "every investigative step was pre-cleared through the District Attorney's
        Office."  (See Plaintiff's Exhibit 3 at 114-15).

201.    The record as cited fails to support the proposition advanced in Paragraph 201.  The
        contentions contained in Paragraph 201 are also immaterial.

202.    The record as cited fails to support the phrase "under the prosecutor's supervision."

203.    Plaintiff mischaracterizes the record, as cited.  (See Plaintiff's Exhibit 8 at 204
        "Question: Would it have been a concern to you as to whether or not she had any training
        in conducting homicide investigations?  Answer: No.  She was under the supervision of a
        state trooper, one or more of them.")

204.    The first sentence of Paragraph 204 is not disputed, but is incomplete insofar as the
        record reflects that State Police Lt. Det. Jack Dwyer also asked questions.  The second
        sentence is immaterial.  The record does not support the proposition that the polygraph

questions were based on "Taylor's interview."  (See Defendants Exhibit 34 at 1506, 1518-1521, 1523, 1524-1530).

205.    Paragraph 205 comprises argument, not fact.

206.    The record as cited does not support the proposition "[a]fter Waters was released on bail in 2001 but before charges were dismissed."  The contentions set forth in Paragraph 206 are also immaterial.

207.    The contentions contained in Paragraph 207 are immaterial.

208.    The contentions contained in Paragraph 208 are immaterial.

209.    The contentions contained in Paragraph 209 are immaterial.  .

210.    The contentions contained in Paragraph 210 are immaterial.

211.    Paragraph 211 contains a mischaracterization of the record.  Plaintiff cited voluminous pages of Exhibits in an attempt to mischaracterize the record and cull together "facts" to support this proposition.

212.    The record as cited does not supported the proposition advanced in Paragraph 212.  (See, Defendants, Exhibit 7, p. 276, l. 10; Exhibit 29).  The record as cited also fails to support the proposition that the Complaint and warrant applications were based solely on the information attributed to Marsh.  (See Defendants Exhibits 24-25).

213.    Undisputed; however, Plaintiff's Exhibit 43 is incompetent hearsay evidence.

214.    Disputed.  The first sentence comprises argument, not a fact and the remaining contentions comprise expert opinion, not fact.

215.    Undisputed that no abrasions were observed on Waters on the day after the murder. Defendants further incorporate their responses herein to Paragraphs 44, 46-118.

216.    Undisputed as to the accuracy of the cited sections of the policy, however, the contentions contained in Paragraph 216 are immaterial.

217.    Paragraph 217 comprises argument, not fact.  Further, citations to Exhibits 76 and 9 are improper as they comprise expert opinion, not fact.

218.    Undisputed that Boisseau and Dwyer testified at trial that they had not observed a scratch on Waters' face.  The first sentence comprises argument, not fact.  The record fails to support the proposition contained in the second sentence.

219.    Undisputed that Boisseau testified at the criminal trial that he observed Waters in court.  Undisputed that criminal trial witness Adi Odgen testified that she observed him at the Diner.  The record as cited fails to support that Waters was at home between 10:00 and 10:30 a.m.

220.    The record as cited fails to support the propositions contained in the first sentence.  The remaining allegations comprise expert testimony, not fact.

221.    Paragraph 221 comprises expert testimony, not fact.

222.    Paragraph 222 comprises expert testimony, not fact.

223.    The contentions contained in Paragraph 223 are immaterial.

224.    The record as cited does not support the proposition advanced in the first sentence of Paragraph 224.  Undisputed as to the contentions set forth in the second sentence.  The cited record fails to support the remaining contentions set forth in said paragraph.

225.    The record as cited does not supported the propositions advanced in Paragraph 225.  The contentions contained in Paragraph 225 are also immaterial.

226.    The record as cited comprises a purported expert treatise, not fact.

227.    Undisputed.

228.    The record as cited does not supported the proposition advanced in Paragraph 228.  The contentions contained in Paragraph 228 are also immaterial.  Defendants further

incorporate their response to Paragraphs 73, 76-78.  (See also Plaintiff's Exhibit 19, p. 173).

229.  Undisputed.

230.  The record as cited does not supported the proposition advanced in Paragraph 230.

231.  Undisputed that Officer Taylor so testified.

232.  Undisputed as to the first sentence.  The record fails to support the remaining contentions in Paragraph 232.

233.  The record as cited fails to support the propositions contained in Paragraph 233 and the same comprise argument, not fact.  (See Exhibit 32, p. 305).

