UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

BETTY ANNE WATERS, as Administratrix of the Estate of KENNETH WATERS,

Plaintiff

v.

TOWN OF AYER, et al.,

Defendants

C.A. NO. 04-CV-10521-GAO

## STIPULATION FOR JUDGMENT

Plaintiff Betty Anne Waters sued the Town of Ayer ("Ayer") and certain of its former employees for federal civil rights violations and state law violations related to the imprisonment of her brother, Kenneth Waters ("Waters"). Plaintiff's pending claims are set out in her Second Amended Complaint.

Plaintiff claims, and Ayer denies, that as a result of Ayer's alleged acts and omissions, a number of impermissibly coercive witness interviews occurred, resulting in false testimony against Waters, and exculpatory evidence, including but not limited to fingerprint and other alibi evidence, being concealed from or otherwise not disclosed to Waters. Plaintiff claims and Ayer denies that Ayer had a continuing legal and constitutional duty to remedy its acts and omissions and also committed further errors and omissions throughout the period from 1983-2001, all of which actually and proximately caused Waters' eighteen-year, five-month and three-day false imprisonment and various bodily and personal injuries throughout this period. The Court has denied Ayer's motion for summary judgment and set the case for trial.

For most of the 1983-2001 period, Ayer was insured against law enforcement liability and/or general liability by at least six different insurance companies – White Mountains Reinsurance Company of America (as successor in interest to Imperial Indemnity & Casualty Company); National Casualty Company; General Star National Insurance Company; MIIA Property & Casualty Group, Inc.; OneBeacon Insurance Company (as successor-in-interest to Commercial Union Insurance Company); and Western World Insurance Company ("Western World"). The insurance companies were notified of Waters' lawsuit against Ayer, and all insurers except Western World ultimately accepted defense of the lawsuit under a reservation of rights and participated financially in reaching a settlement of the lawsuit. Western World, however, denied its duty to defend, settle and indemnify and declined to participate in the ultimate settlement agreement that was reached among Waters, Ayer and the settling insurers. Ayer was therefore forced to act in its own best interest to resolve the lawsuit.

A verdict for Waters against Ayer in the lawsuit could be tens of millions of dollars in compensatory damages alone. Weighing all facts, including the evidence, Waters' likelihood of winning and the potential verdict range, Ayer has determined that accepting the following offer is in its best interest: Without admission of any matter of fact or law, and in compromise of a claim which is disputed as to both validity and amount, Ayer stipulates that Plaintiff has evidence supporting, that there is a legal basis for, and that the Court may find and enter judgment against Ayer only, on Plaintiff's Second Amended Complaint, for all compensatory damages resulting from Ayer's alleged wrongdoing, Waters' imprisonment and other personal and bodily injuries, in an amount determined by the Court, after hearing evidence at a trial on damages, and reasonable attorneys' fees and expenses pursuant to 42 U.S.C. § 1988 recoverable by Plaintiff as the prevailing party, in an amount to be determined by the Court. The judgment shall be without either admission or adjudication of liability (which remain expressly denied by Ayer and the individual Defendants). The Settlement Agreement dated and effective July 13, 2009 (which is appended hereto as Exhibit A, and the terms of which are expressly incorporated by reference) shall govern the further rights and obligations of the signatories to that Settlement Agreement.

| | |
|---|---|
| Dated: July 23, 2009 | Joseph L. Tehan, Jr.<br>KOPELMAN & PAIGE, P.C.<br>101 Arch Street<br>Boston, MA 02110<br>(617) 556-0007<br><br>Attorney for Defendants |
| Dated: July 23, 2009 | Deborah L. Cornwall<br>Barry C. Scheck<br>NEUFELD SCHECK & BRUSTIN, LLP<br>99 Hudson St., 8th Floor<br>New York, NY 10013<br>(212) 965-9081<br><br>Attorneys for Plaintiff Betty Anne Waters |