SETTLEMENT AGREEMENT
July 13, 2009

<u>Waters</u> v. <u>Town of Ayer, et al.</u>
<u>MIIA</u> v. <u>Town of Ayer, et al.</u> and Related Third-Party Claims

1. This Settlement Agreement is between and among the following parties (the "Parties"):

   - Plaintiff: Betty Anne Waters ("Waters")
   - Defendants: The Town of Ayer (the "Town"), Nancy Taylor-Harris ("Taylor-Harris"), and Phillip Connors ("Connors") (collectively, "Defendants")
   - Settling Insurers: White Mountains Reinsurance Company of America (as successor in interest to Imperial Indemnity & Casualty Company) ("Imperial"), National Casualty Company ("National Casualty"), General Star National Insurance Company ("General Star"), MIIA Property & Casualty Group, Inc. ("MIIA"),(collectively, the "Settling Insurers"); and
   - OneBeacon Insurance Company as successor-in-interest to Commercial Union Insurance Company ("OneBeacon")

2. For good and valuable consideration and without admission of liability, the Parties have agreed to settle on the terms set forth herein

3. In full satisfaction of all damages, interest, attorney's fees and costs claimed or that could ever be claimed against them by Waters, the Parties agree to pay Plaintiff the following amounts within 30 days, except as otherwise noted:

   - Contingent upon and within 30 days of approval by the Town's Finance Committee (which shall convene and vote by no later than July 22, 2009), the Town shall pay $126,750 to Plaintiff;

   - The Settling Insurers collectively shall pay $3,173,250 to Plaintiff (the allocation of said amount between these insurers and their respective policies being the subject of a separate agreement between those four insurers in their sole discretion);

- OneBeacon shall pay $100,000 to Plaintiff;

4. The Town shall make a demand in an amount to be determined by Waters against Western World Insurance Company ("Western World") in full and final settlement of all Waters-related claims (but not in settlement of any claims relating to Maher v. Town of Ayer, et al., Civ. No. 06-0514-RGS (D. Mass.) ("Maher") or any other matter) by the Town, the other Defendants, the Settling Insurers and OneBeacon (to the extent it becomes a signatory) and/or Waters.

   a. In the event the demand is accepted by Western World, the amount paid by Western World shall be paid to Waters in full and final settlement of all claims that either Defendants, or Settling Insurers or OneBeacon (to the extent it becomes a signatory) or Waters may have against Western World. At that point, Waters shall file a stipulation of dismissal with prejudice and without costs with respect to all Defendants, including the Town.

   b. In the event the demand against Western World is not accepted, the Town shall stipulate to an entry of judgment in favor of Waters, without admission of liability or wrongdoing (which is expressly denied). Waters shall present evidence on the issue of damages (including without limitation Section 1988 fees) for determination by either the Court or (at Waters' option, and solely with respect to damages other than Section 1988 fees) a jury (the "Damages Award"). The Damages Award shall be enforceable by Waters solely against the Western World and other insurers

        not party to this agreement solely in their respective capacities as the Town's insurer(s). The Damages Award shall not be enforced against any of the Defendants or any of the Settling Insurers or OneBeacon (to the extent it becomes a signatory).

   c. In the event the demand against Western World is not accepted, the Town shall withdraw its opposition to Waters' Motion for Leave to File a Second Amended Complaint and shall file a notice of joinder in the motion.

5. Contingent upon payment of all sums due, Waters shall execute and file stipulations of dismissal with prejudice and without costs with respect to Taylor-Harris, Connors and Boisseau, and also shall execute full and final releases with respect to Defendants, Arthur Boisseau and Settling Insurers and OneBeacon (to the extent it becomes a signatory) in a form reasonably satisfactory to counsel for the said Parties with respect to all claims and defenses raised or that could have been raised in Waters or the facts alleged in the proposed Second Amended Complaint in Waters; and Defendants and Settling Insurers and OneBeacon (to the extent it becomes a signatory) shall execute and exchange mutual full and final releases in a form reasonably satisfactory to counsel for said parties with respect to all claims, counterclaims, third-party claims and defenses (including matters relating to any duty to defend, duty to indemnify, liability for unfair or deceptive trade practices, bad faith, or any other claims or any nature) that were raised or that could have been

raised in <u>MIIA</u> as such action relates to the <u>Waters</u> claim only, provided, however, as follows:

  a. The Settling Insurers shall pay 100% of the Town's reasonable and appropriate defense costs incurred since January 1, 2009 in defending the <u>Waters</u> case. The Settling Insurers also shall reimburse the disputed expenses as to which Kopelman & Paige recently provided additional documentation to Imperial (subject to reasonableness, appropriateness and proper documentation). However, no Settling Insurer shall be liable for more than its *pro rata*/per carrier share of defense costs and/or expenses incurred after the tender of the <u>Waters</u> Complaint and/or Amended Complaint (the applicable tender dates to be agreed upon in good faith by the Settling Insurers and the Town). The Settling Insurers shall not otherwise be responsible for any of the defense costs incurred by or on behalf of the Town in defending Defendants against the <u>Waters</u> case (provided that the Town shall not be obligated to refund any defense costs paid to date). The Settling Insurers and OneBeacon (to the extent it becomes a signatory) waive all claims for contribution or indemnity against all other persons and entities for all sums paid previously on account of the <u>Waters</u> case or paid pursuant to this Agreement, except that the Settling Insurers and OneBeacon (to the extent it becomes a signatory) may bring *bona fide* claims for reinsurance.
  b. Defendants shall assign to Waters the right to pursue all rights and claims against Western World and any other insurers not party to this Settlement