234.  Undisputed.

235.  The record as cited fails to support the propositions contained in Paragraph 235.  The contentions contained in Paragraph 235 are also immaterial.

236.  Undisputed.

237.  Undisputed.

238.  The contentions set forth in Paragraph 238 are immaterial.

239.  Paragraph 239 comprises expert opinion, not fact.

240.  The record cited fails to establish such knowledge at any material time and the contentions set forth in Paragraph 240 are immaterial.

241.  The record as cited fails to support the propositions contained in Paragraph 241.  The contentions contained in Paragraph 241 are also immaterial.  (See Exhibit 24, Trial Transcript Vol. 2 at 59).

242.  The record as cited fails to support the propositions contained in Paragraph 242.  The contentions contained in Paragraph 242 are also immaterial.  (See Exhibit 24, Trial Transcript Vol. 2 at 59).

243.  The first sentence is undisputed since the bloody toaster print was not found until July 2007 in State Police Trp. Baliunas' private storage area.  (See Plaintiff's Exhibit 55). Undisputed as to the remaining contentions.

244.  The record as cited fails to support the propositions contained in Paragraph 244.  (See Defendants SOF, Exhibit 52, Defense Counsel Witness List and Subpoena).  Plaintiff's Exhibit 56 also comprises inadmissible hearsay.

245.  The record fails to establish that Officer Taylor had typed the referenced correspondence. The accuracy of Taylor's testimony is undisputed.

246.  Exhibit 4 fails to supports the proposition contained in Paragraph 246.

247.  Paragraph 247 comprises hypothetical, speculative testimony, not fact.

248.  Undisputed that there is no current documentation.  The record as cited fails to support the remaining propositions contained in Paragraph 248.  The contentions contained in Paragraph 248 are also immaterial.

249.  Paragraph 249 comprises argument, not fact.

250.  The cited record fails to produce any evidence of a "standard protocol."

251.  The record as cited fails to support that Mr. Brow lived at the house "continuously through his testimony at the 1983 trial."

252.  The record as cited fails to support the propositions contained in Paragraph 252.  The contentions contained in Paragraph 252 are also immaterial and argumentative.

253.  Undisputed that Officer Taylor and Lt. Boisseau testified at deposition that Decot was dispatched to collect Waters' time cards.  Taylor further testified that he was unable to locate the time cards.  The record cited fails to support the contention that the purpose of Officer Decot's dispatch was "to confirm or deny Waters' alibi" or that Connors so

testified. The record cited fails to set forth the remaining assertions in this paragraph. The contentions contained in Paragraph 253 are also immaterial.

254. Undisputed.

255. Undisputed that it was the APD policy to log in any evidence collected. The record as cited fails to support the remaining propositions in Paragraph 255. The contentions contained in Paragraph 255 are also immaterial.

256. Paragraph 256 comprises argument, not fact.

257. The record as cited does not support the propositions contained in Paragraph 257 and are misleading. (See Plaintiff's Exhibit 8 at 37-38).

258. Undisputed as to the first sentence, since Connors and Taylor deny making the threats referenced therein. The remaining contentions in Paragraph 258 comprise conjecture and speculation, not fact.

259. Undisputed as to the first sentence. The record as cited fails to support the date set forth in the second sentence; otherwise undisputed.

260. Paragraph 260 comprises argument, not fact.

261. Undisputed that Officer Taylor, along with ADA Fahey had located Perry in Providence, RI as a result of Brenda Marsh's statement. (See Defendants S.O.F., Exhibit 20, p. 16, l. 21, p. 19, l. 22).

262. Undisputed.

263. The record establishes that it was ADA Fahey that conducted the interview. (See Plaintiff's Exhibit 19 at 42).

264. The contentions contained in Paragraph 264 are immaterial. The record as cited fails to support the propositions advanced in the first sentence. Undisputed that Officer Taylor testified that she did not recall preparing a report of the first interview of Roseanna Perry.

Further responding the interview was taped in conformance with APD policy and the tape

provided to ADA Fahey.  (See Plaintiff's Exhibit 19 at 42; Plaintiff's Exhibit 47 at 5).

265.    The record as cited fails to support the propositions advanced in Paragraph 265.  Further

disputed on the basis that the "Perry Affidavit" was not knowingly executed and is

therefore incompetent evidence.  (See Defendants, S.O.F., Exhibit 14, p. 77).