Agreement in their respective capacities as the Town's insurer(s) for payment of all of Kopelman & Paige's attorney's fees and costs incurred in the defense of the Waters case prior to January 1, 2009 to the extent said costs have not been reimbursed to the Town of Ayer by the Settling Insurers and OneBeacon (to the extent it becomes a signatory) as of the date of this Settlement Agreement, as well as all statutory and common law claims for bad faith, unfair and deceptive trade practices, violations of Mass. Gen. L. c. 93A and 176D relating to Western World's and other non-settling insurers' conduct with respect to the Waters claim.

c. This Settlement Agreement shall have no effect with respect to any coverage matter involving the Maher action (except to the extent that payments by the Settling Insurers and OneBeacon (to the extent it becomes a signatory) shall reduce applicable limits of liability; as to the effect of the Settling Insurers and/or OneBeacon's payments on the reduction or exhaustion of applicable limits of liability, Defendants and the Settling Insurers and OneBeacon (to the extent it becomes a signatory) reserve all rights and all arguments). Without diminishing the generality or effectiveness of the foregoing sentence, it is agreed that nothing in this Settlement Agreement shall be construed to release, waive or otherwise diminish Defendants' claims (whether or not raised in the MIIA action) relating to coverage for the Maher case (including matters relating to any duty to defend, duty to indemnify, liability for unfair or deceptive trade practices, bad faith, or any other claims or any nature), nor shall anything

in this Settlement Agreement be construed as an admission by the Settling Insurers and OneBeacon (to the extent it becomes a signatory) as to the merit or lack thereof of Defendants' claims (whether or not raised in the MIIA action) relating to coverage for the Maher case (including matters relating to any duty to defend, duty to indemnify, liability for unfair or deceptive trade practices, bad faith, or any other claims or any nature).

6. This agreement shall be effective and enforceable upon all parties who have signed hereunder. It is recognized that OneBeacon is absent from the mediation as of the time of execution of this Settlement Agreement, that it shall have until July 17, 2009 from the date of this Settlement Agreement to sign, that the Settlement Agreement shall be effective as to OneBeacon only upon its execution (which may be counterpart and by facsimile signature), and that this Settlement Agreement shall be binding upon and inure to the benefit of all other signing parties whether OneBeacon executes this Settlement Agreement. In the event OneBeacon declines to enter into this Agreement, then all rights assigned to Waters as to Western World shall also be assigned as to OneBeacon.

7. Waters and Defendants agree that the payments by the Settling Insurers and OneBeacon (to the extent it becomes a signatory) hereunder shall be solely as compensation for personal, physical injuries and physical illnesses within the meaning of Section 104(a)(2) and Section 130(c) of the Internal Revenue Code of 1986 as amended, and damages within the meaning of Section 104(a)(2) and Section

213(d) of the Internal Code, as amended, and are not, nor are they intended by the parties to be, compensation for any other damages or lost income, nor to represent exemplary or punitive damages, nor prejudgment nor postjudgment interest, and shall be allocated to the claims that occurred during the Settling Insurers' and OneBeacon's (to the extent it becomes a signatory) respective policy periods. The Settling Insurers and OneBeacon (to the extent it becomes a signatory) take no position as to any allocation of damages.

8. Nothing in this Agreement shall constitute an admission or determination by any party as to the meaning or interpretation of any term, language or provision in any policy of insurance.

IN WITNESS WHEREOF the undersigned have signed this Settlement Agreement this 13th day of July, 2009.

Betty Anne Waters

*/s/ Betty Anne Waters, Administratrix*

The Town of Ayer

By: *Cornelius F. Sullivan*
Its: *Board of Selectmen*
  James M. Fay, Carolyn L McCreary
Phillip Connors     Gary J Luca

*/s/ Philip Connors*

Nancy Taylor-Harris

*/s/ Nancy Taylor-Harris*

White Mountains Reinsurance Company of America (as successor in interest to Imperial Indemnity & Casualty Company)

By: _Ronald Henry_
Its: _SRVP_

National Casualty Company

By: _Regina Ryan_
Its: _Counsel_

General Star National Insurance Company

By: _Michael P. Atworth_
Its: _Vice President/claims_

MIIA Property & Casualty Group, Inc.

By: _Michael F. Cusack_
Its: _Vice President_
Contingent upon review and approval by counsel for MIIA

OneBeacon Insurance Company (as successor-in-interest to Commercial Union Insurance Company)

By: _Michael C. Albanese_
Its: _AVP_