266.    The proposition whether Perry volunteered the fact that she and Waters had been

drinking is immaterial.  The remaining contentions are not disputed.

267.    Undisputed that Perry made a statement to DeSimone on July 15, 1983.  The record does

not support the fact that her statement was taken under oath.  Further, the "Perry

Affidavit" was not knowingly executed and is therefore incompetent evidence.  (See

Defendants, S.O.F., Exhibit 14, p. 77).

268.    The disjointed quotes contained in Paragraph 268 are immaterial.  The record provides

that the "Perry Affidavit" was not knowingly executed and is therefore incompetent

evidence.  (See Defendants, S.O.F., Exhibit 14, p. 77).

269.    Undisputed that Perry was interviewed for a second time at the Providence Police

Department.  The record provides that the "Perry Affidavit" was not knowingly executed

and is therefore incompetent evidence.  (See Defendants, S.O.F., Exhibit 14, p. 77).

270.    The "Perry Affidavit" was not knowingly executed and is therefore incompetent

evidence.  (See Defendants, S.O.F., Exhibit 14, p. 77).

271.    Undisputed that Officer Taylor formed the impression that Perry drank excessively.  The

"Perry Affidavit" was not knowingly executed and is therefore incompetent evidence.

(See Defendants, S.O.F., Exhibit 14, p. 77).

272.    The "Perry Affidavit" was not knowingly executed and is therefore incompetent

evidence.  (See Defendants, S.O.F., Exhibit 14, p. 77).

273.    Undisputed as to the first sentence.  The proposition contained in the second sentence is immaterial since Fahey was present at both interviews.  (See Defendants, S.O.F., Exhibit 20, p. 27, l. 15; Exhibit 40, pp. 402-3; Exhibit 14, p. 80, l. 10).

274.    The contentions set forth in Paragraph 274 are immaterial and rely in inadmissible hearsay.

275.    Undisputed.

276.    Exhibit 73 is incompetent evidence as it comprises inadmissible hearsay, not under oath, unsigned and prepared by an unknown author.

277.    The record as cited fails to support the propositions advanced in Paragraph 277.  The cited record establishes that Perry stayed in "a fairly decent juvenile female room that was used as a cell and…at the Motel Linda."  The contentions set forth in Paragraph 277 are also immaterial.

278.    The first sentence is undisputed.  The record as cited fails to support the propositions contained in the second sentence and includes immaterial facts.  (See Defendants, S.O.F., Exhibit 14, p. 102-7).  Defendants further assert that the Rose Perry Affidavit is incompetent evidence as it comprises inadmissible hearsay.

279.    Undisputed.

280.    Undisputed with respect to the two interviews of Perry conducted in Rhode Island.

281.    Undisputed.

282.    Paragraph 282 comprises argument, not fact.

283.    The record as cited does not support the proposition that the Providence Police Department ignored multiple complaints of Perry.

284.   The record as cited does not support the propositions contained in Paragraph 284. The "Perry Affidavit" was not knowingly executed and is therefore incompetent evidence. (See Defendants, S.O.F., <u>Exhibit 14</u>, p. 77).

285.   Exhibit 73 comprises inadmissible hearsay, not under oath, unsigned and prepared by an unknown author.

286.   Undisputed.

287.   The record cited does not support the proposition that Perry recanted her testimony to DeSimone. (See Plaintiff's Exhibit 72, p.2). The "Perry Affidavit" was not knowingly executed and is therefore incompetent evidence. (See Defendants, S.O.F., <u>Exhibit 14</u>, p. 77).

288.   Exhibit 75 is inadmissible hearsay.

289.   Undisputed that Officer Taylor so testified at deposition.

290.   Undisputed as to the first and third sentences. The remaining contentions are incompetent as they are based on inadmissible hearsay.

291.   Plaintiff's Exhibit 75 comprises inadmissible hearsay. Further, Plaintiff's Exhibit 73 comprises inadmissible hearsay, not under oath, unsigned and prepared by an unknown author.

292.   Exhibit 73 comprises inadmissible hearsay, not under oath, unsigned and prepared by an unknown author.

293.   Exhibit 73 comprises inadmissible hearsay, not under oath, unsigned and prepared by an unknown author.

294.   Exhibit 73 comprises inadmissible hearsay, not under oath, unsigned and prepared by an unknown author.

295.  Exhibit 73 comprises inadmissible hearsay, not under oath, unsigned and prepared by an unknown author.  Paragraph 295 is further unsupported as Exhibit 74, which was never executed by Perry.  To this day, Perry remains certain of Waters' admission.  (See Defendants, S.O.F., Exhibit 14, p. 99, l. 20; Exhibit 14, p. 245, l. 12; and Exhibit 14, pp. 227-8).

296.  Undisputed that Perry did not sign Plaintiff's Exhibit 74.  The record cited fails to support the propositions advanced in Paragraph 296 as Exhibit 75 as well as any purported statements from Attorney Levy to Perry are inadmissible hearsay.  The contentions in Paragraph 296 are also immaterial.

297.  Undisputed.

298.  Exhibit 75 comprises inadmissible hearsay.

299.  Exhibit 75 comprises inadmissible hearsay.

300.  The record reflects that the criminal trial of Kenneth Waters took place on May 4, 1983, May 5, 1983, May 6, 1983, May 9, 1983, May 10, 1983, sentencing occurred on May 12, 1983.  (See Trial Transcript Generally).

301.  The record as cited fails to support the propositions advanced in Paragraph 301.  The contentions in Paragraph 301 are also immaterial.

302.  The contentions in Paragraph 302 are immaterial.

303.  The contentions in Paragraph 303 are immaterial.

304.  Officer Taylor's purported "determination" is speculative.  (See Exhibit 24, TT Vol. 5, p. 565.)  The contentions in Paragraph 304 are also immaterial.

305.  The contentions in Paragraph 305 are immaterial.

306.  The record as cited fails to support the proposition that the policy "directed officers to preserve items ….."  The contentions in Paragraph 306 are also immaterial.

307. The contentions in Paragraph 307 are immaterial.  The record as cited fails to support the proposition advanced in the first sentence.

308. The contentions in Paragraph 308 are immaterial.  Paragraph 308 also comprises expert opinion, not fact.

309. The record as cited comprises expert opinion and cites to a purported expert treatise, and therefore does not comprise fact.  The contentions in Paragraph 309 are also immaterial.

310. The contentions in Paragraph 310 are immaterial.

311. The assertions contained in Paragraph 311 comprise expert opinion, not fact and are immaterial.  Paragraph 311 is also not supported by Plaintiff's Exhibit 3, as cited.

312. The issue of whether "Waters raised an alibi defense" comprises argument, not fact.  The record as cited also does not support the proposition set forth therein.

313. The contentions in Paragraph 313 are immaterial.

314. The contentions in Paragraph 314 are immaterial.

315. The contentions in Paragraph 315 are immaterial.

316. The contentions in Paragraph 316 are immaterial

317. The record as cited does not support the propositions advanced in Paragraph 317 and comprises expert opinion, not fact.  The contentions in Paragraph 317 are also immaterial.

318. Undisputed.

319. Undisputed that Callahan testified that the Board of Selectmen had oversight of the Ayer Police Department and the hiring of its police chief and officers.  The remaining contentions in Paragraph 319 comprise a legal conclusion, not fact.

320. The record as cited fails to support the propositions advanced in Paragraph 320.  The contentions in Paragraph 320 are also immaterial

321.    The record as cited fails to support the propositions advanced in Paragraph 321.

322.    The record as cited fails to support the propositions advanced in Paragraph 322.  Exhibit 50 only describes the rank of Lieutenant.

323.    Paragraph 323 comprises a legal conclusion, not fact.

324.    Paragraph 324 comprises a legal conclusion, not fact.

325.    The first sentence is undisputed.  The record as cited fails to support the proposition that Lt. Boisseau "arrived to collect prints and take photographs."  Paragraph 325 is also immaterial.

326.    Paragraph 325 comprises a legal conclusion, not fact.

327.    Paragraph 325 is improper as its factual basis relies on inadmissible hearsay.

328.    Paragraph 328 comprises a legal conclusion, not fact.

329.    The contentions in Paragraph 329 are immaterial

330.    Paragraph 330 comprises a legal conclusion, not fact.

331.    The contentions set forth in Paragraph 331 are immaterial.

332.    The record, as cited, fails to support the propositions contained in Paragraph 332.  Further, there is no 6/21/80 police log included in Plaintiff's Exhibit 78.  Paragraph 332 is also immaterial.

333.    The record as cited does not support the propositions advanced in Paragraph 333.  The contentions set forth in Paragraph 333 are also immaterial.

334.    The contentions set forth in Paragraph 334 comprise argument and are based on incompetent hearsay evidence.

335.    The record only supports the proposition that "commanding officers or sergeants or someone with any rank" had access to the evidence room.

336.    The contentions set forth in Paragraph 336 are based on incompetent hearsay evidence.

337.  Undisputed.

338.  The record as cited does not support the propositions advanced in Paragraph 338 concerning the "requirements" of the policy.  The contentions contained in Paragraph 338 are also immaterial.

339.  The record, as cited, fails to support the contention that "all police personnel" were made aware as advanced therein.  (See Plaintiff's Exhibit 3, p. 108).

340.  Undisputed as to the first sentence in Paragraph 340.  The remaining contentions are based on inadmissible hearsay.

341.  The contentions set forth in Paragraph 341 are immaterial.

342.  Paragraph 342 comprises expert opinion, not fact.

343.  The contentions set forth in Paragraph 343 comprise argument, not fact, and are not supported by the record.

344.  Paragraph 344 comprises expert opinion, not fact.

345.  The contentions set forth in Paragraph 345 are immaterial.  Further, Chief Connors in fact investigated the allegations referenced in Paragraph 345.  (See Exhibit A attached hereto, Deposition of Chief Connors, pp. 244-248).

346.  The contentions contained in Paragraph 346 are immaterial.

347.  Paragraph 347 comprises expert opinion, not fact.

348.  The contentions set forth in Paragraph 348 comprise argument, not fact, and are not supported by the record.

349.  The record fails to support the propositions set forth in Paragraph 349.

350.  Undisputed.

351.  The contentions set forth in Paragraph 351 comprise argument, not fact and are immaterial.

352. The contentions set forth in Paragraph 352 are based on inadmissible hearsay and otherwise do not support the propositions set forth therein. (See Plaintiff's Exhibit 15, p. 178).

353. The contentions set forth in Paragraph 353 are based on inadmissible hearsay and otherwise do not support the propositions set forth therein.

354. Not disputed on the basis of Exhibit 15.

355. The contentions set forth in Paragraph 355 are based on inadmissible hearsay.

356. The contentions set forth in the first sentence of Paragraph 356 are immaterial. The remaining propositions are also immaterial and based on incompetent hearsay.

357. The contentions set forth in Paragraph 357 are based on inadmissible hearsay.

358. The contentions set forth in the first sentence of Paragraph 358 are not disputed. The remaining contentions are based on inadmissible hearsay and do not support the propositions advanced therein.

359. The contentions set forth in Paragraph 359 are immaterial.

360. The contentions concerning the date of the charges against Randall are based upon inadmissible hearsay and do not support the proposition advanced. Not disputed that Randall was charged with rape by the Acton Police Department.

361. The contentions set forth in Paragraph 361 are immaterial.

362. Undisputed.

363. Undisputed.

364. Undisputed.

365. Undisputed that Chief Adamson resigned and Lt. Boisseau was appointed interim chief. The record fails to support the contention as to the date of Adamson's resignation.

366. The contentions contained in Paragraph 366 are immaterial.

367.    The contentions contained in Paragraph 367 are based on inadmissible hearsay.

368.    The record fails to support the contentions set forth in Paragraph 368.  (See <u>Exhibit A</u> attached hereto, Deposition of Chief Connors, pp. 207-208).

369.    Paragraph 369 comprises expert opinion, not fact.

370.    The contentions set forth in Paragraph 370 comprise argument, not fact and are not supported by the record.

371.    Paragraph 371 comprises expert opinion, not fact.

372.    Paragraph 372 comprises expert opinion, not fact.

373.    Paragraph 373 comprises expert opinion, not fact.

374.    Paragraph 374 comprises expert opinion, not fact.

375.    Paragraph 375 comprises expert opinion, not fact.

376.    Paragraph 376 comprises expert opinion, not fact.

377.    Paragraph 377 comprises expert opinion, not fact.


DEFENDANTS,

By their attorneys,

<u>/s/ Joseph L. Tehan, Jr.</u>
Joseph L. Tehan, Jr. (BBO # 494020)
Gregg J. Corbo (BBO # 641459)
Kopelman and Paige, P.C.
  Town Counsel
101 Arch Street, 12th Floor
Boston, MA  02110
(617) 556-000

348190.2/01907/0053